IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 17-cv-2641 |
| | : | |
| JEFF SESSIONS, | : | |
| Attorney General of the United States, | : | |
| THOMAS E. BRANDON, | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms and Explosives, | : | |
| CHRISTOPHER WRAY, | : | |
| Director, Federal Bureau of Investigation, and | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

O R D E R

AND NOW, this        day of                              , 2017, upon

consideration of the Plaintiff's Motion for Summary Judgment and Defendants' Opposition to

Plaintiff's Motion for Summary Judgment, it is hereby

ORDERED

that the Plaintiff's Motion for Summary Judgment is denied as premature for the reasons set

forth in Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

BY THE COURT:

_____
HONORABLE ROBERT F. KELLY
*Senior Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 17-cv-2641 |
| | : | |
| JEFF SESSIONS, | : | |
| Attorney General of the United States, | : | |
| THOMAS E. BRANDON, | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms and Explosives, | : | |
| CHRISTOPHER WRAY, | : | |
| Director, Federal Bureau of Investigation, and | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Even though defendants have filed a motion to dismiss and have not yet taken any discovery or even answered the Complaint, plaintiff, Edward A. Williams, has filed a motion for summary judgment. Plaintiff's summary judgment motion is completely premature and, given the procedural posture of the case, the Court should summarily deny it based on its inherent powers to control its docket.

Moreover, under Rule 56(d) of the Federal Rules of Civil Procedure, a party opposing a motion for summary judgment may request that the Court deny a motion for summary judgment if it "cannot present facts essential to justify its opposition" to the motion. Fed. R. Civ. P. 56(d). It would be unfair and prejudicial to require defendants to submit a substantive opposition to the plaintiff's motion without having had the opportunity to take any discovery. If the Court denies

the defendants' pending motion to dismiss, defendants are entitled to a reasonable opportunity to test the plaintiff's factual allegations and to gather additional evidence to support their position. Accordingly, the Court should also deny the plaintiff's motion for summary judgment pursuant to Rule 56(d) because defendants have not yet had a reasonable opportunity to take discovery.

<u>**ARGUMENT**</u>

I.   **THE COURT SHOULD EXERCISE ITS INHERENT POWER TO DISMISS THE PLAINTIFF'S MOTION AS PREMATURE**

The Court has the inherent authority to "control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases." *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985). It is well-established that a court may exercise its sound discretion over matters of docket control, including the conduct of discovery. *See, e.g.*, *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (1982).

On June 1, 2017, plaintiff filed his Complaint in this case and the U.S. Attorney's Office accepted service on June 16, 2017. *See* Dkt., Nos. 1 and 2. On September 14, 2017, defendants filed a motion to dismiss the Complaint. *Id*. at No. 5. On October 10, 2017, plaintiff filed an opposition to the defendants' motion to dismiss and simultaneously filed a motion for summary judgment. *Id*. at Nos. 8 and 9.

The court should exercise its inherent authority to deny the plaintiff's motion as premature. Defendants have filed a motion to dismiss on the ground that plaintiff's Complaint fails to state a cognizable claim under *Binderup v. Attorney General United States of America*,

2

836 F.3d 336 (3d Cir. 2016) (*en banc*). If the Court finds that the plaintiff has failed to meet his burden at step one of the *Binderup* analysis or that the defendants have met their burden at step two of the analysis, the case will be wholly resolved and the plaintiff's motion will be moot. Proceeding with plaintiff's motion for summary judgment at this early stage of the litigation could potentially result in a significant waste of resources for the Court, counsel in the case, and the parties.

Even if the Court does not grant the defendants' motion to dismiss, it would be extremely prejudicial for the Court to consider the plaintiff's motion for summary judgment without permitting defendants an opportunity to conduct discovery. Plaintiff's motion for summary judgment is based largely on his own self-serving testimony. Defendants must have a chance to test the plaintiff's allegations and to gather other relevant evidence, including expert testimony, to respond to plaintiff's motion. Given the procedural posture of the case, the Court should exercise its inherent authority to deny plaintiff's motion for summary judgment as premature.

## II.    BASED ON DEFENDANTS' DECLARATION UNDER RULE 56(d), THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment, the court may deny the motion or issue any other appropriate order. Fed. R. Civ. P. 56(d). The Third Circuit has interpreted this rule to require that "a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Philadelphia*, 855 F.2d 136, 140-41 (3d Cir. 1988).

If a party files a declaration addressing the requirements in *Dowling*, the Third Circuit has held that "a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course." *Sames v. Gable*, 732 F.2d 49, 51 (3d Cir. 1984), *quoting Coslow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977). Where no meaningful discovery has taken place, the rules in *Dowling* are even less strictly applied. *Geter v. ADP Screening and Selection Servs. Inc.*, No. 2:14-CV-3225, 2015 WL 1867041, at *4 (D.N.J. April 23, 2015). "[I]t is well established that a court 'is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery.'" *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3d Cir. 2007), *quoting Dowling*, 855 F.2d at 139.  Indeed, the Third Circuit has stated that "[i]f discovery is incomplete, a district court is rarely justified in granting summary judgment." *Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015).

Pursuant to Rule 56(d), defendants have submitted the attached declaration of their counsel, Assistant United States Attorney Richard Mentzinger, Jr. *See* Declaration of Richard Mentzinger Jr. dated October 24, 2017 ("Mentzinger Dec."), attached hereto as Exhibit 1. AUSA Mentzinger's declaration fully complies with the *Dowling* requirements by describing what discovery is necessary, showing how that discovery would preclude plaintiff's motion for summary judgment, and explaining why defendants have not yet obtained such discovery. *Id.* at ¶¶ 7-9. Where, as here, the defendants have not had the opportunity to take any discovery, it would be especially unfair to proceed with the plaintiff's motion for summary judgment. *Id.* at

4

¶ 10. Under these circumstances, the Court should deny plaintiff's motion for summary judgment pursuant to Rule 56(d).[1]

## CONCLUSION

For all the reasons set forth above, defendants, Jefferson B. Sessions, III, Attorney General of the United States of America, Thomas E. Brandon, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, Christopher Wray, Director, Federal Bureau of Investigation, and the United States of America, respectfully request that plaintiff's motion for summary judgment be denied as premature.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney

/s/ Margaret L. Hutchinson
MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division

/s/ Richard Mentzinger, Jr.
RICHARD MENTZINGER, JR.
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
TEL:  (215) 861-8316
FAX:   (215) 861-8618
rick.mentzinger@usdoj.gov

Dated: October 25, 2017

---

[1] If the Court does not deny the plaintiff's motion for summary judgment as premature based on its inherent authority to control its docket or under Rule 56(d) of the Federal Rules of Civil Procedure, defendants request that the Court permit them a reasonable opportunity to file a substantive opposition to plaintiff's motion for summary judgment.

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that, on the 25th day of October, 2017, I caused a copy of the foregoing

Defendants' Opposition to Plaintiff's Motion for Summary Judgment to be served by first class

mail, postage prepaid and by the Electronic Case Filing System upon:

> Adam Kraut, Esq.
> Joshua Prince, Esq.
> Prince Law Offices, P.C.
> 646 Lenape Road
> Bechtelsville, PA 19505

/s/ Richard Mentzinger, Jr.
RICHARD MENTZINGER, JR.
Assistant United States Attorney