IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF SESSIONS,<br>Attorney General of the United States,<br>THOMAS E. BRANDON,<br>Acting Director, Bureau of Alcohol,<br>Tobacco, Firearms and Explosives,<br>CHRISTOPHER WRAY,<br>Director, Federal Bureau of Investigation, and<br>UNITED STATES OF AMERICA,<br><br>    Defendants. | CIVIL ACTION NO. 17-cv-2641 |

**DECLARATION**

I, Richard Mentzinger, Jr. hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.     I am an Assistant United States Attorney in the U.S. Attorney's Office for the Eastern District of Pennsylvania. I am counsel for the defendants in the above-captioned action. I file this declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and in support of the defendants' opposition to the plaintiff's motion for summary judgment.

2.     On June 1, 2017, plaintiff filed a Complaint in which claims that he was denied a license to carry a firearm under 18 U.S.C. § 922(g)(1) because of a previous DUI conviction. Compl. ¶ 26. In his Complaint, plaintiff alleges that in 2001 he was charged with his first DUI offense. *Id.* at ¶¶ 8, 19. He asserts that he entered into Pennsylvania's Accelerated Rehabilitative Disposition (ARD") program and that the court later expunged this DUI charge. *Id.*

3.     Plaintiff goes on to allege that he was convicted of a second DUI offense in Philadelphia in 2004. Compl. ¶ 8. He claims that as a result of this conviction he was placed

under house arrest with electronic monitoring for 90 days, ordered to pay court costs and a fine of $1,500, and complete alcohol and drug treatment. *Id.* at ¶ 22. Plaintiff claims that this DUI is his only criminal conviction. *Id.* at ¶ 21. He asserts that he has worked the past twenty-five years as a construction manager but recently became concerned about his family's safety. *Id.* at ¶¶ 24-25. He claims that is a law-abiding citizen, but, by virtue of his DUI conviction, he has been unable to obtain a firearm under 18 U.S.C. § 922(g)(1). *Id.* at ¶ 26-33.

4. On September 14, 2017, defendants filed a motion to dismiss the plaintiff's Complaint. On October 13, 2017, plaintiff filed an opposition to the defendant's motion to dismiss and, at the same time, filed a motion for summary judgment. Defendants' motion to dismiss is currently pending before the Court.

5. In support of his motion for summary judgment, plaintiff has attached a declaration in which he claims, among other things, that he is not currently under indictment, has not been convicted of any crime of domestic violence, is not an unlawful user or addicted to any controlled substance. *See* Declaration of Edward A. Williams dated October 9, 2017 ("Williams Dec.") at ¶ 1. He further describes the circumstances under which his two DUIs supposedly occurred and the sentence that he received because of the second DUI. *Id.* at ¶¶ 2-10. He asserts that there was no property damage or injury in either DUI. *Id.* at ¶ 9. He claims that he no longer drinks alcohol except on certain special occasions. *Id.* at ¶ 11. He describes why he is interested in purchasing a firearm and his efforts to obtain a permit. *Id.* at ¶¶ 15-24.

6. The plaintiff's motion for summary judgment is premature. If the Court grants defendants' motion to dismiss, the case will be over, discovery will be unnecessary, and plaintiff's motion for summary judgment will be moot. Given the defendants' pending motion, it

would be wasteful and inefficient for the defendants to have to respond substantively to the plaintiff's motion at this point or for the Court to consider the motion.

7.  If the Court denies defendants' motion to dismiss, defendants will severely prejudiced if they are not allowed a reasonable opportunity to conduct discovery and prepare a substantive response to the plaintiff's motion. In particular, defendants will want to take discovery about many of the allegations in plaintiff's Complaint and his declaration. For example, defendants will need discovery about plaintiff's allegations concerning his DUI offenses, including discovery about both drunken driving incidents as well as plaintiff's conviction and sentence for his second DUI. Defendants will need discovery about plaintiff's claim that he has no other DUI or other disabling convictions. To the extent that plaintiff tries to rely on events that have occurred since his conviction or his purported good character in pursuing his claim, defendants will need discovery about those events and the plaintiff's character. In short, defendants will need the opportunity to investigate and test the factual allegations that plaintiff relies upon in connection with his motion for summary judgment.

8.  If defendants obtain evidence that contradicts the plaintiff's factual allegations or they uncover additional relevant information about plaintiff's claims, defendants will be able to advance additional arguments about why plaintiff cannot satisfy his burden at step one of the analysis in *Binderup v. Attorney General United States of America*, 836 F.3d 336 (3d Cir. 2016). It certainly would be unfair to require defendants to accept the plaintiff's testimony about his criminal record and the circumstances surrounding his crimes. Because the case is in its early stages and because there is a pending motion to dismiss, defendants have not yet had the opportunity to conduct any discovery about these matters.

9. Even assuming that plaintiff could satisfy his burden at step one of the *Binderup* analysis, defendants may still prevail by showing a reasonable fit between the Government's interest in public safety and Section 922(g)(1). If the Court does not grant defendants' pending motion, defendants will seek to obtain discovery, including expert testimony, to support their position at step two of the *Binderup* analysis that there is a "reasonable fit" between the Government's interest in public safety and Section 922(g)(1). Defendants have not obtained this information because they have filed a motion to dismiss and because there has not yet been an opportunity for discovery in the case.

10. As a matter of basic fairness, the Court must give defendants a reasonable opportunity to take discovery if their motion to dismiss is not granted. Given early stage of this litigation and the procedural posture of the case, plaintiff's motion for summary judgment must be denied as premature.

I declare that under penalty of perjury that the foregoing is true and correct. Executed on October 25, 2017.

_____
RICHARD MENTZINGER, JR.
Assistant United States Attorney