Adam Kraut, Esq.
I.D. # 318482
AKraut@PrinceLaw.com

Joshua Prince, Esq.
I.D. # 306521
Joshua@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803 (t)
610-845-3903 (f)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| **v.** | : | Honorable Robert F. Kelly |
| | : | |
| **JEFFERSON B. SESSIONS III,** *et al.* | : | |
| | : | |
| Defendants | : | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

Plaintiff Raymond O. Holloway, Jr., (hereinafter "Mr. Holloway" or "Plaintiff") by and through his counsel, hereby submits this Reply Brief in Support of His Motion for Summary Judgment.

## I.       Argument

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). As such, this Honorable Court should grant the Plaintiff's Motion for Summary Judgment, as it would be the most judicially efficient manner in which to proceed and fair to all parties, especially in light of the fact that this Court will have to review the identical information and arguments in relation to Defendants' currently pending Motion to Dismiss (Doc. 5) as it will in relation to Plaintiff's Motion for Summary Judgment (Doc. 9) – the only difference being the respective standards and burdens.

### a. *Defendant's "Motion to Dismiss" is a Motion for Summary Judgment*

Fed. R. Civ. P 12(d) requires this Court, if it considers the exhibit attached to the Defendants' Motion to Dismiss, to convert the Motion to Dismiss into a Motion for Summary Judgment. Rule 12(d) states "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded

by the court, the motion must be treated as one for summary judgment under Rule

56." In filing its Motion to Dismiss, the Defendants also filed several exhibits,

which recounted the alleged correlation between firearms, alcohol, and crime. [1] To

that extent, the Plaintiff contends the Defendants have waived the right to raise

concern about discovery as they have filed a Motion for Summary Judgment rather

than a Motion to Dismiss. Alternatively, the Defendants could file a motion to

withdraw their Motion to Dismiss and file an Answer in this matter.


b.  *Plaintiff's Motion Would Not be Mooted by Defendant's Motion to Dismiss*


The Defendants contend that it is likely that the Plaintiff's Motion for

Summary Judgment will be resolved by the Court's decision on their Motion to

Dismiss – insinuating that the Court is likely to rule in their favor, even though

almost identical motions to dismiss by the same Defendants have been denied in

*Zedonis v. Lynch*, 1:15-CV-1863, 2017 U.S. Dist. LEXIS 17417 (M.D. Pa. Feb. 8,

2017), *Holloway v. Sessions*, 1:17-CV-81, 2017 WL 3077035 (M.D. Pa. July 19,

2017) and Defendants have historically, in similar cases, filed a motion to dismiss

or in the alternative motion for summary judgment. *See, Binderup v. Attorney*

*General, et al.*, 13-cv-06750, 2014 U.S. Dist. LEXIS 135110, at *6 (E.D. Pa. Sep.

25, 2014)(*declaring* that "Defendants' Motion to Dismiss or for Summary

---

[1] *See* Docs. 5-1, 5-2, 5-3, 5-4, and 5-5.

Judgment was filed February 20, 2014"); *Suarez v. Holder, et al.*, No. 1:14-CV-968, 2015 U.S. Dist. LEXIS 19378, at *1 (M.D. Pa. Feb. 18, 2015)(*declaring* that on "October 20, 2014, Defendants filed a motion to dismiss and a motion for summary judgment. (Doc. 12)").[2]

As described in *Binderup v. AG of United States*, 836 F.3d 336, 347 (3rd Cir. 2016), a challenger must "(1) identify the traditional justifications for excluding from Second Amendment protections the class of which he appears to be a members and then (2) present facts about himself and his background that distinguish his circumstances from those of persons in the historically barred class." [3] [4]

As this Court must review this identical analysis for both Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment, it is for purposes of economy of this Court and of the litigants that this Court should deny the Defendants' request to deny Plaintiff's Motion for Summary Judgment as premature. Otherwise, the Parties will have to brief the same argument and facts multiple times, with the same analysis controlling the outcome, and this Court will have to review and decide the same arguments multiple times, with the only

---

[2] Copies of Defendants' motions to dismiss or, in the alternative, for summary judgment in *Binderup* and *Suarez* are attached hereto as Exhibit A and B, respectively.

[3] Internal citations omitted.

[4] For brevity, as Plaintiff has articulated his right to a determination in his favor under the *Binderup* analysis in his Brief in Opposition to Defendants' Motion to Dismiss (Doc. 8, pgs. 8-27) and his Brief in Support of His Motion for Summary Judgment (Doc. 9-2, pgs. 6-27), he incorporates those argument herein.

difference being the respective standards and burdens. Furthermore, if Defendants'
request is granted, given the overwhelming dockets of the Judges of this Court, it
will likely take upwards of two years for a final decision on summary judgment, as
it is the undersigned experience that a decision on the Defendants' Motion to
Dismiss, if not consolidated with Plaintiff's Motion for Summary Judgment, will
take six to eight months, at a minimum. Thereafter, the Parties would have to re-
file and re-brief the Motion for Summary Judgment, which would take a couple
months, and then await a final decision. As this matter involves the constitutional
rights of the Plaintiff, this delay in determining his constitutional rights would be a
manifest injustice, which Defendants fail to address.

   c. *The Court Should Not Deny Plaintiff's Motion for Summary Judgment based
      on Defendants' Declaration*

      Fed. R. Civ. P. 56(d) provides that "[i]f a nonmovant shows by affidavit or
declaration that, for specified reasons, it cannot present facts essential to justify its
opposition" to a motion for summary judgment, that a court may deny the motion
or issue any other appropriate order.

