## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. WILLIAMS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    CIVIL ACTION |
| | : |
| JEFF SESSIONS, | : |
| Attorney General of the United States, | : |
| | : |
| THOMAS E. BRANDON, | :    No. 17-2641 |
| Acting Director, Bureau of Alcohol, | : |
| Tobacco, Firearms, and Explosives, | : |
| | : |
| ANDREW G. McCABE, | : |
| Director of the Federal Bureau of | : |
| Investigation, and | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

**AND NOW**, this    1st    day of December, 2017, upon consideration of

Defendants' Motion to Dismiss the Plaintiff's Complaint, Plaintiff's Response in Opposition,

and Defendants' Reply Brief, it is hereby **ORDERED** that Defendants' Motion to Dismiss the

Plaintiff's Complaint (Doc. No. 5) is **DENIED**.[1]

---

[1] 18 U.S.C. § 922(g)(1) prohibits "any person . . . who has been convicted in any court of, a crime punishable by
imprisonment for a term exceeding one year" from "possess[ing] in or affecting commerce, any firearm or
ammunition." 18 U.S.C. § 922(g)(1). Congress exempted this prohibition to any state offense classified as a
misdemeanor that is punishable by imprisonment of two years or less. *See* 18 U.S.C. § 921(a)(20)(B).
        In *Binderup v. Attorney Gen. of U.S. of Am.*, the United States Court of Appeals for the Third Circuit
("Third Circuit") held that a person prohibited from possessing a firearm under § 922(g)(1) can bring an as-applied
Second Amendment challenge and show that the law is unconstitutional as applied to him. 836 F.3d 336, 344-47
(3d Cir. 2016) (en banc). The Third Circuit's decision in *Binderup* was divided and fractured, culminating in
Opinions authored by Judge Ambro, Judge Hardiman, and Judge Fuentes. We need not undertake a lengthy
discussion at this juncture to explain which Opinion governs the analysis, as our view ultimately aligns with every
court to have considered the issue, and that is that Judge Ambro's Opinion sets forth the applicable framework for

Second Amendment as-applied challenges.  *See Hamilton v. Pallozzi*, 848 F.3d 614, 626 n.10 (4th Cir. 2017) ("Only three judges ultimately signed onto [Judge Ambro's Opinion] relying on the seriousness of the prior convicted offense as the basis for determining whether a challenger satisfies the first step of the two-step inquiry, though the court considers it controlling as the narrowest ruling."); *Jefferies v. Sessions*, --F. Supp. 3d--, No. 17-2346, 2017 WL 4411044, at *5-6 (E.D. Pa. Oct. 3, 2017) (citing Judge Ambro's Opinion for the applicable framework for an as-applied Second Amendment challenge); *Corcoran v. Sessions*, --F. Supp. 3d--, No. 16-1813, 2017 WL 3334851, at *10 (D. Md. Aug. 3, 2017) (stating that "Judge Ambro authored the Opinion of the Court" in *Binderup*); *Holloway v. Sessions*, --F. Supp. 3d--, No. 17-81, 2017 WL 3077035, at *3 (M.D. Pa. July 19, 2017) ("Our view ultimately aligns with that articulated by Judge Ambro."); *Simpson v. Sessions*, No. 16-1334, 2017 WL 1910141, at *3-4 (E.D. Pa. May 10, 2017) (citing to Judge Ambro's Opinion for the applicable framework for an as-applied Second Amendment challenge); *Zedonis v. Lynch*, 233 F. Supp. 3d 417, 427 n.5 (M.D. Pa. 2017) (same); *Passalacqua v. City of Phila.*, No. 14-5618, 2016 WL 7049051, at *8 (E.D. Pa. Dec. 2, 2016) (citing to Judge Ambro's Opinion for the proposition that it reaffirmed the proper framework for as-applied Second Amendment challenges as set forth in *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010)).

In *Binderup*, the Third Circuit held that the two-part framework established in *Marzzarella* governs all as-applied Second Amendment challenges.  *Binderup*, 836 F.3d at 346-47.  At the first part of the *Marzzarella* framework, the challenger must prove that "a presumptively lawful regulation burdens his Second Amendment rights."  *Id.*  The challenger must clear two hurdles in order to do so: (1) he must "identify the traditional justifications for excluding him from Second Amendment protections the class of which he appears to be a member"; and (2) "present facts about himself and his background that distinguish his circumstances from those of persons in the historically barred class."  *Id.* at 347.  The challenger's showing at this stage must be "strong."  *Id.*  If the challenger succeeds in his showing, the second part of the *Marzzarella* framework requires the Government to demonstrate that the regulation satisfies intermediate scrutiny.  *Id.* at 347, 353.

In discussing the first hurdle at step one, the Third Circuit reasoned that the historical justification for stripping felons of their Second Amendment rights was tied to the "virtuous citizenry," and that some criminal offenders were "'unvirtuous' because they committed serious crimes."  *Id.* at 349.  The court held that the "category of 'unvirtuous citizens' is thus broader than violent criminals; it covers any person who has committed a *serious criminal offense*, violent or nonviolent."  *Id.* at 348 (citations omitted; emphasis added).  Accordingly, the crux of the analysis at step one of the *Marzzarella* framework is whether the challenger has committed a "serious crime." *See id.* at 349.

The Third Circuit articulated a list of non-exhaustive criteria to determine whether a challenger's conviction is serious enough to strip him of his Second Amendment rights.  *See id.* at 351-53.  Factors for District Courts to consider include: (1) whether the state enacted the crime as a misdemeanor or felony (although the maximum possible punishment is probative of a misdemeanor's seriousness); (2) whether violence is an element of the offense; (3) the severity of the sentence imposed; and (4) whether there is a cross-jurisdictional consensus regarding the seriousness of the challenger's crime.  *Id.*

For purposes of Defendants' Motion to Dismiss, Plaintiff has alleged sufficient facts to put forth a plausible Second Amendment as-applied challenge.  He avers that he was convicted of a second offense of Driving Under the Influence ("DUI") in 2004, for which he received a sentence of ninety days imprisonment, a $1,500 fine, required completion of drug and alcohol treatment programs, an eighteen-month license suspension, and mandatory installation of an ignition interlock device.  (Compl. ¶¶ 8, 22; *see also* Compl., Ex. B.)  Plaintiff alleges he was permitted to serve ninety days of house arrest with electronic monitoring in lieu of imprisonment.  (*Id.* ¶ 8.)  Plaintiff further alleges that his 2004 DUI conviction prohibits him from possessing a firearm under § 922(g)(1), as his offense was a misdemeanor in the first degree, which carries a maximum sentence of up to five years in prison.  (*Id.* ¶¶ 20, 26; *see also* 18 Pa. Cons. Stat. § 3803.)  He avers that there is a disparity in the manner in which states punish DUI offenses because there are a variety of factors that are taken into account, including (1) the number and frequency of the prior offenses; (2) severity of the blood alcohol content; (3) age and occupation of the offender; (4) whether a minor was present in the vehicle; and (5) whether the offense involved harm to another.  (*Id.* ¶ 45.)  Based on Plaintiff's allegations, we believe his Complaint is sufficient to assert a plausible Second Amendment as-applied challenge to his DUI conviction.  *Accord Zedonis*, 233 F. Supp. 3d at 431; *Holloway*, --F. Supp. 3d--, 2017 WL 3077035, at *7.  Accordingly, Defendants' Motion to Dismiss is denied.

BY THE COURT:


/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE