**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| EDWARD A. WILLIAMS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION |
| | : |
| JEFF SESSIONS, | : |
| Attorney General of the United States, | : |
| | : |
| THOMAS E. BRANDON, | : No. 17-2641 |
| Acting Director, Bureau of Alcohol, | : |
| Tobacco, Firearms, and Explosives, | : |
| | : |
| ANDREW G. McCABE, | : |
| Director of the Federal Bureau of | : |
| Investigation, and | : |
| | : |
| UNITED STATES OF AMERICA, | : |
| | : |
| Defendants. | : |
| | : |

## <u>ORDER</u>

**AND NOW**, this    1st    day of December, 2017, upon consideration of

Plaintiff's Motion for Summary Judgment, Defendants' Response in Opposition, and Plaintiff's

Reply Brief, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. No.

9) is **DENIED WITHOUT PREJUDICE as PREMATURE**.[1]

---

[1] As noted in the Court's Order (Doc. No. 13) denying Defendants' Motion to Dismiss the Complaint, the United States Court of Appeals for the Third Circuit ("Third Circuit") established and clarified the proper framework for Second Amendment as-applied challenges in *Binderup v. Attorney Gen. of U.S. of Am.*, 836 F.3d 336, 346-47 (3d Cir. 2016) (en banc). First, "[a] challenger must show "that a presumptively lawful regulation burdens his Second Amendment rights," *id.* at 347, which requires the challenger to show that he was convicted of a crime that is not "serious," *id.* at 349-53. If the challenger succeeds in his high burden of showing that he has been convicted of a crime that is not serious, the second part of the *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010), framework requires the Government to establish that 18 U.S.C. § 922(g)(1) satisfies intermediate scrutiny. *Binderup*, 836 F.3d at 353-54. Section 922(g)(1) survives intermediate scrutiny if there is "a substantial fit between the continuing disarmament of the [c]hallenger[] and an important government interest." *Id.* at 356. The Third Circuit has held that § 922(g)(1) has the important and compelling government interest of "promoting public safety

by 'preventing armed mayhem.'" *Id.* at 353 (quoting *United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010)). Thus, the crux of the second part of the *Marzzarella* framework depends on whether the Defendants can show a "substantial fit" as to how banning individuals like Plaintiff from owning a firearm promotes public safety. *See id.* at 353-54.

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it" or "allow time to obtain affidavits or declarations or to take discovery." Fed. R. Civ. P. 56(d). "The court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." *Dowling v. City of Phila.*, 855 F.2d 136, 139 (3d Cir. 1988) (citations omitted). The Third Circuit "has interpreted Rule [56(d)] as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Id.* at 139-40.

The Government has attached the sworn Declaration of Richard Mentzinger, Jr., Assistant United States Attorney in the United States Attorney's Office for the Eastern District of Pennsylvania, in reliance on its opposition to Plaintiff's Motion for Summary Judgment. (Defs.' Opp'n Pl.'s Mot. Summ. J., Ex. 1.) Mr. Mentzinger declares that, if the Court denies Defendants' Motion to Dismiss, the Defendants will be severely prejudiced if they are not afforded the opportunity to conduct discovery to prepare a substantive response to Plaintiff's Motion. (*Id.* ¶ 7.) He states that Defendants will need discovery about Plaintiff's allegations regarding his DUI offenses, conviction, and sentence; discovery regarding whether Plaintiff has had any other DUIs or disabling convictions; and an opportunity to investigate and test the allegations in Plaintiff's Complaint. (*Id.*) Significantly, the Defendants would need to obtain discovery, including expert testimony, to support their position that there is a substantial fit between § 922(g)(1)'s interest in promoting public safety and Plaintiff's DUI conviction. (*Id.* ¶ 9.) Given that this case is not even past the pleadings stage, we will afford Defendants the opportunity to take discovery. Accordingly, Plaintiff's Motion for Summary Judgment is denied as premature.

The Court notes one final aspect about when future dispositive motions are filed in this matter. As discussed in the Court's prior Order denying Defendants' Motion to Dismiss, under part one of *Marzzarella*, one of the criteria for assessing the seriousness of Plaintiff's criminal conviction is whether there is a cross-jurisdictional consensus as to whether the crime is "serious." *See Binderup*, 836 F.3d at 352-53. Notwithstanding the fact that it is Plaintiff's burden at step one of the *Marzzarella* framework, the cross-jurisdictional analysis in his briefing is strikingly short and incomplete. Plaintiff argues that "a review of all [fifty] states' DUI laws shows that only [Massachusetts and Oklahoma] definitively punish a second DUI with imprisonment of more than two years." (Pl.'s Mem. Support Mot. Summ. J. at 12.) He further claims that

> [t]he remaining states classify the second offense as punishable by imprisonment ranging from several days up to two years. *While it is possible that the list is not exhaustive based on states that punish subsequent DUIs on a sliding scale dependent on [blood alcohol content] ["BAC"], like the one Pennsylvania has*, it certainly seems to indicate that most states do not view a second DUI as a major offense.

(*Id.* at 12-13) (emphasis added). However, an exhaustive list is precisely what the Court requires in order to make a sound finding on the cross-jurisdictional factor. Defendants' analysis hits closer to the mark, where they state that Plaintiff's DUI offense would be punishable by up to a year in prison in twenty five states, and in another fourteen states, it would be punishable by more than a year in prison. (Defs.' Mem. Support Mot. to Dismiss at 16.) However, Defendants rely on secondary sources that are out of date and incomplete. As the court noted in *Zedonis v. Lynch*, there is a "difficulty [in] assessing the sentencing nuances of different States' DUI laws." 233 F. Supp. 3d at 431. Indeed, the punishment depends on several factors, such as the number and frequency of prior offenses; the severity of the BAC; the age and occupation of the offender; whether a minor was in the vehicle; and whether harm resulted in another. *Id.*

Accordingly, when the time comes for future dispositive motions to be filed in this matter, the Court requires the parties to file a chart that details the DUI laws throughout the United States. In particular, the Court is interested in knowing how the number and frequency of the prior offenses and the severity of the BAC impacts how other states punish DUI offenses. When future dispositive motions are filed, the parties' briefing should specifically address and provide analysis of how other jurisdictions would have punished Plaintiff for his DUI conviction.

BY THE COURT:


/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE