IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD A. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 17-cv-2641 |
| | : | |
| JEFF SESSIONS, | : | |
| Attorney General of the United States, | : | |
| THOMAS E. BRANDON, | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms and Explosives, | : | |
| CHRISTOPHER WRAY, | : | |
| Director, Federal Bureau of Investigation, and | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendants. | : | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Jeff Sessions, Attorney General of the United States, Thomas E. Brandon, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives, Christopher Wray, Director, Federal Bureau of Investigation, and the United States of America (hereinafter referred to collectively as "Defendants"), by their attorneys, Louis D. Lappen, United States Attorney for the Eastern District of Pennsylvania, and Richard Mentzinger, Jr., Assistant United States Attorney for the Eastern District of Pennsylvania, for their answer to plaintiff's Complaint, state as follows:

## **INTRODUCTION**

1. Defendants admit that plaintiff, Edward A. Williams, invokes the Second Amendment of the United States Constitution, but defendants deny that plaintiff is entitled to any relief under that provision. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

2. Defendants admit that the United States Court of Appeals for the Third Circuit issued a decision in the cited case. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. This paragraph states legal conclusions to which no response is required.

6. Defendants deny the allegations contained in paragraph 6 of the Complaint.

7. Defendants deny the allegations contained in paragraph 7 of the Complaint.

## PARTIES

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and the allegations are therefore deemed denied.

9. Defendants admit that Jeff Sessions currently serves as Attorney General of the United States and that plaintiff seeks to sue Jeff Sessions in his official capacity as Attorney General of the United States. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

10. Defendants admit that Thomas E. Brandon currently serves as Acting Director Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and that plaintiff seeks to sue Thomas E. Brandon in his official capacity as the ATF's Acting Director. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

11. Defendants admit that plaintiff seeks to sue the Director of the Federal Bureau of Investigation ("FBI"), but defendants deny that Andrew G. McCabe currently serves in that position. Further answering, Defendants state that Andrew G. McCabe served as the FBI's

Acting Director until August 2, 2017 and that Christopher Wray currently serves as the FBI's Director. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

12. This paragraph states a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

13. This paragraph states legal conclusions to which no response is required.

14. Defendants admit that plaintiff seeks relief under the statutes cited, but defendants deny that plaintiff is entitled to any relief. The remaining allegations in this paragraph constitute legal conclusions to which no response is required.

15. This paragraph states legal conclusions to which no response is required.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the plaintiff's allegations that a substantial part of the events and omissions giving rise to the claims occurred in the Eastern District of Pennsylvania and the allegations are therefore deemed denied. The remaining allegations in this paragraph state legal conclusions to which no response is required.

## STATEMENT OF FACTS RELATING TO PLAINTIFF

17. Defendants repeat and re-allege their responses to paragraphs 1-16 of the Complaint as if fully set forth herein.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and the allegations are therefore deemed denied.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and the allegations are therefore deemed denied.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and the allegations are therefore deemed denied.

21. Defendants admit only that the documents attached as Exhibit A reflect that plaintiff was convicted of a DUI. Defendants lack knowledge or information sufficient to form a belief as to the truth of any other allegation contained in paragraph 21 of the Complaint and the allegations are therefore deemed denied.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and the allegations are therefore deemed denied.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and the allegations are therefore deemed denied.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and the allegations are therefore deemed denied.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and the allegations are therefore deemed denied.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and the allegations are therefore deemed denied.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and the allegations are therefore deemed denied.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and the allegations are therefore deemed denied.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and the allegations are therefore deemed denied.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and the allegations are therefore deemed denied.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

## STATUTES AND REGULATIONS

34. This paragraph states legal conclusions to which no response is required.

35. This paragraph states legal conclusions to which no response is required.

36. This paragraph states legal conclusions to which no response is required.

37. This paragraph states legal conclusions to which no response is required.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. This paragraph states legal conclusions to which no response is required.

40. This paragraph states legal conclusions to which no response is required.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. This paragraph states legal conclusions to which no response is required.

43. Defendants admit that all states have laws that prohibit driving under the influence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint and the allegations are therefore deemed denied.

44. This paragraph states legal conclusions to which no response is required.

45. This paragraph states legal conclusions to which no response is required. Further answering, Defendants assert that the states take into account a variety of factors in punishing the offense of Driving Under the Influence ("DUI").

46. This paragraph states legal conclusions to which no response is required.

47. This paragraph states legal conclusions to which no response is required.

48. This paragraph states legal conclusions to which no response is required.

49. This paragraph states legal conclusions to which no response is required.

50. Defendants admit the allegations contained in paragraph 50 of the Complaint. Further answering, Defendants state that a conviction may be negated for federal purposes under 18 U.S.C. § 921(a)(20) if the conviction has been expunged or set aside or the individual has been pardoned or had his civil rights restored unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the Complaint.

## COUNT I: SECOND AMENDMENT *AS-APPLIED* VIOLATIONS

53. Defendants repeat and re-allege their responses to paragraphs 1-52 of the Complaint as if fully set forth herein.

54. This paragraph states legal conclusions to which no response is required.

55. This paragraph states legal conclusions to which no response is required.

56. This paragraph states legal conclusions to which no response is required.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and the allegations are therefore deemed denied.

Defendants deny each and every allegation of material fact set forth in the Complaint not admitted, denied, or otherwise modified in this Answer and deny that plaintiff is entitled to any relief in this action.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any attorney's fees in this action.

WHEREFORE, defendants, Jeff Sessions, Attorney General of the United States, Thomas E. Brandon, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives, Christopher Wray, Director, Federal Bureau of Investigation, and the United States of America, respectfully request that plaintiff take nothing by way of his Complaint and that this Court enter judgment in favor of the defendants together with their costs and such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    LOUIS D. LAPPEN
    United States Attorney


    /s/ Margaret L. Hutchinson
    MARGARET L. HUTCHINSON
    Assistant United States Attorney
    Chief, Civil Division

    /s/ Richard Mentzinger, Jr.
    RICHARD MENTZINGER, JR.
    Assistant United States Attorney
    U.S. Attorney's Office
    Eastern District of Pennsylvania
    615 Chestnut Street, Suite 1250
    Philadelphia, PA 19106
    TEL: (215) 861-8316
    FAX: (215) 861-8618
    rick.mentzinger@usdoj.gov

Dated: December 15, 2017

**CERTIFICATE OF SERVICE**

I, Richard Mentzinger, Jr., hereby certify that on the 15th day of December, 2017, I caused a copy of the foregoing Defendants' Answer to Plaintiff's Complaint to be served by first class mail, postage prepaid, and by ECF upon:

Adam Kraut, Esq.
Joshua Prince, Esq.
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505

/s/ Richard Mentzinger, Jr.
RICHARD MENTZINGER, JR.
Assistant United States Attorney