**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

EDWARD A. WILLIAMS,
     Plaintiff,

         v.

JEFF SESSIONS, Attorney General of the
United States et al.,
     Defendants.

Civil Action No. 17-2641

## PRIVACY ACT STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Edward A. Williams, and defendants Jeff Sessions, Attorney General of the United States; Thomas E. Brandon, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives; Christopher Wray, Director, Federal Bureau of Investigation; and the United States of America (collectively, the "Parties"), that the Parties will be bound by the terms and conditions of this Privacy Act Stipulation and Order of Confidentiality ("Order"), covering disclosure and handling of documents produced and disclosed by the defendants, the United States, and its agencies, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the Federal Bureau of Investigation ("FBI"), as set forth below:

1.     In this suit, plaintiff brings an as-applied Second Amendment challenge to l8 U.S.C. § 922(g)(1), as a result of his Pennsylvania conviction for driving under the influence at the highest rate of alcohol with a prior offense, 75 Pa. C.S. §§ 3802(c), 3803(b)(4), 3804(c)(2), 3806.  As part of discovery, plaintiff may request documents from the ATF or FBI that include records and other information that identify individuals' names and personally-identifiable information.  These records may include the names of others, as well as plaintiff's own personal identifying information, such as date of birth, home address, Social Security number, and home telephone number.

2.      The Privacy Act of 1974, 5 U.S.C. § 552a, protects such information from public disclosure.  Pursuant to the Privacy Act, the federal government may not disclose certain records unless the subject of the record consents, an exception applies, or there is a Court order.  *See* 5 U.S.C. § 552a(b)(11).

3.      In order to facilitate discovery in this matter, the Parties agree to produce documents protected by the Privacy Act pursuant to this stipulated Order.  The stipulated Order is designed to maintain the confidentiality of records that will be disclosed pursuant to the Order and to allow the production of Privacy Act-protected records to counsel for the Parties and their agents, support staff, experts, and any other person set forth in paragraph 6 for use in this litigation.  Any person who has access to these documents shall be informed that they are confidential and subject to non-disclosure and must agree to be bound by this Order's terms.

4.      Good cause exists for the Court to issue an Order that requires limited disclosure of information protected by the Privacy Act, and disclosure is appropriate under Federal Rule of Civil Procedure 26(c).

5.      Thus, counsel for the defendants may produce documents protected by the Privacy Act to counsel for plaintiffs for inspection and copying and for use as necessary in this litigation.  Any such documents shall be designated and marked as "Confidential."

6.      Documents marked as Confidential may be disclosed, only during the course of and for purposes of this litigation, only to the Parties, their counsel (including in-house or agency counsel), support staff working with counsel, court reporters, witnesses, any counsel for those witnesses, retained experts and consultants, the Court, and court personnel.

7.      Confidential information shall not be disclosed to any person or in any manner not specified in this Order or be used for any purpose other than the prosecution and defense of this lawsuit.

8.      Persons who obtain Confidential information pursuant to this Order shall use or disseminate such information only in connection with or preparation for dealings in this case and not for any other purpose and shall not disclose such information to any person other than those specified in this Order without leave of Court.  Any copies or summaries of Confidential information shall be protected from disclosure except as needed in this litigation.

9.      Defendants may produce documents that contain Confidential information in non-redacted format.  But should any party intend to use any such documents in a manner in which they may become a matter of public record (for example, in a court filing or trial exhibit), the party shall redact all personally identifiable information from each document as mandated by Local Rule 5.1.3 of the United States District Court for the Eastern District of Pennsylvania.

10.     If a party wishes to modify the Order or its application to certain persons, documents, or information, the party shall first request such modification from the other party. Modification shall be effective upon the Parties' agreement in writing.  If the Parties reach no agreement, the Parties may petition the Court for modification.  The terms of this Order shall govern unless and until the Parties reach an agreement in writing or the Court grants modification.  This Order does not govern the use of Confidential information at trial; any such use shall be governed by subsequent agreement or by pre-trial order.

11.     Confidential documents shall be destroyed (shredded) or returned to counsel for the defendants within sixty (60) days after this litigation fully and finally concludes.  If the

documents are properly destroyed, plaintiff's counsel shall so notify, in writing, the Assistant United States Attorney appearing as counsel of record for the defendants.

