

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. WILLIAMS, <br> Plaintiff, <br><br> v. <br><br> JEFF SESSIONS, Attorney General of the United States et al., <br> Defendants. | Civil Action No. 17-2641 |

**FILED**
MAR 22 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

### PRIVACY STIPULATION AND ORDER OF CONFIDENTIALITY

IT IS HEREBY STIPULATED AND AGREED, by and between plaintiff Edward A. Williams, and defendants Jeff Sessions, Attorney General of the United States; Thomas E. Brandon, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives; Christopher Wray, Director, Federal Bureau of Investigation; and the United States of America (collectively, the "Parties"), that the Parties will be bound by the terms and conditions of this Privacy Stipulation and Order of Confidentiality ("Order"), covering disclosure and handling of documents and information produced and disclosed by plaintiff and the defendants, the United States, and its agencies, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and the Federal Bureau of Investigation ("FBI"), as set forth below:

1. In this suit, plaintiff brings an as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1), as a result of his Pennsylvania conviction for driving under the influence at the highest rate of alcohol with a prior offense, 75 Pa. C.S. §§ 3802(c), 3803(b)(4), 3804(c)(2), 3806. As part of discovery, plaintiff may produce or receive documents from the ATF or FBI that include records and other information that identify individuals' names and personally-identifiable information. These records may include the names of others, as well as plaintiff's own personal identifying information, such as date of birth, home address, Social Security number, and home telephone number. In addition, plaintiff may produce or receive documents

from the ATF or FBI that include records or other information that were filed under seal in other court proceedings, records or information that pertain to charges subject to expungement as a matter of law, and testimony during a deposition involving any of the aforementioned documents or related information.

2. The Privacy Act of 1974, 5 U.S.C. § 552a, protects some of this information from public disclosure. Pursuant to the Privacy Act, the federal government may not disclose certain records unless the subject of the record consents, an exception applies, or there is a Court order. *See* 5 U.S.C. § 552a(b)(11). In addition, other federal and state laws may prohibit disclosure of the additional categories of documents.

3. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Parties may enter into a protective order.

4. In order to facilitate discovery in this matter, the Parties agree to produce documents and information protected by these laws pursuant to this stipulated Order. The stipulated Order is designed to maintain the confidentiality of documents and information that will be disclosed pursuant to the Order and to allow the production of protected materials to counsel for the Parties and their agents, support staff, experts, and any other person set forth in paragraph 6 for use in this litigation. Any person who has access to these materials shall be informed that they are confidential and subject to non-disclosure and must agree to be bound by this Order's terms.

5. Good cause exists for the Court to issue an Order that requires limited disclosure of documents and information protected by these laws, and disclosure is appropriate under Federal Rule of Civil Procedure 26(c).

6. Thus, counsel for the Parties may produce documents and information protected by these laws and this agreement to opposing counsel for inspection and copying and for use as necessary in this litigation. Any such materials shall be designated and marked as "Confidential."

7. The failure to designate documents or information as "Confidential" shall not constitute a waiver of an assertion by the party producing the documents or information, and the Confidential material may still later be subject to this order.

8. Documents or information marked as Confidential may be disclosed, only during the course of and for purposes of this litigation, only to the Parties, their counsel (including in-house or agency counsel), support staff working with counsel, court reporters, witnesses, any counsel for those witnesses, retained experts and consultants, the Court, and court personnel.

9. Confidential documents or information shall not be disclosed to any person or in any manner not specified in this Order or be used for any purpose other than the prosecution and defense of this lawsuit.

10. Persons who obtain Confidential documents or information pursuant to this Order shall use or disseminate such materials only in connection with or preparation for dealings in this case and not for any other purpose and shall not disclose such materials to any person other than those specified in this Order without leave of Court. Any copies or summaries of Confidential documents or information shall be protected from disclosure except as needed in this litigation.

11. The Parties may produce documents or information that contain Confidential information in non-redacted format. But should any party intend to use any such documents in a manner in which they may become a matter of public record (for example, in a court filing or trial exhibit), the party shall either file the documents under seal, or redact all personally

identifiable information from each document as mandated by Local Rule 5.1.3 of the United States District Court for the Eastern District of Pennsylvania.

12. If a party wishes to modify the Order or its application to certain persons, documents, or information, the party shall first request such modification from the other party. Modification shall be effective upon the Parties' agreement in writing. If the Parties reach no agreement, the Parties may petition the Court for modification. The terms of this Order shall govern unless and until the Parties reach an agreement in writing or the Court grants modification. This Order does not govern the use of Confidential documents or information at trial; any such use shall be governed by subsequent agreement or by pre-trial order.

13. Confidential documents and information shall be destroyed (shredded) or returned to counsel for the defendants within sixty (60) days after this litigation fully and finally concludes. If the documents are properly destroyed, plaintiff's counsel shall so notify, in writing, the Assistant United States Attorney appearing as counsel of record for the defendants.

14. This stipulated Order does not constitute a ruling on the question of whether particular records or portions of records are discoverable or admissible, nor does it constitute a ruling on whether certain records or portions of records contain privileged information. Moreover, this Order shall not be construed as a waiver by either party of any objections that might be raised as to the production or admissibility of any records that may be responsive to discovery requests. This Order also does not limit or in any way preclude the rights of the federal agencies to access, review, and/or maintain records containing information subject to the Privacy Act.

Respectfully submitted,

LOUIS D. LAPPEN
United States Attorney

/s/ Adam Kraut
JOSHUA PRINCE
ADAM KRAUT
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
Phone: (610) 845-3803
Fax: (610) 845-3903
Joshua@PrinceLaw.com
AKraut@PrinceLaw.com

/s/ Anthony D. Scicchitano
ANTHONY D. SCICCHITANO
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106-4476
Direct: (215) 861-8380
Fax: (215) 861-8618
anthony.scicchitano@usdoj.gov

*Counsel for Edward A. Williams*

*Counsel for Defendants*

Dated: March 20, 2018

The foregoing Privacy Stipulation is APPROVED AND SO ORDERED on this 21st day of March, 2018.

BY THE COURT:

ROBERT F. KELLY
SENIOR JUDGE

5