IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| v. | : | Honorable Robert F. Kelly |
| | : | |
| **JEFFERSON B. SESSIONS III**, *et al.* | : | |
| | : | |
| Defendants | : | |

## SECOND DECLARATION OF EDWARD A. WILLIAMS

I, Edward A. Williams, am competent to state and declare the following based on my personal knowledge:

1. I, Edward A. Williams,

    a. am over the age of 21;

    b. am not currently under indictment for a crime punishable by imprisonment for more than one year;

    c. have never been convicted of a felony or misdemeanor crime of domestic violence;

    d. have only been once convicted of a crime punishable by more than one year;

    e. am not a fugitive from justice;

    f. am not an unlawful user of or addicted to any controlled substance;

    g. have never been adjudicated a mental defective;

      h.    have never been discharged from the Armed Forces under dishonorable conditions;

      i.    have never renounced my citizenship; and

      j.    am not the subject of a restraining order relating to an intimate partner.

2. ███████████████████████████████████████

3. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████

4. ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

5. ███████████████████████████████████████

6. ███████████████████████████████████████
███████████████████████████

―――――――――――――――
███████████████████████████████████████

7. On September 7, 2004, I was pulled over by the Philadelphia Police Department and subsequently arrested and charged with DUI – Highest Rate.

8. I was found guilty and was sentenced to house arrest with electronic monitoring for 90 days, ordered to pay costs, a fine of $1,500.00, and complete any recommended drug and alcohol treatment.

9. ████████████████████████████████████████████████████████████
████████████████████████████

10. At no point in the proceedings did my attorney, the district attorney or the Court inform me that a conviction or guilty plea would result in the loss of my Second Amendment rights.

11. I no longer consume alcohol, save for the occasional glass of wine with dinner or champagne at home on New Year's Eve with my family.

12. I have worked as a construction manager for the past twenty-five (25) years.

13. I have managed projects, which include the Curran-Fromhold Correctional Facility, PA Convention Center, Septa Railworks project, the Commodore Barry Bridge, Interstate 95 and the NJ Transportation maintenance facilities.

14. My duties include the preparation and day to day monitoring of various construction projects mainly throughout NJ, PA and DE. I also attend project meetings on a monthly basis and assist the contractors in cost

control, project management, scheduling and claims/time impact analysis as needed.

15. In or about late December 2014, being concerned for the safety of myself and my family and desiring to be able to protect myself and my family in our home, I attempted to obtain a Pennsylvania License to Carry Firearms and was denied.

16. On March 31, 2015, I was informed that my 2005 DUI conviction prohibited me from obtaining a License to Carry Firearms ("LTCF") when I challenged a determination by the Pennsylvania State Police's Instant Check System ("PICS") – which queries the FBI's National Instant Check System ("NICS") – that I was prohibited from obtaining a License to Carry Firearms. *See*, Exhibit A.

17. It was not until on or about November 5, 2015, after speaking with Attorney Joshua Prince, that I was informed I was prohibited from possessing firearms and ammunition.

18. As a result of my 2005 DUI conviction, Defendants contend that I lost my private capacity firearm rights by operation of 18 U.S.C.§ 922(g)(1), which prohibits an individual who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, from being able to own, possess, use, or purchase a firearm or ammunition.

19. I have only ever once been charged and convicted of a crime punishable by imprisonment for a term exceeding one year.

20. After learning of my prohibition, I have refrained from purchasing, possessing and utilizing firearms, in my private capacity, because I reasonably fear arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should I attempt to purchase, possess or utilize a firearm.

21. I have refrained from purchasing a firearm from a private party because I reasonably fear arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should I attempt to purchase a firearm.

22. After learning of my prohibition and as a result of the Defendants' interpretation of federal law, I am unwilling to state on the ATF 4473 Form that I have not, in fact, been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. Moreover, should I answer, on an ATF 4473 Form, that I was convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, any FFL who complies with the Defendants' directives would refuse to sell me a firearm.

23. My attorney of record has informed me that ATF Philadelphia Division Counsel Kevin White confirmed that, except for a pardon, there is currently

no mechanism available in Pennsylvania or under federal law – other than a Second Amendment as-applied challenge – for me to obtain relief from my federal disability, as a result of my conviction of a crime punishable by imprisonment for a term exceeding one year.

24. Accordingly, I am unwilling to purchase, possess or utilize a firearm, in my private capacity, because doing so would subject me to arrest, prosecution, fine and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).

25. I desire to obtain a License to Carry Firearms and to purchase and possess a handgun and/or a long gun to defend my family and myself within my home.

26. On August 7, 2018, I was examined by Robert M. Gordon, Ph.D., ABPP, a psychologist, who conducted an interview and a variety of tests on me during my evaluation.

27. Those tests included the Minnesota Multiphasic Personality Inventory -2 (MMPI-2), the Brief Psychiatric Rating Scale (BPRS) - expanded version, the Montreal Cognitive Assessment Test, the Violence Risk Appraisal Guide-R (VRAG-R), the Hare Revised Psychopathy Checklist, and the Psychodisagnostic Chart (PDC-2) (on which I was rated).

28. It is my understanding, based on reviewing the report and the conclusion of Mr. Gordon, that I have a normal personality, without psychopathology or

tendencies relating to addition or violence.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

DATED: October 4, 2018

_Edward Williams_
Edward A. Williams