## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| **v.** | : | Honorable Robert F. Kelly |
| | : | |
| **JEFFERSON B. SESSIONS III**, *et al.* | : | |
| | : | |
| Defendants | : | |

## Exhibit List to Plaintiff's Brief in Support of His Second Motion for Summary Judgment

**Exhibit A**:   Pennsylvania State Police Background Check

**Exhibit B**:   Federal Firearms Act of 1938

**Exhibit C**:   State DUI Chart

**Exhibit D**:   Federal Register Notices Granting Relief Pursuant to 18 U.S.C. § 925(c)

**Exhibit E**:   John Kraszewski Court Records

**Exhibit F**:   Kim Blake Court Records

**Exhibit G**:   Barry Shoop Court Records

**Exhibit H**:   Carl Fareri Court Records

**Exhibit I**:   Charles Spangler Court Records

**Exhibit J**:   Expert Witness Robert Gordon's Report

**Exhibit K**:   Excerpt from the Deposition of Edward A. Williams

# EXHIBIT A

# PENNSYLVANIA STATE POLICE

1800 Elmerton Avenue
Harrisburg, PA 17110

Control #
**R17746166**

# REQUEST FOR CRIMINAL RECORD CHECK

**JOSHUA PRINCE**
**646 LENAPE ROAD**
**BECHTELSVILLE PA 19505**

**TELEPHONE: (610) 845-3803**

**TO WHOM IT MAY CONCERN:**

**THE PENNSYLVANIA STATE POLICE DOES HEREBY CERTIFY THAT:**

**Name:**Williams,Edward
**Date of Birth**
**Social Security #**
**Sex:**M
**Race:**Unknown
**Date of Request:**3/13/2017 11:00:00 AM
**Purpose of Request:** Other

**Maiden Name and/or Alias (1)**      **(2)**

     **(3)**      **(4)**

**\*\*\* HAS A CRIMINAL RECORD IN PENNSYLVANIA BASED ON A CHECK OF THE ABOVE
IDENTIFIERS - CRIMINAL RECORD FOR SID NO: 184-59-80-9 ATTACHED\*\*\***

THE INFORMATION DISSEMINATED BY THE CENTRAL REPOSITORY IS BASED SOLELY ON THE FOLLOWING
IDENTIFIERS THAT MATCH THOSE FURNISHED BY THE REQUESTER:

[Y] **NAME**      [Y] **SOCIAL SECURITY NUMBER**   [N] **MAIDEN / ALIAS NAME**
[Y] **DATE OF BIRTH**   [N] **RACE**     [Y] **SEX**

THE RESPONSE IS BASED ON A COMPARISON OF DATA PROVIDED BY THE REQUESTER AGAINST
INFORMATION CONTAINED IN THE FILES OF THE PENNSYLVANIA STATE POLICE CENTRAL REPOSITORY
ONLY. PLEASE CONFIRM IDENTIFIERS PROVIDED. POSITIVE IDENTIFICATION CANNOT BE MADE
WITHOUT FINGERPRINTS. THE PENNSYLVANIA STATE POLICE RESPONSE DOES NOT PRECLUDE THE
EXISTENCE OF CRIMINAL RECORDS, WHICH MIGHT BE CONTAINED IN THE REPOSITORIES OF OTHER
LOCAL, STATE, OR FEDERAL CRIMINAL JUSTICE AGENCIES.

[ ] COMPARISON MADE WITH FINGERPRINTS

ADDITIONAL INFORMATION MAY BE AVAILABLE FROM QUERIES OF OTHER STATE AND FEDERAL DATABASES.

[ ] SEE WEBSITE:http://www.casanet.org/program-management/volunteer-manage/criminal-bkg-check.htm

[ ] PENNSYLVANIA'S MEGAN'S LAW WEBSITE AT:http://pameganslaw.state.pa.us/
QUESTIONS CONCERNING THIS CRIMINAL RECORD CHECK SHOULD BE DIRECTED TO THE PATCH HELP LINE TOLL
FREE AT 1-888-QUERY-PA (1-888-783-7972)

**CERTIFIED BY:**

DISSEMINATED BY:703182
03/22/2017

**Lieutenant Richard O Quinn**
Director, Criminal Records and Identification Division
Pennsylvania State Police

~ SP4-137B
COMPILED: 2017/03/22                                                    PAGE: 1 of 1
                           PENNSYLVANIA STATE POLICE
                              CENTRAL REPOSITORY
                             1800 ELMERTON AVENUE
                         HARRISBURG, PENNSYLVANIA 17110
                                (888) 783-7972

========================================================================================
        USE OF THE FOLLOWING CRIMINAL HISTORY RECORD *** SID 184-59-80-9 ***
                          REGULATED BY ACT 47, AS AMENDED.
========================================================================================
                                 IDENTIFICATION
NAME: WILLIAMS, EDWARD A
SID: 184-59-80-9                           DOB:                      SOC:
SEX: MALE              RAC: BLACK          HAI: BLACK                EYE: BLACK
HGT: 6'01"            WGT: 230
POB:                 US CITIZEN: YES
COUNTRY OF CITIZENSHIP: UNITED STATES
========================================================================================
                                CRIMINAL HISTORY
NAME: WILLIAMS, EDWARD                          OTN: N293062-0
ARRESTED: 2004/09/07  PAPEP0000  PHILADELPHIA                        OCA: C0935505
DISPO DATE: 2006/06/15
DISTRICT JUSTICE DOCKET NUMBER: MC 0409-0216

                               *** COURT DATA ***

OFFENSE
DATE        CHARGE                 COUNT   GRADE  DISPOSITION
-------     ------                 -----   -----  -----------
2004/09/07  VC3802 DRIVING UNDER   1              FOUND GUILTY/
            THE INFLUENCE                         COUNTY PRISON/
            OF ALCOHOL OR                         90 DYS - 002 YR-
            CONTROLLED                            S
            SUBSTANCE

FOR MORE INFORMATION, CONTACT THE APPROPRIATE COURT OF RECORD
========================================================================================
                         PROBATION/PAROLE INFORMATION
                                   START      END                    LIFE
AGENCY                OCA          DATE       DATE        PAR/PRO     CODE
------                ---          -----      -----       -------     ------
PA051023G             C0935505     2006/06/15 2008/06/15  PAROLE
PHILADELPHIA
APPLIES TO OTN: N293062-0
========================================================================================
                            ADDITIONAL IDENTIFIERS
AKAs: WILLIAMS, EDWARD ALS / WILLIAMS, EDWARD ALS JR
DOBs:
SOCs:
MNUs:
========================================================================================
              F=FELONY, M=MISDEMEANOR, S=SUMMARY AND THE NUMERIC=DEGREE
              ARREST(S) SUPPORTED BY FINGERPRINT CARD(S) ON FILE

RESPONSE BASED ON COMPARISON OF REQUESTER FURNISHED INFORMATION AND/OR
FINGERPRINTS AGAINST A NAME INDEX AND/OR FINGERPRINTS CONTAINED IN THE FILES OF
THE PENNSYLVANIA STATE POLICE CENTRAL REPOSITORY ONLY, AND DOES NOT PRECLUDE
THE EXISTENCE OF OTHER CRIMINAL RECORDS WHICH MAY BE CONTAINED IN THE
REPOSITORIES OF OTHER LOCAL, STATE, OR FEDERAL CRIMINAL JUSTICE AGENCIES.

THE PENNSYLVANIA STATE POLICE IS IN THE PROCESS OF SWITCHING FROM SCN CHARGE CODES TO
THE PURDON'S FORMAT. RAP RESPONSES MAY SHOW BOTH SCN AND PURDON'S FORMATTED CHARGES.

***************************** END OF RAP SHEET *****************************

# EXHIBIT B

[CHAPTER 850]

## AN ACT

June 30, 1938
[S. 3]
[Public, No. 755]

### To regulate commerce in firearms.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That as used in this Act—

Federal Firearms Act.
Definitions.
"Person."

(1) The term "person" includes an individual, partnership, association, or corporation.

"Interstate or foreign commerce."

(2) The term "interstate or foreign commerce" means commerce between any State, Territory, or possession (including the Philippine Islands but not including the Canal Zone), or the District of Columbia, and any place outside thereof; or between points within the same State, Territory, or possession (including the Philippine Islands but not including the Canal Zone), or the District of Columbia, but through any place outside thereof; or within any Territory or possession or the District of Columbia.

"Firearm."

(3) The term "firearm" means any weapon, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosive and a firearm muffler or firearm silencer, or any part or parts of such weapon.

"Manufacturer."

(4) The term "manufacturer" means any person engaged in the manufacture or importation of firearms, or ammunition or cartridge cases, primers, bullets, or propellent powder for purposes of sale or distribution; and the term "licensed manufacturer" means any such person licensed under the provisions of this Act.

"Dealer."

(5) The term "dealer" means any person engaged in the business of selling firearms or ammunition or cartridge cases, primers, bullets or propellent powder, at wholesale or retail, or any person engaged in the business of repairing such firearms or of manufacturing or fitting special barrels, stocks, trigger mechanisms, or breach [1] mechanisms to firearms, and the term "licensed dealer" means any such person licensed under the provisions of this Act.

"Licensed dealer."

"Crime of violence."

(6) The term "crime of violence" means murder, manslaughter, rape, mayhem, kidnaping, burglary, housebreaking; assault with intent to kill, commit rape, or rob; assault with a dangerous weapon, or assault with intent to commit any offense punishable by imprisonment for more than one year.

"Fugitive from justice."

(7) The term "fugitive from justice" means any person who has fled from any State, Territory, the District of Columbia, or possession of the United States to avoid prosecution for a crime of violence or to avoid giving testimony in any criminal proceeding.

"Ammunition."

(8) The term "ammunition" shall include all pistol or revolver ammunition except .22-caliber rim-fire ammunition.

Unlawful acts.
Transportation, etc., of firearms or ammunition without license.

Sec. 2. (a) It shall be unlawful for any manufacturer or dealer, except a manufacturer or dealer having a license issued under the provisions of this Act, to transport, ship, or receive any firearm or ammunition in interstate or foreign commerce.

Knowingly receiving same.

(b) It shall be unlawful for any person to receive any firearm or ammunition transported or shipped in interstate or foreign commerce in violation of subdivision (a) of this section, knowing or having reasonable cause to believe such firearms or ammunition to have been transported or shipped in violation of subdivision (a) of this section.

Transportation, etc, to other than licensed manufacturer or dealer.

(c) It shall be unlawful for any licensed manufacturer or dealer to transport or ship any firearm in interstate or foreign commerce to any person other than a licensed manufacturer or dealer in any State the laws of which require that a license be obtained for the purchase of such firearm, unless such license is exhibited to such manufacturer or dealer by the prospective purchaser.

¹ So in original.

(d) It shall be unlawful for any person to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition to any person knowing or having reasonable cause to believe that such person is under indictment or has been convicted in any court of the United States, the several States, Territories, possessions (including the Philippine Islands), or the District of Columbia of a crime of violence or is a fugitive [1] from justice.

*Shipment to person under indictment, etc.*

(e) It shall be unlawful for any person who is under indictment or who has been convicted of a crime of violence or who is a fugitive [1] from justice to ship, transport, or cause to be shipped or transported in interstate or foreign commerce any firearm or ammunition.

*Shipment by person under indictment, etc.*

(f) It shall be unlawful for any person who has been convicted of a crime of violence or is a fugitive [1] from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this Act.

*Receipt by person convicted of crime of violence, etc.*

(g) It shall be unlawful for any person to transport or ship or cause to be transported or shipped in interstate or foreign commerce any stolen firearm or ammunition, knowing, or having reasonable cause to believe, same to have been stolen.

*Transportation of stolen firearms, etc.*

(h) It shall be unlawful for any person to receive, conceal, store, barter, sell, or dispose of any firearm or ammunition or to pledge or accept as security for a loan any firearm or ammunition moving in or which is a part of interstate or foreign commerce, and which while so moving or constituting such part has been stolen, knowing, or having reasonable cause to believe the same to have been stolen.

*Traffic in stolen firearms.*

(i) It shall be unlawful for any person to transport, ship, or knowingly receive in interstate or foreign commerce any firearm from which the manufacturer's serial number has been removed, obliterated, or altered, and the possession of any such firearm shall be presumptive evidence that such firearm was transported, shipped, or received, as the case may be, by the possessor in violation of this Act.

*Transportation of firearms from which serial number has been removed.*

Sec. 3. (a) Any manufacturer or dealer desiring a license to transport, ship, or receive firearms or ammunition in interstate or foreign commerce shall make application to the Secretary of the Treasury, who shall prescribe by rules and regulations the information to be contained in such application. The applicant shall, if a manufacturer, pay a fee of $25 per annum and, if a dealer, shall pay a fee of $1 per annum.

*Licenses, application, fee.*

(b) Upon payment of the prescribed fee, the Secretary of the Treasury shall issue to such applicant a license which shall entitle the licensee to transport, ship, and receive firearms and ammunition in interstate and foreign commerce unless and until the license is suspended or revoked in accordance with the provisions of this Act: *Provided,* That no license shall be issued to any applicant within two years after the revocation of a previous license.

*Issuance.*

*Proviso.*
*Issuance after revocation.*

(c) Whenever any licensee is convicted of a violation of any of the provisions of this Act, it shall be the duty of the clerk of the court to notify the Secretary of the Treasury within forty-eight hours after such conviction and said Secretary shall revoke such license: *Provided,* That in the case of appeal from such conviction the licensee may furnish a bond in the amount of $1,000, and upon receipt of such bond acceptable to the Secretary of the Treasury he may permit the licensee to continue business during the period of the appeal, or should the licensee refuse or neglect to furnish such bond, the Secre-

*Revocation on conviction of licensee.*

*Proviso.*
*Temporary continuance; bond.*

[1] So in original.

tary of the Treasury shall suspend such license until he is notified by the clerk of the court of last appeal as to the final disposition of the case.

Dealers' records.

(d) Licensed dealers shall maintain such permanent records of importation, shipment, and other disposal of firearms and ammunition as the Secretary of the Treasury shall prescribe.

Exemptions.

SEC. 4. The provisions of this Act shall not apply with respect to the transportation, shipment, receipt, or importation of any firearm, or ammunition, sold or shipped to, or issued for the use of, (1) to the United States or any department, independent establishment, or agency thereof; (2) any State, Territory, or possession, or the District of Columbia, or any department, independent establishment, agency, or any political subdivision thereof; (3) any duly commissioned officer or agent of the United States, a State, Territory, or possession, or the District of Columbia, or any political subdivision thereof; (4) or to any bank, public carrier, express, or armored-truck company organized and operating in good faith for the transportation of money and valuables; (5) or to any research laboratory designated by the Secretary of the Treasury: *Provided*, That such bank, public carriers, express, and armored-truck companies are granted exemption by the Secretary of the Treasury; nor to the transportation, shipment, or receipt of any antique or unserviceable firearms, or ammunition, possessed and held as curios or museum pieces: *Provided*, That nothing herein contained shall be construed to prevent shipments of firearms and ammunition to institutions, organizations, or persons to whom such firearms and ammunition may be lawfully delivered by the Secretary of War, nor to prevent the transportation of such firearms and ammunition so delivered by their lawful possessors while they are engaged in military training or in competitions.

Federal, State governments, agencies, etc.

Banks, carriers, etc.

Research laboratories.
*Proviso.*
Exemptions granted by Secretary of Treasury.
Antiques, curios, etc.

Shipments to designated institutions or persons.

Military training, etc.

Penalty provisions.

SEC. 5. Any person violating any of the provisions of this Act or any rules and regulations promulgated hereunder, or who makes any statement in applying for the license or exemption provided for in this Act, knowing such statement to be false, shall, upon conviction thereof, be fined not more than $2,000, or imprisoned for not more than five years, or both.

Effective date.

SEC. 6. This Act shall take effect thirty days after its enactment.

Rules and regulations.

SEC. 7. The Secretary of the Treasury may prescribe such rules and regulations as he deems necessary to carry out the provisions of this Act.

Separability of provisions.

SEC. 8. Should any section or subsection of this Act be declared unconstitutional, the remaining portion of the Act shall remain in full force and effect.

Short title.

SEC. 9. This Act may be cited as the Federal Firearms Act.

Approved, June 30, 1938.

---

[CHAPTER 851]

## AN ACT

To amend the part of the Act entitled "An Act making appropriations for the naval service for the fiscal year ending June 30, 1921, and for other purposes", approved June 4, 1920, relating to the conservation, care, custody, protection, and operation of the naval petroleum and oil-shale reserves.

June 30, 1938
[S. 1131]
[Public, No. 786]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That the part of the Act entitled "An Act making appropriations for the naval service for the fiscal year ending June 30, 1921, and for other purposes", approved June 4, 1920 (41 Stat. 813), relating to the conservation, care, custody, protection, and operation of the naval petroleum and

Naval petroleum reserves.
41 Stat. 813.
34 U. S. C. § 524.

# EXHIBIT C

**Source:** * National Conference of State Legislatures
^ Insurance Institute for Highway Safety
† Governors Highway Safety Association
¥ State Statute

**Important Notes:** "Increased Penalty" only documents harsher punishment in the event of a BAC > .08 or if a individual under 21 is in the car. Some states do provide increased penalties in the event of death or injury to another. Those penalties are **not** documented.

"DUI or Substance Abuse Program" includes if a Court must order an individual to an evaluation.

| State | Grading | Possible Imprisonment | Fine | Increased Penalty | License Suspension | Interlock System | DUI or Substance Abuse Program | State Statute Citation |
|---|---|---|---|---|---|---|---|---|
| **Alabama** | | | | | | | | |
| *First Offense* | | | | | | | | |
| | Misdemeanor ¥ | Up to One (1) Year ¥ | $600-$2,100 ¥ | .15 BAC (Double the minimum punishment) Child under fourteen (14) years-old in vehicle (Double the minimum punishment) ¥ | 90 Days * ^ † (unless interlock system installed) ¥ | Mandatory ^ ¥ | Required ¥ | Ala. Code 1975 §§ 32-5A-191, 13A-5-7 |
| *Second Offense (within 5 years)* | | | | | | | | |
| | Misdemeanor ¥ | Up to One (1) Year ¥ Mandatory 5 days OR 30 days of Community Services ¥ | $1,100-$5,100 ¥ | .15 BAC (Double the minimum punishment) Child under fourteen (14) years-old in vehicle (Double the minimum punishment) ¥ | One (1) Year ¥ | Mandatory ¥ | Required ¥ | Ala. Code 1975 §§ 32-5A-191, 13A-5-7 |
| *Third Offense* | | | | | | | | |
| | Misdemeanor ¥ | Up to One (1) Year ¥ Mandatory 60 days imprisonment ¥ | $2,100-$10,100 ¥ | .15 BAC (Double the minimum punishment) Child under fourteen (14) years-old in vehicle (Double the minimum punishment) ¥ | Three (3) Years ¥ | Mandatory ¥ | Required ¥ | Ala. Code 1975 §§ 32-5A-191, 13A-5-7 |
| **Alaska** | | | | | | | | |
| *First Offense* | | | | | | | | |
| | Misdemeanor ¥ | Not less than 72 hours to thirty (30) days ¥ Served by electronic monitoring | Not less than $1,500 ¥ | N/A | 90 days ¥ | Mandatory ¥ | Judge's Discretion ¥ | AS §§ 28.35.030, 28.15.181, 12.55.135 |
| *Second Offense* | | | | | | | | |
| | Misdemeanor ¥ | Not less than 20 days one (1) year ¥ May be served at community residential center or private residence if approved by commissioner of corrections ¥ | Not less than $3,000 ¥ | N/A | One (1) Year ¥ | Mandatory ¥ | Judge's Discretion ¥ | AS §§ 28.35.030, 28.15.181, 12.55.135 |
| *Third Offense* | | | | | | | | |
| | Misdemeanor ¥ | Not less than 60 days to one (1) year ¥ May be served at community residential center or private residence if approved by commissioner of corrections ¥ | Not less than $4,000 ¥ | N/A | Three (3) Years ¥ | Mandatory ¥ | Judge's Discretion ¥ | AS §§ 28.35.030, 28.15.181, 12.55.135 |
| | Felony ¥ (if convicted two or more times in the preceding 10 years) | Not less than 120 days (if person was only previously convicted twice) to five (5) years ¥ | Not less than $10,000 ¥ | N/A | Permanent (subject to restoration after 10 years if criteria is met) ¥ | Mandatory ¥ | Judge's Discretion ¥ | AS §§ 28.35.030, 12.55.125 |

**Arizona**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to ten (10) days ¥ | Minimum of $250 ¥ | BAC > .15 (Not less than thirty (30) days imprisonment, Not less than $250 fine) BAC > .20 (Not less than forty-five (45) days imprisonment, not less than $500 fine) ¥ | 90 days * * † | Mandatory ¥ | Available (unclear as to if mandatory) ¥ | A.R.S. § 28-1381 |

| | | | | Second Offense (within 7 years) | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Thirty (30) to ninety (90) days ¥ | Minimum of $500 ¥ | BAC > .15 (Not less than 120 days imprisonment, Not less than $500 fine, license suspension of one (1) year) BAC > .20 (Not less than 180 days imprisonment, not less than $1,000 fine, license suspension of one (1) year) ¥ | One (1) Year ¥ | Mandatory ¥ | Available (unclear as to if mandatory) ¥ | A.R.S. § 28-1381 |

| | | | | Third Offense (within 7 years) | | | |
|---|---|---|---|---|---|---|---|
| Felony ¥ | Minimum of four (4) months | Minimum of $750 ¥ | BAC > .15 (Not less than 120 days imprisonment, Not less than $500 fine, license suspension of one (1) year) BAC > .20 (Not less than 180 days imprisonment, not less than $1,000 fine, license suspension of one (1) year) ¥ | One (1) Year ¥ | Mandatory ¥ | Mandatory ¥ | A.R.S. § 28-1383 |

**Arkansas**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Twenty-four (24) hours to one (1) year ¥ | $150 - $1,000 | N/A | Six (6) Months ¥ | Mandatory ¥ | Mandatory ¥ | A.C.A. §§ 5-65-111, 5-65-112, 5-65-104, 5-65-115 |

| | | | | Second Offense (within 5 years) | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Seven (7) days to one (1) year ¥ | $400 - $3,000 | N/A | Twenty-four (24) Months ¥ | Mandatory ¥ | Mandatory ¥ | A.C.A. §§ 5-65-111, 5-65-112, 5-65-104, 5-65-115 |

| | | | | Third Offense (within 5 years) | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Ninety (90) days to one (1) year ¥ | $900 - $5,000 | N/A | Thirty (30) Months ¥ | Mandatory ¥ | Mandatory ¥ | A.C.A. §§ 5-65-111, 5-65-112, 5-65-104, 5-65-115 |

**California**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor * | Four (4) days to six (6) months ¥ | $390 - $1,000 ¥ | Child under fourteen (14) years old in vehicle (additional two (2) days imprisonment) ¥ | Six (6) Months ¥ | Discretionary (Mandatory in Alameda, Los Angeles, Tulare, and Sacramento Counties) † | Mandatory ¥ | West's Ann.Cal.Vehicle Code §§ 23536, 13352, 23572 |

| State | Classification | Imprisonment | Fine | Child in Vehicle | License Suspension | | | Citation |
|---|---|---|---|---|---|---|---|---|
| **Second Offense (within 10 years)** | | | | | | | | |
| | Misdemeanor * | Ninety (90) days to one (1) year ¥ | $390 - $1,000 ¥ | Child under fourteen (14) years old in vehicle (additional ten (10) days imprisonment) ¥ | Two (2) Years ¥ | Discretionary (Mandatory in Alameda, Los Angeles, Tulare, and Sacramento Counties) † | Mandatory ¥ | West's Ann.Cal.Vehicle Code §§ 23540, 13352, 23572 |
| **Third Offense (within 10 years)** | | | | | | | | |
| | Misdemeanor * | 120 days to one (1) year ¥ | $390 - $1,000 ¥ | Child under fourteen (14) years old in vehicle (additional thirty (30) days imprisonment) ¥ | Three (3) Years ¥ | Discretionary (Mandatory in Alameda, Los Angeles, Tulare, and Sacramento Counties) † | Mandatory ¥ | West's Ann.Cal.Vehicle Code §§ 23546, 13352, 23572 |
| **Colorado** | | | | | | | | |
| **First Offense** | | | | | | | | |
| | Misdemeanor ¥ | Five (5) days to one (1) year ¥ | $600 - $1,000 (court may suspend fine) ¥ | BAC > .20 (Imprisonment of ten (10) days to one (1) year) ¥ | Nine (9) Months ¥ | Discretionary ¥ | Mandatory ¥ | C.R.S.A. §§ 42-4-1301, 42-4-1307, 42-2-125 |
| **Second Offense** | | | | | | | | |
| | Misdemeanor ¥ | Ten (10) days to one (1) year ¥ | $600 - $1,500 (court may suspend fine) ¥ | BAC > .20 (Imprisonment of ten (10) days to one (1) year) ¥ | One (1) Year ¥ | Discretionary ¥ | Mandatory ¥ | C.R.S.A. §§ 42-4-1301, 42-4-1307, 42-2-125 |
| **Third Offense** | | | | | | | | |
| | Misdemeanor ¥ | Sixty (60) days to one (1) year ¥ | $600 - $1,500 (court may suspend fine) ¥ | BAC > .20 (Imprisonment of ten (10) days to one (1) year) ¥ | Two (2) Years ¥ | Discretionary ¥ | Mandatory ¥ | C.R.S.A. §§ 42-4-1301, 42-4-1307, 42-2-125 |
| **Connecticut** | | | | | | | | |
| **First Offense** | | | | | | | | |
| | Misdemeanor ¥ | Six (6) Months ¥ | $500 - $1,000 ¥ | Child under eighteen (18) years old in vehicle ($500 - $2,000 fine, thirty (30) days to one (1) year imprisonment, forty-five (45) day license suspension) ¥ | Forty-five (45) days ¥ | Mandatory † ^ | N/A | C.G.S.A. §§ 14-227a, 53a-26, 14-227m |
| **Second Offense (within 10 years)** | | | | | | | | |
| | Felony ¥ | 120 days to two (2) years ¥ | $1,000 - $4,000 ¥ | Child under eighteen (18) years old in vehicle ($1,000 - $4,000 fine, 180 days to three (3) years imprisonment, forty-five (45) day license suspension) ¥ | Forty-five (45) days ¥ | Mandatory ¥ | Discretionary ¥ | C.G.S.A. §§ 14-227a, 53a-26, 14-227m |

**Third Offense (within 10 years)**

| State | | Imprisonment | Fine | Enhancement | License Penalty | Mandatory (if driving privilege restored) | | Citation |
|---|---|---|---|---|---|---|---|---|
| **Delaware** | Felony | One (1) year to three (3) years | $2,000 - $8,000 | Child under eighteen (18) years old in vehicle ($2,000 - $8,000 fine, two (2) years imprisonment, permanent license revocation) | Permanent (subject to restoration if application approved by Commissioner) | Mandatory (if driving privilege restored) | Discretionary | C.G.S.A. §§ 14-227a, 53a-26, 14-227m |
| | | | | | | | | |
| **First Offense** | | | | | | | | |
| | Misdemeanor * | Up to One (1) Year | $500 - $1,500 | Child under seventeen (17) years-old in vehicle (Additional $500-$1,500 fine) | Three (3) months | Mandatory | Mandatory | 21 Del.C. §§ 4177, 2742 |
| **Second Offense (within 10 years)** | | | | | | | | |
| | Misdemeanor * | Sixty (60) days to eighteen (18) months | $750 - $2,500 | Child under seventeen (17) years-old in vehicle (Additional $750-$2,500 fine) | One (1) year | Mandatory | Mandatory | 21 Del.C. §§ 4177, 2742 |
| **Third Offense** | | | | | | | | |
| | Felony | One (1) year to two (2) years | Up to $5,000 | Child under seventeen (17) years-old in vehicle (Additional $750-$2,500 fine) | Eighteen (18) Months | Mandatory | Mandatory | 21 Del.C. §§ 4177, 2742 |
| | | | | | | | | |
| **Florida** | | | | | | | | |
| **First Offense** | | | | | | | | |
| | Misdemeanor | Up to six (6) months | $500 - $1,000 | Child under eighteen (18) years old in vehicle or BAC > .15 (Up to nine (9) months imprisonment, $1,000-$2,000 fine) | 180 days to one (1) year | Mandatory | Mandatory | West's F.S.A. §§ 316.193, 322.2615, 322.28 |
| **Second Offense** | | | | | | | | |
| | Misdemeanor | Up to nine (9) months | $1,000 - $2,000 | Child under eighteen (18) years old in vehicle or BAC > .15 (Up to one (1) year imprisonment, $2,000-$4,000 fine) | At least five (5) years | Mandatory | Mandatory | West's F.S.A. §§ 316.193, 322.2615, 322.28 |
| **Third Offense (within 10 years)** | | | | | | | | |
| | Felony | Thirty (30) days to five (5) years | Up to $5,000 | Child under eighteen (18) years old in vehicle or BAC > .15 (Not less than $4,000 fine) | Ten (10) years (early reinstatement available) | Mandatory | Mandatory | West's F.S.A. §§ 316.193, 775.082, 775.083, 322.28 |

**Georgia**

| | Classification | Imprisonment | Fine | Aggravating Factor | License Suspension | | | Statute |
|---|---|---|---|---|---|---|---|---|
| **First Offense** | | | | | | | | |
| | Misdemeanor ¥ | Ten (10) days to one (1) year ¥ | $300 - $1,000 ¥ | Child under fourteen (14) years old in vehicle (endangering a child (separate offense)) ¥ | One (1) year ¥ | N/A | Mandatory ¥ | Ga. Code Ann. §§ 40-6-391, 40-5-67.2 |
| **Second Offense** | | | | | | | | |
| | Misdemeanor ¥ | Ninety (90) days to one (1) year ¥ | $600 - $1,000 ¥ | Child under fourteen (14) years old in vehicle (endangering a child (separate offense)) ¥ | Three (3) years ¥ | Mandatory ^ † | Mandatory ¥ | Ga. Code Ann. §§ 40-6-391, 40-5-67.2 |
| **Third Offense** | | | | | | | | |
| | Misdemeanor ¥ | 120 days to one (1) year ¥ | $1,000 - $5,000 ¥ | Child under fourteen (14) years old in vehicle (endangering a child (separate offense)) ¥ | Five (5) years ¥ | Mandatory ^ † | Mandatory ¥ | Ga. Code Ann. §§ 40-6-391, 40-5-67.2 |

