IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| v. | : | Honorable Robert F. Kelly |
| | : | |
| **JEFFERSON B. SESSIONS III,** *et al.* | : | |
| | : | |
| Defendants | : | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' EXPERT REPORT OF DANIEL WEBSTER, ScD

Plaintiff Edward Williams, through his undersigned counsel, objects to the expert report of Daniel Webster, ScD, which was provided by the Defendants pursuant to the Court's Scheduling Order, [1] for the reasons set forth *infra*.

1. In the event this Court considers Daniel Webster's report over Plaintiff's objection averred *infra*, pursuant to Fed. R. Civ. P. 26, the report must be stricken as it fails to:

    a. Contain all data considered by the expert, as required by Fed. R. Civ. P. 26(a)(2)(B)(ii), when the report fails to include proper citation to the data relied upon in relation to:

        i. The assertion that among those who are arrested for DUI, many

---

[1] *See* Doc. 27 at 1. Plaintiff files these objections anticipating that the Defendants will utilize that report in conjunction with their Motion for Summary Judgment. In the event the Defendants opt to not utilize the report, the arguments contained herein are withdrawn.

1

        are not convicted (relying on data from only one state) and/or that those who are have likely driven under the influence many times prior without being arrested. (Government's Expert Report at 4).; and,

    ii. The suggestion that individuals who are convicted of DUI have a history of binge drinking, regular and significant impairment from alcohol consumption and/or reckless and dangerous behavior that threatens the life of others. (*Id*.).

b. Contain a statement of the compensation paid for the study and testimony in the case, as required by Fed. R. Civ. P. 26(a)(2)(B)(vi).[2]

2. Pursuant to Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. V. Carmichael,* 526 U.S. 137 (1999), Daniel Webster's report fails to "assist the trier of fact to understand the evidence or to determine a fact in issue," as it:

    a. References that those who suffer from alcohol abuse or dependency issues, for which there is no evidence of record the Plaintiff suffers from any alcohol abuse or dependency issues; (Government's Expert Report at 4, 6-8, and 15);

    b. Purports to show, in the absence of any supporting studies or reports,

---

[2] While on page 1 of the report it states Daniel Webster is being paid $350 an hour, it fails to address the actual fee paid by Defendants for the report.

      a statistical significance in relation to the reduction of future violent crime when those previously convicted of a violent crime were barred from purchasing a handgun, and when there is no evidence of record the Plaintiff was ever charged with or convicted of a violent crime. (*Id*. at 13-14); and,

  c. Fails to account for and address the relief from disabilities program of 18 U.S.C. § 925(c), where ATF previously granted relief to 7,722 individuals, including individuals convicted of DUI and/or vehicular homicide while DUI, as well as other more egregious crimes, during the time period of the studies cited to and where the record is devoid of any evidence even suggesting that any of the individuals who were granted relief committed crimes thereafter. [3]

3. Pursuant to *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) and Fed. R. Evid. 702-703, there is too great a gap between the data and the opinion, as the data:

  a. In 40 of the 50 sources cited is over ten (10) years old, with an average age of sixteen (16) years since the source was published; (Government's Expert Report at 17-20);

    i. The median age of the source does not shed light into the age of

---

[3] *See*, Section V, b, iii, 2, A, pages 20-29, of Plaintiff's Second Summary Judgment Brief.

3

      the data utilized in the source itself;

b. Supports that only 54% of repeat DUI offenders have alcohol dependence issues, leaving 46% without a dependence issue; (*Id.* at 4);

c. Does not support a finding that alcohol-impairment and alcohol abuse is causal to unintentional firearms injuries or deaths because it acknowledges that the data is sparse; (*Id.* at 8, fn 3);

d. Suggests that individuals *previously convicted of a misdemeanor crime of violence* are more likely to commit a violent crime in the future; (*Id.* at 13-14);

    i. Mr. Webster uses this data relating to *violent misdemeanants* to opine that prohibitions against individuals like the Plaintiff prove a public safety benefit, even though the Plaintiff has never been convicted of a crime of violence. Further, one study relied upon reflected that "[t]here was no difference between the two groups in their rate of committing nonviolent crimes, suggesting that the difference observed in crimes involving firearms and/or violence…[was] more likely due to *violent misdemeanants* being prohibited and denied from purchasing a handgun." (*Id.* at 14)(emphasis added); and,

4

    e. Fails to show a link between preventing individuals convicted of a single DUI and "preventing armed mayhem" as required by *Binderup*, 836 F.3d at 353 (quoting *United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010).