      It is unclear what discovery the Defendants believe will be useful to justify
an opposition to a motion for summary judgment. The Plaintiff attached a copy of
his PSP Access and Review background check to the complaint, as well as a

4

certified copy of the sentencing order in relation to his prohibiting DUI. [5] The background check shows that Mr. Williams was only convicted of one crime, which is a federally prohibiting offense. Moreover, one of the Defendants is the FBI, which would have access to all of the criminal history of the Plaintiff, including access to the National Instant Check System (NICS) which the Pennsylvania State Police contacts to run a firearms transfer check. In short, the Defendants would have in their custody and/or control information relating to the Plaintiff's ability to possess a firearm and/or ammunition.

Moreover, the Government has traditionally argued that rehabilitation or time passing is irrelevant to the *Binderup* analysis. As such, discovery in that regard would be unwarranted, unless the Government is willing to concede that events which occurred since the Plaintiff's conviction and his purported good character would have an effect on this Court's analysis.

While the Defendants argue that if they obtain evidence that contradicts the plaintiff's factual allegations or they uncover additional relevant information, that they would be able to advance other arguments why the plaintiff cannot satisfy his burden at step one of the *Binderup* analysis, this should have no bearing. Under *Binderup*, the only analysis is looking at the crime for which a person was convicted and finding whether or not it "imposes a burden on conduct falling

---

[5] *See* Doc. 1-1.

within the scope of the Second Amendment's guarantee." [6]

Plaintiff is not sure what expert testimony one could produce that would have any effect on whether a law demonstrates there is a "reasonable fit" between the Government's interest in public safety and the specific prohibition in 18 U.S.C. § 922(g)(1) as applied to the Plaintiff. The studies and other documents that the Defendants submitted as exhibits to their Motion to Dismiss are evidence enough that there does not exists a known causation of individuals who are convicted of DUI and violence. [7]

The *Binderup* analysis merely requires that the challenger identify the traditional justification for excluding him from Second Amendment protections and then present facts about himself and background that distinguish his circumstances from the historically barred class, which the Plaintiff has done by providing the documentation as noted *supra*.

Moreover, the *Binderup* holding states that "to satisfy step one in the context of an as-applied challenge to § 922(g)(1), a challenger must prove that he was not previously convicted of a serious crime," and "if a challenger makes the necessary step-one showing, the burden shifts to the Government at step two to prove that the regulation at issue survives intermediate scrutiny." [8] Utilizing such framework,

---

[6] *See Binderup*, 836 F.3d at 339.
[7] *See* Docs. 5-1 – 5-5.
[8] *Binderup* at 356.

there is nothing that would be discoverable to the Defendants that would change the analysis. Rather, Defendants only seek to continue to deny Mr. Williams his Second Amendment rights by delaying a final determination by this Court.

As Plaintiff neither believes – for purposes of economy of the Court and the Parties, as well as the manifest injustice in delaying a determination on Mr. Holloway's constitutional rights – it proper to deny his Motion for Summary Judgment as premature nor stay his Motion for Summary Judgment, he respectfully requests that this Court: (1) deny the Defendants' Motion; (2) consolidate the Defendants' Motion to Dismiss and Plaintiff's Motion for Summary Judgment; and (3) grant his Motion for Summary Judgment.

## II.    Conclusion

For the foregoing reasons, the Defendant's Motion should be denied and the Plaintiff's Motion for Summary Judgment should be granted.

---

While Plaintiff acknowledges this precedent from the Third Circuit, as discussed in his Brief in Opposition to Defendants' Motion to Dismiss (Doc. 6, pgs. 20-21, Fn. 56) and his Brief in Support of His Motion for Summary Judgment (Doc. 12, pg. 17), this determination is contrary to the Supreme Court's holdings in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010), where the Court specifically stated that lower courts should *not* conduct interest balancing or apply levels of scrutiny. *Heller*, 554 U.S. at 634-35 (noting that "[w]e know of no other enumerated constitutional right whose core protection has been subjected to a freestanding 'interest-balancing' approach. The very enumeration of the right takes out of the hands of government—even the Third Branch of Government—the power to decide on a case-by-case basis whether the right is really worth insisting upon."); *McDonald*, 561 U.S. at 790-91 (noting that the *Heller* Court "specifically rejected" "an interest-balancing test").

Respectfully Submitted,

Dated: November 8, 2017

_____
Adam Kraut, Esq.

Joshua Prince, Esq.
Attorneys for Plaintiff

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 ext 81115
610-845-3903 (fax)
AKraut@princelaw.com

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

Brief was filed electronically through the Eastern District of Pennsylvania

Electronic Filing System. Notice of this filing will be sent by operation of the

court's Electronic Filing System to all registered users in this case.

_____
Adam Kraut, Esq.
Attorney Id. No. 318482
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)

Attorney for Plaintiff