12.     This stipulated Order does not constitute a ruling on the question of whether particular records or portions of records are discoverable or admissible, nor does it constitute a ruling on whether certain records or portions of records contain privileged information. Moreover, this Order shall not be construed as a waiver by either party of any objections that might be raised as to the production or admissibility of any records that may be responsive to discovery requests.  This Order also does not limit or in any way preclude the rights of the federal agencies to access, review, and/or maintain records containing information subject to the Privacy Act.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

  /s/ Adam Kraut
JOSHUA PRINCE                                            /s/ Anthony D. Scicchitano
ADAM KRAUT                                            ANTHONY D. SCICCHITANO
Prince Law Offices, P.C.                             Assistant United States Attorney
646 Lenape Road                                      Eastern District of Pennsylvania
Bechtelsville, PA 19505                              615 Chestnut Street, Suite 1250
Phone:   (610) 845-3803                              Philadelphia, PA 19106-4476
Fax:      (610) 845-3903                             Direct:    (215) 861-8380
Joshua@PrinceLaw.com                                 Fax:       (215) 861-8618
AKraut@PrinceLaw.com                                 anthony.scicchitano@usdoj.gov

*Counsel for Edward A. Williams*                     *Counsel for Defendants*

Dated:  February 22, 2018


        The foregoing Privacy Act Stipulation is APPROVED AND SO ORDERED on this

_____ day of _____, 2018.

                        BY THE COURT:


                        _____
                        ROBERT F. KELLY
                        SENIOR JUDGE

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

EDWARD A. WILLIAMS,
     Plaintiff,

        v.

JEFF SESSIONS, Attorney General of the
United States et al.,
     Defendants.

Civil Action No. 17-2641

## JOINT MOTION TO ENTER PRIVACY ACT PROTECTIVE ORDER

Plaintiff Edward A. Williams, and defendants Jeff Sessions, Attorney General of the

United States; Thomas E. Brandon, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and

Explosives; Christopher Wray, Director, Federal Bureau of Investigation; and the United States

of America jointly ask that the Court enter the attached Privacy Act Stipulation and Order of

Confidentiality, pursuant to Fed. R. Civ. P. 26(c) and 5 U.S.C. § 552a(b)(11).

In this Second Amendment suit, the parties anticipate the need to produce discovery that

contains personally identifying information (such as names, dates of birth, home addresses,

Social Security numbers, and home telephone numbers) of the plaintiff and/or other individuals.

The Privacy Act of 1974, 5 U.S.C. § 552a, imposes restrictions on the federal government's

ability to publicly disclose private information on individuals.  However, the Privacy Act permits

disclosure pursuant to a Court order.  *See* 5 U.S.C. § 552a(b)(11).  By entering the attached

Privacy Act order, the parties will be able to promptly and fully engage in discovery in this

matter while complying with the Privacy Act's requirements.

WHEREFORE, for these reasons, the parties ask that the Court enter the attached

stipulated Privacy Act protective order, which will allow the parties to begin discovery in this

matter in earnest.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

/s/ Adam Kraut
JOSHUA PRINCE
ADAM KRAUT
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Phone:   (610) 845-3803
Fax:      (610) 845-3903
Joshua@PrinceLaw.com
AKraut@PrinceLaw.com

*Counsel for Edward A. Williams*

Dated:  February 22, 2018

/s/ Anthony D. Scicchitano
ANTHONY D. SCICCHITANO
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Direct:    (215) 861-8380
Fax:       (215) 861-8618
anthony.scicchitano@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF UNCONTESTED MOTION

I hereby certify that, pursuant to E.D. Pa. Local Rule 7.1(b), the foregoing Joint Motion

to Enter Privacy Act Protective Order is uncontested since it is jointly filed by the parties.


       /s/ Anthony D. Scicchitano
ANTHONY D. SCICCHITANO
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Joint Motion to Enter Privacy Act Protective

Order and all accompanying papers were served by ECF and first-class mail, postage prepaid,

this 22nd day of February, 2018 on:


Joshua Prince, Esq.
Adam Kraut, Esq.
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505


  /s/ Anthony D. Scicchitano
ANTHONY D. SCICCHITANO
Assistant United States Attorney