**Hawaii**

| | Classification | Imprisonment | Fine | Aggravating Factor | License Suspension | | | Statute |
|---|---|---|---|---|---|---|---|---|
| **First Offense** | | | | | | | | |
| | Misdemeanor ¥ | Forty-eight (48) hours to five (5) days (optional) ¥ | $150 - $1,000 (optional) ¥ | Child under fifteen (15) years-old in vehicle ($500 fine, 48 hours imprisonment, two (2) year license suspension) ¥ | One (1) Year ¥ | Mandatory ¥ | | HRS §§ 291E-61, 701-107 |
| **Second Offense (within 5 years)** | | | | | | | | |
| | Misdemeanor ¥ | Five (5) days to thirty (30) days (optional) ¥ | $500 - $2,500 ¥ | Child under fifteen (15) years-old in vehicle ($500 fine, 48 hours imprisonment, two (2) year license suspension) ¥ | Eighteen (18) Months to two (2) years ¥ | Mandatory ¥ | Statute makes no mention of repeat offenders and attendance to a program ¥ | HRS §§ 291E-61, 701-107 |
| **Third Offense (within 5 years)** | | | | | | | | |
| | Misdemeanor ¥ | Ten (10) days to thirty (30) days ¥ | $500 - $2,500 ¥ | Child under fifteen (15) years-old in vehicle ($500 fine, 48 hours imprisonment, two (2) year license suspension) ¥ | Two (2) Years ¥ | Mandatory ¥ | Statute makes no mention of repeat offenders and attendance to a program ¥ | HRS §§ 291E-61, 701-107 |

## Idaho

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor | Up to six (6) months | Up to $1,000 | 20 BAC or higher (Ten (10) days to one (1) year imprisonment, fine up to $2,000, one (1) year license suspension) | 90 days to 180 days | N/A | Mandatory | I.C. §§ 18-8004, 18-8004C, 18-8005 |

| Second Offense (within 10 years) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor | Ten (10) days to one (1) year | Up to $2,000 | 20 BAC or higher within 5 years of previous conviction of a previous 20 BAC or higher (Up to five (5) years imprisonment, fine up to $5,000, one (1) year to five (5) years license suspension, IID required after driving privileges restored) | One (1) Year | Mandatory | Mandatory | I.C. §§ 18-8004, 18-8004C, 18-8005 |

| Third Offense (within 10 years) | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony | Up to ten (10) years | Up to $5,000 | 20 BAC or higher within 5 years of previous conviction of a previous 20 BAC or higher (Up to five (5) years imprisonment, fine up to $5,000, one (1) year to five (5) years license suspension, IID required after driving privileges restored) | One (1) year to five (5) years | Mandatory | Mandatory | I.C. §§ 18-8004, 18-8004C, 18-8005 |

## Illinois

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor | Up to One (1) Year | Up to $2,500 | Child under sixteen (16) years-old in vehicle (additional $1,000 fine, six (6) months imprisonment, and 25 days community service in a program benefiting children ) BAC > 16 (minimum $500 fine and 100 hours community service) | One (1) Year | Mandatory | Mandatory | 625 ILCS 5/11-501, 5/11-501.1, 5/6-208, 5/5-4-5-55 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Second Offense** | | | | | | | |
| Misdemeanor | Five (5) days to one (1) year (optional) | Up to $2,500 | Child under sixteen (16) years-old in vehicle (additional $1,000 fine, six (6) months imprisonment, and 25 days community service in a program benefiting children) BAC > .16 (minimum $1,250 fine and minimum two (2) days imprisonment) | Five (5) Years | Mandatory | Mandatory | 625 ILCS 5/11-501, 5/6-208, 5/5-4.5-55 |
| **Third Offense** | | | | | | | |
| Felony | Three (3) years to seven (7) years | Up to $25,000 | Child under sixteen (16) years-old in vehicle (mandatory $25,000 fine and 25 days community service in a program benefiting children) BAC > .16 (minimum $2,500 fine and minimum ninety (90) days imprisonment) | Ten (10) Years | Mandatory | Mandatory | 625 ILCS 5/11-501, 5/6-208, 5/5-4.5-50; 5/5-4.5-35 |

**Indiana**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **First Offense** | | | | | | | |
| Misdemeanor | Up to sixty (60) days | Up to $500 | BAC > .15 (Up to one (1) year imprisonment and a fine up to $5,000) Child under eighteen (18) years-old in vehicle (Level 6 Felony) | 180 days | N/A | Statute makes no mention of first time offenders and attendance to a program | IC 9-30-5-1, 9-30-5-3, 9-30-6-9, 35-50-3-4 |
| **Second Offense (within 5 years)** | | | | | | | |
| Felony | Five (5) days to two and a half (2.5) years | Up to $10,000 | N/A | Two (2) Years | N/A | Mandatory | IC 9-30-5-3, 9-30-5-15, 9-30-6-9, 35-50-2-7 |
| **Third Offense (within 5 years)** | | | | | | | |
| Felony | Ten (10) days to two and a half (2.5) years | Up to $10,000 | N/A | Two (2) Years | N/A | Mandatory | IC 9-30-5-3, 9-30-5-15, 9-30-6-9, 35-50-2-7 |

**Iowa**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **First Offense** | | | | | | | |
| Misdemeanor | Forty-eight (48) hours to one (1) year | $1,250 | N/A | 180 days to one (1) year | Mandatory (for BAC > .10) | Mandatory | I.C.A. §§ 321J.2, 321J.4 |
| **Second Offense** | | | | | | | |
| Misdemeanor | Seven (7) days to two (2) years | $1,875 - $6,250 | N/A | One (1) Year | Mandatory | Mandatory | I.C.A. §§ 321J.2, 321J.4 |
| **Third Offense** | | | | | | | |
| Felony | Thirty (30) days to five (5) years | $3,125 - $9,375 | N/A | Six (6) Years | Mandatory | Mandatory | I.C.A. §§ 321J.2, 321J.4 |

**Kansas**

| | | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Forty-eight (48) hours to six (6) months ¥ | $750 - $1,000 ¥ | Child under fourteen (14) years old in vehicle (enhancement of one (1) month imprisonment) BAC > .15 (one (1) year license suspension) ¥ | Thirty (30) Days ¥ | Mandatory ¥ | Mandatory ¥ | K.S.A. 8-1567; 8-1014 |

**Second Offense**

| Misdemeanor ¥ | Ninety (90) days to one (1) year (May be placed under house arrest) ¥ | $1,250 - $1,750 ¥ | Child under fourteen (14) years old in vehicle (enhancement of one (1) month imprisonment) BAC > .15 (one (1) year license suspension) ¥ | One (1) Year ¥ | Mandatory ¥ | Mandatory ¥ | K.S.A. 8-1567; 8-1014 |

**Third Offense (within 10 years)**

| Felony ¥ | Ninety (90) days to one (1) year (May be placed under house arrest) ¥ | $1,750 - $2,500 ¥ | Child under fourteen (14) years old in vehicle (enhancement of one (1) month imprisonment) BAC > .15 (one (1) year license suspension) ¥ | One (1) Year ¥ | Mandatory ¥ | Unclear as to whether state requires treatment program or not. | K.S.A. 8-1567; 8-1014 |

**Kentucky**

| | | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Forty-eight (48) hours to thirty (30) days ¥ | $200 - $500 ¥ | Child under twelve (12) years-old in vehicle or BAC > .15 (Mandatory four (4) days imprisonment) ¥ | Thirty (30) to 120 days ¥ | Mandatory ¥ | Mandatory ¥ | KRS §§ 189A.010, 189A.040, 189A.070, 189A.340 |

**Second Offense (within 10 years)**

| Misdemeanor ¥ | Seven (7) days to six (6) months ¥ | $350 - $500 ¥ | Child under twelve (12) years-old in vehicle or BAC > .15 (Mandatory fourteen (14) days imprisonment) ¥ | One (1) year to eighteen (18) months ¥ | Mandatory ¥ | Mandatory ¥ | KRS §§ 189A.010, 189A.040, 189A.070 |

**Third Offense (within 10 years)**

| Misdemeanor ¥ | Thirty (30) days to one (1) year ¥ | $500 - $1,000 ¥ | Child under twelve (12) years-old in vehicle or BAC > .15 (Mandatory sixty (60) days imprisonment) ¥ | Twenty-four (24) Months to thirty-six months ¥ | Mandatory ¥ | Mandatory ¥ | KRS §§ 189A.010, 189A.040, 189A.070 |

**Louisiana**

| | | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|---|
| Misdemeanor * ¥ | Ten (10) days to six (6) months (May be placed under house arrest) ¥ | $300 - $1,000 ¥ | BAC > .20 (Fine of $750 - $1,000 and two (2) year license suspension) ¥ | One (1) Year ¥ | Mandatory ¥ | Not required ¥ | LSA-R.S. 14:98.1; 32:414 |

| Class | Imprisonment | Fine | Additional Penalties | License Suspension | | Treatment | Statute |
|---|---|---|---|---|---|---|---|
| **Second Offense** | | | | | | | |
| Misdemeanor * | Thirty (30) days to six (6) months ¥ | $750 – $1,000 ¥ | BAC > .20 (Four (4) year license suspension) ¥ | One (1) Year ¥ | Mandatory ¥ | Not required ¥ | LSA-R.S. 14:98.2, 32:414 |
| **Third Offense** | | | | | | | |
| Felony * | One (1) year to five (5) years ¥ | $2,000 ¥ | N/A | Three (3) Years ¥ | Mandatory ¥ | Not required ¥ | LSA-R.S. 14:98.3, 32:414 |
| **Maine** | | | | | | | |
| **First Offense** | | | | | | | |
| Misdemeanor ¥ | Up to One (1) Year ¥ | Not less than $500 ¥ | Passenger under twenty-one (21) years-old (Additional 275 days license suspension) BAC > .15 (Not less than forty-eight (48) hours imprisonment) ¥ | 150 days ¥ | Mandatory ^ † | Not required ¥ | 29-A M.R.S.A. § 2411; 17-A M.R.S.A. § 1252 |
| **Second Offense (within 10 years)** | | | | | | | |
| Misdemeanor ¥ | Seven (7) days to one (1) year ¥ | Not less than $700 ¥ | Passenger under twenty-one (21) years-old (Additional 275 days license suspension) ¥ | Three (3) Years ¥ | Mandatory ^ † | Mandatory ¥ | 29-A M.R.S.A. § 2411; 17-A M.R.S.A. § 1252 |
| **Third Offense** | | | | | | | |
| Felony ¥ | Thirty (30) days to five (5) years ¥ | Not less than $1,100 ¥ | Passenger under twenty-one (21) years-old (Additional 275 days license suspension) ¥ | Six (6) Years ¥ | Mandatory ^ † | Mandatory ¥ | 29-A M.R.S.A. § 2411; 17-A M.R.S.A. § 1252 |
| **Maryland** | | | | | | | |
| **First Offense** | | | | | | | |
| Misdemeanor * | Up to one (1) year ¥ | Up to $1,000 ¥ | Child under eighteen (18) years old in vehicle (Imprisonment up to two (2) years and a fine up to $2,000) BAC > .15 (License suspension of 180 days) ¥ | 180 days ¥ | Discretionary ¥ | Unclear as to whether state requires treatment program for first time offenders ¥ | MD Code, Transportation, § 21-902, 21-902.2, 16-205.1 |
| **Second Offense (within 5 years)** | | | | | | | |
| Misdemeanor * | Five (5) days to two (2) years ¥ | Up to $2,000 ¥ | Child under eighteen (18) years old in vehicle (Imprisonment up to three (3) years and a fine up to $3,000) BAC > .15 (License suspension of 270 days) ¥ | 180 days ¥ | Discretionary ¥ | Mandatory ¥ | MD Code, Transportation, § 21-902, 21-902.2, 16-205.1 |

## Massachusetts

### Third Offense (within 5 years)

| Offense | Imprisonment | Fine | Special Conditions | License | | | Citation |
|---|---|---|---|---|---|---|---|
| Misdemeanor * | Ten (10) days to three (3) years ‡ | Up to $3,000 ‡ | Child under eighteen (18) years old in vehicle (Imprisonment up to four (4) years and a fine up to $4,000 BAC > .15 (License suspension of 270 days) ‡ | 180 days ‡ | Discretionary ‡ | Mandatory ‡ | MD Code, Transportations §§ 21-902, 21-902.2, 16-205.1 |

### First Offense

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ‡ | Up to two and a half (2.5) years ‡ | $500 - $5,000 ‡ | N/A | One (1) Year ‡ | Mandatory ‡ | Mandatory if BAC > .20 ‡ | M.G.L.A. 90 §§ 24, 24½, 24Q |

### Second Offense

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ‡ | Sixty (60) days to two and a half (2.5) years ‡ | $600 - $10,000 ‡ | N/A | Two (2) Years ‡ | Mandatory ‡ | Mandatory ‡ | M.G.L.A. 90 §§ 24, 24½, 24Q |

### Third Offense

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ‡ | 180 days to two and a half (2.5) years ‡ | $1,000 - $15,000 ‡ | N/A | Eight (8) Years ‡ | Mandatory ‡ | Mandatory ‡ | M.G.L.A. 90 §§ 24, 24½, 24Q |

## Michigan

### First Offense

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ‡ | Up to 93 days ‡ | $100 - $500 ‡ | Child under seventeen (17) years-old in vehicle ($500-$1,000 fine and five (5) days to one (1) year imprisonment) BAC > .17 (one (1) year license suspension, up to 180 days imprisonment and $200-$700 fine) ‡ | Thirty (30) days ‡ | Discretionary ‡ | Mandatory ‡ | M.C.L.A. 257.625, 257.625b, 257.319 |

### Second Offense (within 7 years)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ‡ | Five (5) days to one (1) year ‡ | $200 - $1,000 ‡ | Child under seventeen (17) years-old in vehicle ($500-$5,000 fine and one (1) year to five (5) years imprisonment) ‡ | Five (5) Years ‡ | Unclear if required | Mandatory ‡ | M.C.L.A. 257.625, 257.625b, 257.319 |

### Third Offense (within 7 years)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ‡ | One (1) year to five (5) years ‡ | $500 - $5,000 ‡ | Child under seventeen (17) years-old in vehicle ($500-$5,000 fine and one (1) year to five (5) years imprisonment) ‡ | Five (5) Years ‡ | Unclear if required | Mandatory ‡ | M.C.L.A. 257.625, 257.625b, 257.319 |

**Minnesota**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to ninety (90) days ¥ | Up to $1,000 ¥ | Child under sixteen (16) years-old in vehicle (aggravating factor) BAC > .16 ¥ | Not less than 30 days ¥ | Not Required | Mandatory ¥ | M.S.A. §§ 609.02, 169A.03, 169A.54, 169A.70 |

**Second Offense (within 10 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Thirty (30) days to one (1) year ¥ | Up to $3,000 ¥ | Child under sixteen (16) years-old in vehicle (aggravating factor) BAC > .16 (license suspension of not less than two (2) years) ¥ | Not less than one (1) year ¥ | Not Required | Mandatory ¥ | M.S.A. §§ 609.02, 609.0341, 169A.03, 169A.275, 169A.54, 169A.70 |

**Third Offense (within 10 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Ninety (90) days to one (1) year ¥ | Up to $3,000 ¥ | Child under sixteen (16) years-old in vehicle (aggravating factor) ¥ | Not less than three (3) years ¥ | Mandatory ¥ | Mandatory ¥ | M.S.A. §§ 609.02, 609.0341, 169A.03, 169A.275, 169A.54, 169A.55, 169A.70 |

**Mississippi**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to forty-eight (48) hours ¥ | $250 - $1,000 ¥ | N/A | 120 days ¥ | Mandatory ¥ | Mandatory ¥ | Miss. Code Ann. §§ 63-11-30, 63-11-23 |

**Second Offense (within 5 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Five (5) days to six (6) months ¥ | $600 - $1,500 | N/A | One (1) year ¥ | Mandatory ¥ | Unclear if required ¥ | Miss. Code Ann. §§ 63-11-30, 63-11-23 |

**Third Offense (within 5 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ¥ | One (1) year – five (5) years ¥ | $2,000 - $5,000 | N/A | Full period of the individual's sentence ¥ | Mandatory ¥ | Unclear if required ¥ | Miss. Code Ann. §§ 63-11-30, 63-11-23 |

**Missouri**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to six (6) months ¥ | Up to $1,000 ¥ | BAC > .15 (Minimum two (2) days imprisonment) BAC > .20 (Minimum five (5) days imprisonment) ¥ | Ninety (90) days ¥ | Discretionary ¥ | Unclear if required ¥ | V.A.M.S. 302.060, 577.001, 577.010, 558.011, 302.440, 302.410, 558.002 |

**Second Offense (within 5 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to one (1) year ¥ | Up to $2,000 ¥ | BAC > .15 (Minimum two (2) days imprisonment) BAC > .20 (Minimum five (5) days imprisonment) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | V.A.M.S. 302.060, 577.001, 577.010, 558.011, 478.007, 302.440, 302.410, 558.002 |

**Third Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ¥ | Up to four (4) years ¥ | Up to $10,000 ¥ | BAC > .15 (Minimum two (2) days imprisonment) BAC > .20 (Minimum five (5) days imprisonment) ¥ | Ten (10) years ¥ | Mandatory ¥ | Mandatory ¥ | V.A.M.S. 302.060, 577.001, 577.010, 558.011, 478.007, 302.440, 558.002 |

## Montana

**First Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | One (1) day to six (6) months ¥ | $600 - $1,000 | Child under sixteen (16) years-old in vehicle (Two (2) days to one (1) year imprisonment and $1,200 to $2,000 fine) BAC > .16 (Two (2) days to one (1) year imprisonment and $1,000-$2,000 fine) ¥ | 6 Months ¥ | Unclear if required on first offense | Mandatory ¥ | MCA 61-8-714, 61-8-732, 61-8-733, 61-5-208, 61-8-465 |

**Second Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Seven (7) days to one (1) year ¥ | $1,200 to $2,000 | Child under sixteen (16) years-old in vehicle (Fourteen (14) days to one (1) year imprisonment and $2,400 to $4,000 fine) BAC > .16 (2nd violation. Fifteen (15) days to one (1) year imprisonment and $2,500 to $5,000 fine) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | MCA 61-8-714, 61-8-732, 61-8-733, 61-5-208, 61-8-465 |

**Third Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Thirty (30) days to one (1) year ¥ | $2,500 - $5,000 | Child under sixteen (16) years-old in vehicle (Sixty (60) days to one (1) year imprisonment and $5,000 to $10,000 fine) BAC > .16 (3rd violation. Forty (40) days to one (1) year imprisonment and $5,000 to $10,000 fine) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | MCA 61-8-714, 61-8-732, 61-8-733, 61-5-208, 61-8-465 |

## Nebraska

**First Offense**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Seven (7) days to sixty (60) days ¥ | $500 ¥ | BAC > .15 One (1) year license suspension) ¥ | Six (6) months ¥ | Mandatory ¥ | Unclear if required | Neb.Rev.St. §§ 60-6,197.03, 28-106 |

**Second Offense**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Thirty (30) days to six (6) months ¥ | $500 ¥ | BAC > .15 (Eighteen (18) months to fifteen (15) years license suspension and $1,000 fine) ¥ | Eighteen (18) months ¥ | Mandatory ¥ | Unclear if required | Neb.Rev.St. §§ 60-6,197.03, 28-106 |

**Third Offense**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Ninety (90) days to one (1) year ¥ | $1,000 | BAC > .15 (Fifteen (15) years license suspension) ¥ | Fifteen (15) years ¥ | Mandatory ¥ | Unclear if required | Neb.Rev.St. §§ 60-6,197.03, 28-106 |

**Nevada**

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Two (2) days to six (6) months ¥ | $400 to $1,000 ¥ | BAC > .18 (order to attend program for treatment for the abuse of alcohol) ¥ | Ninety (90) days ¥ | Mandatory ^ † | Mandatory ¥ | N.R.S. 484C.400, 484C.210 |
| **Second Offense (within 7 years)** | | | | | | | |
| Misdemeanor ¥ | Ten (10) days to six (6) months (house arrest available) ¥ | $750 - $1,000 ¥ | N/A | One (1) year (http://www.dmvnv.com/pdfforms/dlbook.pdf) | Mandatory ^ † | Mandatory ¥ | N.R.S. 484C.400 |
| **Third Offense (within 7 years)** | | | | | | | |
| Felony ¥ | One (1) year to six (6) years ¥ | $2,000 - $5,000 ¥ | N/A | Three (3) years ¥ | Mandatory ^ † | Unclear if required | N.R.S. 484C.400, 483.460 |

**New Hampshire**

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | None | Not less than $500 ¥ | Child under sixteen (16) years-old in vehicle (Not less than seventeen (17) days imprisonment of which twelve (12) SHALL BE suspended, driver's license suspension of at least eighteen (18) months up to two (2) years and a fine of not less than $750) ¥ | Nine (9) months to two (2) years ¥ | Mandatory ¥ | Mandatory ¥ | N.H. Rev. Stat. § 265-A.18 |
| **Second Offense (within 10 years)** | | | | | | | |
| Misdemeanor ¥ | Seventeen (17) days imprisonment of which twelve (12) days SHALL BE suspended ¥ | Not less than $750 ¥ | Child under sixteen (16) years-old in vehicle (Driver's license suspension for maximum allowed time) ¥ | Not less than three (3) years ¥ | Mandatory ¥ | Mandatory (unless completed in past 5 years, then submission of proof of attendance satisfies requirement) ¥ | N.H. Rev. Stat. § 265-A.18 |
| **Third Offense** | | | | | | | |
| Misdemeanor ¥ | 180 days imprisonment of which 150 days SHALL BE suspended ¥ | Not less than $750 ¥ | Child under sixteen (16) years-old in vehicle (Driver's license suspension for maximum allowed time) ¥ | Revoked indefinitely (subject to restoration after five (5) years) ¥ | Mandatory ¥ | Mandatory (unless completed in past 5 years, then submission of proof of attendance satisfies requirement) ¥ | N.H. Rev. Stat. § 265-A.18 |

**New Jersey**

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Not a crime. See State v. Hamm, 577 A.2d 1259, 1261 (1990) | Twelve (12) hours to thirty (30) days ¥ | $250 - $400 ¥ | BAC > .10 (A fine of $300 - $500, imprisonment of twelve (12) days to thirty (30) days and license suspension of seven (7) months to one (1) year) ¥ | Three (3) months ¥ | Discretionary if BAC < .15 and Mandatory if BAC > .15 ¥ | Mandatory ¥ | N.J.S.A. 39.4-50, 39.4-50.17 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Second Offense (within 10 years)** | | | | | | | |
| Not a crime. *See State v. Hamm*, 577 A.2d 1259, 1261 (1990) | Two (2) days to ninety (90) days ¥ | $500 - $1000 ¥ | N/A | Two (2) years ¥ | Mandatory ¥ | Unclear if required | N.J.S.A. 39:4-50 |
| **Third Offense (within 10 years)** | | | | | | | |
| Not a crime. *See State v. Hamm*, 577 A.2d 1259, 1261 (1990) | Not less than 180 days ¥ | $1,000 ¥ | N/A | Ten (10) years ¥ | Mandatory ¥ | Unclear if required | N.J.S.A. 39:4-50 |
| **New Mexico** | | | | | | | |
| **First Offense** | | | | | | | |
| Misdemeanor | Up to ninety (90) days | N/A | BAC > 16 (Mandatory additional two (2) days imprisonment) | Six (6) months to one (1) year | Mandatory | Mandatory | http://www.dps.state.nm.us/index.php/dwi-prevention/dwi-penalties/ |
| **Second Offense** | | | | | | | |
| Misdemeanor | Four (4) days to 364 days | $500 - $1000 | BAC > 16 (Mandatory additional four (4) days imprisonment) | Two (2) years | Mandatory | Mandatory | http://www.dps.state.nm.us/index.php/dwi-prevention/dwi-penalties/ |
| **Third Offense** | | | | | | | |
| Misdemeanor | Thirty (30) days to 364 days | $750 - $1,000 | BAC > 16 (Mandatory additional sixty (60) days imprisonment) | Three (3) years | Mandatory | Mandatory | http://www.dps.state.nm.us/index.php/dwi-prevention/dwi-penalties/ |
| **New York** | | | | | | | |
| **First Offense** | | | | | | | |
| Misdemeanor ¥ | Up to one (1) year ¥ | $500 - $1000 ¥ | Child under eighteen (18) years old in vehicle ($1,000 - $5,000 fine, imprisonment up to four (4) years, and one (1) year license suspension) BAC > 18 ($1,000 - $2,000 fine, imprisonment up to one (1) year, and one (1) year license suspension) ¥ | Six (6) months ¥ | Mandatory ¥ | Unclear if required | McKinney's Vehicle and Traffic Law § 1193 |

| Classification | Imprisonment | Fine | Additional Penalties | License Suspension | Ignition Interlock | Assessment/Treatment | Citation |
|---|---|---|---|---|---|---|---|
| **Second Offense (within 10 years)** | | | | | | | |
| Felony ¥ | Up to four (4) years ¥ | $1,000 - $5,000 ¥ | Child under eighteen (18) years old in vehicle ($1,000 - $5,000 fine, imprisonment up to four (4) years, and eighteen (18) month license suspension) BAC > .18 ($1,000 - $5,000 fine, imprisonment up to four (4) years, and eighteen (18) month license suspension) ¥ | One (1) year ¥ | Mandatory ¥ | Unclear if required | McKinney's Vehicle and Traffic Law § 1193 and McKinney's Penal Law § 70.00 |
| **Third Offense (within 10 years)** | | | | | | | |
| Felony ¥ | Up to seven (7) years ¥ | $2,000 - $10,000 ¥ | Child under eighteen (18) years old in vehicle ($2,000 - $10,000 fine, imprisonment up to seven (7) years, and eighteen (18) month license suspension) BAC > .18 ($2,000 - $10,000 fine, imprisonment up to seven (7) years, and eighteen (18) month license suspension) ¥ | One (1) year ¥ | Mandatory ¥ | Unclear if required | McKinney's Vehicle and Traffic Law § 1193 and McKinney's Penal Law § 70.00 |
| **North Carolina** | | | | | | | |
| **First Offense** | | | | | | | |
| Misdemeanor ¥ | One (1) day to two (2) years | $200 to $4,000 | Child under eighteen (18) years old in vehicle (Thirty (30) days to two (2) years imprisonment and a fine up to $4,000) BAC > .15 (License suspended immediately for 45 days, interlock mandatory for one (1) year) ¥ | One (1) year | Mandatory | Mandatory ¥ | N.C.G.S.A. §§ 20-138.1, 20-179, 20-19, 20-17.6 (https://www.ncdot.gov/programs/GHSP/download/BoozeItLoseItBrochure.pdf) |

**Second Offense (within 7 years)**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Seven (7) days to two (2) years | $2,000 to $4,000 | Child under eighteen (18) years old in vehicle (Thirty (30) days to two (2) years imprisonment and a fine up to $4,000) BAC > .15 (Three (3) days to six (6) months imprisonment, and a fine up to $1,000) ¥ | Mandatory | Mandatory ¥ | N.C.G.S.A. §§ 20-138.1, 20-179, 20-19, 20-17.6 (https://www.ncdot.gov/programs/GHS P/download/BoozeHLoseEHBrochure.pdf ) |

**Third Offense (within 5 years)**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | One (1) year to three (3) years | Up to $10,000 | Child under eighteen (18) years old in vehicle (Thirty (30) days to two (2) years imprisonment and a fine up to $4,000) BAC > .15 (Three (3) days to six (6) months imprisonment, and a fine up to $1,000) ¥ | Mandatory permanent | Mandatory ¥ | N.C.G.S.A. §§ 20-138.1, 20-179, 20-19, 20-17.6 (https://www.ncdot.gov/programs/GHS P/download/BoozeHLoseEHBrochure.pdf ) |

**North Dakota**

**First Offense**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | None | $500 ¥ | Child under eighteen (18) in vehicle ($2,500 fine and up to one (1) year imprisonment) BAC > .16 (Two (2) days imprisonment, 180 day license suspension and $750 fine) ¥ | Ninety-one (91) days | Not Required | Mandatory ¥ | NDCC, 39-08-01, https://www.dot.nd.gov/divisions/safety/penaltiesdrinkinganddriving.htm |

**Second Offense (within 7 years)**

| | | | | | | |
|---|---|---|---|---|---|---|
| Misdemeanor ¥ | At least ten (10) days imprisonment to thirty (30 )days ¥ | $1,500 ¥ | Child under eighteen (18) in vehicle ($2,500 fine and up to one (1) year imprisonment) BAC > .16 (Two (2) year license suspension) | One (1) year | Not Required | Mandatory ¥ | NDCC, 39-08-01, 12.1-32-01 https://www.dot.nd.gov/divisions/safety/penaltiesdrinkinganddriving.htm |

**Third Offense (within 7 years)**

| State | | Class | Jail | Fine | Enhancement | Suspension | | IID | Statute |
|---|---|---|---|---|---|---|---|---|---|
| **Ohio** | | Misdemeanor ¥ | At least 120 days imprisonment to 360 days ¥ | $2,000 ¥ | Child under eighteen (18) in vehicle ($2,000 fine and up to one (1) year imprisonment) BAC > .16 (Three (3) year license suspension) | Two (2) years | Not Required | Mandatory ¥ | N.D.C.C. 39-08-01, 12.1-32-01 https://www.nd.gov/divisions/safety /penaltiesdrinkingdriving.htm |
| | **First Offense** | | | | | | | | |
| | | Misdemeanor ¥ | Three (3) days to six (6) months ¥ | $350-$1,075 ¥ | N/A | One (1) to three (3) years ¥ | Mandatory ¥ | Unclear if required | R.C. § 4511.19 |
| | **Second Offense (within 10 years)** | | | | | | | | |
| | | Misdemeanor ¥ | Ten (10) days to six (6) months (house arrest available) ¥ | $525 - $1,625 ¥ | BAC > .17 (Twenty (20) days imprisonment) ¥ | One (1) to seven (7) years ¥ | Mandatory ¥ | Mandatory ¥ | R.C. § 4511.19 |
| | **Third Offense (within 10 years)** | | | | | | | | |
| | | Misdemeanor ¥ | Thirty (30) days to one (1) year (house arrest available) ¥ | $850 - $2,750 ¥ | BAC > .17 (Sixty (60) days imprisonment) ¥ | Two (2) to twelve (12) years ¥ | Mandatory ¥ | Mandatory ¥ | R.C. § 4511.19 |
| **Oklahoma** | **First Offense** | | | | | | | | |
| | | Misdemeanor ¥ | Ten (10) days to one (1) year ¥ | Up to $1,000 ¥ | Child under eighteen (18) in vehicle (fine doubled) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | 47 Okl.St.Ann. §§ 11-902, 6-205 |
| | **Second Offense** | | | | | | | | |
| | | Felony ¥ | One (1) year to five (5) years ¥ | Up to $2,500 ¥ | Child under eighteen (18) in vehicle (fine doubled) ¥ | Two (2) years ¥ | Mandatory ¥ | Mandatory ¥ | 47 Okl.St.Ann. §§ 11-902, 6-205 |
| | **Third Offense** | | | | | | | | |
| | | Felony ¥ | One (1) year to ten (10) years ¥ | Up to $5,000 ¥ | Child under eighteen (18) in vehicle (fine doubled) ¥ | Four (4) years ¥ | Mandatory ¥ | Mandatory ¥ | 47 Okl.St.Ann. §§ 11-902, 6-205 |
| **Oregon** | **First Offense** | | | | | | | | |
| | | Misdemeanor ¥ | Two (2) days to one (1) year ¥ | Minimum $1,000 ¥ | Child under eighteen (18) years old in vehicle (Fine not more than $10,000) BAC > .15 (Fine not less than $2,000) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | O.R.S. §§ 813.010, 813.020, 161.615, 813.400, 809.428, 813.600 |
| | **Second Offense** | | | | | | | | |
| | | Misdemeanor ¥ | Two (2) days to one (1) year ¥ | Minimum $1,500 ¥ | Child under eighteen (18) years old in vehicle (Fine not more than $10,000) BAC > .15 (Fine not less than $2,000) ¥ | Three (3) years ¥ | Mandatory ¥ | Mandatory ¥ | O.R.S. §§ 813.010, 813.020, 161.615, 813.400, 809.428, 813.600 |