4. Pursuant to *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) and Fed. R. Evid. 702-703, an experts lack of certainty may lead to exclusion of evidence on the basis that the testimony is unreliable or unhelpful and in this matter, the report reflects:

    a. A large body of scientific evidence indicating that *people who abuse alcohol*[4] are at a substantially increased risk of committing acts of violence (Government's Expert Report at 6)(emphasis added);

    b. That it is not possible to determine with certainty whether the associations are causal or due to other underlying determinants (*Id.*); and,

    c. That the effect of alcohol intoxication on the risk of engaging in violent acts is not consistent across individuals and circumstances (*Id.*),

5. Pursuant to Fed. R. Evid. 403, 701-704, the report cannot be considered as it provides an opinion on his legal conclusions, *i.e.*, an opinion on an ultimate

---

[4] As discussed *supra*, there is no evidence of record that Mr. Williams currently abuses alcohol.

issue of law. *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009).

6. Pursuant to Fed. R. Evid. 403, the report should be excluded as:

   a. It conflates the issue of individuals who have alcohol dependence or abuse issues and the tendency to commit criminal acts in the future with the Plaintiff.

7. In the event this Court does not strike the report in its entirety, little weight should be given to the report, as Plaintiff has only brought an *as-applied*, not facial, challenge [5] and the report: [6]

   a. Fails to address any of Defendants' contentions in relation to the specific background and current status of Plaintiff (*See McMunn v. Babcock & Wilcox Power Generation Grp., Inc.*, 869 F.3d 246, 271 (3d Cir. 2017) (finding expert failed to provide individualized testimony to each plaintiff as required). *See also Black v. M&W Gear Co.*, 269 F.3d 1220, 1237–38 (10th Cir. 2001) (holding that a district court did not abuse its discretion in excluding an expert's testimony

---

[5] "Unlike a facial challenge, an as-applied challenge 'does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right.' *United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (quoting *United States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010)); see *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320, 329, 126 S.Ct. 961, 163 L.Ed.2d 812 (2006) ("It is axiomatic that a statute may be invalid as applied to one state of facts and yet valid as applied to another." (internal quotation marks omitted))." *Binderup v. U.S. Attorney General*, 836 F.3d 336, 345-46, (3d Cir. 2016) (*en banc*).

[6] *See, Binderup*, 836 F.3d at 354, holding that the Government "…must 'present some meaningful evidence, not mere assertions, to justify its predictive [and here conclusory] judgments.'" (citations ommitted).

when that expert "had not based his conclusion on the results of tests or calculations specific to" the plaintiff);

b. Fails to address the Third Circuit's standard in *Binderup* of "promoting public safety by '*preventing armed mayhem.*'" *Binderup* 836 F.3d at 353 (quoting *United States v. Skoien*, 614 F.3d 638, 642 (7th Cir. 2010))(emphasis added);

c. Contends that "[i]ndividuals with alcohol dependency or other forms of alcohol abuse have heightened risks of intentionally and inadvertently hurting themselves or others," (Government's Expert Report at 5-7) but, there is nothing in the record suggesting that Plaintiff has an alcohol dependency or abuse issue;

d. Contends that individuals who have alcohol dependency, alcohol abuse, and/or mental illness issues are at risk for subsequent violence (*Id*. at 6-7), but, the record is devoid of evidence that Plaintiff has an alcohol dependency or alcohol abuse issue nor any evidence that Plaintiff suffers from any mental illness;

e. Fails to mention whether at the time the cited-to individuals committed subsequent violent acts, they were under the influence or had an alcohol dependency or abuse issue; and,

f. Fails to account for and address the relief from disabilities program of

7

18 U.S.C. § 925(c), where ATF previously granted relief to 7,722 individuals, including individuals convicted of DUI and/or vehicular homicide while DUI, as well as other more egregious crimes, during the time period of the studies cited to and where the record is devoid of any evidence even suggesting that any of the individuals who were granted relief committed crimes thereafter.

Dated: October 26, 2018                                   Respectfully Submitted,

_____
Adam Kraut, Esq.

Joshua Prince, Esq.
Attorneys for Petitioner

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 ext 81115
610-845-3903 (fax)
AKraut@princelaw.com