**Pennsylvania**

**Third Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Two (2) days to one (1) year ¥ | Minimum $2,000 (if not sentenced to imprisonment) ¥ | Child under eighteen (18) years old in vehicle (Fine not more than $10,000) BAC > .15 (fine not less than $2,000) ¥ | Permanent ¥ | Mandatory ¥ | Mandatory ¥ | O.R.S. §§ 813.010, 813.020, 161.615, 813.400, 809.235, 813.600 |

**First Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to six (6) months ¥ | $300 ¥ | Child under eighteen (18) years old in vehicle (fine of not less than $1,000) BAC > .10 (A fine of $500 - $5,000, license suspension of one (1) year and imprisonment of not less than two (2) days) BAC > .16 (A fine of $1,000 - $5,000, license suspension of three (3) days to five (5) years) ¥ | None ¥ | Mandatory ¥ | Mandatory ¥ | 75 Pa.C.S §§ 3802, 3803, 3804, 3805 |

**Second Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Five (5) days to six (6) months ¥ | $300 - $2,500 ¥ | Child under eighteen (18) years old in vehicle "second violation" (fine of not less than $2,500) BAC > .10 (A fine of $750 - $5,000, license suspension of thirty (30) days to five (5) years) BAC > .16 (A fine of $1,500, license suspension of 18 months, and imprisonment of ninety (90) days to five (5) years) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | 75 Pa.C.S §§ 3802, 3803, 3804, 3805 |

**Third Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Ten (10) days to | $500 - $5,000 ¥ | Child under eighteen (18) years old in vehicle "third violation" (Six (6) months to two (2) years imprisonment) BAC > 10 (A fine of $1,500 to $10,000, license suspension of 18 months, and imprisonment ninety (90) days to five (5) years) BAC > 16 (A fine of not less than $2,500, license suspension of 18 months, and imprisonment of one (1) year to five (5) years) ¥ | One (1) year ¥ | Mandatory ¥ | Mandatory ¥ | 75 Pa.C.S. §§ 3802, 3803, 3804, 3805 |

## Rhode Island

**First Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to one (1) year ¥ | $100 - $300 ¥ | BAC > 10 (Fine of $100 - $400, imprisonment up to one (1) year, license suspension of three (3) months to one (1) year) BAC > 15 ($500 fine, imprisonment up to one (1) year, license suspension of three (3) months to eighteen (18) months) ¥ | Thirty (30) to 180 days ¥ | Mandatory ¥ | Mandatory ¥ | Gen.Laws 1956, § 31-27-2 |

**Second Offense (within 5 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Ten (10) days to one (1) year ¥ | $400 ¥ | BAC > 15 (Fine of not less than $1,000, imprisonment of six (6) months to one (1) year, license suspension of two (2) years) ¥ | One (1) year to two (2) years ¥ | Mandatory ¥ | Mandatory ¥ | Gen.Laws 1956, § 31-27-2 |

**Third Offense (within 5 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ¥ | One (1) year to three (3) years ¥ | $400 ¥ | BAC > 15 (Fine of $1,000 to $5,000, imprisonment of three (3) years to five (5) years, license suspension of three (3) years) ¥ | Two (2) years to three (3) years ¥ | Mandatory ¥ | Mandatory ¥ | Gen.Laws 1956, § 31-27-2 |

**South Carolina**

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Two (2) days to thirty (30) days ¥ | $400 ¥ | BAC > .10 ($500 fine, three (3) days to thirty (30) days imprisonment) BAC > .16 ($1000 fine, thirty (30) days to ninety (90) days imprisonment) ¥ | BAC < .15 (six (6) months) ¥ | Mandatory only if BAC > .15 ¥ | Mandatory ¥ | Code 1976 §§ 16-1-20, 16-1-100, 56-5-2933, 56-5-2941, 56-5-2990 |
| **Second Offense (within 10 years)** | | | | | | | |
| Misdemeanor ¥ | Five (5) days to one (1) year ¥ | $2,100 – $5,100 ¥ | BAC > .10 ($2,500-$5,500 fine, thirty (30) days to two (2) years imprisonment) BAC > .16 ($3,500-6,500 fine, ninety (90) days to three (3) years imprisonment) ¥ | Unclear | Mandatory ¥ | Mandatory ¥ | Code 1976 §§ 16-1-20, 16-1-100, 56-5-2933, 56-5-2941, 56-5-2990 |
| **Third Offense (within 10 years)** | | | | | | | |
| Misdemeanor ¥ | Sixty (60) days to three (3) years ¥ | $3,800 – $6,300 ¥ | BAC > .10 ($5,000-$7,000 fine, ninety (90) days imprisonment) BAC > .16 ($7,500-$10,000 fine, six (6) months to five (5) years imprisonment) ¥ | Unclear | Mandatory ¥ | Mandatory ¥ | Code 1976 §§ 16-1-20, 16-1-100, 56-5-2933, 56-5-2941, 56-5-2990 |

**South Dakota**

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to one (1) year ¥ | Up to $2,000 ¥ | N/A | Thirty (30) days to one (1) year ¥ | Not Required | Mandatory if BAC > .17 ¥ | SDCL §§ 22-6-2, 32-23-2, 32-23-2.1 |
| **Second Offense** | | | | | | | |
| Misdemeanor ¥ | Up to one (1) year ¥ | Up to $2,000 ¥ | N/A | Not less than one (1) year ¥ | Not Required | Unclear if required ¥ | SDCL §§ 22-6-2, 32-23-3 |
| **Third Offense** | | | | | | | |
| Felony ¥ | Up to two (2) years ¥ | Up to $4,000 ¥ | N/A | Not less than one (1) year ¥ | Not Required | Unclear if required ¥ | SDCL §§ 22-6-1, 32-23-4 |

**Tennessee**

| First Offense | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Two (2) days to eleven (11) months and twenty-nine (29) days ¥ | $350 – $1,500 ¥ | Child under eighteen (18) years old in vehicle (Additional $1,000 fine and imprisonment extended by thirty (30) days *Mandatory*) BAC > .20 (Minimum seven (7) days imprisonment) ¥ | One (1) year ¥ | Mandatory ¥ | Discretionary ¥ | T.C.A. §§ 55-10-402, 55-10-403, 55-10-404, 55-10-417 |

| State | Offense | Classification | Imprisonment | Fine | Child in Vehicle | | | | Citation |
|---|---|---|---|---|---|---|---|---|---|
| | **Second Offense** | | | | | | | | |
| Texas | | Misdemeanor | Forty-five (45) days to eleven (11) months and twenty-nine (29) days | $600 - $3,500 | Child under eighteen (18) years old in vehicle (Additional $1,000 fine and imprisonment extended by thirty (30) days *Mandatory*) | Two (2) years | Mandatory | Discretionary | T.C.A. §§ 55-10-402, 55-10-403, 55-10-404, 55-10-417 |
| | **Third Offense** | | | | | | | | |
| | | Misdemeanor | 129 days to eleven (11) months and twenty-nine (29) days | $1,100 - $10,000 | Child under eighteen (18) years old in vehicle (Additional $1,000 fine and imprisonment extended by thirty (30) days *Mandatory*) | Six (6) years | Mandatory | Discretionary | T.C.A. §§ 55-10-402, 55-10-403, 55-10-404, 55-10-417 |
| | **First Offense** | | | | | | | | |
| | | Misdemeanor | Three (3) days to 180 days | Up to $2,000 | Child under fifteen (15) years-old in vehicle (180 days to two (2) years imprisonment, fine up to $10,000) BAC > .15 (Up to one (1) year imprisonment, up to $4,000 fine) | Ninety (90) days | Not Required | Not clear if required | V.T.C.A., Penal Code §§ 12.22, 12.21, 12.35, 49.04 V.T.C.A., Transportation Code § 524.022 |
| | **Second Offense (within 5 years)** | | | | | | | | |
| | | Misdemeanor | Thirty (30) days to one (1) year | Up to $4,000 | Child under fifteen (15) years-old in vehicle (180 days to two (2) years imprisonment, fine up to $10,000) | One (1) year | Mandatory | Not clear if required | V.T.C.A., Penal Code §§ 12.21, 49.09 V.T.C.A., Transportation Code § 524.022 |
| | **Third Offense (within 5 years)** | | | | | | | | |
| | | Felony | Two (2) years to ten (10) years | Up to $10,000 | Child under fifteen (15) years-old in vehicle (180 days to two (2) years imprisonment, fine up to $10,000) | One (1) year | Mandatory | Not clear if required | V.T.C.A., Penal Code §§ 12.34, 49.09 V.T.C.A., Transportation Code § 524.022 |
| | **First Offense** | | | | | | | | |
| Utah | | Misdemeanor | Two (2) days to six (6) months | Not less than $700 | Child under eighteen (18) years old in vehicle (Up to one (1) year imprisonment, up to $2,500 fine) | 120 days | Two (2) years | Mandatory | U.C.A. 1953 §§ 41-6a-503, 41-6a-505, 41-6a-509, 41-6a-501.8, 76-3-204, 76-3-301 |

| | | | | Second Offense (within 10 years) | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor | Ten (10) days to six (6) months | Not less than $800 | Child under eighteen (18) years old in vehicle (Up to one (1) year to one (1) year imprisonment, up to $2,500 fine) | Two (2) years | Two (2) years | Mandatory | U.C.A. 1953 §§ 41-6a-503, 41-6a-505, 41-6a-509, 41-6a-501B, 76-3-204, 76-3-301 |
| | | | | Third Offense (within 10 years) | | | |
| Felony | Sixty-two and a half (62.5) days to five (5) years | Not less than $1,500 | N/A | Two (2) years | Two (2) years | Mandatory | U.C.A. 1953 §§ 41-6a-503, 41-6a-505, 41-6a-509, 41-6a-501B, 76-3-203 |

**Vermont**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor | Not more than two (2) years | Not more than $750 | N/A | Ninety (90) days | Discretionary | Not required | 13 V.S.A. § 1, 23 V.S.A. §§ 1210, 1206 |
| | | | | Second Offense | | | |
| Misdemeanor | Not more than two (2) years | Not more than $1,500 | N/A | Eighteen (18) months | Discretionary | Not required | 13 V.S.A. § 1, 23 V.S.A. §§ 1210, 1208 |
| | | | | Third Offense | | | |
| Felony | Not more than five (5) years | Not more than $2,500 | N/A | Life | Discretionary | Not required | 13 V.S.A. § 1, 23 V.S.A. §§ 1210, 1208 |

**Virginia**

| | | | | First Offense | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor | One (1) month to one (1) year | Not less than $250 | Child under seventeen (17) years-old in vehicle ($500 - $1,000 additional fine, minimum five (5) days imprisonment) BAC > 15 (Additional five (5) days imprisonment) BAC > 20 (Additional ten (10) days imprisonment) | One (1) year | Mandatory | | VA Code Ann. §§ 18.2-270, 18.2-271, 18.2-270.1, 18.2-271.1, |
| | | | | Second Offense (within 5 years) | | | |
| Misdemeanor | One (1) month to one (1) year | Not less than $500 | Child under seventeen (17) years-old in vehicle ($500 - $1,000 additional fine, minimum five (5) days imprisonment) BAC > 15 (Additional ten (10) days imprisonment) BAC > 20 (Additional twenty (20) days imprisonment) | Three (3) years | Mandatory | | VA Code Ann. §§ 18.2-270, 18.2-271, 18.2-270.1, 18.2-271.1, |

**Second Offense (within 10 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | One (1) month to one (1) year ¥ | Not less than $500 ¥ | Child under seventeen (17) years-old in vehicle ($500 - $1,000 additional fine, minimum five (5) days imprisonment) BAC > 15 (Additional ten (10) days imprisonment) BAC > 20 (Additional twenty (20) days imprisonment) ¥ | Three (3) years ¥ | Mandatory ¥ | Mandatory ¥ | VA Code Ann §§ 18.2-270, 18.2-271, 18.2-270.1, 18.2-271.1, |

**Third Offense (within 10 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ¥ | Ninety (90) days to ¥ | Not less than $1,000 ¥ | N/A | Indefinitely ¥ | Mandatory ¥ | Unclear if required | VA Code Ann §§ 18.2-10, 18.2-271, 18.2-270.1 |

**First Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | One (1) day to 364 days ¥ | $350 - $5,000 ¥ | Child under eighteen (18) years old in vehicle (IID for additional six (6) months, additional one (1) day imprisonment, $1,000-$5,000 fine) BAC > 15 (Two (2) days to 364 days, $500 - $5,000 fine, 120 day license suspension) ¥ | Ninety (90) days ¥ | Mandatory ¥ | Mandatory ¥ | West's RCWA 46.61.5055, 46.61.502 |

**Second Offense (within 7 years)**

| **Washington** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Thirty (30) days to 364 days ¥ | $500 - $5,000 ¥ | Child under eighteen (18) years old in vehicle (IID for additional six (6) months, additional five (5) days imprisonment, $2,000-$5,000 fine) BAC > 15 (Forty-five (45) days to 364 days, $750 - $5,000 fine, 900 day license suspension) ¥ | Two (2) years ¥ | Mandatory ¥ | Mandatory ¥ | West's RCWA 46.61.5055, 46.61.502 |

**Third Offense (within 7 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Ninety (90) days to 364 days ¥ | $1,000 - $5,000 ¥ | Child under eighteen (18) years old in vehicle (IID for additional six (6) months, additional ten (10) days imprisonment, $3,000-$10,000 fine) BAC > .15 (120 days to 364 days, $3,500 - $5,000 fine, four (4) year license suspension) ¥ | Three (3) years ¥ | Mandatory ¥ | Mandatory ¥ | West's RCWA 46.61.5055, 46.61.502 |

**West Virginia**

**First Offense**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Up to six (6) months ¥ | $100 - $500 ¥ | Child under eighteen (18) years old in vehicle (Two (2) days to one (1) year imprisonment, $200-$1,000 fine) BAC > .15 (Two (2) days to six (6) months imprisonment, $200-$1,000 fine) ¥ | Ninety (90) days (http://transportation.wv.gov/DMV/Form Search/Impaired-Brochure.pdf) | Mandatory ¥ | Mandatory (http://transportation.wv.gov/DMV/DMVFormSearch/Impaired-Brochure.pdf) | W. Va. Code, §§ 17C-5-2, 17C-5A-2, 17C-5A-3a |

**Second Offense (within 10 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Misdemeanor ¥ | Six (6) months to one (1) year ¥ | $1000 - $3,000 ¥ | Child under eighteen (18) years old in vehicle (Two (2) days to one (1) year imprisonment, $200-$1,000 fine) BAC > .15 (Two (2) days to six (6) months imprisonment, $200-$1,000 fine) ¥ | One (1) year (http://transportation.wv.gov/DMV/DMVFormSearch/Impaired-Brochure.pdf) | Mandatory ¥ | Mandatory (http://transportation.wv.gov/DMV/DMVFormSearch/Impaired-Brochure.pdf) | W. Va. Code, §§ 17C-5-2, 17C-5A-2, 17C-5A-3a |

**Third Offense (within 10 years)**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Felony ¥ | Two (2) years to five (5) years ¥ | $3,000 - $5,000 ¥ | Child under eighteen (18) years old in vehicle (Two (2) days to one (1) year imprisonment, $200-$1,000 fine) BAC > .15 (Two (2) days to six (6) months imprisonment, $200-$1,000 fine) ¥ | One (1) year (http://transportation.wv.gov/DMV/DMVFormSearch/Impaired-Brochure.pdf) | Mandatory ¥ | Mandatory (http://transportation.wv.gov/DMV/DMVFormSearch/Impaired-Brochure.pdf) | W. Va. Code, §§ 17C-5-2, 17C-5A-2, 17C-5A-3a |

**Wisconsin**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **First Offense** | | | | | | | |
| Misdemeanor | N/A | $150 - $300 | Child under sixteen (16) years-old in vehicle ($350-$1,100 fine, five (5) days to six (6) months imprisonment) | Six (6) months to nine (9) months | Mandatory if BAC > 15 | Mandatory if BAC > 15 | W.S.A. 343.30, 346.65, 939.60 |
| **Second Offense (within 10 years)** | | | | | | | |
| Misdemeanor | Five (5) days to six (6) months | $350 - $1,100 | Child under sixteen (16) years-old in vehicle ($700-$2,200 fine, ten (10) days to one (1) year imprisonment) | Twelve (12) months to eighteen (18) months | Mandatory | Mandatory | W.S.A. 343.30, 346.65, 939.60 |
| **Third Offense (within 10 years)** | | | | | | | |
| Misdemeanor | Forty-five (45) days to one (1) year | $600 - $2,000 | Child under sixteen (16) years-old in vehicle ($1,200-$4,000 fine, ninety (90) days to two (2) years imprisonment) | Two (2) to three (3) years | Mandatory | Mandatory | W.S.A. 343.30, 346.65, 939.60 |

**Wyoming**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **First Offense** | | | | | | | |
| Misdemeanor | Up to six (6) months | Up to $750 | Child under eighteen (18) in vehicle (Imprisonment of up to one (1) year, up to $750 fine) | Ninety (90) days | Mandatory if BAC > 15 | Not required | W.S 1977 §§ 6-10-101, 31-5-233, 31-7-128 |
| **Second Offense (within 10 years)** | | | | | | | |
| Misdemeanor | Seven (7) days to six (6) months | $200 - $750 | Child under eighteen (18) in vehicle (Imprisonment of up to five (5) years) | One (1) year | Mandatory | Mandatory | W.S 1977 §§ 6-10-101, 31-5-233, 31-7-128 |
| **Third Offense (within 10 years)** | | | | | | | |
| Misdemeanor | Thirty (30) days to six (6) months | $750 - $3,000 | Child under eighteen (18) in vehicle (Imprisonment of up to five (5) years) | Three (3) years | Mandatory | Mandatory | W.S 1977 §§ 6-10-101, 31-5-233, 31-7-127 |

# EXHIBIT D

## Federal Register Notices Granting Relief Pursuant to 18 U.S.C. § 925(c)

Format: Year – Federal Register Citation: Number of Individuals Granted Relief

1992 - 57 FR 6160: 68
1991 - 56 FR 65926: 74
1991 - 56 FR 36865: 95
1991 - 56 FR 26713: 75
1991 - 56 FR 14791: 69
1990 - 55 FR 48951: 60
1990 - 55 FR 33208: 70
1990 - 55 FR 14549: 72
1990 - 55 FR 5939: 59
1989 - 54 FR 43378: 128
1989 - 54 FR 33108: 1,573
1985 - 50 FR 23374: 198
1985 - 50 FR 1026: 118
1984 - 49 FR 48252: 145
1984 - 49 FR 35707: 107
1984 - 49 FR 29503: 181
1984 - 49 FR 25060: 318
1983 - 48 FR 50977: 174
1983 - 48 FR 36720: 105
1983 - 48 FR 29650: 88
1983 - 48 FR 28385: 215
1983 - 48 FR 10508: 312
1982 - 47 FR 47714: 528
1982 - 47 FR 10132: 207
1981 - 46 FR 57812: 139
1981 - 46 FR 46456: 183
1981 - 46 FR 33410: 141
1981 - 46 FR 23646: 130
1981 - 46 FR 11751: 136
1980 - 45 FR 7838: 86
1980 - 45 FR 65393: 110
1980 - 45 FR 49733: 104
1980 - 45 FR 39998: 76
1980 - 45 FR 26868: 120
1980 - 45 FR 6878: 141
1979 - 44 FR 71492: 117

1978 - 43 FR 51736: 75
1978 - 43 FR 25755: 112
1977 - 42 FR 21156: 36
1976 - 41 FR 50368: 62
1976 - 41 FR 7550: 47
1974 - 39 FR 9212: 29
1973 - 38 FR 14299: 41
1973 - 38 FR 8071: 26
1973 - 38 FR 4583: 29
1973 - 38 FR 4524: 21
1973 - 38 FR 3414: 25
1973 - 38 FR 1944: 21
1972 - 37 FR 28640: 50
1972 - 37 FR 26352: 34
1972 - 37 FR 23462: 71
1972 - 37 FR 18636: 37
1972 - 37 FR 16113: 26
1972 - 37 FR 15009: 30
1972 - 37 FR 13352: 26
1972 - 37 FR 11790: 37
1972 - 37 FR 10406: 26
1972 - 37 FR 8403: 29
1972 - 37 FR 7168: 33
1972 - 37 FR 6769: 26
1972 - 37 FR 6361: 60
1972 - 37 FR 4921: 47
1972 - 37 FR 2893: 41
1972 - 37 FR 23: 21
1971 - 36 FR 23731: 17
1971 - 36 FR 22321: 18
1971 - 36 FR 21364: 13
1971 - 36 FR 20449: 24
1969 - 34 FR 12229: 3
1969 - 34 FR 10006: 7

Total number of individuals granted relief: 7,722

**EXHIBIT E**

COMMONWEALTH OF PENNSYLVANIA

VS

JOHN KRASZEWSKI

127638

127639

5        F-3

4-23-84 _____ F.A.

3-5-84 ____ DATE FILED

9-1-84 ____ C.F.T.D.

| | |
|---|---|
| JUDGE _____ CERTIFIED FROM THE RECORD | CC NO. _____ 8402770A |
| A.D.A. _____ | OTN. NO. _____ B038911-5 |
| DEFT. _____ DIRECTOR, DEPT. OF COURT RECORDS | PRE-TRIAL DATE ___ 3-27-84 |
| REPORTER _____ DK | ACTOR'S RACE ___ W ___ SEX ___ M |
| MINUTE CLERK ___ BY ___ Clerk | D.O.B. _____ S.S.# _____ |
| | PLACE OF BIRTH _____ APR 0 3 1984 |

Count 1:  VIOLATION VEHICLE CODE:  HOMICIDE BY VEHICLE CAUSED BY
          VIOLATION OF SECTION 3731 (a) (Section 3735)

Count 2:  VIOLATION VEHICLE CODE:  DRIVING UNDER INFLUENCE OF ALCOHOL
          OR CONTROLLED SUBSTANCE (Section 3731 (a)(1))

Count 3:  VIOLATION VEHICLE CODE:  DRIVING UNDER INFLUENCE OF ALCOHOL
          OR CONTROLLED SUBSTANCE (Section 3731 (a)(4))

Count 4:  VIOLATION VEHICLE CODE:  HOMICIDE BY VEHICLE (Section 3732)

Date: _____ AUG 30 1984 _____ 19___

Courtroom No. _____

Before _____ Judge

_____ Trial A.D.A.

_____ Def. Attorney

_____ Court Reporter

The Defendant present in open court
with counsel, pleads guilty to the
preferred charges Cts. 3+4 Summary Offense
in the within information.

_____

Record verified by: _____

_____ Minute Clerk

Special form of plea taken with
consent of

_____

VOUCHER #

FILE #
139276

3.RT
778.00
...UTION

And now, AUG 30 1984, en
open Court, on Motion of
ADA, John Anderson, Counts
1 + 2 are Dismissed.

By the Court
Robert P. Horgos

Order

And now **AUG 3 0 1984** 19_____

Defendant sentenced to pay a fine of $300.00 to the Commonwealth. Pay costs of prosecution, and undergo an imprisonment of not less than 48 hours or more than _6_ months in the Allegheny County Jail and stand committed.

EO:DIE - SENTENCE EFFECTIVE

9/26/84 @ 8:00 A.M.

The court recommends alternative housing at _H.R.C. House_

Defendant to pay fine and costs at a rate of _as arranged_

Defendant is hereby paroled at expiration of service of 48 hour minimum sentence.

"DEFENDANT TO UNDERGO EVALUATION, TO ATTEND ALCOHOL SAFE DRIVING SCHOOL, AND TO PARTICIPATE IN ANY FURTHER EVALUATION AND, OR TREATMENT DEEMED NECESSARY BY THE PROBATION OFFICE AND THE REGIONAL ALCOHOL PROGRAM. DEFENDANT TO PAY A $150.00 FEE IN ADDITION TO REGULAR COURT COSTS."

By the Court
Robert P. Horgos

---

AUG 3 0 1984. 19_____

On payment of costs of prosecution by _____ County, Defendant released on probation for a period of _4 years_ In custody of Probation Officer upon conditions. Defendant to reimburse County and for costs. SEE ORDER FILED. Clerk of Courts to set up terms of payment and collect fine, costs and restitution during probation period. Costs as arranged.

This sentence to begin and take effect at the expiration of sentence imposed at No. _3rd_ Criminal Sessions 19_____

By the Court,
Robert P. Horgos

as to the Summary Offense too fast for Conditions:

AND NOW AUG 3 0 1984, the Court directs that sentence be suspended upon condition that the defendant pay the _$60.00_ for the use of _Allegheny_ County, and pay costs of prosecution.

By the Court,
Robert P. Horgos

IN THE COURT OF COMMON PLEAS
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

VS.

JOHN KRASZEWSKI

Criminal Action No:  CC 8402770A

The District Attorney of Allegheny County by this
information charges that on (or about) February 9, 1984
through February 12, 1984 in the said County of Allegheny
JOHN KRASZEWSKI hereinafter called actor, did commit
the crime or crimes indicated herein; that is:

83735A    Count 1        HOMICIDE BY VEHICLE          Felony 3
                         CAUSED BY VIOLATION
                         OF SECTION 3731(a)

The actor unintentionally caused the death of Frank
Schneider as a direct result of a violation of Section
3731 (relating to driving under the influence of alcohol
or controlled substance), and the actor has been convicted
of such violation of Section 3731, and that violation
was the cause of death, in violation of Section 3735 of
the Pennsylvania Vehicle Code, Act of December 2, 1982,
75 P.S. 3735.

Page 1 of 2

83731A    Count 2              DRIVING UNDER             Misdemeanor 2
                          INFLUENCE OF ALCOHOL OR
                            CONTROLLED SUBSTANCE

    The actor drove, operated, or was in actual physical
    control of the movement of, a vehicle upon a highway or
    trafficway of this Commonwealth, namely, a Pontiac automobile,
    while under the influence of alcohol to a degree rendering
    the actor incapable of safe driving, in violation of
    Section 3731(a)(1) of the Pennsylvania Vehicle Code,
    Act of June 17, 1976, 75 Pa. C.S. §3731(a)(1) as amended,
    December 8, 1982.

83731D    Count 3              DRIVING UNDER             Misdemeanor 2
                          INFLUENCE OF ALCOHOL OR
                            CONTROLLED SUBSTANCE

    The actor drove, operated, or was in actual physical
    control of the movement of a vehicle, as described in
    the preceding count, upon a highway or trafficway of
    this Commonwealth while the amount of alcohol by weight
    in the blood of the actor was 0.10% or greater in
    violation of Section 3731(a)(4) of the Pennsylvania
    Vehicle Code, Act of June 17, 1976, 75 Pa. C.S. §3731
    (a)(4) as amended, December 8, 1982.

83732A    Count 4       HOMICIDE BY VEHICLE             Misdemeanor 1

    The actor unintentionally caused the death of Frank Schneider
    while the actor was engaged, upon a highway or trafficway
    of this Commonwealth, in the violation of a law of this
    Commonwealth or municipal ordinance, applying to the
    operation or use of a vehicle, or to the regulation of
    traffic, except Section 3731 (relating to driving under
    the influence of alcohol or controlled substance),
    namely, Pennsylvania Vehicle Code Section 3361 Too Fast For
    Conditions, and that violation was the cause of death,
    in violation of Section 3732 of the Pennsylvania Vehicle
    Code, Act of June 17, 1976, 75 Pa. C.S. §3732, as
    amended, December 8, 1982.

The District Attorney of Allegheny County further charges
that the said actor committed the following summary offense(s):

    Motor Vehicle Code §3361

All of which is against the Act of Assembly and the peace
and dignity of the Commonwealth of Pennsylvania

                              Attorney for the Commonwealth

 B3504  /____ March ____, 28,19 ___84
Page 2 of 2

CC NO. _____8402770A_____

COMMONWEALTH OF PENNSYLVANIA

     VS

       JOHN KRASZEWSKI
_____

RECEIPT OF COPY OF INFORMATION

     I hereby certify that I have received a copy of the information filed by the District Attorney in the above-captioned action.

/ ✓ / DEFENDANT

/ / DEFENDANT'S COUNSEL OF RECORD

_____
SIGNATURE

    4-2384
_____
DATE

# I. IDENTIFICATION

GUIDELINE SENTENCE FORM

| OFFENDER'S NAME | | OFFENDER'S SEX | OFFENDER'S BIRTHDATE | COMMISSION IDENTIFICATION |
|---|---|---|---|---|
| | | ☑ MALE / ☐ FEMALE | 5-24-52 | 203832 |
| JUDGE'S NAME | | OFFENDER'S RACE | | STATE IDENTIFICATION NUMBER |
| | | ☑ WHITE / ☐ BLACK / ☐ HISPANIC / ☐ OTHER | | 1576-25-74 |
| NAME OF PERSON COMPLETING FORM | | COUNTY | DATE OF SENTENCE | DOCKET NUMBER |
| | | | 1/22/87 | 2945 |

## II. PRIOR RECORD SCORE — DO NOT COMPLETE IF ONLY CURRENT CONVICTION IS DUI

| | PRIOR JUV. ADJUDICATIONS | | PRIOR ADULT CONVICTIONS | = | SUM | X | GUIDELINE POINTS | = | SUB TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| A. MURDER | | + | | = | | X | 3 | = | |
| B. VOLUNTARY MANSLAUGHTER | | + | | = | | X | 3 | = | |
| C. RAPE | | + | | = | | X | 3 | = | |
| D. INVOL. DEVIATE SEXUAL INTER. | | + | | = | | X | 3 | = | |
| E. KIDNAPPING | | + | | = | | X | 3 | = | |
| F. ARSON (Endangering Person-Felony I) | | + | | = | | X | 3 | = | |
| G. ROBBERY (Felony I) | | + | | = | | X | 3 | = | |
| H. BURGLARY | | + | | = | | X | 2 | = | |
| I. AGGRAVATED ASSAULT (Felony II) | | + | | = | | X | 2 | = | |
| J. OTHER FELONY I's and FELONY II's. | | + | | = | | X | 2 | = | |
| K. FELONY DRUG OFFENSES | | + | | = | | X | 2 | = | |
| L. FELONY III's | | + | | = | | X | 1 | = | |
| M. WEAPON MISDEMEANORS | | + | | = | | X | 1 | = | |
| OTHER MISDEMEANORS | If 2 or 3 prior convictions, enter 1; If 4 or more enter 2 | | | | | | | = | |
| TOTAL (cannot exceed "6") | | | | | PRIOR RECORD SCORE = | | | | |

## III. DUI

Number of PRIOR CONVICTIONS for DUI

○

## IV. CURRENT CONVICTION

Check All Applicable:
- ☐ Negotiated Plea
- ☑ Non-neg. Plea
- ☐ Bench Trial
- ☐ Jury Trial

## V. GUIDELINES/SENTENCES

### CONVICTION NUMBER — 1

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|
| | § 73 | | 1 2 70411 | | |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☑ NO ☐ YES—SPECIFY_____ | IF YES – ADD ENHANCED MONTHS TO GUIDELINE RANGES - SEE § 303.4 | | --- | |

SENTENCE IMPOSED:
- ☐ PROBATION_____ MOS.
- ☑ COUNTY INCARCERATION MIN-___ MOS.
- ☐ STATE INCARCERATION MAX- 6 MOS.
- ☐ FINE $_____
- ☐ RESTITUTION $_____
- COMMENTS: _____

SENTENCE UNDER:
☐ Mandatory Law (check all applicable):
- ☐ Repeat Offender   ☐ Firearm
- ☐ Public Transportation   ☐ Other
- ☑ Minimum Guideline Range
- ☐ Aggravated Guideline Range — Complete Section VII
- ☐ Mitigated Guideline Range — Complete Section VII
- ☐ Outside Guideline Range — Complete Section VIII

Note — If Consecutive

Incarceration Sentences Are Imposed

Complete

Section VI

### CONVICTION NUMBER — 2

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|
| | § 373 | | same | | |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☐ NO ☐ YES—SPECIFY_____ | IF YES – ADD ENHANCED MONTHS TO GUIDELINE RANGES - SEE § 303.4 | | --- | |

SENTENCE IMPOSED:
- ☐ PROBATION_____ MOS.
- ☐ COUNTY INCARCERATION MIN-___ MOS.
- ☐ STATE INCARCERATION MAX-___ MOS.
- ☐ FINE $_____
- ☐ RESTITUTION $_____
- COMMENTS: _____

SENTENCE UNDER:
☐ Mandatory Law (check all applicable):
- ☐ Repeat Offender   ☐ Firearm
- ☐ Public Transportation   ☐ Other
- ☐ Minimum Guideline Range
- ☐ Aggravated Guideline Range — Complete Section VII
- ☐ Mitigated Guideline Range — Complete Section VII
- ☐ Outside Guideline Range — Complete Section VIII

Note — If Consecutive

Incarceration Sentences Are Imposed

Complete

Section VI

### CONVICTION NUMBER — 3

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|
| | § | | | | |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☐ NO ☐ YES—SPECIFY_____ | IF YES – ADD ENHANCED MONTHS TO GUIDELINE RANGES - SEE § 303.4 | | | |

SENTENCE IMPOSED:
- ☐ PROBATION_____ MOS.
- ☐ COUNTY INCARCERATION MIN-___ MOS.
- ☐ STATE INCARCERATION MAX-___ MOS.
- ☐ FINE $_____
- ☐ RESTITUTION $_____
- COMMENTS: _____

SENTENCE UNDER:
☐ Mandatory Law (check all applicable):
- ☐ Repeat Offender   ☐ Firearm
- ☐ Public Transportation   ☐ Other
- ☐ Minimum Guideline Range
- ☐ Aggravated Guideline Range — Complete Section VII
- ☐ Mitigated Guideline Range — Complete Section VII
- ☐ Outside Guideline Range — Complete Section VIII

Note — If Consecutive

Incarceration Sentences Are Imposed

Complete

Section VI

5/85

PCS - 1

COPY A - CLERK FILES

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

CRIM. DIV. FORM 53A                    **CRIMINAL DIVISION**

COMMONWEALTH OF PENNSYLVANIA

COMPLAINT NO. _8402-770A_

VS.                                    OTN NO. _003791/ -5_

CHARGE(S) _V VMC/Homicide_

127639

## ORDER OF PROBATION

AND NOW _August 30_ 19_84_ Defendant is placed on probation for a period of

_Four (4) Years_.

DEFENDANT will be supervised by the ☒ County Probation Office ☐ State Probation and Parole, will abide by any special rules and regulations imposed by that office, will report as directed and will comply with all conditions of this order.

COSTS OF PROSECUTION to be paid through the Office of the Clerk of Courts.

_As arranged._

SPECIAL CONDITIONS of this probation are as follows:

_Probation to begin and take effect of expiration of Jail Sentence at Court 3._

DEFENDANT understands that upon satisfactory completion of the conditions of probation a discharge will be in order; but if the Court finds violation of conditions, probation may be revoked and a sentence imposed.

By the Court

Attest: /S/ _____ Minute Clerk

/S/ _Robert P. Horgos_ Judge

CRIM. DIV. FORM-8
REVISED 10/27/83

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

·versus·

CC NO. _8402770A._

OTN NO. _003891/-5_

CHARGE(S) _VUC / Driving_
_Under Influence_

John Krosyenske

## ORDER OF PAROLE

AND NOW, _September 28_ , 19_87_, it appearing to the Court that on _August 30_ , 19_87_, the Defendant was sentenced to the imprisonment of _not less than 40 hours or more than 6 months_ to undergo an

(Date of last commitment: _Bail Case_ , 19___) it is ordered that he/she be released on parole effective _September 28_ , 19_87_ for the balance of the maximum term.

DEFENDANT will be supervised by the ☒ County Probation Office, ☐ State Board of Probation and Parole, will abide by any SPECIAL RULES AND REGULATIONS imposed by that Office and will report as directed.

COURT SPECIAL CONDITIONS of this Parole are as follows: _attend Safe + Sacony_
_School + pay all fines + Costs_

Upon satisfactory completion of the conditions of Parole, a discharge will be in order, but if the Court finds Violation of the Conditions of Parole, recommitment to prison may be ordered. Defendant presently confined at: _ACL House_

/s/ _Robert P. Horgos_
JUDGE

## FOR THE PROBATION DEPARTMENT USE ONLY:

OFFICE ASSIGNED _____

NAME _____ AGE _____ D.O.B. _____ RACE _____

BIRTHPLACE _____ SOCIAL SECURITY # _____

ADDRESS _____ PHONE _____

| | **NAME** | **ADDRESS** | **PHONE** |
|---|---|---|---|
| SPOUSE | | | |
| FATHER | | | |
| MOTHER | | | |
| EMPLOYER | | | |

MILITARY BRANCH AND SERIAL NO. _____

PRIOR P.O. NUMBER(S) _____

PAST RECORD OF ARRESTS _____

I, _____ , fully understand and agree to observe all the conditions of this Parole.

/s/ _____

Witness  /s/ _____

| JUSTICE OF THE PEACE | | COMPLAINT NUMBER OR OTHER PARTICIPANTS | | |
|---|---|---|---|---|
| **MAGISTERIAL DISTRICT NO.** *(Address)* | | | YEAR | NUMBER |
| | | | 19 84 | #404 |
| | | COMPLAINT NO. | | |
| | | INCIDENT NO. | UCR NO. | OTN |

**CRIMINAL COMPLAINT (POLICE)**

I, Det, William Hennigan
(Name of Affiant)

of City of Pgh. Police Dept. – Homicide Div.
(Identify department or agency represented and political subdivision)

(1) ☒ I accuse the defendant, who lives at the address set forth herein

or,

☐ I accuse an individual whose name is unknown to me but who is

*(Check applicable box)* described as _____

☐ His nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe;

with violating the penal laws of the Commonwealth of Pennsylvania at __Pittsburgh__

in __Allegheny__ County on or about __Thursday, February 9, 1984__
(if the date or day of week is an essential element of offense charged, the day or date must be specifically set forth.)

Participants were *(if there were participants, place their names here, repeating the name of above defendant):*

OTN B038911-5

**COMMONWEALTH OF PENNSYLVANIA**

DEFENDANT

NAME JOHN KRASZEWSKI

A.K.A.

R.S.A.

ADDRESS 254 45th Street
Pittsburgh, Pa.

(2) The acts committed by the accused were: A   VAL 3731-a1 & a4 DRUNK DRIVING
          3735   HOMICIDE BY VEHICLE WHILE UNDER THE INFLUENC
          3361   TOO FAST FOR CONDITIONS

On Thursday, February 9, 1984, the actor did unlawfully drive, operate, or was in actual physical control of the movement of a certain motor vehicle; to wit: A 1975 Pontiac bearing Pennsylvania Registration #AYN-589 for the year of 1984 on the public highways of the City of Pittsburgh, County of Allegheny & State of Pennsylvania; to wit: Traveling east on Butler Street and in the 4700 block of Butler Street, the XXX actor lost control of his vehicle and struck two poles, vehicle came to rest against pole #P-771 across from 4735 Butler Street; while under the influence of intoxicating liquor to a degree which rendered him incapable of safe driving; and/or the amount of alcohol by weight in the blood of the actor was .179; AND ALSO

HOMICIDE by Vehicle While Driving Under the Influence – On Thursday, XXXFebruary 9, 1984, the actor did unlawfully drive, operate, or was in actual physical control of the movement of a XXXXXXX certain motor vehicle; to wit: A 1975 Pontiac, bearing Pa. Reg. #AYN-589 for the year of 1984 on the public highways of the City of Pittsburgh, County of Allegheny & State of Pennsylvan to wit: Traveling east in the 4700 block of Butler Street, the actor lost control of his vehicle collided into two poles; vehicle came to rest against #P-771 (Pole), causing the death of Frank Schneider, passenger, as the direct result of Driving Under the Influence (3731-a1 & a4); contrary to the provisions of 75 P.S. Sections 3731-a1 & a4 and 3735, Motor Vehicle Laws of the Commonwealth of Pennsylvania, Act 81 of the General Assembly, approved the 17th day of June A.D. 1976, as amended on the 8th day of November A.D. 1982.

/15/84 Amended to Include VAL 3732-H0micide By Vehicle – On Thursday, February 9, 1984, the actor id unlawfully drive, operate, or was in actual physical control of the movement of a certain otor vehicle; to wit: A 1975 Pontiac bearing Pennsylvania Registration #AYN-589 for the year f 1984 on the public highways of the City of Pittsburgh, County of Allegheny & State of ennsylvania; to wit: Traveling east in the 4700 block of Butler Street, the actor lost contorl f his vehicle, collided into two poles;vehicle came to rest against pole #P-771 while driving oo fast for conditions and unintentionally caused the death of passenger, Frank Schneider; ontrary to the provisions of 75 P.S. Section 3732, Motor Vehicle Laws of the Commonwealth of ennsylvania, Act 81 of the General Assembly, approved the 17th day of June A.D. 1976, as mended on the 8th day of November A.D. 1982.

# EXHIBIT F

COMMONWEALTH OF PENNSYLVANIA VS KIM BLAKE                    NO 80146101
                                                              (1461)

10-17-80 ✓ TRANSCRIPT & RECOGNIZANCE FILED.

11-20-80 ✓ INFORMATION FILED. (80146101 & SUMMARY)

11-21-80 ✓ PRAECIPE FOR ENTRY OF APPEARANCE FILED BY ATTY. FREDERICK LANSHE.
                                                              (ALLENTOWN)

11-21-80 ✓ WAIVER OF ARRAIGNMENT FILED.

11-21-80 ✓ THE DEFENDANT BEING REPRESENTED BY COUNSEL WAIVES ARRAIGNMENT AND PLEADS
           NOT GUILTY.(80146101 & SUMMARY)

2-12-81 ✓ THE DEFENDANT BEING REPRESENTED BY COUNSEL AND BEING REARRAIGNED VOLUNTAR-
           ILY AND UNDERSTANDINGLY PLEADS GUILTY.(WESNER,J.)

4-2-81 ✓ IN LIEU OF SENTENCE: ORDER: AND NOW, APRIL 2, 1981 IN LIEU OF SENTENCE,
         THE DEFENDANT IS RELEASED FOR A PERIOD OF 5 YRS ON PROBATION UNDER THE
         SUPERVISION OF BERKS COUNTY PROBATION OFFICE, UPON THE FOLLOWING
         CONDITIONS; PAY COSTS OF PROSECUTION AND $2000.00 FOR THE USE OF THE
COUNT 1  COUNTY, AND PAY RESTITUTION AS DETERMINED BY THE BERKS COUNTY PROBATION
         OFFICE, DURING THE FIRST 36 MOS OF PROBATIONARY PERIOD, ALL PAYMENTS TO
         BE MADE TO THE BERKS COUNTY PROBATION OFFICE, DEFENDANT'S PROBATIONARY
         PERIOD SHALL COMMENCE ON APRIL 2, 1981. BY THE COURT: ( WESNER J.)

4-2-81 ✓ ORDER: AND NOW, APRIL 2, 1981 IN LIEU OF SENTENCE, THE DEFENDANT IS
         RELEASED FOR A PERIOD OF 1 year ON PROBATION UNDER THE SUPERVISION OF
         BERKS COUNTY PROBATION OFFICE, UPON THE FOLLOWING CONDITIONS; PAY COSTS
         OF PROSECUTION AND $500.00 FOR THE USE OF THE COUNTY AND PAY RESTITUTION
COUNT 2  IN THE SUM AS DETERMINED BY THE BERKS COUNTY PROBATION OFFICE, DURING THE
         FIRST 10 MOS OF PROBATIONARY PERIOD, ALL PAYMENTS TO BE MADE TO THE BERKS
         COUNTY PROBATION OFFICE, DEFENDANT'S PROBATIONARY PERIOD SHALL COMMENCE ON
         EXPIRATION OF PROBATIONARY PERIOD, ORDERED TO CRIMINAL ACTION NO. SAME
         BILL COUNT 1. BY THE COURT: ( WESNER J.)

4-2-81 ✓ SUMMARY: AND NOW, THIS 2nd day OF APRIL 1981 DEFENDANT IS SENTENCED TO PAY
         A FINE IN THE SUM OF $25.00 AND COSTS, AND UPON WILFUL DEFAULT IN PAYMENT
         OF SAID FINE AND COSTS, SHALL UNDERGO IMPRISONMENT FOR A NUMBER OF DAYS
         EQUAL TO ONE DAY FOR EACH $1.00 OF THE BALANCE OF FINE AND COSTS WHICH
COUNT 1  REMAIN WILFULLY UNPAID, IN THE BERKS COUNTY PRISON. THE DEFENDANT SHALL
         PAY SAID FINE AND COSTS WITHIN THE FIRST 10 DAYS HEREAFTER AS DIRECTED BY
         THE BERKS COUNTY PROBATION OFFICE, ALL FINES AND COSTS TO BE PAID TO
         THE BERKS COUNTY PROBATION OFFICE. BY THE COURT: ( G.E. WESNER J.)

4-2-81 ✓ SUMMARY: AND NOW, THIS 2nd DAY OF APRIL 1981 THE DEFENDANT IS SENTENCED TO
         PAY A FINE IN THE SUM OF $25.00 AND COSTS, AND UPON WILFUL DEFAULT IN
         PAYMENT OF SAID FINE AND COSTS SHALL UNDERGO IMPRISONMENT FOR A NUMBER OF
         DAYS EQUAL TO ONE DAY FOR EACH $1.00 OF THE BALANCE OF FINE AND COSTS
COUNT 2  WHICH REMAIN WILFULLY UNPAID, IN THE BERKS COUNTY PRISON. THE DEFENDANT
         SHALL PAY FINE AND COSTS WITHIN THE FIRST 10 DAYS HEREAFTER BY THE BERKS
         COUNTY PROBATION OFFICE, ALL FINES AND COSTS TO BE PAID TO THE BERKS COUNTY
         PROBATION OFFICE.  BY THE COURT:( G.E. WESNER J.)

4-2-81 ✓ SUMMARY: AND NOW, THIS 2nd DAY OF APRIL 1981 DEFENDANT IS SENTENCED TO PAY
         A FINE IN THE SUM OF $25.00 AND. COSTS, AND UPON WILFUL DEFAULT IN PAYMENT
         OF SAID FINE AND COSTS, SHALL UNDERGO IMPRISONMENT FOR A NUMBER OF DAYS.
         EQUAL TO ONE DAY FOR EACH $1.00 OF THE BALANCE OF FINE AND COSTS WHICH
COUNT 3  REMAIN WILFULLY UNPAID, IN THE BERKS COUNTY PRISON. THE DEFENDANT SHALL
         PAY SAID FINE AND COSTS WITHIN THE FIRST 10 DAYS HEREAFTER AS DIRECTED BY
         THE BERKS COUNTY PROBATION OFFICE, ALL FINES AND COSTS TO BE PAID TO THE
         BERKS COUNTY PROBATION OFFICE. BY THE COURT: ( G.E. WESNER J.)

4-2-81 ✓ CERTIFIED TO DEPARTMENT OF TRANSPORTATION.

COMMONWEALTH OF
PENNSYLVANIA

v.

Kim Blake
                    Defendant

In the Court of Common Pleas of
Berks County, Pennsylvania -
Criminal Division

Criminal Action No. _80 146 101_

Count No. _1- Homicide by Vehicle_

## ORDER

AND NOW, _April 2_, 19_81_, in lieu of sentence, the defendant is released for a period of _Five (5) yrs_ on ( ✓ ) probation under the supervision of Berks County Probation Office ( ) special probation under the supervision of Pennsylvania Board of Probation and Parole, upon the following conditions: pay costs of prosecution and $ _2000.00_ for the use of the county and ( ✓ ) pay restitution ( ) in the sum of $_____ ( ✓ ) as determined by the Berks County Probation Office, during the first _36_ months of probationary period, all payments to be made to the Berks County Probation Office. Defendant's probationary period shall commence on ( ✓ _April 2, 1981_ ) ( ) expiration of ( ) sentence ( ) probationary period, ordered to Criminal Action No. _____.

Defendant shall be subject to such conditions governing probation, including a plan for payment of costs, fine and/or restitution, as established by the Berks County Probation Office and/or the Pennsylvania Board of Probation and Parole, as applicable.

Special Conditions:
( ) Defendant shall attend Alcohol Safe Driving Program and pay $_____ to use of the county for cost of said program within the first thirty days.
( ) Defendant shall undergo evaluation for any alcohol problem and shall participate in such treatment program as directed by the Berks County Probation Office.

BY THE COURT;

_J. Warner_                    J.

11/77

COMMONWEALTH OF PENNSYLVANIA : In the Court of Common Pleas of
Berks County, Pennsylvania

v.

Kim Blake

Case No.    80146101

Summary Offense
#-1 Traffic control Signals

## SENTENCE UPON A SUMMARY CONVICTION

(Motor Vehicle Offenses, Game Law Offenses, etc.)

AND NOW, this 2nd day of *april*    , 19 81, defendant is
sentenced to pay a fine in the amount of $ 25.00    , and costs,
and upon wilful default in payment of said fine and costs, shall undergo
imprisonment for a number of days equal to one day for each ($10.00) ($1.00)
                                                              (strike out inappropriate amount)
of the balance of fine and costs which remain wilfully unpaid, in the Berks
County Prison.

The defendant shall pay said fine and costs within the first  10 days
days hereafter as directed by the Berks County Probation Office, all fines and
costs to be paid to the Berks County Probation Office.

BY THE COURT:

_____ J.

**COMMONWEALTH OF PENNSYLVANIA**

vs.

KIM BLAKE

_Defendant(s)_

**IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA**

**CRIMINAL ACTION**
80146101 & SUMMARY

No. _____

## INFORMATION

THE DISTRICT ATTORNEY of Berks County by this Information charges that on or about the __14th__ day

of _September_ 19 _80_ _____

KIM BLAKE

**FIRST COUNT**

the Defendant(s) above named, in the County of Berks, did      unintentionally cause the death of another

person, namely MERRY C. HAUK, while engaged in the violation of a law of this

Commonwealth or a municipal ordinance applying to the operation or use of a vehicle,

or to the regulation of traffic, in violation of Section 3732 of the Vehicle Code, the

Act of June 17, 1976, P.L. 162, No. 81

**SECOND COUNT**

That on the same day and year, in the County aforesaid, the above defendant, did

drive a vehicle, while under the influence of alcohol to a degree which rendered

him incapable of safe driving, in violation of Section 3731(a)(1) of the Vehicle

Code, the Act of June 17, 1976, P.L. 162, No. 81

all of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.
(75 Pa. C.S.A., Section 3732)
(75 Pa. C.S.A., Section 3731(a)(1)

| _Citation of Statute and Section_ | _Citation of Statute and Section_ |
|---|---|
| Approved: _____ _11·19_ 19 _80_ | _George   Yater_ |
| | _Attorney for Commonwealth_ |

COMMONWEALTH OF PENNSYLVANIA : In the Court of Common Pleas of
Berks County, Pennsylvania

:

.v. Case No. 8014610(

Kim Blake

:

:   Summary Offense
#2 - Driving Vehicle at Safe Speed

## SENTENCE UPON A SUMMARY CONVICTION

(Motor Vehicle Offenses, Game Law Offenses, etc.)

AND NOW, this 2nd day of April , 198/, defendant is
sentenced to pay a fine in the amount of $ 825.00 , and costs,
and upon wilful default in payment of said fine and costs, shall undergo
imprisonment for a number of days equal to one day for each ($10.00) ($1.00)
                                                    (strike out inappropriate amount)
of the balance of fine and costs which remain wilfully unpaid, in the Berks

County Prison.

The defendant shall pay said fine and costs within the first ___10___

days hereafter as directed by the Berks County Probation Office, all fines and

costs to be paid to the Berks County Probation Office.

BY THE COURT:

_____ J.

COMMONWEALTH OF PENNSYLVANIA : In the Court of Common Pleas of
Berks County, Pennsylvania

           v.          :     Case No.   80146161

Kim Blake

                         :     Summary Offense

                             #3 - Reckless Driving

## SENTENCE UPON A SUMMARY CONVICTION

(Motor Vehicle Offenses, Game Law Offenses, etc.)

AND NOW, this 2nd day of _april_ , 198⁷ defendant is
sentenced to pay a fine in the amount of $ _#25.cl_ , and costs,
and upon wilful default in payment of said fine and costs, shall undergo
imprisonment for a number of days equal to one day for each ($~~10.00~~) ($1.00)
                                         (strike out inappropriate amount)
of the balance of fine and costs which remain wilfully unpaid, in the Berks

County Prison.

The defendant shall pay said fine and costs within the first _10_

days hereafter as directed by the Berks County Probation Office, all fines and

costs to be paid to the Berks County Probation Office.

BY THE COURT:

_____ J.

**COMMONWEALTH OF PENNSYLVANIA**

vs.

KIM BLAKE

_____

_____

_____

_____

_____

*Defendant(s)*

**IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA**

**CRIMINAL ACTION**

No. **SUMMARY 80146101**

## INFORMATION

THE DISTRICT ATTORNEY of Berks County by this Information charges that on or about the **14th** day

of **September** , 19 **80**

**KIM BLAKE**

**FIRST COUNT**

the Defendant(s) above named, in the County of Berks, did being the driver of a motor vehicle, did

fail to stop at a clearly marked stop line, or if none, before entering the crosswalk

on the near side of the intersection, or if none, before entering the intersection of

L.R. 157 (W. MAIN STREET) and COLLEGE BLVD., KUTZTOWN, BERKS COUNTY, PA., and/or

failed to remain standing until an indication to proceed was shown, in violation of

Section 3112(a)(3)(i) of the Vehicle Code, the Act of June 17, 1976, P.L. 162 No. 81

**SECOND COUNT**

That on the same day and year, in the County aforesaid, the above defendant, did

drive a motor vehicle at a speed greater than was reasonable and prudent under the

conditions, having regard to the actual and potential hazards then existing, and/or

at a speed greater than would permit the driver to bring his vehicle to a stop within

the assured clear distance ahead, in violation of Section 3361 of the Vehicle Code, the

all of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.
Act of June 17, 1976, P.L. 162, No. 81
(75 Pa. C.S.A., Section 3112(a)(3)(1)

(75 Pa. C.S.A., Section 3361)
*Citation of Statute and Section*

(75 Pa. C.S.A., Section 3714)
*Citation of Statute and Section*

Approved: _____ 11-19 . 19__

_____
*Att'y for Commonwealth*

KIM BLAKE
80146101

## THIRD COUNT

That on the same day and year, in the County aforesaid, the above defendant, did

being the driver of a motor vehicle, did drive in a careless disregard for the

safety of persons or property, in violation of Section 3714 of the Vehicle Code,

the Act of June 17, 1976, P.L. 162, No. 81

Constable Steven E. Miller
80146101 & Sum    y

**Commonwealth of Pennsylvania**
**BERKS COUNTY, ss.**

# In the Court of Common Pleas - Criminal Division of Berks County

To
Pt1. Robert L. Gately, Kutztown P.D., Kutztown, PA 2-4
Harold C. Matz, 441 Normal Ave., Kutztown, PA 2-5
Dr. John Keith, C/O Pathology Lab, Reading Hospital, W.Reading, PA 2-3
Dr. D. Christie, Reading Hospital, Rdg., PA   2-3
Dr. William E. Glosser, 1240 Dauphin Ave., Wyomissing, PA 2-4   mailed certified
Mary E. Stewart, 2726 Bookert Dr., Baltimore, MD 21225 2-4
Dr. Harold Mantz, 441 Norman Ave., Kutztown, PA 2-5

DECEASED = MERRY C. HAUK

Greetings: We Command You and Each of You, That setting aside all other business and excuses, you be and appear in your proper person before the Judges of the COURT OF COMMON PLEAS —CRIMINAL DIVISION .................................................................................................................................................
to be held at Reading, in and for the County of Berks, on the ............ 9th ............................... day of
............ February ............. 19 81 ...... at ....... 9:30 A.M. ................ o'clock in the forenoon of
that day, then and there to testify to the truth to your knowledge between the Commonwealth of Pennsylvania
and .................................... KIM BLAKE ...............................................................................
in a certain Prosecution there pending against said defendant, ON THE PART OF THE COMMONWEALTH,
and shall abide and not depart the Court without leave and hereof YOU ARE NOT TO FAIL under the penalty
of law.                            FREDERICK EDENHARTER
     Witness the Honorable WXMANANXXXXXXX Esquire, President Judge of the said Court at Reading, the
........ 2nd .............................. day of ........ February ................................. Anno Domini one thou-
sand nine hundred and ............ 81 ............... meg

Donald R. Dusinger
Clerk of Common Pleas Criminal Division

SUBP. COST $    17.00
MILEAGE COST $  30.00
TOTAL COST $    3 90
                5090

FORM CCPO I

N. B.—Constables must not subpoena more than two witnesses and the prosecutor in Assault and Battery cases, and not more than four witnesses and the prosecutor in all other misdemeanor cases, without special allowances of the Court.—Rule of Court. No. 344.

Constable Stev E. Miller
80146101 & Summary

**Commonwealth of Pennsylvania**
**BERKS COUNTY, ss.**

# In the Court of Common Pleas - Criminal Division of Berks County

To

Barbara Held, Kutztown Volunteer Ambulance Service, Keystone Ave. & Noble Sts.
Kutztown, PA   2-3
Kirk Moyer, 502 Highland, Kutztown, PA 2-4
Claire Kramer, 246 Constitution Blvd., Kutztown, PA 2-4
Holly Hildenbrand, 346 W. Main, Kutztown, PA 2-5
Carolyn Bazik, 422 W. Main, Apt. 5, Kutztown, PA 2-5

DECEASED = MERRY C. HAUK

**Greetings: We Command You and Each of You,** That setting aside all other business and excuses, you be and appear in your proper person before the Judges of the COURT OF COMMON PLEAS —CRIMINAL DIVISION ......................................................................................................................... day of
to be held at Reading, in and for the County of Berks, on the ..........9th..................................
February........................ 19 81 , at .....9:30 A.M.............................o'clock in the forenoon of
that day, then and there to testify to the truth to your knowledge between the Commonwealth of Pennsylvania
and ...................................................KIM BLAKES......................................................................................
in a certain Prosecution there pending against said defendant, ON THE PART OF THE COMMONWEALTH, and shall abide and not depart the Court without leave and hereof YOU ARE NOT TO FAIL under the penalty of law.
FREDERICK EDENHARTER
**Witness** the Honorable XXXXXXXXXXXX, Esquire, President Judge of the said Court at Reading, the
..........2nd.......................... day of ........February........................ Anno Domini one thou-
sand nine hundred and ...... 81........   meg   Donald R. Dhisinger

13.00   Clerk of Common Pleas Criminal Division

| | |
|---|---|
| SUBP. COST $ | |
| MILEAGE COST $ | 15.00 |
| TOTAL COST $ | 250 |
| | 3050 |

FORM LCPO 1

**DOCKET TRANSCRIPT**
COMMONWEALTH OF PENNSYLVANIA

| 1. DOCKET NO. OF FINAL ISSUING AUTH. | 2. COMMON PLEAS DOCKET NO. | 3. STATE IDENTIFICATION NO. | | | |
|---|---|---|---|---|---|
| 3480011801 | 90146101 | | OTN | A | 673814-1 |

| 4. FINAL ISSUING AUTHORITY/TO BE COMPLETED BY FINAL ISSUING AUTHORITY | 5. TRANSFERRED FROM INITIAL ISSUING AUTHORITY |
|---|---|
| Mabel E. Blank | |
| 120 S. Richmond St. | |
| Fleetwood, PA 19522    MAG. DISTRICT NO.  23 3 04 | MAG. DISTRICT NO. |

| 6. NAME & ADDRESS | 7. DATE OF TRANSFER | 8. DOCKET NO. OF INITIAL ISSUING AUTHORITY |
|---|---|---|
| BLAKE, KIM | | |

DEFENDANT

13. AFFIANT WHO SIGNED COMPLAINT (NAME, ADDRESS OR IDENTIFICATION)
ROBERT L. GATELY, PTL.
Kutztown Police Dept
Kutztown, PA 19530

| 9. DATE OF BIRTH | 10. SEX | 11. RACE | 12. OPERATOR LICENSE NUMBER | STATE |
|---|---|---|---|---|
| | M | W | 16212684 | PA |

| 15. DATE OF ARREST | 16. DATE COMP. SIGNED OR CITATION ISSUED | 17. DATE ISSUED SUMMONS | WARRANT | 18. DATE RETURNED | 19. PRELIMINARY ARRAIGNMENT DATE | TIME | 20. DATE WAIVED TO COURT |
|---|---|---|---|---|---|---|---|
| 9-16-80 | 9-17-80 | | | 9-22-80 | 10-14-80 | 4:15 p.m. | 10-14-80 |

21. PRELIMINARY HEARING DATE & PLACE OF HEARING

| 22. On the 14 October day of 19 80 . The Accused Was: | ADVISED OF HIS RIGHT TO APPLY FOR ASSIGNMENT OF COUNSEL  YES  NO  X | PUBLIC DEFENDER YES NO REQUESTED BY DEFENDANT? | APPLICATION PROVIDED FOR APPOINTMENT OF PUBLIC DEFENDER  YES  NO  X |
|---|---|---|---|

23. In cases where so required by statute, I, the within named issuing authority, did make a reasonable effort to settle the difference between the defendant and the complainant. (SEE PA. R. CRIM. P. 145.A)

24. IF OTHER THAN PRELIMINARY HEARING SHOW DATE

29. DATES SET FOR PRELIMINARY HEARING

| 25. | DESCRIPTION OF CHARGES | 26. OFFENSE DATE | 27. SECTION AND SUB-SECTION | 28. DISPOSITION | DATE | |
|---|---|---|---|---|---|---|
| A | HOMICIDE BY VEHICLE | 9-14-80 | MVC:3732 | MAV | | |
| B | DRIVING UNDER THE INFLUENCE OF ALCOHOL OR CONTROLLED SUBSTANCE - RESULT 19% BAC | 9-14-80 | VC:3731(a)1 | WAV | | |
| C | TRAFFIC CONTROL SIGNALS | 9-14-80 | VC:3112(a)(3)(i) | WAV | | |
| D | DRIVING VEHICLE AT SAFE SPEED | 9-14-80 | VC:3361 | WAV | | |
| E | RECKLESS DRIVING | 9-14-80 | VC&3714 | WAV | | |
| F | | | | | | |

| 30. ENTER "C" FOR WITNESS FOR COMPLAINANT. - ENTER "D" FOR WITNESS FOR DEFENDANT | 31. WITNESSES NAMES AND ADDRESSES [SEE PA. R. CRIM. P. 26 (b) (2)] AND NAMES AND ADDRESSES OF PERSONS (NOT MORE THAN 2), DEFENDANT WISHES TO BE NOTIFIED FOR TRIAL. [SEE PA. R. CRIM. P. 26 (b) (10)]. | 32. SWORN | 33. TESTIFIED | 34. DEFENSE PERSONS TO BE NOTIFIED |
|---|---|---|---|---|
| C | Ptl. Robert Gately, Kutztown Police Dept., Kutztown, PA 19530 | No | No | |
| C | Harold C. Matz, 441 Normal Ave., Kutztown, PA 19530 | No | No | |
| C | Dr. John Keith, c/o Pathology Lab., Reading Hospital, Reading, PA | No | No | |

35. ATTORNEY'S NAME AND SUPREME COURT IDENTIFICATION NUMBER

| ATTORNEY FOR COMMONWEALTH | Stuart Suss, ADA | | | |
|---|---|---|---|---|
| ATTORNEY FOR COMPLAINANT | | | | |
| ATTORNEY FOR DEFENDANT | Fred Lanshe, Esq. | X | PRIVATE | OTHER |

| 36. DATE OF DECISION | 37. JUDGMENT OF SENTENCE |
|---|---|
| | |

| (SEE PA. R. CRIM. P. 4006) BAIL AT PRELIMINARY ARRAIGNMENT | | |
|---|---|---|
| TYPE ROR | 39. NAME AND ADDRESS OF CORPORATE SURETY AND AGENT OR THE REAL SURETY | 40. BAIL POSTED |
| AMOUNT $3,000.00 | Defendant. | 10-14-80 |
| DATE 10-14-80 SET | | |

| (SEE PA. R. CRIM. P. 4006) BAIL AT PRELIMINARY HEARING | | |
|---|---|---|
| TYPE SAME | 42. NAME AND ADDRESS OF CORPORATE SURETY AND AGENT OR THE REAL SURETY | 43. BAIL POSTED |
| AMOUNT | | |
| DATE SET | | |

| 44. IF COMMITTED, DATE | 45. PLACE OF COMMITMENT |
|---|---|
| | |

| 10-16-80 | Certified this 16 day of OCTOBER , 19 80 |
|---|---|
| 46. DATE TRANSCRIPT SENT TO COURT | |

COMMONWEALTH OF
PENNSYLVANIA

In the Court of Common Pleas of
Berks County, Pennsylvania –
Criminal Division

:

v.

*Kim Blake*

Defendant

:     Criminal Action No. _FD 146101_

:     Count No. *2 Driving Under*

ORDER *Influence of Alcohol*

AND NOW, _____April 2_____, 19_81_, in lieu of sentence, the defendant is

released for a period of ____One year____ on ( ✓ probation under the supervision

of Berks County Probation Office ( ) special probation under the supervision of Penn-

sylvania Board of Probation and Parole, upon the following conditions:    pay costs of

prosecution and $ _500 ₒₒ_ for the use of the county and ( ✓ pay restitution ( ✓ in

the sum of $ _____ ( ✓ as determined by the Berks County Probation Office, during

the first __10__ months of probationary period, all payments to be made to the Berks

County Probation Office. Defendant's probationary period shall commence on

( ) _____ ( ✓ expiration of ( ) sentence ( ✓ probationary

period, ordered to Criminal Action No. ___Same till Cont #1___.

Defendant shall be subject to such conditions governing probation, including a plan for

payment of costs, fine and/or restitution, as established by the Berks County Probation

Office and/or the Pennsylvania Board of Probation and Parole, as applicable.

Special Conditions:

( ✓ Defendant shall attend Alcohol Safe Driving Program and pay $ _65 ₒₒ_
     to use of the county for cost of said program within the first thirty days.
( ✓ Defendant shall undergo evaluation for any alcohol problem and shall participate
     in such treatment program as directed by the Berks County Probation Office.

BY THE COURT:

_____ J.

80146101

**CRIMINAL COMPLAINT** (POLICE)

MABEL E. BLANK

**JUSTICE OF THE PEACE**
MAGISTERIAL DISTRICT NO.  23-03-04
120 S. Richmond St.,
Fleetwood, PA 19522

| COMPLAINT NUMBER | YEAR | TYPE | NUMBER |
|---|---|---|---|
| | -3480011301 | | |
| Complaint Numbers if Other Participants | 3480011401 | | |

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| | | A 673814-1 |

**COMMONWEALTH OF PENNSYLVANIA**

DEFENDANT:  VS.

NAME ┌  KIM BLAKE
AND
ADDRESS

R.S.A.        W-M-26   DOB
AKA          OPR#16212684

I, **PTLM. ROBERT L. GATELY**
        *(Name of Affiant)*
of  **KUTZTOWN POLICE DEPT.**
residing at ___**KUTZTOWN, PA 19530**___

do hereby state under oath or affirmation, to the best of my knowledge, information and belief:

(1) ☒ I accuse the above named defendant, who lives at the address set forth above or,
    ☐ I accuse an individual whose name is unknown to me but who is described as

    ☐ his nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe;
    with violating the penal laws of the Commonwealth of Pennsylvania at *At the ground, near vicinity of the*
    *intersection of L.R. 157, (W. Main St), & College Blvd., Kutztown, PA*
                    in            Berks       County on or about   9-14-80 @ 12:30 P.M.

Participants were *(if there were participants, place their names here, repeating the name of above defendant):*

(2) The acts committed by the accused were: (A)  HOMICIDE BY VEHICLE, M-1; DRIVING UNDER THE INFLUENCE
    OF ALCOHOL OR CONTROLLED SUBSTANCE, M-III; TRAFFIC CONTROL SIGNALS, Summ.; DRIVING VEHICLE
    AT SAFE SPEED, Summ.; RECKLESS DRIVING, Summ. of the Vehicle Code

    In that on the above date, time and place, the above named defendant was operating an
    International Scout bearing Pa. Reg. No. 1PZ-250 while under the influence of alcohol to
    a degree which rendered him incapable of safe driving - breathalyzer result .199 BAC.
    Defendant did strike a vehicle being driven by Harry C. Nusk. Said accident did cause
    the death of Harry C. Nusk. Defendant did fail to stop for a steady red signal before
    entering the above mentioned intersection and did drive his vehicle in careless disregard
    for the safety of persons or property. Defendant did at that time operate his vehicle at
    a speed greater than was reasonable & prudent under the existing weather conditions.
    ---SEE ATTACHED PROBABLE CAUSE FOR FULL DETAILS---

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly,
or in violation of  3732/1 3731/3112 and a1/a34/         of the Act of  PA MOTOR VEH. CODE
     3361/3714       *(Section)*        *(Sub-section)*

or the                    Ordinance of _____
                                          *(Political Sub-division)*

(3) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I
have made. I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on

    **SEPTEMBER 16**  , 19**80** , before  **MABEL BLANK**        _____
                                                                    *(Signature of Affiant)*

Personally appeared before me on **SEPTEMBER 16**  , 19**80** , the affiant above named who, being duly
sworn (affirmed) according to law, signed the complaint in my presence and deposed and said that the facts set
forth therein are true and correct to the best of affiant's knowledge, information and belief.

                                        _____ (SEAL)
                                            *(Issuing Authority)*

AND NOW, on this date **SEPTEMBER 16** , 19**80**, I certify the complaint has been properly sworn to and
executed before me, and that there is probable cause for the issuance of process.

    23-03-04                     _____ (SEAL)
   *(Magisterial District)*          *(Issuing Authority)*

80146101

**CRIMINAL COMPLAINT** (POLICE)

MABEL E. BLANK

JUSTICE OF THE PEACE
MAGISTERIAL DISTRICT NO.  23-03-04
120 S. Richmond St.
Fleetwood, PA 19522



| COMPLAINT N° | ER | YEAR | TYPE | NUMBER |
|---|---|---|---|---|
| | | -3480011101 | | |

| Complaint Numbers if Other Participants | 3480011401 |

| INCIDENT NUMBER | UCR NO. | OTN |
|---|---|---|
| | | A 673814-1 |

**COMMONWEALTH OF PENNSYLVANIA**

DEFENDANT:  VS.

NAME ☐  KIM BLAKE

I,  · PTLM. ROBERT L. GATELY
        (Name of Affiant)

AND
ADDRESS

of  KUTZTOWN POLICE DEPT.
(Identify department or agency represented and political subdivision)

R.S.A.  W-M-26   DOB
AKA  OPR#16212684

residing at  KUTZTOWN, PA 19530

do hereby state under oath or affirmation, to the best of my knowledge, information and belief:
(1) ☒ I accuse the above named defendant, who lives at the address set forth above or,
    ☐ I accuse an individual whose name is unknown to me but who is described as _____

*(Check appropriate box)*

☐ his nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe;
with violating the penal laws of the Commonwealth of Pennsylvania at  At 6 in the near vicinity of the
intersection of L.R. 157, (W. Main St), & College Blvd., Kutztown, Pa
                    (Place Political Subdivision)
_____ in  Berks  County on or about  9-14-80 @ 12:50 P.M.

Participants were *(If there are participants, place their names here, repeating the name of above defendant)*:

(2)  The acts committed by the accused were: (A) HOMICIDE BY VEHICLE, M-I; DRIVING UNDER THE INFLUENCE
OF ALCOHOL OR CONTROLLED SUBSTANCE, M-III; TRAFFIC CONTROL SIGNALS, Summ.; DRIVING VEHICLE
AT SAFE SPEED, Summ.; RECKLESS DRIVING, Summ. of the Vehicle Code!

In that on the above date, time and place, the above named defendant was operating an
International Scout bearing Pa. Reg. No. 1P2-250 while under the influence of alcohol to
a degree which rendered him incapable of safe driving - breathalyzer result .18% BAC.
Defendant did strike a vehicle being driven by Merry C. Hauk. Said accident did cause
the death of Merry C. Hauk. Defendant did fail to stop for a steady red signal before
entering the above mentioned intersection and did drive his vehicle in careless disregard
for the safety of persons or property. Defendant did at that time operate his vehicle at
a speed greater than was reasonable & prudent under the existing weather conditions.
          ---SEE ATTACHED PROBABLE CAUSE FOR FULL DETAILS---
all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly,
or in violation of  3732/3 731/3112 and  3112/3112 and  3111/3111  of the Act of  PA MOTOR VEH. CODE
   3361/3714  *(Section)*      *(Sub-section)*

or the _____ Ordinance of _____
                    *(Political Sub-division)*

(3)  I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I
have made. I swear to or affirm the within complaint upon my knowledge, information and belief, and sign it on

    SEPTEMBER 16 , 19 80, before  MABEL BLANK ,  Robert L Gately
                                                *(Signature of Affiant)*

Personally appeared before me on  SEPTEMBER 16 , 197 80,  the affiant above named who, being duly
sworn (affirmed) according to law, signed the complaint in my presence and deposed and said that the facts set
forth therein are true and correct to the best of affiant's knowledge, information and belief.

                    Mabel E. Blank  (SEAL)
                        *(Issuing Authority)*

AND NOW, on this date  SEPTEMBER 16 , 197 80,  I certify the complaint has been properly sworn to and
executed before me, and that there is probable cause for the issuance of process.

    23-03-04                    Mabel E. Blank  (SEAL)
    *(Magisterial District)*            *(Issuing Authority)*

Ⓐ  Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. Neither the evidence nor
the statute allegedly violated need be cited, nor shall a citation of the statute allegedly violated, by itself, be sufficient. In a summary
case, set forth a citation of the specific section and subsection of the statute or ordinance allegedly violated.

80146101

**COUNTY OF BERKS**
**23rd JUDICIAL DISTRICT**
**PROBABLE CAUSE FOR WARRANT OF ARREST**

**COMMONWEALTH OF PENNSYLVANIA**

O.T.N. NO. ___A673814-1___
DOCKET NO. ~~5460011401~~
ARREST NO. ~~5460011401~~

VS.

Kim Blake

PROSECUTOR ___Ptlm. Robert L. Gately___
ADDRESS ___Kutztown Police Department___
___Roeller Alley, Kutztown, Pa. 19530___

DEFENDANT (full name) _____ Kim Blake   1-767-6235 ___ A.K.A. _____
ADDRESS: _____
DATE OF BIRTH: _____ RACE ___Cauc.___ SEX ___M___ AGE __26__
OPERATOR'S PLATE NO. __(PA)__ 16212684   SOCIAL SECURITY NO. _____

CO-DEFENDANT _____

CHARGES ___PA. VEHICLE CODE: Section 3732: Homicide by vehicle(M1); Section 3731(a)(1):___
Driving under the influence of alcohol or controlled substance(M3); Section 3112(a)(3)(1):
Traffic-control signals(S); Section 3361: Driving vehicle at safe speed(S); Section 3714:
DATE OF OFFENSE ___14 September, 1980___     Reckless driving(S).
TIME OF OFFENSE ___on or about 12:50 p.m.___
LOCATION OF OFFENSE ___At and in the near vicinity of the intersection of L.R. 157___
___(also known as West Main St) and College Boulevard, Kutztown, Pa.___
NATURE OF COMPLAINT INCLUDING PROBABLE CAUSE STATEMENT (NO. OF PAGES) __5__

In that the above named defendant did while operating a vehicle traveling east on
L.R. 157 (also referred to as West Main Street and old US 222), did at the intersection
of L.R. 157 and College Boulevard, where his vehicle was faced by a steady red signal of
a traffic-control signal, did fail to stop his vehicle, and/or have it remain standing,
before it entered the intersection which is a violation of the Pa. Vehicle Code Section
3112(a)(3)(1): Traffic-control signals. That the above named defendant did at that time
operate his vehicle at a speed greater than was reasonable and prudent under the weather
and road conditions, being that the road was wet from rain, and in regard to the actual
and potential hazards then existing when he approached an intersection, and the special
hazards which existed with respect to pedestrians or other traffic and having just passed
through a school zone, that would permit him to bring his vehicle to a stop within the
assured clear distance ahead , this being a violation of the Pa. Vehicle Code Section
3361: Driving vehicle at safe speed. That the above named defendant did ~~operate his~~
~~vehicle~~ drive his vehicle while under the influence of alcohol to a degree which
rendered the person incapable of safe driving, this being a violation of the Pa. Vehicle

SWORN TO AND SUBSCRIBED BEFORE ME THIS __16__ DAY OF ___SEPTEMBER___, 19 __80__.
MY COMMISSION EXPIRES ___1/4/82___.

SEAL:

_Michael Blank_
DISTRICT JUSTICE:

AFFIANT: _Robert L. Gately_
ADDRESS: ___Kutztown Police Department___
___Roeller Alley, Kutztown, Pa. 19530___

page __1__ of __5__

{ATTACH COPY OF CRIMINAL COMPLAINT}

80 14610

**COUNTY OF BERKS**
**23rd JUDICIAL DISTRICT**
**PROBABLE CAUSE FOR WARRANT OF ARREST**

COMMONWEALTH OF PENNSYLVANIA

VS.

Kim Blake

NATURE OF COMPLAINT INCLUDING PROBABLE CAUSE STATEMENT (cont. from page ___1___).

Code Section 3731(a)(1) Driving under influence of alcohol or controlled substance.
That in committing the above offenses, the defendant did drive his vehicle in careless disregard for the safety of persons or property which is a violation of the Pa. Vehicle Code Section 3714: Reckless driving.
That the defendant did upon entering the intersection of L.R. 157 and College Boulevard, strike with his vehicle, a vehicle driven by Merry C. Hauk. That in striking the vehicle driven by Merry C. Hauk, did cause that vehicle to strike a vehicle driven by Mary E. Stewart. That this above stated accident did result xx while he was engaged in violation of the above stated laws of this Commonwealth applying to the operation or use of a vehicle or to the regulation of traffic. That the above stated accident did cause the death of another person, being Merry C. Hauk. That the above stated facts result in the defendant being in violation of the Pa. Vehicle Code Section 3732: Homicide by vehicle.

On or about 12:50 p.m., Sunday, September 14, 1980, the defendant was driving his vehicle, International Scout II, bearing Pennsylvania registration plate 1P2-250, in an easterly direction on L.R. 157. That L.R. 157 is also referred to as West Main Street and old US 222. That as the defendant approached the intersection of L.R. 157 and College Boulevard he was faced by a traffic-control signal showing a steady red signal. That the defendant did drive his vehicle into the intersection without slowing down, that the defendant did drive his vehicle into the intersection without stopping his vehicle. That this action of the defendant was witnesses by one Harold C. Mantz, who resides at 441 Normal Ave., Kutztown, Pa. 19530. That at the above date and time, Harold C. Mantz was in his vehicle which was being driven in a southerly direction on College Boulevard and was at the intersection of College Boulevard and L.R. 157. That the traffic-control signal facing College Boulevard showed a steady green signal at that time.
Furthermore, immediixtxixxpxxxxeedingxthxxximaxxixxhixh Mary E, Stewart, who resides at 2726 Bookert Dr., Baltimore, Maryland, stated that on or about the above date and time, she was driving her vehicle a maroon Chevrolet Chevelle, bearing Maryland registration plate CAK-371. That Stewart had driven her vehicle south on College Boulevard to the intersection of L.R. 157 where she stopped her vehicle, and remained standing until faced by a traffic-control signal showing a steady green signal. That at thxxxti that time there was another vehicle, also traveling south on College Boulevard, and which had also stopped at the intersection of L.R. 157 and had remained standing there. That this other vehicle was green in color and was of a small size. That this vehicle was occupied by a single female individual.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___16___ DAY OF __SEPT.__ , 19 _80_ .
MY COMMISSION EXPIRES _____1/4/82

SEAL:

AFFIANT: _____
ADDRESS: Kutztown Police Department
Koeller Alley, Kutztown, Pa. 19530

DISTRICT JUSTICE:

page ___2___ of ___3___

8014610

**COUNTY OF BERKS**
**23rd JUDICIAL DISTRICT**
**PROBABLE CAUSE FOR WARRANT OF ARREST**

**COMMONWEALTH OF PENNSYLVANIA**

VS.

Kim Blake

NATURE OF COMPLAINT INCLUDING PROBABLE CAUSE STATEMENT (cont. from page ___2___).

Stewart stated that when the traffic-control signal facing her showed a steady green signal, she entered the intersection and made a left turn onto West Main Street. West Main Street also being known as L.R. 157 and old US 222. Stewart stated that as she completed the turn her vehicle was struck from the rear. This resulted in Stewart's vehicle being spun to the right, forced up onto the sidewalk and the front end of the vehicle coming to a rest against the front steps of the building occupying the southwest corner lot at the intersection of College Boulevard and West Main Streets.

In addition, Stewart stated that she observed that the green vehicle, which she had noted above as having been traveling xx south on College Boulevard, was now resting on the sidewalk in front of 469 West Main Street, and that this vehicle showed accident damage. Stewart also stated that to the immediate west of her vehicle was a nother vehicle being a International Scout. That this vehicle was along the south curb of West Main Street and was facing west. Stewart stated that she saw only one occupant in the International Scout vehicle and that this subject was a white male who exitted the vehicle from the driver's compartment. Stewart stated that when this white male exitted his vehicle, she heard him say "What happened?". This white male was later identified as the defendant.

Furthermore, Harold C. Mantz stated that as he was approaching the intersection of College Boulevard and L.R. 157 he observed a International Scout vehicle approaching the intersection, from a westerly direction on L.R. 157. That at this time the traffic-control signal facing College Boulevard was showing a steady green signal. That the International Scout vehicle was observed by him as entering the intersection without stopping, nor did it appear to have slowed. In additional Mantz stated that he observed the International Scout vehicle being occupied by a single male occupant who was in the driver's seat. That this vehicle struck the passenger side of a small green vehicle which had been traveling south on College Boulevard and had entered the center of the intersection of L.R. 157 and College Boulevard. That this collusion resulted in the small green vehicle being forced eastward on West Main Street. That the International Scout vehicle continued eastward on L.R. 157 to where it struck a fire hydrant located on the sidewalk at the south east corner of that intersection. The $ International Scoout xxxxxxx vehicle than spun around xxx 180° and came to a rest along the south curb of L.R. 157 facing a westward direction. Mantz also stated that he observed the small green vehicle come to a rest on the sidewalk in front of 469 West Main Street.

Mantz stated that he approached the International Scout as a white male exitted the vehicle and stated "What happened?".

SWORN TO AND SUBSCRIBED BEFORE ME THIS __16__ DAY OF __SEPT.__, 19 __80__

MY COMMISSION EXPIRES ___1/4/82___.

SEAL:

AFFIANT: _Kelly - Gulcl_
ADDRESS: Kutztown Police Department
Roeller Alley, kutztown, Pd. 19530

DISTRICT JUSTICE:

8014610

### COUNTY OF BERKS
### 23rd JUDICIAL DISTRICT
### PROBABLE CAUSE FOR WARRANT OF ARREST

**COMMONWEALTH OF PENNSYLVANIA**

VS.

Kim Blake

---

NATURE OF COMPLAINT INCLUDING PROBABLE CAUSE STATEMENT (cont. from page ___4___).

On or about 12:50 p.m., Sunday, 14 September, 1980, the Kutztown Police received a report of a vehicle accident occurring at the intersection of West Main Street and College Boulevard. I, Ptlm. Robert L. Gately, Kutztown Police Department, responded to the scene. Observed on the xxxx sidewalk in front of 469 West Main Street was a XXXXXXXXXXXXXXXXXX small green Chevrolet bearing Pennsylvania registration plate H93-164. This vehicle showed massive damage to the passenger side of the vehicle, extending into the driver's area. This vehicle was occupied by a single occupant, a white female who sat in the driver's seat/ This female was unconcious at the time. This female was later identified as Merry C. Hauk who resided at 432 West Walnut Street, Kutztown, Pa. This female was transported to Reading Hospital by the Kutztown Ambulance.

I observed two vehicle's on the south side of West Main Street. The one vehicle was a maroon Chevrolet, Chevelle, bearing Maryland registration plate CAK-371. The other vehicle was a International Scout II bearing Pennsylvania registration plate 1P2-250. Both vehicles showed damage to their structure. I approached the vehicles and asked who had been driving them. Mary E. Stewart stated that she had been driving the vehicle with Maryland registration plates. The defendant identified himself as the driver of the International Scout II, bearing Pennsylvania xxxxxxxxxx registration plate 1P2-250.

I asked both individuals to state what they thought had happened. After noticing the smell of alcoholic beverages in the inside of the XXXXX International Scout II,I asked the driver if he had been drinking recently. The defendant stated that he had not. The defendant stated that xxxx he would xxxx voluntarily accompany this officer to the Kutztown Police Department xxxxxxxxxx where he would vountarily take a xxxxx breathalyzer examination to show that he had not recently had any alcoholic beverages.

After the accident scene had been returned to a functioning condition. The above named defendant accompanied this officer to the Kutztown Police station at Roeller Alley, Kutztown, Pa. While there, the defendant was informed that he was not under arrest. That the officer was conducting an accident investigation. The defendant was informed of his constitutional rights. He was informed that he did not have to either give any statement concerning the accident, nor did he have to agree to take a breathalyzer examination. The defendant signed a waiver of constitutional rights and agreed to give a written statement as to the accident. _____ _____ Prior to this waiver of his rights, the defendant was informed that if the accident investigation showed any violations of the vehicle code, they _____ would result in the appropriate arrests being made. The defendant acknowledged this and stated that he wished to give a statement.

SWORN TO AND SUBSCRIBED BEFORE ME THIS ___ __16_ DAY OF __SEPT.__ ___, 19 _80__
MY COMMISSION EXPIRES ____1/4/82____ .

SEAL:

AFFIANT: _____
ADDRESS: __Kutztown Police Department__
Roeller Alley, Kutztown, Pa.  19530

DISTRICT JUSTICE:

80 146101

## COUNTY OF BERKS
## 23rd JUDICIAL DISTRICT
## PROBABLE CAUSE FOR WARRANT OF ARREST

**COMMONWEALTH OF PENNSYLVANIA**

VS.

Kim Blake

NATURE OF COMPLAINT INCLUDING PROBABLE CAUSE STATEMENT (cont. from page __4__).

The defendant than gave a statement consisting of four pages concerning the accident and surrounding factors. The defendant was, at the conclusion of his statement, again informed of his constitutional rights, that he was not under arrest at that time, and that he did not have to take the breathalyzer test. The defendant stated that he would take the examination. This officer, being a qualified breathalyzer xxx operator administered the breathalyzer examination to the defendant. Thxxxxxxiixxgx The test showed that the defendant's blood alcohol content was.12%. At this time, the defendant was informed that this figure was in excess of the amount allowed under the Pennsylvania vehicle code for being presumed to be under the influence of alcohol. The defendant was informed that he was not at that time being placed under arrest, however, that I would be consulting the District Attorneys office concerning the case and possible charges. The above named defendant xxxxixxxxt then departed the Kutztown Police station with friends who he had earlier called to pick him up.

After the defendant departed, I contacted the Reading Hospital concerning the mediacl condition of Merry C. Hauk. I was informed that she had died. xxxxxxxxxxxxx I proceded to the Reading Hospital where I identified the body of a white female, known as Merry C. Hauk, as the same white female involved in the accident at L.R. 157 and College Boulevard, on or about 12:50 p.m., 14 September, 1980. An autopsy was performed on Merry C. Hauk. The xxxxxxigxxx pathologist, Dr. John Keith, who performed the autopsy stated that Merry C. Hauk died from neck and head injuries which would have been consistant with those resulting in automobile accidents.

Charges are filed on information received and investigation conducted.

----- End of Complaint Application -----

Based on the above information and facts, I hereby request a warrent of arrest be issued.

SWORN TO AND SUBSCRIBED BEFORE ME THIS __16__ DAY OF __SEPT.__, 19 __80__.
MY COMMISSION EXPIRES __1/4/82__

SEAL:

AFFIANT: _____
ADDRESS: Kutztown Police Dept.
Moeller Alley, Kutztown, Pa. 19530

DISTRICT JUSTICE:

page __5__ of __5__

# EXHIBIT G

COMMONWEALTH                     : IN THE COURT OF COMMON PLEAS OF

                                 : CUMBERLAND COUNTY, PENNSYLVANIA

VS                               : 245 CRIMINAL 1975

                                 : CHARGE: DRIVING UNDER THE INFLUENCE

BARRY LEE SHOOP                  : AFFIANT: PTL. RONALD STILES

RE: DEFENDANT PLEAD GUILTY

## ORDER OF COURT

AND NOW, February 28, 1975, at 11:02 a.m., the defendant,
BARRY LEE SHOOP, having appeared in open court, tendered a plea
of guilty, the plea is accepted and recorded,

Sentence is suspended for a period of six (6) months on
condition the defendant pay the costs of prosecution and the
sum of $250 to the use of the county.

The defendant is given 15 days to pay the costs of
prosecution and the sum to the use of the county.

By the Court,

Clinton R Weidner

J.

Edgar B. Bayley, Jr., Esquire
Assistant District Attorney

MAR 3 | 38 PM '75

FILED-OFFICE
CLERK OF COURTS
CUMBERLAND COUNTY
PENNSYLVANIA

## In the Courts of Common Pleas of the County of Cumberland

245        CRIMINAL                19 75

### COMMONWEALTH OF PENNSYLVANIA

vs.

BARRY LEE SHOOP
Sandy Hollow Road
R. D. 1
New Bloomfield, Pennsylvania

**COUNTY OF CUMBERLAND, ss:**

The Grand Jury of Cumberland County, Pennsylvania, by this Indictment presents that, on (or about)
Friday, the 27th day of December        , 19 74 , in said County of Cumberland,
Barry Lee Shoop, did then and there unlawfully and wilfully operate
a certain Ford Truck bearing Pennsylvania Registration Plate No.
CC35-774, upon Wertzville Road, a public highway in East Pennsboro
Township, Cumberland County, Commonwealth of Pennsylvania, while
under the influence of intoxicating liquor or any narcotic drug
or habit-producing drug.

All of which is against the Act of Assembly and the peace and dignity of the Commonwealth of Pennsylvania.

75 P. S. 1037
Citation of Statue and Section

Attorney for the Commonwealth

**Commonwealth Witnesses:**
Officer Ronald E. Stiles

## CRIMINAL ACTION

245  CRIMINAL      19 75

COMMONWEALTH OF PENNSYLVANIA

vs.

Barry Lee Shoop

Sandy Hollow Road

R. D. 1

New Bloomfield, Pennsylvania

## INDICTMENT

Charge: Driving Under the Influence

AND NOW, this        day of

19      , the within Bill of Indictment is

Foreman of Grand Jury

AND NOW, this        day of

19      , the Defendant pleads

Et de hoc, District Attorney similiter.

Officer Ronald Stiles

BARRY LEE SHOOP, the defendant being advised of the offense charged in the bill of indictment and of his rights, hereby (in open court) waives action by the grand jury and consents to proceed on the within bill of indictment presented by the attorney for the Commonwealth.

Date

Defendant

Attorney for Defendant

BARRY LEE SHOOP,
BEING WILLING TO ENTER A PLEA OF GUILTY TO THE CHARGE CONTAINED IN THE WITHIN INDICTMENT AND HAVING NOTIFIED THE DISTRICT ATTORNEY TO THAT EFFECT AND THE DISTRICT ATTORNEY HAVING PREPARED PURSUANT TO THAT NOTICE THIS BILL OF INDICTMENT IN THE USUAL FORM, SPECIFING THE CHARGE MADE, DO HEREBY REQUEST THAT MY PLEA OF GUILTY BE ENTERED HEREWITH.

Date

Defendant

Attorney for Defendant

CRIMINAL DOCKET AND TRANSCRIPT



 **Commonwealth of Pennsylvania** } SS

**County of** Cumberland                    EP1508

vs.

Barry Lee. Shoop
Sandy Hollow Road, R. D. # 1
New Bloomfield, Pa.   17068

DOB ▇▇▇▇

To the Clerk of the Courts, ........Cumberland................ County, Pennsylvania

(1) A hearing in the above captioned matter was held at .............. M., on the .............................. day

of ......................., 19........., at ..................................................
(hearing place)

(2) The prosecutor in said matter and his......... address is:

Ptl. Ronald E. Stiles                    East Pennsboro Twp. Police Dept/
(name)                                               (address)

(3) The name(s) and address(es) of the defendant(s) are:

Barry Lee Shoop                    Sandy Hollow Rd.,R.D.#1, New Bloomfield, Pa.

.................................................    .................................................

.................................................    .................................................

(4) The names and addresses of the witnesses who appeared are:

.................................................    .................................................

.................................................    .................................................

.................................................    .................................................

(5) The names and addresses of attorneys in said proceeding are:

Prosecution: .................................    .................................................

Defense: .......................................    .................................................

(6) The charge against defendant(s) is that On 27 December 1974, did unlawfully then and
(description of offense)
there operate a Ford Truck bearing Penna. Registration Plates No. CC35 774 for

1974, Operator's Plate No 13 380 310, while under the influence of intoxicating

liquor.

SECTION 1037, MOTOR VEHICLE CODE

.................................................................................................

.................................................................................................

.................................................................................................

.................................................................................................

(7) The Summons(or warrant of arrest) was issued ............27 December................, 19. 74.. and

returned ............served (12/27/74)...........
(served or not served)

(8) Hearing continued until the ........................ day of ........................., 19........ at ............. M.
Reason:

(9) The following parties and witnesses were sworn ............ Ptl. Ronald E. Stiles was sworn at time

of complaint. ....................................................................................................................................................................

.............................................................................................................................................................................................
(names who were sworn and testified)

(10) In the above matter the ................................................., made a reasonable effort to settle the differences
(Alderman - Justice of the Peace)

between the parties prior to holding a preliminary hearing. The said parties did (not) settle their differences.

(11) After hearing held, it was determined that the evidence and testimony warranted holding the defendant

for court and bail was set in $.1.00 Nominal..........

(12) The nature of the bail posted and the name and address of the corporate surety or individual surety are:

Cash, Barry Lee Shoop ...................................................................................................................................
(name)                                                                          (address)

..................................................................................................................................................................................

(13) The defendant requested that the following persons be notified of the time of trial: ......None..................

..................................................................................................................................................................................
(name)                                                                          (address)

..................................................................................................................................................................................
(name)                                                                          (address)

(14) The defendant was advised, .....27 December 1974...., 19........, of his right to apply for the assignment

of counsel.

(15) On ....2 January............., 19..75., the undersigned rendered the following decision:

Defendant signed waiver. All papers returned to Court..........................................................

..................................................................................................................................................................................

..................................................................................................................................................................................

I hereby certify this to be a correct transcript from my docket in the above case.

.................................................... (Seal)
(Alderman - Justice of the Peace)

CONSTABLE'S COSTS

| | |
|---|---|
| Executing Warrant & Mileage .................. | |
| Executing Summons & Mileage ................. | |
| Subpoena for Hearing ............................... | |
| Officer's Mileage ...................................... | |
| Commit. for Hearing ................................ | |
| Release for Hearing .................................. | |
| Commit. for Court ..................................... | |
| Prisoner's car fare ..................................... | |
| .................................................................... | |
| .................................................................... | |
| .................................................................... | |
| .................................................................... | |

JUSTICE OF THE PEACE
ALDERMAN'S COSTS

| | | |
|---|---|---|
| Felony ................................ | | |
| Misdemeanor .................... | 13 | 00 |
| Summary conviction ...... | | |
| .................................. | | |

**TOTAL** $

Included with Transcript:
Compalint          Bail Piece
                   Refund of Bail
Warrant
Waiver of hearing  Check for $1.00
Waiver of Counsel

JAN 9 52 AM '75
PENNSYLVANIA
CUMBERLAND COUNTY
CLERK OF COURTS
FILED-OFFICE

Costo County Total | 13 | 00

| JUSTICE OF THE PEACE | | YEAR | NUMBER |
|---|---|---|---|
| MAGISTERIAL DISTRICT NO. 09-1-02 | | | EP/508 |

(Address) 860 N. Front St

~~Pensboro Center~~
Wormleysburg, Pa. 17043

COMPLAINT NO. _____ 1974 _____

COMPLAINT NUMBERS OF OTHER PARTICIPANTS _____

## CRIMINAL COMPLAINT (POLICE)

COMMONWEALTH OF PENNSYLVANIA

VS.

I, _____ **Officer Ronald E. Stiles** _____
(Name of Affiant)

of _____ **East Pennsboro Township Police** _____
(Identify department or agency represented and political subdivision)

residing at _____

do hereby state under oath or affirmation, to the best of my
knowledge, information and belief:

DEFENDANT (Name and Address):

⌐ **Barry Lee Shoop**
**Sandy Hollow Road R.D.# 1**
**New Bloomfield, Pa. 17068**
**D.O.B.** ▮▮▮▮▮▮ ⌐

(1) ☒☒ I accuse the above-named defendant, who lives at the address set forth above
or,

(Check applicable box) ☐ I accuse an individual whose name is unknown to me but who is described as _____

☐ His nickname or popular designation of is unknown to me
and, therefore, I have designated him herein as John Doe;

vehicle    _Wertzville Rd._ , Political subdivision)

with violating the ☒☒☒☒ laws of the Commonwealth of Pennsylvania at ___ **East Pennsboro Township**
at **4:20 P.M.**, in **Cumberland** _____ County on or about **Friday, December 27, 1974**
(if the date or day of week is an essential element of offense charged, the day or date must be specifically set forth.)

Participants were (if there were participants, place their names here, repeating the name of above defendant):

**Barry Lee Shoop**

(2) The acts committed by the occused were: • that he (she) did unlawfully then and there operate a __**Ford**__
**Truck** _____ bearing __**Penna.**__ _____ Registration Plates No. __**CC35-774**__ for 1974 ,
Validating Sticker No. _____ , for 19___, Operator's Plate No. **13-380-310** while
under the influence of intoxicating liquor or any narcotic drug or habit producing drug;

or

that he (she) permitted _____ , to operate a _____ ,
owned by _____ , or in _____ custody or control, bearing _____ ,
Registration Plates No. _____ for 19___, Validating Sticker No. _____ ,
for 19___, Operator's Plate No. _____ , while under the influence of intoxicating
liquor or narcotic or habit producing drug;

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly, or in
violation of _____ 1037 _____ and _____ ▮▮▮▮▮ _____ of the
(Section)                                                    (Sub-section)

Act of **1959, April 29,** _____ ☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒ of _____
P.L. 58, The Vehicle Code of Pennsylvania, as further amended. (75 P.S. 1037)         (Political Subdivision)

(3) I ask that a worront of arrest or a summons be issued and that the occused be required to answer the charges I have made.

EXECUTED this ____ **27 December** ____ doy of _____ 197 4

The information contained herein was received from ...**Ronald**
**E. Stiles**.............. of the **East Pennsboro**.......... Police **Dept.** _____ (Signature of Affiant)

and is believed by the affiant to be true and correct.
AND NOW, this date **December 27** _____ 1974 , I certify the complaint has been properly sworn to and executed
before me, and I believe the within affiant to be a responsible person and that there is probable cause for the issuance of
process.

____ **09-3-04** ____
(Magisterial District)

_____ (SEAL)
(Issuing Authority)

* Set forth a summary of the facts sufficient to advise the defendant of the nature of the offense charged. Neither the evidence nor the statute allegedly
violated need be cited, nor shall a citation of the statute allegedly violated, by itself, be sufficient.

### WAIVER
### (R140)

On _____ , 197 _____ , I appeared before _____ ,
Magisterial District _____ , who delivered to me a copy of the foregoing Complaint,
and I hereby waive preliminary hearing and consent to be bound over to court.

_____                                    _____
(Defendant)                              (Attorney for Defendant)

_____
(Address of Attorney)

JP Crim. Form 74-R133-Police                    **ORIGINAL**

# EXHIBIT H

8303833

||||||||||||||||||||||||||||||||||||||

3

COMMONWEALTH OF PENNSYLVANIA       5-26-83   F.A.

                            VS          4-5-83   DATE FILED

            CARL FARELI                 10-2-83   C.F.T.D.

JUDGE_____   CC NO. 8303833A

A,D.A._____   OTN NO.  B180216-1

DEFT._____   PRE-TRIAL DATE  5-16-83

REPORTER_____   ACTOR'S  Race  W  :  Sex  M

MINUTE CLERK_____   D.O.B._____  SOC SEC#_____
     Case No(s)-Name(s)
                                                    MAY 1 9 1983

1st Count:   BURGLARY  (Section 3502)

2nd Count:   THEFT BY UNLAWFUL TAKING OR DISPOSITION (Section 3921(a))

3rd Count:   RECEIVING STOLEN PROPERTY  (Section 3925)  Rep: W.WEXER

And Now AUG 25 1983 defendants          And now JAN 3 1 1985, ARD Program is
motions to Suppress are              Revoked by Reason Guilty Plea To CC P41/065#
hereby denied (See Order filed)

                        VIOLATION
                        COUNTY
                        CONSTABLE FEE
                        $                COUNTY
                        VOUCHER #        CONSTABLE FEE
                        FILE #           $ 2.25
                        143438           VOUCHER #
APPROVED FOR ARD        AMOUNT           00609-39
  SEE ORDER FILE        $ 154.00         FILE #
JUDGE Yahauser DATE 8-16-84  RESTITUTION 386-71
D.A. M.Tell DEFT. ATTY. Raymond Radawich  AMOUNT
REP. Carmerski                            $ 198.06
                                          RESTITUTION
                                          $ 150.00

                    COST PAID
                     (See Inside)

Date: _____ JAN 3 1 1985 _____ 19___

Courtroom No. _____

Before _____ T.A. Askaghar ____ Judge

_____ A. Michaeni ____ Trial A.D.A.

R Radakivich ___ Def. Attorney

_____ Whelen ____ Court Reporter

The Defendant present in open court
with counsel, pleads guilty to the
preferred charges in the within
in the within information.

X Carl Harem

Record verified by:

_____ Minute Clerk

JAN 3 1 1985 ___ 19___

On payment of costs of prosecution by County,
Defendant released on probation for a period
of Five (5) years den 6 Months probati For
in custody of Probation Officer upon conditions. This subject.
Defendant to reimburse County for costs. SEE
ORDER FILED. Clerk of Courts to set up
terms of payment and collect fine, costs and
restitution during probation period.

Defendant to pay costs to arranged by Chief of
Probation This Probation to run concurrent
with Probation at CC841/063A.

By the Court

W. Dugor, J.

IN THE COURT OF COMMON PLEAS
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

VS.

CARL FARELI

Criminal Action No:   CC 8303833A

The District Attorney of Allegheny County by this
information charges that on (or about) February 20,
1983 in the said County of Allegheny CARL FARELI
hereinafter called actor, did commit the crime or
crimes indicated herein; that is:

35020A    Count 1              BURGLARY              Felony 1

The actor entered a building or occupied structure or
separately secured or occupied portion thereof; namely,
the Supersonic Car Wash at 1535 Banksville Road, Pittsburgh,
with the intent to commit a crime therein, at a time
when the premises were not open to the public and the
actor was not licensed or privileged to enter, in
violation of Section 3502 of the Pennsylvania Crimes
Code, Act of December 6, 1972, 18 Pa. C.S. §3502.

39212A    Count 2              THEFT BY              Misdemeanor 1
                              UNLAWFUL TAKING
                              OR DISPOSITION

The actor unlawfully took or exercised unlawful control
over movable property, namely, a safe containing $212.00
in U.S. Currency, belonging to the Supersonic Car Wash,
with the intent to deprive the owner thereof in violation
of Section 3921(a) of the Pennsylvania Crimes Code, Act
of December 6, 1972, 18 Pa. C.S. §3921(a).

Page 1 of 2

39252A    Count 3              RECEIVING STOLEN          Misdemeanor 1
                                   PROPERTY

     The actor intentionally received, retained or disposed
     of movable property, namely, a safe containing $212.00
     in U.S. Currency, belonging to the Supersonic Car Wash,
     with no intent to restore it to the owner, knowing that
     such property was stolen or believing that it had
     probably been stolen, in violation of Section 3925 of
     the Pennsylvania Crimes Code, Act of December 6, 1972,
     18 Pa. C.S. §3925.

All of which is against the Act of Assembly and the peace
and dignity of the Commonwealth of Pennsylvania.

                                  _Robert Calulle & a Junge_
                                  Attorney for the Commonwealth

_B0459_  /_____ _May_ _____, 16 ,19 83_

Page 2 of 2

CC NO. ...8303833A...................

COMMONWEALTH OF PENNSYLVANIA

VS

CARL FARELI

RECEIPT OF COPY OF INFORMATION

I hereby certify that I have received a copy of the information
filed by the District Attorney in the above-captioned action.

// DEFENDANT

// DEFENDANT'S COUNSEL OF RECORD

SIGNATURE

5/26/83

DATE

| | COMPLAINT NUMBER OF OTHER PARTICIPANTS |
|---|---|

MAGISTERIAL DISTRICT NO.
*(Address)*

**CRIMINAL COMPLAINT (POLICE)**

I, _____ Arthur Day or ᴰdward Roberts _____

*(Name of Affiant)*

of _____ # 7 Station _____

*(Identify department or agency represented and political subdivision)*

**COMMONWEALTH OF PENNSYLVANIA**

(1) ☐ I accuse the defendant, who lives at the address set forth herein
or,
☐ I accuse an individual whose name is unknown to me but who is

*(Check applicable box)* described as _____

☒ His nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe;

with violating the penal laws of the Commonwealth of Pennsylvania at _____ City of pittsburgh

_____ in _____ Allegheny _____ County on or about _____ February 20, 1983

*(If the date or day of week is an essential element of offense charged, the day or date must be specifically set forth.)*

Participants were *(if there were participants, place their names here, repeating the name of above defendant):*

(2) The acts committed by the accused were: A   Burglary-3502, Theft-3921, R.S.P.-3925
That on or about February 20, 1983, in the County of Allegheny, unlawfully and feloniously did enter a certain building or occupied structure located at 1535 Banksville Road (Supersonic Car Wash) owned by Mark Segall with the intent to commit a crime therein:to-wit, the crime of theft of moveable property.
That on the day and year aforesaid, and in the aforesaid county, unlawfully and feloniously did take and exercise unlawful control over certain moveable property of another, to-wit: A safe containing $212.00 of the property of the Supersonic Car Wash with the intent to deprive them thereof.
That on the day and year aforesaid, and in the aforesaid county, unlawfully and feloniously did then and there intentionally receive certain moveable property as herein set forth of the property of Mark Segall then and there knowing property had been stolen or probably been stolen with the intent to deprive the owner thereof.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly.

(3) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made, and I swear to or affirm the within complaint upon my knowledge information and belief, sign it on _____, 19 _____, before _____, whose office is that of _____ 3502-3921-3923

COMMONWEALTH OF PENNSYLVANIA ) SS.
COUNTY OF ALLEGHENY )

Personally appeared before me on _____, 19_8_?_, the affiant above named who, being duly sworn (Affirmed) according to law, signed this complaint in my presence and deposed and said that the facts set forth therein are true and correct to the best of affiants knowledge, information and belief.                                                                                  (SEAL)

AND NOW, this date _____ 4-5 _____ 19_8_?_, I certify the complaint has been properly sworn to and executed before me, and that there is probable cause for issuance of process.                                                                          (SEAL)

*(Magisterial District)*
**ORIGINAL**

# PENNSYLVANIA COMMISSION ON SENTENCING

GUIDELINE SENTENCE FORM

## I. IDENTIFICATION

| OFFENDER'S NAME | OFFENDER'S SEX | | COMMISSION IDENTIFICATION |
|---|---|---|---|
| Carl Facey | ☒ MALE/ ☐ FEMALE | | 55803 |
| JUDGE'S NAME | OFFENDER'S RACE | | STATE IDENTIFICATION NUMBER |
| McKeGron | ☒ WHITE/ ☐ BLACK/ ☐ HISPANIC/ ☐ OTHER | | 152-07 981 |
| NAME OF PERSON COMPLETING FORM | COUNTY | DATE OF SENTENCE | DOCKET NUMBER |
| Hilanic | Allegh | 1/31/85 | 8303833 |

## II. PRIOR RECORD SCORE — DO NOT COMPLETE IF ONLY CURRENT CONVICTION IS DUI

| | PRIOR JUV. ADJUDICATIONS | PRIOR ADULT CONVICTIONS = | SUM | X | GUIDELINE POINTS | = | SUB TOTAL |
|---|---|---|---|---|---|---|---|
| A. MURDER | ___ + ___ = ___ | | | x | 3 | | |
| B. VOLUNTARY MANSLAUGHTER | ___ + ___ = ___ | | | x | 3 | | |
| C. RAPE | ___ + ___ = ___ | | | x | 3 | | |
| D. INVOL. DEVIATE SEXUAL INTER. | ___ + ___ = ___ | | | x | 3 | | |
| E. KIDNAPPING | ___ + ___ = ___ | | | x | 3 | | |
| F. ARSON (Endangering Person-Felony I) | ___ + ___ = ___ | | | x | 3 | | |
| G. ROBBERY (Felony I) | ___ + ___ = ___ | | | x | 3 | | |
| H. BURGLARY | ___ + ___ = ___ | | | x | 2 | | |
| I. AGGRAVATED ASSAULT (Felony II) | ___ + ___ = ___ | | | x | 2 | | |
| J. OTHER FELONY I's and FELONY II's. | ___ + ___ = ___ | | | x | 2 | | |
| K. FELONY DRUG OFFENSES | ___ + ___ = ___ | | | x | 2 | | |
| L. FELONY III's | ___ + ___ = ___ | | | x | 1 | | |
| M. WEAPON MISDEMEANORS | ___ + ___ = ___ | | | x | 1 | | |
| OTHER MISDEMEANORS | If 2 or 3 prior convictions, enter 1; If 4 or more enter 2 | | | | | | |

TOTAL (cannot exceed "6")      **PRIOR RECORD SCORE** = 0

### III. DUI

Number of PRIOR CONVICTIONS for DUI.

### IV. CURRENT CONVICTION

Check All Applicable:
☐ Negotiated Plea
☒ Non-neg. Plea
☐ Bench Trial
☐ Jury Trial

## V. GUIDELINES/SENTENCES

### CONVICTION NUMBER — 1

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|---|
| Burglary | 18 §3502 | F1 | B180216-1 | | 5 | 0 |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☒ NO ☐ YES-SPECIFY____ | IF YES ADD ENHANCED MONTHS TO GUIDELINE RANGES. SEE § 303.4 | 0 - 12 | 12 - 18 | N / C |

**SENTENCE IMPOSED:**
☒ PROBATION ___6.0___ MOS.
☐ COUNTY INCARCERATION MIN. ___MOS.
☐ STATE INCARCERATION MAX. ___MOS.
☐ FINE $ ___
☐ RESTITUTION $ ___
COMMENTS: ___

**SENTENCE UNDER:**
☐ Mandatory Law (check all applicable);
☐ Repeat Offender    ☐ Firearm
☐ Public Transportation    ☐ Other
☒ Minimum Guideline Range
☐ Aggravated Guideline Range — Complete Section VII
☐ Mitigated Guideline Range — Complete Section VII
☐ Outside Guideline Range — Complete Section VIII

**Note — If Consecutive Incarceration Sentences Are Imposed Complete Section VI**

### CONVICTION NUMBER — 2

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|---|
| Theft | 18 §3921 | M1 | B180216-1 | | 3 | 0 |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☒ NO ☐ YES-SPECIFY____ | IF YES - ADD ENHANCED MONTHS TO GUIDELINE RANGES. SEE § 303.4 | 0 - 12 | 12 - 18 | N / C |

**SENTENCE IMPOSED:**
☐ PROBATION ___ MOS.
☐ COUNTY INCARCERATION MIN. ___MOS.
☐ STATE INCARCERATION MAX. ___MOS.
☐ FINE $ ___
☐ RESTITUTION $ ___
COMMENTS: ___Suspended___

**SENTENCE UNDER:**
☐ Mandatory Law (check all applicable):
☐ Repeat Offender    ☐ Firearm
☐ Public Transportation    ☐ Other
☐ Minimum Guideline Range
☐ Aggravated Guideline Range — Complete Section VII
☐ Mitigated Guideline Range — Complete Section VII
☐ Outside Guideline Range — Complete Section VIII

**Note — If Consecutive Incarceration Sentence Are Imposed Complete Section VI**

### CONVICTION NUMBER — 3

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|---|
| RSP | 18 §3925 | M1 | B180216-1 | | 3 | 0 |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☒ NO ☐ YES-SPECIFY____ | IF YES - ADD ENHANCED MONTHS TO GUIDELINE RANGES. SEE § 303.4 | 0 - 12 | 12 - 18 | N / C |

**SENTENCE IMPOSED:**
☐ PROBATION ___ MOS.
☐ COUNTY INCARCERATION MIN. ___MOS.
☐ STATE INCARCERATION MAX. ___MOS.
☐ FINE $ ___
☐ RESTITUTION $ ___
COMMENTS: ___Suspended___

**SENTENCE UNDER:**
☐ Mandatory Law (check all applicable):
☐ Repeat Offender    ☐ Firearm
☐ Public Transportation    ☐ Other
☐ Minimum Guideline Range
☐ Aggravated Guideline Range — Complete Section VII
☐ Mitigated Guideline Range — Complete Section VII
☐ Outside Guideline Range — Complete Section VIII

**Note — If Consecutive Incarceration Sentences Are Imposed Complete Section VI**

AMB -1-31-85

AME OF ACTOR CARL FORELI NAME OF 4... ANT C... DATE O.
2-20-83 CCR#
ATE OF APPLICATION DATE OF VIOLATION(CRIME) WARRANT CONTROL NU

being Duly sworn (or affirmed) before me according to law, deposes and says that there is probable
to believe that the crime hereinafter mentioned was committed by the particular person hereinafter c
ed. Your affiant believes that probable cause existed to arrest based upon the following facts and
tances:

**WHEN:**

a) WHEN AFFIANT RECEIVED INFORMATION. 2-20-83, Statement by Actor Foreli,

b) WHEN THE SOURCE OF INFORMATION (POLICE
OFFICERS, INFORMANT, VICTIM OR CO-DEFENDANT 2-20-83. from Carl Foreli
OR DEFENDANT ETC.) RECEIVED INFORMATION. checked with #8 station to the report of this Crime.

**HOW:**

a) HOW AFFIANT KNOWS THIS PARTICULAR PERSON Defendants Admissions.
COMMITTED THE CRIME (PERSONAL OBSERVATIONS ON
INFORMATION RECEIVED AND/OR DEFENDANT'S Actor (s) Apprehended 2-20-83 in New left PK
ADMISSIONS) and/or with a Safe Belonging to Super-Sonic Car wash
Safe I.D by manager Mark Segall

b) HOW THE SOURCE OF INFORMATION KNOWS THIS Defendants Admissions to this crime
PARTICULAR PERSON COMMITTED THE CRIME
(PERSONAL OBSERVATIONS ON INFORMATION Also implicating (3) other actors to all the charges
RECEIVED AND/OR DEFENDANT'S ADMISSIONS) 3502, 3921, 3925,

c) HOW BOTH AFFIANT AND/OR SOURCE OF INFORMATION Defendants Admissions, Personal observation
KNOW THAT A PARTICULAR CRIME HAS BEEN
COMMITTED (PERSONAL OBSERVATIONS, INFORMATION of the Super Sonic Car wash And
RECEIVED AND/OR DEFENDANT'S ADMISSIONS) Information from the manager Mark Segal

3. **WHAT CRIME(S):** Burglary, Theft, Receiving Stolen Goods and Conspiracy

4. **WHERE CRIME(S) COMMITTED:** 1535 Banksville Rd Super-Sonic Car wash

5. **WHY AFFIANT BELIEVES THE SOURCE
OF INFORMATION (RELIABILITY):**

(i) SOURCE IS PRESUMED RELIABLE, i.e. OTHER Admissions by Defendant.
POLICE OFFICERS AND/OR EYEWITNESS OR VICTIM
OF CRIME AND/OR ADMISSIONS BY DEFENDANT OR
CO-DEFENDANT

(ii) SOURCE HAS GIVEN INFORMATION IN THE PAST
WHICH LED TO ARREST AND/OR CONVICTION (GIVE
NAME OF DEFENDANT IN PRIOR CASE, DATE AND
CRIME TYPE)

ii) DEFENDANTS REPUTATION FOR CRIMINAL ACTIVITY:

(iv) SOURCE OF INFORMATION MADE DECLARATION Made statements to Night Plainclothes
AGAINST HIS PENAL INTERESTS RELATING TO THE
ABOVE OFFENSE(S) Officers Frank Buterip. (was a 6hr arraignment.)

(v) AFFIANT AND/OR OTHER POLICE OFFICERS
CORROBORATED DETAILS OF THE INFORMATION.

5. STATEMENT OR ANY OTHER PERTINENT
INFORMATION WITHIN THE PERSONAL
KNOWLEDGE OF THE AFFIANT TO
JUSTIFY THIS APPLICATION:

SWORN TO and SUBSCRIBED before me this 5 day of April ,19 83

Arthur P. Guy
Signature of Affiant Signature and Seal of Issuing Autho

5440 Dealey Plaza, Pgh Pa 15146

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY CO., PENNSYLVANIA
## CRIMINAL DIVISION

| COMMONWEALTH OF PENNSYLVANIA | CRIMINAL ACTION NUMBER |
|---|---|
| VS.  Carl Faleri | 8411063 A |

### MOTION OF DISTRICT ATTORNEY FOR PARTIAL NOLLE PROSSE

The District Attorney of Allegheny County hereby moves for Nolle Prosse of the following charges only of the several charges held for Court in the above-captioned case for the reason or reasons listed below.

**CHARGES TO BE NOLLE PROSSED**      **CHARGE CODE**

3921 V

_____ EVIDENCE PROBLEMS      _____ WITNESS PROBLEMS

_____ PROSECUTORIAL MERIT LACKING      _____ SUPPRESSION PROBLEMS

_____ JURISDICTIONAL      _____ OTHER

EXPLANATION: _____

| JAIL | BAIL/ROR | NEI/BF | MH COMM. |
|---|---|---|---|

Date      Signature

ADA: _____      CODE

DATE: 1-16-84      APPROVED



8411063

SEE ORDER FILED FOR
PARTIAL NOLLE PROS

|  |  |
|---|---|
| | 1  F1 |

**COMMONWEALTH OF PENNSYLVANIA**

| 11-13-84 | F.A. |
|---|---|

vs

| 6-19-84 | Date Filed |
|---|---|

CARL FARERI

| 12-16-84 | C.F.T.D. |
|---|---|

Judge _____

A.D.A. _____

Deft. _____

Reporter _____

Minute Clerk _____

C.C. No. _____ 8411063A

O.T.N. No. _____ B236014-2

B.C.I. No. _____ 151476

Pre-Trial Date _____ 11-7-84

Actor's Race ____ W ____ Sex ____ M

D.O.B. ▮▮▮▮ SS# ▮▮▮▮

Place of Birth ____ NOV 0 9 1984

JAN 3 1 1985

**1st. Count:**   BURGLARY   (Section 3502)

**2nd. Count:**   CRIMINAL CONSPIRACY   (Section 903(a)(1)

Date: _____ JAN 3 1 1985 _____ 19____

3rd Count No. _____

Before _____ _____ Judge

_____ Trial A.D.A.

_____ Def. Attorney

_____ Court Reporter

The Defendant present in open court
with counsel, pleads guilty to the
preferred charges
in the within information.

X Carl Fareri

Record verified by

_____ Minute Clerk

On payment of costs of prosecution by County,
Defendant released on probation for a period .
of FIVE (5) YEARS Los 6 MONTHS CREDIT For Time
in custody of Probation Officer upon conditions.
Defendant to reimburse County for costs. SEE
ORDER FILED. Clerk of Courts to set up
terms of payment and collect fine, costs and
restitution during probation period.

Rebault to pay costs & his share of (½)
Restitution both as arranged by Clk of Courts

By the Court

M. Bregy J.

C O U ▮ ▮
CONSTABLE FEE
$ ▮▮▮▮
VOUCHER #

FILE
$ 3 4 35
ALGO SU
$ 185.00
BULL A FUN
$ 399.50

IN THE COURT OF COMMON PLEAS
COUNTY OF ALLEGHENY
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA

VS.

CARL FARERI

Criminal Action No: CC 8411063A

The District Attorney of Allegheny County by this
information charges that on (or about) February 14, 1983
in the said County of Allegheny CARL FARERI
hereinafter called actor, did commit the crime or
crimes indicated herein; that is:

35020A    Count 1              BURGLARY                Felony 1

The actor entered a building or occupied structure or
separately secured or occupied portion thereof; namely,
Joe Barone's Cafe at 146 Brownsville Road, Mt. Oliver,
with the intent to commit a crime therein, at a time
when the premises were not open to the public and the
actor was not licensed or privileged to enter, in
violation of Section 3502 of the Pennsylvania Crimes
Code, Act of December 6, 1972, 18 Pa. C.S. §3502.

Page 1 of 2

09031A    Count 2         CRIMINAL CONSPIRACY         Felony 2

The actor, with the intent of promoting or facilitating
the crime of burglary as charged above conspired and
agreed with Paul Schnelzer that they or one or more of
them would engage in conduct constituting such crime or
crimes, and in furtherance thereof did commit the overt
act of together committing the crimes in violation of
Section 903(a)(1) of the Pennsylvania Crimes Code, Act
of December 6, 1972, 18 Pa. C.S. §903(a)(1).

All of which is against the Act of Assembly and the peace
and dignity of the Commonwealth of Pennsylvania.

Attorney for the Commonwealth

B0459  /       November   ,  7  ,19  84
Page 2 of 2

C.C. No. _____ 8411063A _____

COMMONWEALTH OF PENNSYLVANIA

VS

CARL FARERI

RECEIPT OF COPY OF INFORMATION

I hereby certify that I have received a copy of the information filed by the District Attorney in the above-captioned action.

∕ /     DEFENDANT

/   /     DEFENDANT'S COUNSEL OF RECORD

SIGNATURE

_____ //-/3-84 _____
DATE

# PENNSYLVANIA COMMISSION ON SENTENCING

## SENTENCE FORM

### I. IDENTIFICATION

| | | | |
|---|---|---|---|
| OFFENDER'S NAME | OFFENDER'S SEX: ☒ OFFEN | 5. BIRTHDATE | COMMISSION IDENTIFICATION |
| FARRELL, CARL | ☒ MALE/ ☐ FEMALE | | 147410 |
| JUDGE'S NAME | OFFENDER'S RACE | | STATE IDENTIFICATION NUMBER |
| McGregor | ☒ WHITE/ ☐ BLACK/ ☐ HISPANIC/ ☐ OTHER | | 1520798/ |
| NAME OF PERSON COMPLETING FORM | COUNTY | DATE OF SENTENCE | DOCKET NUMBER |
| Ribenick | Allegheny | 1-31-85 | 8411063 |

**II. PRIOR RECORD SCORE — DO NOT COMPLETE IF ONLY CURRENT CONVICTION IS DUI.**

**III. DUI**

| | PRIOR JUV. ADJUDICATIONS | PRIOR ADULT CONVICTIONS | SUM | X | GUIDELINE POINTS | SUB TOTAL | |
|---|---|---|---|---|---|---|---|
| A. MURDER | + | = | | X | 3 | | Number of **PRIOR CONVICTIONS for DUI** |
| B. VOLUNTARY MANSLAUGHTER | + | = | | X | 3 | | |
| C. RAPE | + | = | | X | 3 | | |
| D. INVOL. DEVIATE SEXUAL INTER. | + | = | | X | 3 | | |
| E. KIDNAPPING | + | = | | X | 3 | | |
| F. ARSON (Endangering Person-Felony I) | + | = | | X | 3 | | |
| G. ROBBERY (Felony I) | + | = | | X | 3 | | **IV. CURRENT CONVICTION** |
| H. BURGLARY | + | = | | X | 2 | | |
| I. AGGRAVATED ASSAULT (Felony II) | + | = | | X | 2 | | |
| J. OTHER FELONY I's and FELONY II's. | + | = | | X | 2 | | **Check All Applicable** |
| K. FELONY DRUG OFFENSES | + | = | | X | 2 | | ☐ Negotiated Plea |
| L. FELONY III's | + | = | | X | 1 | | ☒ Non-neg. Plea |
| M. WEAPON MISDEMEANORS | + | = | | X | 1 | | ☐ Bench Trial |
| OTHER MISDEMEANORS | If 2 or 3 prior convictions, enter 1; If 4 or more enter 2 | | | | | | ☐ Jury Trial |

TOTAL (cannot exceed "6")     PRIOR RECORD SCORE = ☐ 0

### V. GUIDELINES/SENTENCES

**CONVICTION NUMBER – 1**

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|
| Burglary | 18 §3502 | F | B236014-2 | 5 | 0 |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☒ NO ☐ YES–SPECIFY | IF YES ADD ENHANCED MONTHS TO GUIDELINE RANGES SEE § 303.4 | 0 -12 | 12 -18 | N/C |

**SENTENCE IMPOSED:**

SENTENCE UNDER:

☒ PROBATION 60 MOS. ☐ Mandatory Law (check all applicable):

☐ COUNTY INCARCERATION MIN- MOS.   ☐ Repeat Offender   ☐ Firearm

☐ STATE INCARCERATION ☐ MAX- MOS.   ☐ Public Transportation   ☐ Other

☐ FINE $   ☒ Minimum Guideline Range

☐ RESTITUTION $   ☐ Aggravated Guideline Range – Complete Section VII

COMMENTS:   ☐ Mitigated Guideline Range – Complete Section VII

☐ Outside Guideline Range – Complete Section VIII

**Note – If Consecutive Incarceration Sentences Are Imposed Complete Section VI**

**CONVICTION NUMBER – 2**

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|
| Co. Conspiracy | 18 §903(L) | F-1 | B236014-2 | 4 | 0 |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☐ NO ☐ YES–SPECIFY | IF YES – ADD ENHANCED MONTHS TO GUIDELINE RANGES SEE § 303.4 | 0 -12 | 12 -18 | N/C |

**SENTENCE IMPOSED:**

SENTENCE UNDER:

☐ PROBATION MOS. ☐ Mandatory Law (check all applicable):

☐ COUNTY INCARCERATION MIN- MOS.   ☐ Repeat Offender   ☐ Firearm

☐ STATE INCARCERATION ☐ MAX- MOS.   ☐ Public Transportation   ☐ Other

☐ FINE $   ☐ Minimum Guideline Range

☐ RESTITUTION $   ☐ Aggravated Guideline Range – Complete Section VII

COMMENTS: Suspended   ☐ Mitigated Guideline Range – Complete Section VII

☐ Outside Guideline Range – Complete Section VIII

**Note – If Consecutive Incarceration Sentences Are Imposed Complete Section VI**

**CONVICTION NUMBER – 3**

| NAME OF OFFENSE | TITLE AND SECTION | GRADING | OTN | OFFENSE GRAVITY SCORE | PRIOR RECORD SCORE |
|---|---|---|---|---|---|
| | § | | | | |

| DEADLY WEAPON ENHANCEMENT | | MINIMUM RANGE | AGGRAVATED RANGE | MITIGATED RANGE |
|---|---|---|---|---|
| ☐ NO ☐ YES–SPECIFY | IF YES · ADD ENHANCED MONTHS TO GUIDELINE RANGES SEE § 303.4 | | | |

**SENTENCE IMPOSED:**

SENTENCE UNDER:

☐ PROBATION MOS. ☐ Mandatory Law (check all applicable):

☐ COUNTY INCARCERATION MIN- MOS.   ☐ Repeat Offender   ☐ Firearm

☐ STATE INCARCERATION ☐ MAX- MOS.   ☐ Public Transportation   ☐ Other

☐ FINE $   ☐ Minimum Guideline Range

☐ RESTITUTION $   ☐ Aggravated Guideline Range – Complete Section VII

COMMENTS:   ☐ Mitigated Guideline Range – Complete Section VII

☐ Outside Guideline Range – Complete Section VIII

**Note – If Consecutive Incarceration Sentences Are Imposed Complete Section VI**

9/84 AAB -1-31-85

PCS - 1

COPY A CLERK FILES

MAGISTERIAL DISTRICT NO. 05-_ .5. .

A.M. Scharding
*(Address)*
500 Brownsville Rd. 15210

**CRIMINAL COMPLAINT (POLICE)**

**COMMONWEALTH OF PENNSYLVANIA**

I, ____ Greg Schank or Ray Leive
*(Name of Affiant)*

of ____ Mt. Oliver Police
*(identify department or agency represented and political subdivision)*

VS.

**DEFENDANT**

(1) ☒ I accuse the defendant, who lives at the address set forth herein
or,
☐ I accuse an individual whose name is unknown to me but who is

*(Check applicable box)* described as _____

☐ His nickname or popular designation is unknown to me and, therefore, I have designated him herein as John Doe;

with violating the penal laws of the Commonwealth of Pennsylvania at ____ Mt. Oliver
in ____ Allegheny ____ County. on or about ____ February 14, 1983
*(if the date or day of week is an essential element of offense charged, the day or date must be specifically set forth.)*

Participants were *(if there were participants, place their names here, repeating the name of above defendant):*
Carl Ferrare & Paul Schnelzer

(2) The acts committed by the accused were: A ____ Burglary-3502 & Conspiracy-903

That on or about February 14, 1983, in the County of Allegheny, unlawfully
and feloniously did enter a certain building or occupied structure
located at 146 Brownsville Rd. (Joe Barone's Cafe) owned by Joe Barone
with the intent to commit a crime therein, to-wit: The crime of theft
of moveable property.
That on the day and year aforesaid, and in the aforesaid county, unlawfully
and feloniously within the past two years did agree with Paul Schmelzer
that they would engage in conduct which would constitute such crimes
and did an overt act in pursuance thereof, to-wit: Carl Ferrare and
Paul Schnelzer did agree to enter the afore mentioned place of business
in an unlawful manner and remove cash and cigarettes valued at $799.00.

10/26/84 Amended to include Theft - Sec 3921. A. C.C.

all of which were against the peace and dignity of the Commonwealth of Pennsylvania and contrary to the Act of Assembly.

(3) I ask that a warrant of arrest or a summons be issued and that the accused be required to answer the charges I have made, and
I swear to or affirm the within complaint upon my knowledge, information and belief, sign it on ____ 6-19 19 84, before ____
3502-903 DISTRICT MAGISTRATE
whose office is that of ____

**COMMONWEALTH OF PENNSYLVANIA** }  SS.
**COUNTY OF ALLEGHENY** }

Personally appeared before me on ____ 6-19-84 ____, 19____, the affiant above named who, being duly sworn (Affirmed) according
to law, signed this complaint in my presence and deposed and said that the facts set forth therein are true and correct to the best of affiants
knowledge, information and belief. ____ (SEAL)
*(Issuing Authority)*

AND NOW, this date ____ 6-19-84 ____ 19____, I certify the complaint has been properly sworn to and executed before me, and
that there is probable cause for issuance of process. ____ (SEAL)
*(Magisterial District)* ____ *(Issuing Authority)*

**ORIGINAL**

SEE REVERSE SIDE FOR WAIVER AND FOOTNOTES

**EXHIBIT I**

3272

| STATE OF WISCONSIN | COUNTY COURT | WOOD COUNTY |
|---|---|---|

STATE OF WISCONSIN,

Plaintiff,

vs.

CHARLES EUGENE SPANGLER,

Defendant.



I, Thomas W. McLean, District Attorney in and for Wood County, Wisconsin, do hereby respectfully inform the Court that the above-named Defendant, Charles Eugene Spangler, in the Town of Cameron, in said Wood County, Wisconsin, on or about the 2nd day of November, 1963, he being a married person, did have sexual intercourse with a person not his spouse, to-wit: Carole Ann Wickman, contrary to the provisions of Section 944.16 (1) of the Wisconsin Statutes Revised, and against the peace and dignity of the State of Wisconsin.

Dated at Wisconsin Rapids, Wood County, Wisconsin, this 24 day of November, 1963.

Thomas W. McLean
District Attorney
Wood County, Wisconsin

3272

**State of Wisconsin, Branch 2, County** ............ **Court, For Wood County.**

STATE OF WISCONSIN,
Plaintiff,
vs.

CHARLES EUGENE SPANGLER
Defendant

SENTENCE AND CERTIFICATE

FILE
DEC 4 1963

JASPER G. JOHNSON
CLERK OF COURTS
W : COUNTY - W.

At a term of this Court held at the Court House in the City of Wisconsin Rapids, Wisconsin, on the 9th day

of December , 19 61 before the Hon. Fred A. Fink Judge, presiding.

Said defendant after pleading guilty to ...............
(guilty or, only committed to, or not guilty or)

the crime of adultery ..................

in violation of Section 944.16 (1) of the Wisconsin Statutes of 19 61, and the Court having found and
adjudged the defendant guilty.

It is the judgment and sentence of this Court that you Charles Eugene Spangler .................

the said defendant, be punished by paying a fine of $200.00 and costs of $8.50 or ...............
(payment of fine and costs imprisonment to jail, adultery or prison)

be confined in the Wood County Jail .................

at Wisconsin Rapids .................., Wisconsin.

For the indeterminate term of thirty (30) days .................

and that such sentence shall commence at noon this 9th day of December , 19 61.

By the Court:

_Fred A. Fink_
Judge

TRAFFIC BRANCH COUNTY COURT

State Case("J" County Case( ) City, Case( )

NAME Charles Eugene Spangler

Forfeiture      $ 200 <sup>∞</sup>

Fees            $

Costs           $ 8 ⁰⁰

Traffic School (   )

Property Damage (   )

CC-3

| 3073 | STATE OF WISCONSIN | vs | SPANGLER, Charles | |
|---|---|---|---|---|
| NUMBER | DEFENDANT | | PLAINTIFF | |

DATE FILED 4-30-65  TERM  YEAR 19 65  COMPLAINT VOL. 27  PAGE 370

DATE OF CONVICTION  6-14-65  INFORMATION VOL. 5  PAGE 183

ATTORNEY FOR DEFENDANT  William Robson  INFORMATION FILING DATE

OFFENSE (1) Statutory Rape  (2) Contribute to Delinquency of Minor

DISPOSITION PLEA TO CT. #1 - GUILTY, Count #2, dismissed for failure to prosecute. Court sentences defendant to State Reformatory at Green Bay for indetermined period not to exceed five (5) years. Execution stayed and defendant placed on probation to S.D.P.W. for five (5) years. Defendan to pay costs of proceedings.

Volume
page 370

DEC/14/2017/THU 12:28 PM   Rock Co Clk of Court   FAX No. 608-743-2223   P. 003

STATE OF WISCONSIN
ROCK COUNTY

County Court Branch 3

STATE OF WISCONSIN

vs.                                     #3073

CHARLES SPANGLER

April 7, 1965, Complaint of Archie Divine being duly sworn on information & belief that on the 4th day of April,
1965, at the Township of Plymouth, in said County of Rock and State of Wisconsin;

### COUNT ONE

the said CHARLES SPANGLER, being a male person did feloniously have sexual intercourse with a female,
to-wit: being a female of the age of 15 years, knowing at the time that said female was not his wife,
contrary to Section 944.10 (2) of the Wisconsin Statutes:

### COUNT TWO

That on the 4th day of April, 1965, at the Township of Plymouth, in said County of Rock and State of Wisconsin,
the said CHARLES SPANGLER, being a person eighteen (18) years of age or older, did unlawfully and intentionally
contribute to the delinquency of a minor child, to-wit: a child of the age of 15 years contrary to Section
947.15 (1) (a) of the Wisconsin Statutes;

all against the peace and dignity of the State of Wisconsin;

Warrant issued.

April 30, 1965, case called. Hon. Edwin C. Dahlberg presiding.
Assistant District Attorney Samuel Loizzo appearing for the S ate of Wisconsin.
Defendant appearing in person.
Warrant returned and filed. Complaint read to defendant.
Defendant advised of Panalty.
Defendant advised of right to Preliminary Hearing and right to attorney.
Matter continued to May 3, 1965 at 9 a.m.     BOND - Five-Thousand ($5000.00)   COMMITTMENT ISSUED

May 3, 1965, case called. Hon. Edwin C. Dahlberg presiding.
Assistant District Attorney Robert J. Ruth appearing for the State of Wisconsin.
Defendant appearing in person, and by William Robson, his attorney.
Copy of complaint served on William Robson.
William Robson requests Preliminary Hearing.
Preliminary Hearing - May 17, 1965 at 10:30 A.M.  In Court III.  Ten day period waived.
BOND - Five Thousand ($5000.00)     COMMITTMENT ISSUED

May 17, 1965, case called. Hon. Edwin C. Dahlberg presiding.
Assistant District Attorney Robert Ruth appearing for the State of Wisconsin.
Defendant appearing in person, and by William Robson, his attorney.
Preliminary Hearing held:     Testimony taken by Court Reporter and filed.  Upon Testimony taken Court finds
probable cause to believe felony has been committed and probable cause to believe defendant committed felony
Defendant bound over for Trial and File Information by District Attorney.
Matter continued to May 24, 1965 at 9 a.m.     BOND CONTINUED

May 24, 1965, case called. Hon. E win C. Dahlberg presiding.
Assistant District Attorney Robert Ruth appearing for the State of Wisconsin
Defendant appearing in person, and by William Robson, his attorney.
Information Filed by District Attorney Charge Statutory Rape.

SEE INFORMATION DOCKET   VOL. 5   PAGE 183

Volume 5

page 183

STATE OF WISCONSIN
ROCK COUNTY

COUNTY BRANCH III Court of the City of Beloit

STATE OF WISCONSIN

vs.

#3073

CHARLES APANGLER

INFORMATION FILED ALLEGES AS FOLLOWS:

I, Robert J. Ruth, Assistant District Attorney in and for the County of Rock, State of Wisconsin
do hereby inform the Court, that on the 4th day of April, 1965, at the Township of Plymouth, in said County of
Rock and State of Wisconsin, the said CHARLES SPANGLER, being a male person, did feloniously have sexual
intercourse with a female, to-wit: being a female of the age of 15 years, knowing at the time that said
female was not his wife, contrary to Section 944.10 (2) of the Wisconsin Statutes;

all against the peace and dignity of the State of Wisconsin.

Dated this 24th day of May, 1965.

/s/ ROBERT J. RUTH
Assistant District Attorney

PLEA TO INFORMATION:  GUILTY

Upon motion of District Attorney, Count #2 of Complaint Dismissed for failure to prosecute.
Court orders Pre-sentence investigation.  Comtinued to June 14, 1965 at 9 a.m. for Sentence
Defendant remanded to custody of sheriff.  COMMITTMENT ISSUED
May 24, 1965, case called.  Hon. Edwin C. Dahlberg presiding.
Assistant District Attorney Robert J. Ruth appearing for the State of Wisconsin.
Defendant appearing in person, and William Robson as his attorney.

June 14, 1965, case called.  Hon. Edwin C. Dahlberg presiding.
Assistant District Attorney Robert J. Ruth appearing for the STate of Wisconsin.
Defendant appearing in person, and by William Robson, his attorney.
FOR SENTENCE:  Court sentences defendant to State Feformatory at Green Bay for indeterminate period not to
exceed five (5) years.  Execution stayed - Probation to S.D.P.W.  five (5) years.  Defendant to pay costs of
proceedings.

Division of Corrections
DOC-20 (Rev. 8/84)

AMENDED I

Wisconsin Statutes
Section 973.09

JUDGMENT OF CONVICTION
SENTENCE WITHHELD, PROBATION ORDERED
AMENDED II

STATE OF WISCONSIN,                    Plaintiff     STATE OF WISCONSIN, Circuit Court Branch _____
v.

Charles Spangler
                                       Defendant     County _____Jackson_____

_____ Defendant Date of Birth     Court Case No. ___85-CR-116_____

The defendant entered his/her plea of     ☐ guilty     ☐ not guilty     ☒ No contest;

The    ☐ Court     ☐ Jury found the defendant guilty of:

| Crime(s) | | Wis. Statute(s) Violated | Felony or Misdemeanor (F or M) | Class (A-E) | Date(s) Crime Committed |
|---|---|---|---|---|---|
| Possession of a Firearm | | 941.29 | F | E | 3-22-85 |
| Resisting an Officer | | 946.41(1) | M | | 3-22-85 |

NOV 1 2 1985

CLERK OF COURTS
CLAUDIA SINGLETON

committed in this County; and

On ___11-11-85_____, the Court inquired of the defendant why sentence should not be pronounced, and no sufficient grounds to the contrary being shown or appearing to the Court, and the Court having accorded the district attorney, defense counsel, and the defendant an opportunity to address the Court regarding sentence; and upon all the evidence, records, and proceedings, the Court pronounced findings and judgment as follows:

IT IS ADJUDGED that the defendant on ___10-28-85_____ was convicted as found guilty:

IT IS DETERMINED that society will not be harmed and the defendant will benefit by being placed on probation pursuant to Sec. 973.09, Wis. Stats.;

IT IS ADJUDGED that sentence is withheld and the defendant is placed on probation for the period of _____
__3 years___, in the custody and control of the Wisconsin Department of Health and Social Services, subject to its rules and orders pursuant to Sec. 973.10, Wis. Stats.;

IT IS DETERMINED AND ORDERED that the record requires court-imposed conditions as follows:
☐ None     ☐ As ordered below:
That the defendant has the ability to pay within that period the amounts ordered herein. Should his/her financial condition change, s/he shall forthwith petition this Court for reconsideration of such conditions.
Fines:          ☒ None  ☐ $ _____; Court Costs: ☐ None  ☒ $ __20.00_____;
Attorney Fees: ☒ None  ☐ $ _____; Restitution: ☒ None  ☐ $ _____;
Other:         ☒ None  ☐ $ _____;
Mandatory          ☒ Felony __30.00__ (# counts) @ $30.00     Amount  $ _____;
Victim/Witness Surcharge ☐ Misdemeanor __20.00__ (# counts) @ $20.00     Amount  $ _____;
(Sec. 973.045 Wis. Stats.)  Paid  ☐ Yes Amount $ _____;  ☐ No

That the defendant shall be incarcerated in the County Jail for the following periods:
☐ None     ☒ The period of ___100 days_____; and

said sentence to be served in Clark County.
Jail term to commence 11-12-85 at 8:00 A.M.  Defendant can serve time in
Manitowoc County if they will accept him.  Work release privileges allowed.
No alcohol consumption whatsoever. Defendant must not go in any taverns.
Alcohol Assessment and treatment ordered.  Court ordered in-patient treatment at
RiverWood Center, St. Croixdale Hosital, Prescott, Wisconsin,  In patient treatment

IT IS FURTHER ORDERED that the defendant shall pay surcharges pursuant to Sec. 973.09(1)(b), Wis. Stats.;  will count
                                                                                                against jail term.
AMEND II 05-15-87 IS ADJUDGED __21__ days sentence credit are due pursuant to Sec. 973.155, Wis. Stats., and shall be
credited if probation is revoked. Jail time reduced to 70 days with credit for 21 days served
Leaves 49 days to be served in the Jackson County Jail with work release privileges.
Obey all rules as prescribed by Division of Corrections. Elva Larson, Deputy, Clerk
                                                                                                of Court

| BY ORDER OF THE COURT: Signature of Judge, Deputy or Clerk of Court | |
|---|---|
| (affix seal) | _Claudia Singleter_ |
| Name of Judge | Date Signed |
| James Rice | 11-11-85 |
| Name of Defense Attorney | Name of District Attorney |
| John Brinkman | Michael McAlpine |

IMPORTANT-CLERK OF COURT PLEASE NOTE:  Send the following to the local Probation and Parole Office – two copies of this Judgment; two copies of the defendant's Probation Questionnaire (form DOC-38), and one copy of the Criminal Complaint.

56

**EXHIBIT J**

**Robert M. Gordon, Ph.D., ABPP**
**Board Certified in Clinical Psychology and in Psychoanalysis**
**Clinical and Forensic Psychology**
**1259 South Cedar Crest Boulevard, Suite #325**
**Allentown, Pennsylvania  18103-6261**
**610.417.0501**
**rmgordonphd@gmail.com  www.mmpi-info.com**

### Psychological Evaluation
### (Confidential)

**Name:** Edward A. Williams
**Age:**   50
**Psychologist:**   Robert M. Gordon, Ph.D. ABPP
**Place of Examination:**  Office of RMG
**Date of Examination:** August 7, 2018
**Report Date:** 9/10/18

**Referral Issue:** This assessment is to determine if Mr. Williams is fit to be allowed to own, possess, carry, and use a firearm without risk to him or any other person.

**Procedures:**
- Document Review
- Forensic History Form
- Brief Psychiatric Rating Scale
- Montreal Cognitive Assessment (MOCA)
- Minnesota Multiphasic Personality Inventory -2 (MMPI-2);
- Violence Risk Appraisal Guide- Revised (VRAG-R)
- Psychopathic Check List- Revised (PCL-R)
- Psychodiagnostic Chart (PDC-2)

**Informed Consent and Confidentiality waiver:**
The examiner reviewed the meaning of the Informed Consent and Confidentiality waiver.  Mr. Williams read it and signed it.

### Documents Reviewed in Forming My Opinion

1. 

2- Final Disposition Date 2004-09-07

1

**SUBJECT TO PROTECTIVE ORDER**

Charge Literal DUI OF ALCOHOL OR CONTRL SUBST
Charge Description
Statute DUI OF ALCOHOL OR CONTRL SUBST (VC3802
Pennsylvania)
State Offense Code VC3802
Counts 1
Severity
Inchoate Charge
Disposition (Convicted 2006-06-15; FOUND GUILTY/ COUNTY
PRISON/ 90 DYS - 002 YRS)

2. **Compressed Transcript of the Testimony of EDWARD A. WILLIAMS, 5/8/18:**
"Page 9
Q. How many people have you been
2  married to?
3  A. One.
4  Q. Are you currently married to that
5  person?
6  A. Yes.
7  Q. Who is that person?
8  A. Kimberly Williams.
9  Q. When did you get married to
10  Kimberly Williams?
11  A. 1993.
12  Q. You said you're currently married;
13  right?
14  A. Yes.
15  Q. Do you have any children?
16  A. One child.
17  Q. How old is your kid?
18  A. 13.
19  Q. What's your kid's name?
20  A. Nia, N-I-A.
21  Q. Does Nia live with you?
22  A. Yes.
23  Q. Let's dig into your employment
24  history a little bit more just to make sure I
25  have a clear understanding. Let's start from
Page 10
1 as far back as we can go.
2 Do you recall what your
3 first employment position was?
4 A. At the age of 14?
5 Q. Sure. Let's go for it. This is
6 going to be a long trip down memory lane, but I
7 assure you it should be fun.
8 A. McDonald's in high school.
9 Q. How about after that?
10 A. It would be in college then. It was
11 a diner and a Wendy's.
12 Q. How about after those?

2

**SUBJECT TO PROTECTIVE ORDER**

13 A. Then I moved here to Philadelphia
14 and I've been with The Vann Organization ever
15 since.
16 Q. Where did you move to Philadelphia
17 from?
18 A. State college.
19 Q. From college?
20 A. Yes.
21 Q. Were you originally from
22 Philadelphia?
23 A. New York.
24 Q. So whenever you moved to
25 Philadelphia from State College, you started
Page 11
1 working at The Vann Organization; right?
2 A. Yes.
3 Q. What year was that?
4 A. 1992.
5 Q. I understand you have an assortment
6 of positions with The Van Organization, but how
7 has that changed over time since you've worked
8 for them in 1992?
9 A. Just expanded the roles. Taking on
10 more projects that are different
11 responsibilities. I started out as an
12 inspector and then I would be considered a
13 senior construction manager.
14 Q. Did you have any other titles in
15 between those titles, inspector and senior
16 construction manager?
17 A. Consultant basically.
18 Q. How about any other employment
19 since 1992?
20 A. I worked part-time at a firing
21 range and pistol shop…"

"Page 17
7 Q. When did you learn Mr. Williams
8 that you could not own a gun?
9 A. 2014.
10 Q. Do you recall what it was that
11 caused you to learn that?
12 A. I had applied for my license to
13 carry and I got denied. I hired an attorney who
14 wrote some letters for me and the Pennsylvania
15 State Police finally confirmed the decision
16 that I couldn't hold, according to the state
17 laws, hired Joshua Prince and his firm, and
18 after checking, they determined that I
19 shouldn't have anything in my possession…"
"Page 18

3

SUBJECT TO PROTECTIVE ORDER

"Page 21-22
Q. Me too.
14 Do you have any pending or
15 outstanding criminal charges in any other
16 state?
17 A. No.
18 Q. Do you have any pending or criminal
19 charges in Pennsylvania?
20 A. No.
21 Q. Do you use or are you addicted to
22 any controlled substance alcohol other than
23 alcohol or tobacco?
24 A. No.
25 Q. Have you ever used any elicit
Page 22
1 drugs?
2 A. No.
3 Q. Have you ever used prescription
4 medications, but for a nonmedical purpose?
5 A. No.
6 Q. Do you know whether you're using
7 any controlled substances today?
8 A. No, I'm not."

"Page 23
12 Q. Have you ever had a restraining
13 order against you?
14 A. No.
15 Q. Have you ever been charged with any
16 crime with respect to domestic violence?
17 A. No.
18 Q. Have you ever been investigated for
19 engaging in domestic violence at all?
20 A. No."

"Page 24-25
17 Q. Have you ever been arrested for
18 anything else?
19 A. A retail theft.
20 Q. When was that?
21 A. In the '90s. '89 or '90.
22 Q. How were those charges ultimately
23 handled?
24 A. I had to pay a fine.
25 Q. Were you found guilty of the retail
1 theft?
2 A. I pleaded guilty and paid the fine.

4

SUBJECT TO PROTECTIVE ORDER

3 Q. Do you recall where that was
4 located?
5 A. That was in State College.
6 Q. Can you tell me about what happened
7 that caused you to get charged with retail
8 theft?
9 A. Dumb I guess fraternity stuff that
10 I never ended completely pledging, given a
11 bunch of tasks and I chose the wrong task.
12 Q. More trouble than it's worth?
13 A. Yes. It was a $2.00 thing of some
14 type of hair gel.
15 Q. Did you serve any time for the
16 retail theft?
17 A. No.
18 Q. Have you ever been arrested for any
19 other offense?
20 A. No."

"Page 31
Q. We'll take a look at those later
5 then too.
6 Do you recall what
7 punishment you received for the 2004 DUI?
8 A. Yes, probation, the fines, maybe a
9 year suspension on my driver's license.
10 Q. How about the house arrest?
11 A. Yes, house arrest.
12 Q. Do you recall why you ended up
13 getting house arrest?
14 A. I believe it had something to do
15 with some of my medical history. The things I
16 was going through back then.
17 Q. Do you recall how many days of
18 house arrest it was?
19 A. It was 90."

"Page 33
16 Mr. Williams, have you ever
17 seen a mental health professional?
18 A. No.
19 Q. Have you ever been treated for
20 alcohol or substance abuse?
21 A. No.
22 Q. During this 2001 to 2004 time
23 period, were you having trouble with alcoholism
24 at all?
25 A. No."

"Page 34-36
Q. So starting in 2001 through this

5

SUBJECT TO PROTECTIVE ORDER

13 2004/2005 time frame, was your usage of alcohol
14 different than it is today?
15 A. Yes.
16 Q. How different was it?
17 A. Then it was social drinker or
18 occasionally.
19 Q. This is from 2001 to 2005?
20 A. Yes.
21 Q. How did that change in 2005?
22 A. Decided to stop. My daughter is
23 now here, and didn't want to run the risk of
24 having another DUI worse than hurting myself or
25 killing myself or somebody else. It got to a
Page 35
1 point where I decided to do other things
2 besides happening out at the bars.
3 Q. It sounds like you still I think
4 you mentioned you still have an occasional
5 drink here and there. Did that start at a
6 particular period of time or did that start in
7 2005 and continue through today?
8 A. No. That might have started a
9 little while later. I decided to get a bottle
10 of champagne for New Year's. If I visit family
11 in North Carolina, like I said, recently there
12 was a death in the family and I hadn't seen a
13 bunch of cousins. We all got together and had a
14 couple of drinks at the house.
15 Q. Outside of those particular
16 circumstances between 2005 and today, has there
17 ever been a time where you've had more alcohol
18 to drink than that?
19 A. No.
20 Q. Have you ever driven under the
21 influence of alcohol since 2005?
22 A. No.
23 Q. Have you ever been pulled over for
24 being under the influence of alcohol since
25 2005?
Page 36



5 A. No.
6 Q. Have you ever used your firearms
7 while under the influence of alcohol?
8 A. No.
9 Q. Have you ever gotten into a
10 physical altercation with anyone?
11 A. No.

6

SUBJECT TO PROTECTIVE ORDER

12 Q. Never punched anybody before?
13 A. In high school.
14 Q. After high school?
15 A. No. My last fight was in high
16 school.
17 Q. Ever had any criminal issues with
18 respect to your use of firearms?
19 A. No."

**3.  Exhibit List to Petitioners' Motion for Summary Judgment**

Exhibit A: Pennsylvania State Police Background Check
Exhibit B: Certified Sentencing Order *Commonwealth v. Edward Williams*

**4.  Dr. Daniel William Webster CV**

**5.  Expert Report of Daniel Webster, ScD July 11, 2018**

"In a seminal study using data on over 7,000 individuals from the National Institute of Mental Health's Epidemiologic Catchment Area Surveys in Durham, NC and Los Angeles, CA, Dr. Jeffrey Swanson examined the association between the onset of mental illnesses and alcohol abuse disorders and risks for subsequent violence.xxii The one-year prevalence of committing acts of violence was 15 to 24 percent for those with alcohol abuse disorder alone and 20 to 24 percent among those who abused alcohol and had a major mental illness...Swanson and colleagues used NCS-R data to examine the relationship between the confluence of firearm access and impulsive angry behavior in relation to abuse of alcohol or illicit drugs.xxiii The impulsive behaviors captured in the study included survey respondents' affirmative responses to one or more of the statements: "I have tantrums or angry outbursts," "Sometimes I get so angry that I break or smash things," and "I lose my temper and get into physical fights." Approximately 1.5% of the study sample exhibited one or more of these angry and impulsive behaviors and also either carried a firearm outside the home or keeping firearms in the home. Persons with substance abuse disorders were 2.4 times more likely to have explosive anger and carry a firearm outside the home and 2.7 times more likely to have explosive anger and keep a firearm in the home..."

While Dr. Webster presents some valid correlational research on groupings of individuals, it has a relatively small predictive value in generalizing to groups and does not predict the effect of two DUI's from 14-18 years ago, especially where the individual has no history of aggression. As Dr. Webster did not assess Mr. Williams, these generalizations are not relevant to this particular case, as any applicability would require an independent evaluation of the particular person. As set forth in this forensic report, I have assessed Mr. Williams, after reviewing all of the documents, performing a battery of tests and reviewing the results of the test and conclude, to a reasonable degree of psychological certainty, that the research relied upon by Dr. Webster is not applicable to Mr. Williams.

Furthermore, Dr. Webster's report has several additional deficiencies and erroneous conclusions as it relates to Mr. Williams. Those include:

1.  The report is premised on individuals who suffer from alcohol or abuse issues; however, there is no evidence of record that Mr. Williams currently suffers from any alcohol abuse or dependency issues and Dr. Webster does not contend – nor could he in the absence of performing a battery of tests on Mr. Williams – that Mr. Williams has an alcohol abuse or dependency issue.

2.  The report contends that there exists a statistical significance in relation to the reduction of future

7

**SUBJECT TO PROTECTIVE ORDER**

violent crime when *those previously convicted of a violent crime* were barred from purchasing a handgun; however, there is no evidence of record that Mr. Williams was ever even charged with, let alone convicted of, a violent crime.

3.  The report contends that only 54% of repeat DUI offenders have alcohol dependency issues, leaving 46% without a dependency issue.

4.  The report fails to support a finding that alcohol-impairment and alcohol abuse are causal to unintentional firearm injuries or deaths, as it acknowledges a lack of data supporting that contention.

5.  The report contends that individuals *previously convicted of a misdemeanor crime of violence* are more likely to commit a violent crime in the future and then attempts to opine that the prohibitions against individuals, like Mr. Williams, prove a public safety benefit, even though Mr. Williams has never been convicted of a crime of violence. Further, one study relied upon by Dr. Webster reflected that "[t]here was no difference between the two groups in their rate of committing nonviolent crimes, suggesting that the difference observed in crimes involving firearms and/or violence…[was] more likely due to violent misdemeanants being prohibited and denied from purchasing a handgun."

6.  The report fails to show any link between preventing individuals convicted of a single DUI, such as Mr. Williams, and "preventing armed mayhem" as required by *Binderup v. U.S. Attorney General*, 836 F.3d 336, 353 (3d Cir. 2016)(*en banc*).

6.  **Complaint:**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | |
| | : | |
| **v.** | : | Civil Action No. _____ |
| | : | |
| **JEFF SESSIONS,** | : | |
| Attorney General of the United | : | |
| States | : | |
| | : | |
| **THOMAS E. BRANDON,** | : | |
| Acting Director, Bureau of Alcohol, | : | |
| Tobacco, Firearms, and Explosives | : | |
| | : | |
| **JAMES B. COMEY,** | : | Complaint – Civil Rights |
| Director of the Federal Bureau of | : | |
| Investigation | : | |
| | : | |
| **UNITED STATES OF** | : | |
| **AMERICA,** | : | |
| Defendants | : | |

8

SUBJECT TO PROTECTIVE ORDER

"c. Is not under indictment;
d. Has never been convicted of a felony or misdemeanor crime of
domestic violence;
e. Has only once been convicted of a crime punishable by more than one
(1) year;
f. Is not a fugitive from justice;
g. Is not an unlawful user of, or addicted to, any controlled substance;
h. Has not been adjudicated a mental defective or been committed to a
mental institution;
i. Has not been discharged from the Armed Forces under dishonorable
conditions;
j. Has never renounced his citizenship; and,
k. Is not the subject of a restraining order relating to an intimate partner..."

21. As reflected on Mr. Williams's background check, his 2004 DUI is his only
criminal conviction. Id.
22. As a result of his conviction, Mr. Williams was placed under house arrest
with electronic monitoring for 90 days and ordered to pay costs, a fine of
$1,500.00, and complete any recommended drug and alcohol treatment..."

**7.  Declaration of Edward A. Williams 13-10-17, 5-8-18 (Doc. 9-5 and Deposition Exhibit Williams-3)**

**8.  Court and Police Records**

These include the court and police records relating to Mr. Williams, as well as, the convictions and grants
of federal firearms relief of John Kraszewski, 57 Fed. Reg. 6160-02, Kim Blake, 54 Fed. Reg. 33108-02,
and Barry Shoop 42 Fed. Reg. 21156.

### Behavioral Observations

Mr. Williams came early for his assessment. He was pleasant and cooperative. He was well
oriented and performed with consistent effort.

### Forensic Interview

Mr. Williams stated that that he was born in Manhattan N.Y. and was raised in the Bronx by his
mother. He said that he always enjoyed a wonderful relationship with his mother. His parents
divorced when he was 9 years old. He has not been close with his father. His mother remarried
while he was in college. Neither of his parents had mental health, substance abuse or a criminal
history. His mother went to college and is an RN. His father graduated High School. Mr.
Williams is the oldest. He has a half brother and a half sister. His younger brother spent jail time
for bank robbery. Mr. Williams reports no childhood traumas. He liked school and got straight
A's. He was 13 credits short graduating college when he was offered a job he has since been at
for 25 years. He reports no treatment for mental health issues. He reports a kidney disease for
which he must have regular dialysis. Married for 23 years, one child. No domestic abuse issues.
Arrested in about 1988 or 1989 when he was about 19. His college fraternity told him to get some

9

things and he stole some hair gel valued about $3.00 and was caught. He paid a fine. ███████
███████████████████████ in Philadelphia in 2004. He
rarely drinks alcoholic beverages since 2005. He is a certified NRA safety instructor since 1996.

## Test Results

- **Minnesota Multiphasic Personality Inventory -2 (MMPI-2);**

The MMPI-2 instrument is the most widely used and widely researched test of adult
psychopathology (Ackerman, *et al*.,1997; Archer, *et al*., 2006; Gordon, 2002; Hagen, 2001).

Mr. Williams' validity scales indicated that he took the MMPI-2 honestly with no attempts at
biased responding (Lie = T39, F= T55, K= T47; where T45-55 is normal, and >T65 is High). The
MMPI-2 clinical scales are all within normal limits. The MMPI-2 MacAndrews Addition
Proneness scale is T50, an average score. The MMPI-2 indicates no problems with aggression,
good judgment, good impulse control, good reality testing and no addiction problems.

- **The Brief Psychiatric Rating Scale (BPRS)- expanded version;**

The BPRS is a well-researched screen for psychotic disorders (Overall, *et al*.1988; Ventura, *et al*.
2000).

Mr. Williams indicated that he had no current psychiatric symptoms. He is functioning at the
healthy level.

- **Montreal Cognitive Assessment Test;**

The Montreal Cognitive Assessment (MoCA) was designed as a screening instrument for
cognitive dysfunction. It assesses different cognitive domains: attention and concentration,
executive functions, memory, language, visuoconstructional skills, conceptual thinking,
calculations, and orientation. The total possible score is 30 points; a score of 26 or above is
considered normal (Zahinoor, *et al*.,2010).

Mr. Williams scored 30/30 a perfect score indicating no psychoneurological impairment.

- **Violence Risk Appraisal Guide-R (VRAG-R);**

This instrument contains a 12-item actuarial scale, which has been widely used to predict risk of
violence within a specific time frame following release in violent, mentally disordered offenders.
Developed at Penetanguishene Mental Health Centre, the tool uses the clinical record, particularly
the psycho-social history component, as a basis for scoring as opposed to interview or
questionnaires. The Hare PCL-R (Psychopathy Checklist -Revised) score is incorporated into the
VRAG calculations of risk (Quinsey, *et al*. 1998). The VRAG-R combines the VRAG and
SORAG. The authors wrote "we suggest users can adopt the VRAG-R with considerable
confidence that its predictive performance will at least match that of the original VRAG/SORAG
system which has yielded large predictive effects for violent recidivism." (Harris, Rice, Quinsey,
& Cormier, 2015; Rice, Harris, & Lang, 2013)

10

SUBJECT TO PROTECTIVE ORDER

Mr. Williams scored -25, which is a very low risk of violently acting out (A 9.6% probability of recidivism assuming he was convicted of a violent crime. Thus this measure assumes the worst and Mr. Williams still scored very low.) .

- **Hare Revised Psychopathy Checklist (PCL-R);**

The PCL–R is a 20-item symptom-construct rating scale designed to assess psychopathy. It is an expert-rated tool. The total score reflects the degree to which the individual matches the prototypical psychopath. The highest possible score is 40. Scores 30+ are considered indicative of psychopathy (Hare, *et al.*,1990).

Mr. Williams scored 0/40, which indicates no psychopathic indication.

- **Psychodiagnostic Chart (PDC-2),** (Gordon and Bornstein, 2012; Gordon and Stoffey, 2014, Gordon and Bornstein, 2017). The PDC is a psychodiagnostic chart to help assess personality organization, personality disorders, mental functions and symptoms.

**Healthy Personality-** characterized by mostly 9-10 scores, life problems rarely get out of hand and enough flexibility to accommodate to challenging realities.
**Neurotic Level-** characterized by mainly 6-8 scores, basically a good sense of identity, good reality testing, mostly good intimacies, fair resiliency, fair affect tolerance and regulation, rigidity and limited range of defenses and coping mechanisms, favors defenses such as repression, reaction formation, rationalization, displacement, and undoing.
**Borderline Level-** characterized by mainly 3-5 scores, recurrent relational problems, difficulty with affect tolerance and regulation, poor impulse control, poor sense of identity, poor resiliency, favors defenses such as splitting, projective identification, idealization/devaluation, denial, and acting out.
**Psychotic Level-** characterized by mainly 1-2 scores, delusional thinking, poor reality testing and mood regulation, extreme difficulty functioning in work and relationships favors defenses such as delusional projection, psychotic denial, and psychotic distortion.

**Overall Personality Organization = 7**

**Overall Diagnosis: Normal Personality**

### Summary

Mr. Williams ███████████████████████████ The last incident was 14 years ago. There is no predictive value in these events for future behaviors. Mr. Williams has no history of hostile or violent behaviors. He has no continuing pattern of aggressive behaviors, which could be a predictive factor. The studies Dr. Webster cites are based on selected samples that are not necessarily generalizable and are of relatively low correlations. Although the research cited by Dr. Webster sheds light on some predictive factors, the prediction rate is low and cannot be applied to individual cases, including Mr. Williams' case. Dr. Webster is not a psychologist and did not perform a psychological assessment of Mr. Williams' mental status, psycho-neurological assessment, defenses, psychopathology, addiction proneness or behaviors, aggression, judgment or the potential for Mr. Williams to act out. Therefore, his report has no value for this particular case, in the absence of an independent evaluation of Mr. Williams, as I performed.

My psychological assessment of Mr. Williams using a standard psychological battery of tests indicates that he has a normal personality, without psychopathology and without addiction or

11

**SUBJECT TO PROTECTIVE ORDER**

violent tendencies. Accordingly, the research relied upon by Dr. Webster is not applicable to Mr. Williams.

## Recommendations

I recommend that Mr. Williams be allowed to own, possess, carry, and use a firearm. Mr. Williams may possess a firearm without risk to himself or any other person.

I make all of these conclusions to a reasonable degree of psychological certainty.

Respectfully submitted,

Robert M. Gordon, Ph.D., ABPP
CV can be viewed at www.mmpi-info.com

12

**SUBJECT TO PROTECTIVE ORDER**

**Fed.R.Civ.P. 26(a)(2)(B)(iv) Statement**

*EDUCATION*

Ph.D., Psychology, Temple University, Philadelphia, PA  1975
B.A., Psychology, Temple University, Philadelphia, PA    1970

*PROFESSIONAL ASSOCIATIONS*

American Psychological Association- Fellow

Elected to the Governing Council of the American Psychological Assoc.
1992 -1995 and again in 2001 - 2003 representing Pennsylvanian psychologists

Fellow and charter member of Division of Psychoanalysis (39), member of sections:
    I. Psychologist-Psychoanalyst Practitioners
   VI. Psychoanalytic Research Society
   VII. Psychoanalysis and Groups
 VIII. Couple and Family Therapy and Psychoanalysis

American Psychology-Law Society of the American Psychological Association

President - Pennsylvania Psychological Association, 1990–1991;
        Pennsylvania Psychological Foundation Board, 1991-2003, 2006-2010;
         President of the Clinical Division, 1987;
        Charter Member of the Colleague Assistance Committee since 1992

President 1980 - 1981 - Lehigh Valley Psychological Association;
        Chair of the Ethics Committee, 1983-1986

Philadelphia Society for Psychoanalytic Psychology, Charter member since 1982

Fellow of the Academy of Clinical Psychology (AClinP) of the American Board of
Professional     Psychology since 1991

Fellow of the Academy of Psychoanalysis of the American Board of Professional
Psychology since 2006

American Psychoanalytic Association Research Associate- charter member

Psychodynamic Psychoanalytic Research Society- charter member

Society for Personality Assessment

Tampa Bay Psychoanalytic Society

SUBJECT TO PROTECTIVE ORDER

*CREDENTIALS and AWARDS*

Pennsylvania Psychology License since 1976

Distinguished Service Award from the Pennsylvania Psychological Association 2001

Certificate of Professional Qualification in Psychology by the Association of State and Provincial   Psychology Boards since 2002, #3655

Diplomate of the American Board of Professional Psychology in Clinical Psychology; #3414, since 1982

Diplomate of the American Board of Professional Psychology in Psychoanalysis, #6211, since 2006

National Register of Health Service Providers in Psychology since 1979-2010

American Association for Marriage and Family Therapy since 1976, and Approved Supervisor 1981-2007

An American Psychological Association Approved Sponsor of Continuing Education to Psychologists 1985-2011 (The first in east-central Pennsylvania).

Honorary Membership presented by the American Psychoanalytic Association- 2015

Honorary Editor for Forensic Research & Criminology International Journal- 2015

Honorary Member of the Psychoanalytic Center of Philadelphia- elected 2016

*PRACTICE*

Independent practice specializing in forensic psychology, psychoanalysis, psychodynamic psychotherapy, assessment, teaching and research.

Forensic Psychologist Consultant to the Lehigh County Public Defender's Office since 2010.

Psychodynamic Diagnostic Manual 2 (PDM2) Section co-editor on assessment tools 2014-2016.

*TEACHING and RESEARCH POSITIONS and WORKSHOPS*

14

**SUBJECT TO PROTECTIVE ORDER**

Academic appointments at: Lehigh University, Temple University, Yeshiva University, and Widener University. Topics include personality assessment, forensic psychology, research, ethics, MMPI-2, Psychodynamic Diagnostic Manual (PDM and PDM2), philosophy of science and methodology, teaching psychodynamic theory and psychodynamic psychotherapy.

Clinical and Forensic Assessment Practicum Supervisor for Chestnut Hill College Doctoral students since 2010.

Presented and led workshops nationally and internationally (ex.: Albania, Belgium, Canada, China, Germany, France, Israel, Italy, Netherlands, Russia, Switzerland, etc.) since 1982 (ex.: International Psychoanalytic Assoc., American Psychoanalytic Assoc., American Psychological Assoc., Society for Personality Assessment, etc.) in: MMPI-2 interpretation, forensic psychology, psychological diagnostic taxonomies, the PDM and PDM2, psychodynamic research, psychoanalysis- theory and technique, couples, family and group therapy, ethics and psychology, and the psychology of love relations. Led yearly ethics workshops for the Penna. Psychological Foundation for 17 years.

China American Psychoanalytic Alliance (CAPA)- instructor of Adult Psychodynamic Psychotherapy and the writings of Sigmund Freud to Chinese professionals via VCON, since 2012.

Chair of Research and Scholarship Grants of the China American Psychoanalytic Alliance 2017.

China American Psychoanalytic Alliance (CAPA)- Board of Directors 2017.

Visiting Professor of Psychology teaching forensic and clinical psychology to masters and doctoral students at Albanian University via VACON 2014.


*FILMS*

39 Scuds (1991). A 30-minute documentary I made about the psychological effects of the potential gas poisoning of civilians in Israel during the Persian Gulf War.

Balance and Integration in Psychoanalytic Group Therapy (2006). Produced by Video Diamond, LLC; a workshop I lead on psychoanalytic group therapy.

TEDx Talk "The Power of Apology" September, 2014


REVIEWER FOR JOURNALS

SUBJECT TO PROTECTIVE ORDER

such as: Journal of Consulting and Clinical Psychology and Psychoanalytic Psychology

*PUBLICATIONS - Last 10 years*

Gordon, R.M. & Bornstein, R.F. (2018). Construct Validity of the
Psychodiagnostic Chart:
A Transdiagnostic Measure of Personality Organization, Personality
Syndromes, Mental    Functioning, and Symptomatology. *Psychoanalytic
Psychology,* 35(2),280-288. http://dx.doi.org/10.1037/pap0000142

Gordon, R.M. (2017). A Concurrent Validity Study of the PDM-2 Personality
Syndromes. Current Psychology, DOI: 10.1007/s12144-017-9644-2, pp.1-
7.

Gordon, R.M., Blake, A., Etzi, J., Rothery, C., & Tasso, A.F. (2017). Do
Practitioners Find a Psychodynamic Taxonomy Useful?  Journal of
Psychology and Clinical Psychiatry 7(5): 00452. DOI:
10.15406/jpcpy.2017.07.00452

Waldron, S., Gordon, R.M., & Gazzillo, F. (2017). Chapter 15 Assessment within
the PDM-2 Framework, Lingiardi, V. & McWilliams, N.  (Eds),
*Psychodynamic Diagnostic Manual, Version 2 (PDM-2).*  New York:
Guilford Press.

Gordon, R.M. (2017). Personality Disorders and Syndromes Across ICD-10,
DSM5, and PDM2.  *Currents, 1,* pp. 10.

Gordon, R.M., & Lan, J. (2017). Assessing Distance Training: How Well Does It
Produce Psychoanalytic Psychotherapists? *Psychodynamic Psychiatry, 45*
(3), *329-341.*

Gordon, R.M. (2017). Assessing Distance Psychoanalytic Treatment:
Perspectives of Therapist and Patient. *The American Psychoanalyst, 51,2,*
15.

Gordon, R.M., Tune, J. and Wang, X. (2016). What are the characteristics and
concerns of high and low raters of psychodynamic treatment to Chinese
students over VCON? *Psychoanalysis and Psychotherapy in China,2,* 86-
96.

Gordon, R.M., Blake, A., Bornstein, R.F., Gazzillo, F., Etzi, J., Lingiardi, V.,
McWilliams, N., Rothery, C. and Tasso, A.F. (2016) What do practitioners
consider the most helpful personality taxa in understanding their patients?
*Division/Review: A Quarterly Psychoanalytic Forum, 16*, 70.

16

SUBJECT TO PROTECTIVE ORDER

Gordon, R.M., Gazzillo, F., Blake, A., Bornstein, R.F., Etzi, J., Lingiardi, V., McWilliams, N., Rothery, C. and Tasso, A.F. (2016) The Relationship Between Theoretical Orientation and Countertransference Awareness: Implications for Ethical Dilemmas and Risk Management, *Clinical Psychology & Psychotherapy, 23, 3,* 236-245; (online published 2015, DOI: 10.1002/cpp.1951)

Gordon, R.M. & Bornstein, R.F. (2015). The Psychodiagnostic Chart-2 v.8.1 (PDC-2),
   DOI: 10.13140/RG.2.1.4147.4647

Ibrahimi, S., & Gordon, R.M. (2015). Post-Traumatic Identity within Social Contexts. *Balkan Journal of Interdisciplinary Research Vol 1,* No 1, 47-51. ISSN 2410-759X, Access online at www.iipccl.org

Ibrahimi, S., Dervishi, E., and Gordon, R.M. (2015). Traumatic behavior deviance of individual within social contexts. *European Psychiatric Congress*, Vienna Austria.

Spektor, V., Luu, L. & Gordon, R.M. (2015) The Relationship between Theoretical Orientation and Accuracy of Countertransference Expectations, *Journal of the American Psychoanalytic Association*, *63*(4), NP28-NP32.

Gordon, R.M., Wang, X. and Tune, J. (2015). Comparing Psychodynamic Teaching, Supervision and Psychotherapy Over Video-Conferencing Technology with Chinese Students. *Psychodynamic Psychiatry, 43 (4),* 585-599.

Huprich, S., Lingiardi, V., McWilliams, N., Bornstein, R., Gazzillo, F., and Gordon, R.M., (2015). The *Psychodynamic Diagnostic Manual (PDM)* and the *PDM-2:* Opportunities to Significantly Affect the Profession. *Psychoanalytic Inquiry,* 35: 60-73.

Lingiardi, V., McWilliams, N., Bornstein, R.F., Gazzillo, F. and Gordon, R.M. (2015) The Psychodynamic Diagnostic Manual Version 2 (PDM-2): Assessing Patients for Improved Clinical Practice and Research, *Psychoanalytic Psychology, 32*(1), 94-115. *http://dx.doi.org/10.1037/a0038546*

Gazzillo, F., Lingiardi, V., Del Corno, F., Genova, F., Bornstein, R.F., Gordon, R.M., McWilliams, N. (2015). Clinicians' Emotional Responses and PDM P Axis Personality Disorders: A Clinically Relevant Empirical Investigation. *Psychotherapy, Special Section: Personality and Psychotherapy, 52*(2), 238-246. *http://dx.doi.org/10.1037/a0038799*

17

SUBJECT TO PROTECTIVE ORDER

Gordon, R.M. and Stoffey, R.W. (2014). Operationalizing the Psychodynamic Diagnostic Manual: a Preliminary Study of the Psychodiagnostic Chart (PDC), *Bulletin of the Menninger Clinic, 78,* 1, 1-15.

Gordon, R.M. and Cosgrove, L., (2013) Ethical Considerations in the Development and Application of Mental and Behavioral Nosologies: Lessons from DSM5, *Psychological Injury and Law*, *6*,4, 330-335, DOI 10.1007/s12207-013-9172-9.

Gordon, R.M. and Stoffey, R.W. and Perkins, B.L. (2013) Comparing the Sensitivity of the MMPI-2 Clinical Scales and the MMPI-RC Scales to Clients Rated as Psychotic, Borderline or Neurotic on the Psychodiagnostic Chart, *Psychology: Special issue on Criminal Investigative Psychology, 4, 9A,* 12-16. doi: 10.4236/psych.2013.49A1003.

Gordon, R.M. (2013). The Pyramid of Love. In The World Book of Love, Ed. Leo Bormans, Lannoo, Publishers, Tielt, Belgium. 60-63.

Gordon, R.M. (2013). Book Review: To Know and to Care: [Review of Psychoanalytic Diagnosis: Understanding Personality Structure in the Clinical Process. Second Edition, by Nancy McWilliams.] Division/Review: A Quarterly Psychoanalytic Forum, Spring, 7, 9-11.

Bornstein, R. F. and Gordon, R. M. (2012). What Do Practitioners Want in a Diagnostic Taxonomy? Comparing the PDM with DSM and ICD. *Division/Review: A Quarterly Psychoanalytic Forum*, Fall, 6, 35.

Gordon, R.M., & Bornstein, R.F. (2012). A practical tool to integrate and operationalize the PDM with the ICD or DSM. http://www.mmpi-info.com/pdm-blog.

Gordon, R.M. (2012). A Psychological Alternative to the Medically Based DSM and ICD, *The National Psychologist May/June, vol. 21, 3,* p. 19

Gordon, R.M. (2011). Repercussions of a Patient's Suicide, *Pennsylvania Psychologist Quarterly, 71,*6, 12-14.

Gordon, R.M., Hoffman, L., and Tjeltveit, A. (2010). Religion and Psychotherapy: Ethical Conflicts and Confluence, *Pennsylvania Psychologist, 70,* 9, 3-4.

Gordon, R.M. (2010). The Scientific Renaissance of Psychodynamic Therapy (PDT), *Pennsylvania Psychologist Quarterly, March, 70,*3, 22-23.

18

**SUBJECT TO PROTECTIVE ORDER**

Gordon, R.M. (2010). The Psychodynamic Diagnostic Manual (PDM). In I. Weiner and E. Craighead, (Eds.) *Corsini's Encyclopedia of Psychology (4th ed., volume 3,* 1312-1315), Hoboken, NJ: John Wiley and Sons.

Gordon, R.M. (2009 ). Money, Masochism, Narcissism and Indifference, *Pennsylvania Psychologist Quarterly,69,8,*10 and 14.

Gordon, R.M. (2009). The Psychodiagnostic Report for Treatment Recommendations. *The Pennsylvania Psychologist Quarterly, 69*, 3, 17-18.

Gordon, R.M. (2009). Reactions to the Psychodynamic Diagnostic Manual (PDM) by Psychodynamic, CBT and Other Non- Psychodynamic Psychologists. *Issues in Psychoanalytic Psychology, 31,* 1, 55-62.

Gordon, R.M. (2008). Addendum To MMPI/MMPI–2 Changes In Long Term Psychoanalytic Psychotherapy. *Issues in Psychoanalytic Psychology, Issues In Psychoanalytic Psychology Vol. 30, No. 2, p.159.*

Gordon, R.M.  (2008). *An Expert Look at Love, Intimacy and Personal Growth.* Second Edition, IAPT Press, Allentown, Pa.

Gordon, R.M. (2008). Early reactions to the PDM by Psychodynamic, CBT and Other psychologists. *Psychologist-Psychoanalyst, XXVI,* 1, Winter, p.13.

Gordon, R. M. (2008). *I Love You Madly! On Passion, Personality and Personal Growth.* Second Edition, IAPT Press, Allentown, Pa.

Gordon, R. M. (2008). The Two-Minute Check-in at the Beginning of Psychoanalytic Group Therapy Sessions. *Group Analysis,41* (4), 366-372.

Gordon, R.M. and Bottinelli, J. (2008), Ethics and the Difficult Patient: The Psychopath in Film and in Your Office. *The Pennsylvania Psychologist, July/August Issue*, p.10.

Gordon, R. M., Stoffey, R., & Bottinelli, J. (2008). MMPI-2 findings of primitive defenses in alienating parents. *American Journal of Family Therapy, 36* (3): 211–228.

## Fed.R.Civ.P. 26(a)(2)(B)(v) Statement

*Nature of Practice*

Since my license to practice psychology in 1976, I have specialized in clinical and forensic psychodiagnostic assessment (along with psychotherapy, research and teaching).

19

SUBJECT TO PROTECTIVE ORDER

My forensic practice is general in nature, that is, not limiting myself to any particular civil or criminal area or to defense or plaintiff work. The only exception is that since 2010, I work as Lehigh County Public Defender Office's forensic psychologist. About 30% of my professional work is in forensic psychology.

My general forensic assessment practice has included assessments for:
IMEs and psychological record reviews
Criminal responsibility
Mental state
Competency to stand trial
Capital mitigation evaluations
Juvenile matters and transfer evaluations
Sentencing evaluations
Malingering and deception
Testamentary capacity
PTSD
Personal injury and emotional distress claims
Malpractice — plaintiff and defense
Sexual offender evaluations
Risk assessment
Family law: custody, parental competence, parental alienation, adoption
Employment issues: fitness for duty, discrimination, harassment, wrongful termination.

*Expert Testimony at Trial or by Deposition*

2018
None

2017
Fontanez competency to stand trial - Lehigh County Defense
*Estepan v. Ferguson* for the plaintiff in a MVA

2016
*Gabrieli v. Easton Hospital, et al.* for the defense
*Green vs. Lehigh Valley Hospital* for the defense
*Deanne and Toby Snyder h/w vs. Estate of Geoffrey K Sherman, M.A. et al.* for the defense
*Shugars, Leonard* state of mind - Lehigh County Defense
*Blahosky, Carolyn* for the plaintiff PTSD from MVA Lehigh county

2015
*Diggs, Jhainee Nateequa*, decertification hearing - Lehigh County Defense
*Hausknecht, Barbara* for the plaintiff PTSD from MVA Lehigh county
*Zimmerman, Joseph* state of mind - Lehigh County Defense
*Figueroa-Velez, Axel* decertification hearing - Lehigh County Defense

20

SUBJECT TO PROTECTIVE ORDER

*Melendez, Juan* competency to stand trial - Lehigh County Defense

2014
*Scardetto v. Scardetto* - Custody - Bucks County- request of Father's Atty.
*Commonwealth v. Jean-Pierre* - Lehigh County Defense
*Commonwealth v. Heminitz* - Lehigh County Defense
*Commonwealth v. Rivera-Oyola* - Lehigh County Defense
*Commonwealth v. Rodriguez* - Lehigh County Defense
*Commonwealth v. Lehigh County* - Defense
Shoen v. Shoen Deposition Custody- Berks County - request of Mother's Atty.

### Fed.R.Civ.P. 26(a)(2)(B)(vi) Statement

The fee for all time and services by Dr. Robert Gordon is $250 an hour including preparation and travel time. There is a one-day charge ($2800) for depositions and court testimony, in addition to any preparation and travel time. I charge a minimum non-refundable retainer of $1500 for forensic reports. The total amount charged for this evaluation and forensic report was $3,000.

21

**SUBJECT TO PROTECTIVE ORDER**

**EXHIBIT K**

EDWARD A. WILLIAMS

```
 1    with your recollection?
 2         A.    It may be, but I'm almost positive
 3    she asked me and I told her the truth.
 4         Q.    We'll take a look at those later
 5    then too.
 6                     Do you recall what
 7    punishment you received for the 2004 DUI?
 8         A.    Yes, probation, the fines, maybe a
 9    year suspension on my driver's license.
10         Q.    How about the house arrest?
11         A.    Yes, house arrest.
12         Q.    Do you recall why you ended up
13    getting house arrest?
14         A.    I believe it had something to do
15    with some of my medical history. The things I
16    was going through back then.
17         Q.    Do you recall how many days of
18    house arrest it was?
19         A.    It was 90.
20         Q.    Do you recall what in particular
21    your medical history led you to get house
22    arrest?
23         A.    It's not expired probably this
24    Wednesday or next Wednesday I'll be starting
25    Dialysis.  My kidneys were sluggish back then
```

EDWARD A. WILLIAMS

1    and the doctors were monitoring everything.

2    They thought I'd be on Dialyses much sooner.

3    They wanted to hold out for a little while.

4    I'll be starting Dialysis this Wednesday.  I

5    have to give them a call tomorrow. The plan was

6    start on the 16th. Back then they thought it

7    was going to be a lot sooner. So coupled with

8    the kidneys, the high blood pressure, I had to

9    stay inside and do house arrest for 90 days

10   instead of doing at the jail.

11        Q.   So was the plan then for you, if

12   you needed it, to perform Dialysis at your home

13   during that 2004 DUI house arrest?

14        A.   Probably just home or at the

15   center, but you have to do the center and get

16   trained before you can do it at home.

17               The way Dialysis I found out

18   you go in three days a week. In order for them

19   to train you at home, you need three to four

20   weeks of training at the centers.

21               So, when I start on

22   Wednesday, I go to the hospital for two days.

23   Then the following Monday I'm at the center.

24   The nurse will come in at some point one of my

25   days at the center and will be considered a