## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Docket No.  17-CV-2641 |
| | : | |
| **v.** | : | Honorable Robert F. Kelly |
| | : | |
| **JEFFERSON B. SESSIONS III,** *et al.* | : | |
| | : | |
| Defendants | : | |

### PLAINTIFF'S RESPONSE TO DEFENDANTS'
### STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, Plaintiff Edward Williams hereby submits the following response to Defendants' statement of material facts in support of their motion for summary judgment.

Preliminarily, Plaintiff Williams notes that this response is solely designed to respond to Defendants' statement of undisputed material facts by identifying, which of the factual grounds for Defendants' motion are disputed. In light of Plaintiff Williams' separate motion for summary judgment, the use of the word "disputed," "denied" or similar references herein should not be construed to mean that Plaintiff Williams believes that there are genuine issues of fact that would necessitate a trial. Rather, such language simply means that Plaintiff Williams disputes Defendants'

statement regarding that matter. Plaintiff Williams maintains his position that there are *no* genuine issues of material fact with respect to the grounds entitling Plaintiff Williams to summary judgment and responds as follows:

1. Denied as stated. It is admitted that Mr. Williams pled guilty and paid a small fine to a summary charge of retail theft in 1988, which involved him taking a $2.00 bottle of hair gel as a fraternity pledging requirement. (Def. Exhibit A, Williams Dep. 24 – 25). ██████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

████████

2. Admitted.

3. Admitted.

4. ████████████████████████████████████

███████████████████████████████████

██████████████████████████████████████

5.   Admitted.

6. ███████████████████████████████████████

   ███████████████████████████████████████

   █████████████████████████████████

   ████████████

7. ██████████████████████████████████

   ████████████████████████████████████████

   ████████████████████████████████████████

   ██████████████████████████████████

   █████████████████████████████████████████

   ███████████████████████████████████████

   ████████████

8.  Admitted.

9.  Admitted.

10.  Admitted.

11.  Admitted.

12.  Plaintiff objects to the consideration of the records as they constitute

    hearsay. In the event the Court overrules his objection, Plaintiff denies

it as stated. As Mr. Williams testified, he disputes that he was swerving and weaving on the wrong side of the road and admitted to the officer, when asked, that he had been drinking. (Def. Exhibit A, Williams Dep. 65).

13. Plaintiff objects to the consideration of the records as they constitute hearsay. In the event the Court overrules his objection, Plaintiff denies it as stated. (Def. Exhibit A, Williams Dep. 65).

14. Denied as stated. Plaintiff testified that he had approximately eight beers over a five-hour period of time, prior to his arrest. (Def. Exhibit A, Williams Dep. 63).

15. Admitted.

16. Denied as stated. Pursuant to 75 Pa.C.S. § 3804(c)(2)(i), the sentencing judge lacked any discretion in imposing a sentence of less than 90 days. See, *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974, at *4 (M.D. Pa. Sept. 28, 2018)(acknowledging that a sentencing judge in Pennsylvania, pursuant to Section 3804(c)(2), lacks discretion to impose a sentence of less than 90 days and declaring "[w]ithout discounting the significance of 90 days' imprisonment, Holloway's sentence was relatively minor as compared to both the threshold term of imprisonment of more than one year

defined in 18 U.S.C. § 922(g), and the maximum possible punishment

of five years' imprisonment he faced under Pennsylvania law). It is

admitted that Plaintiff served the 90 days on house arrest; however, it

is denied that he would have had to serve the 90 days in prison, absent

his medical condition, as sentencing judges retain authority to grant

house arrest absent a medical condition[1] and to also grant work

release, [2] as was done in *Holloway*.

17.  Admitted.

18.  Denied as stated. Plaintiff no longer consumes alcohol, save for the

occasional glass of wine with dinner or champagne at home on New

Year's Eve with his family. (Plaintiff's Statement of Material Facts, ¶

5; Def. Exhibit A, Williams Dep. 35).

19.  Denied as stated. First and foremost, Mr. Williams believed that he

had been convicted of a misdemeanor of the second degree, as

reflected on his court docket sheet (see, Def. Exhibit A, Williams

Dep., Exhibit 5 (marked MCP-000006) reflecting under Final

Disposition "M2" [3]), which would not have triggered a prohibition

---

[1] *See*, 42 Pa.C.S. §§ 9763, 9804; 37 Pa. Code § 451.52.
[2] *See*, 75 Pa.C.S. § 3813. See, *Holloway*, 2018 WL 4699974, at *4 (declaring that a "sentencing judge has discretion to assign an individual convicted of a DUI offense to a daytime work release program")
[3] See also, the print date of "1/16/2018" reflecting that the Court still had Mr. Williams' conviction listed as an misdemeanor of the second degree on January 16, 2018, when the

under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime that could not have been punished by more than two years in jail. See, 18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that he was prohibited from purchasing, possessing and utilizing firearms and ammunition as a result of his 2004 DUI conviction until November 5, 2015, when he was informed of such by the undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). █

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████

████████████████████████████████

██████████████████████████████████████████

██████████  After becoming aware that he was prohibited after the undersigned's discussion with him on November 5, 2015, Mr. Williams immediately divested himself of all firearms and ammunition and refrained from acquiring any firearms or ammunition.  (Plaintiff's Statement of Material Facts,  ¶¶ 20 – 22;

docket was printed. In fact, the undersigned on November 7, 2018 printed a new copy of the docket, which still reflects the Final Disposition as an "M2".  See, Exhibit M,

Def. Exhibit A, Williams Dep. 16 – 17, 19). By way of further response, while Mr. Williams was on probation, the Pennsylvania State Police and Bureau of Alcohol, Tobacco, Firearms and Explosives told him that he could continue to work for a federal firearms licensee, where he sold firearms (Def. Exhibit A, Williams Dep. 19) and approved him for purchases of firearms (Def. Exhibit A, Williams Dep. 77; Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 79). Moreover, Mr. Colosimo testified that he inquired of ATF and the City, as to whether Mr. Williams was prohibited and ATF and the City told him that Mr. Williams was fine in continuing in his job duties, including possessing firearms and ammunition, after performing a background check on Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

20. Admitted.

21. ██████████████████████████████████████

██████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████

██████████████████████████████

████████████████████████████

22. Denied as stated. The Pennsylvania State Police and Bureau of
Alcohol, Tobacco, Firearms and Explosives told Mr. Williams that he
could continue to work for a federal firearms licensee, where he sold
firearms and acted as a firearm instructor (Def. Exhibit A, Williams
Dep. 19) and approved him for purchases of firearms (Def. Exhibit A,
Williams Dep. 77; Exhibit L to Plaintiff's Motion for Summary
Judgment, Williams Dep. 79). Moreover, Mr. Colosimo testified that
he inquired of ATF and the City, as to whether Mr. Williams was
prohibited and ATF and the City told him that Mr. Williams was fine
in continuing in his job duties, including possessing firearms and
ammunition, after performing a background check on Mr. Williams.
(Exhibit N to Plaintiff's Motion for Summary Judgment, Colosimo
Dep. 30 – 32).

23. Admitted. By way of further response, the Pennsylvania State Police
and Bureau of Alcohol, Tobacco, Firearms and Explosives told Mr.
Williams that he could continue to work for a federal firearms
licensee, where he sold firearms and acted as a firearm instructor

(Def. Exhibit A, Williams Dep. 19) and approved him for purchases of firearms (Def. Exhibit A, Williams Dep. 77; Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 79). Moreover, Mr. Colosimo testified that he inquired of ATF and the City, as to whether Mr. Williams was prohibited and ATF and the City told him that Mr. Williams was fine in continuing in his job duties, including possessing firearms and ammunition, after performing a background check on Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

24. Admitted. By way of further response, the Pennsylvania State Police and Bureau of Alcohol, Tobacco, Firearms and Explosives told Mr. Williams that he could continue to work for a federal firearms licensee, where he sold firearms and acted as a firearm instructor (Def. Exhibit A, Williams Dep. 19) and approved him for purchases of firearms (Def. Exhibit A, Williams Dep. 77; Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 79). Moreover, Mr. Colosimo testified that he inquired of ATF and the City, as to whether Mr. Williams was prohibited and ATF and the City told him that Mr. Williams was fine in continuing in his job duties, including possessing firearms and ammunition, after performing a background check on

Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary

Judgment, Colosimo Dep. 30 – 32).

25.   Admitted. By way of further response, the Pennsylvania State Police

and Bureau of Alcohol, Tobacco, Firearms and Explosives told Mr.

Williams that he could continue to work for a federal firearms

licensee, where he sold firearms and acted as a firearm instructor

(Def. Exhibit A, Williams Dep. 19) and approved him for purchases

of firearms (Def. Exhibit A, Williams Dep. 77; Exhibit L to Plaintiff's

Motion for Summary Judgment, Williams Dep. 79). Moreover, Mr.

Colosimo testified that he inquired of ATF and the City, as to whether

Mr. Williams was prohibited and ATF and the City told him that Mr.

Williams was fine in continuing in his job duties, including possessing

firearms and ammunition, after performing a background check on

Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary

Judgment, Colosimo Dep. 30 – 32).

26.   Denied as stated. The Pennsylvania State Police and Bureau of

Alcohol, Tobacco, Firearms and Explosives told Mr. Williams that he

could continue to work for a federal firearms licensee, where he sold

firearms and acted as a firearm instructor (Def. Exhibit A, Williams

Dep. 19) and approved him for purchases of firearms (Def. Exhibit A,

Williams Dep. 77; Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 79). Moreover, Mr. Colosimo testified that he inquired of ATF and the City, as to whether Mr. Williams was prohibited and ATF and the City told him that Mr. Williams was fine in continuing in his job duties, including possessing firearms and ammunition, after performing a background check on Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

27. Denied as stated. It is admitted that occasionally Mr. Williams was responsible for ensuring that the purchaser filled out the requisite paperwork and for performing the background check on the purchaser. (Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 85 – 87). It is denied that Mr. Williams was required to perform any further duty in relation to the purchase and/or transfer of a firearm. Id. To the extent the Defendants' statement implies that Mr. Williams was to know whether an individual was prohibited or not, as testified to by Mr. Colosimo, Mr. Williams was to rely on the PICS and NICS background check system to determine if an individual was prohibited. (*See*, Exhibit N, Colosimo Dep. 57).

28. Denied as stated. It is admitted that occasionally Mr. Williams was

responsible for ensuring that the purchaser filled out the requisite

paperwork and for performing the background check on the purchaser.

(Exhibit L to Plaintiff's Motion for Summary Judgment, Williams

Dep. 85 – 87). It is denied that Mr. Williams was required to perform

any further duty in relation to the purchase and/or transfer of a

firearm. Id.

29. Denied. In response to Attorney Scichitano's question of "I'm asking

whether Mr. Williams told you that he understood that he could not

own a firearm?", Mr. Colosimo answered "No." (Exhibit N to

Plaintiff's Motion for Summary Judgment, Colosimo Dep. 40).

30. 

31. Denied. First and foremost, Mr. Williams believed that he had been

convicted of a misdemeanor of the second degree, as reflected on his

court docket sheet (see, Def. Exhibit A, Williams Dep., Exhibit 5 (marked MCP-000006) reflecting under Final Disposition "M2" [4]), which would not have triggered a prohibition under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime that could not have been punished by more than two years in jail. See, 18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that he was prohibited from purchasing, possessing and utilizing firearms and ammunition as a result of his 2004 DUI conviction until November 5, 2015, when he was informed of such by the undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). ████████████

████████████████████████████████

███████████████████████████████

████████████████████████████████████

█████████████████████████████████████

████████████████████████████████████

████████████████████████████████

████████████████████████████ After becoming aware that he was prohibited after the undersigned's discussion with him on November 5, 2015, Mr. Williams immediately divested himself of all

---

[4] See Fn. 3, *supra*.

firearms and ammunition and refrained from acquiring any firearms or
ammunition.  (Id. ¶¶ 20 – 22; Def. Exhibit A, Williams Dep. 16 – 17,
19). By way of further response, while Mr. Williams was on
probation, the Pennsylvania State Police and Bureau of Alcohol,
Tobacco, Firearms and Explosives told him that he could continue to
work for a federal firearms licensee, where he sold firearms (Def.
Exhibit A, Williams Dep. 19) and approved him for purchases of
firearms (Def. Exhibit A, Williams Dep. 77; Exhibit L to Plaintiff's
Motion for Summary Judgment, Williams Dep. 79). Additionally, Mr.
Colosimo testified that he inquired of ATF and the City, as to whether
Mr. Williams was prohibited and ATF and the City told him that Mr.
Williams was fine in continuing in his job duties, including possessing
firearms and ammunition, after performing a background check on
Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary
Judgment, Colosimo Dep. 30 – 32).

32.   Admitted.

33.   Denied. First and foremost, Mr. Williams believed that he had been
      convicted of a misdemeanor of the second degree, as reflected on his
      court docket sheet (see, Def. Exhibit A, Williams Dep., Exhibit 5

(marked MCP-000006) reflecting under Final Disposition "M2" [5]),

which would not have triggered a prohibition under 18 U.S.C. §

922(g)(1), as it was a state law misdemeanor crime that could not

have been punished by more than two years in jail. See, 18 Pa.C.S. §

106(b)(2). Moreover, Plaintiff was never informed that he was

prohibited from purchasing, possessing and utilizing firearms and

ammunition as a result of his 2004 DUI conviction until November 5,

2015, when he was informed of such by the undersigned. (Plaintiff's

Statement of Material Facts, ¶¶ 10, 17). ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████ After becoming aware

that he was prohibited after the undersigned's discussion with him on

November 5, 2015, Mr. Williams immediately divested himself of all

firearms and ammunition and refrained from acquiring any firearms or

---

[5] See Fn. 3, *supra*.

ammunition.  (Plaintiff's Statement of Material Facts,  ¶¶ 20 – 22;
Def. Exhibit A, Williams Dep. 16 – 17, 19). By way of further
response, while Mr. Williams was on probation, the Pennsylvania
State Police and Bureau of Alcohol, Tobacco, Firearms and
Explosives told him that he could continue to work for a federal
firearms licensee, where he sold firearms (Def. Exhibit A, Williams
Dep. 19) and approved him for purchases of firearms (Def. Exhibit A,
Williams Dep. 77 Exhibit L to Plaintiff's Motion for Summary
Judgment, Williams Dep. 79). Additionally, Mr. Colosimo testified
that he inquired of ATF and the City, as to whether Mr. Williams was
prohibited and ATF and the City told him that Mr. Williams was fine
in continuing in his job duties, including possessing firearms and
ammunition, after performing a background check on Mr. Williams.
(Exhibit N to Plaintiff's Motion for Summary Judgment, Colosimo
Dep. 30 – 32).

34.  Denied as stated. Mr. Williams testified that based on his knowledge
on May 8, 2018 – which occurred after his discussion with the
undersigned on November 5, 2015 – that he *now* knows that his
statement was false. (Def. Exhibit A, Williams Dep. 82).

35.  Denied as stated. First and foremost, Mr. Williams believed that he

had been convicted of a misdemeanor of the second degree, as reflected on his court docket sheet (see, Def. Exhibit A, Williams Dep., Exhibit 5 (marked MCP-000006) reflecting under Final Disposition "M2" [6]), which would not have triggered a prohibition under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime that could not have been punished by more than two years in jail. See, 18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that he was prohibited from purchasing, possessing and utilizing firearms and ammunition as a result of his 2004 DUI conviction until November 5, 2015, when he was informed of such by the undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). ███

███████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

█████████████████████████████████

███████████████████████████████

██████████████████████████████████

████████████ After becoming aware that he was prohibited after the

---

[6] See Fn. 3, *supra*.

undersigned's discussion with him on November 5, 2015, Mr. Williams immediately divested himself of all firearms and ammunition and refrained from acquiring any firearms or ammunition.  (Plaintiff's Statement of Material Facts, ¶¶ 20 – 22; Def. Exhibit A, Williams Dep. 16 – 17, 19). By way of further response, while Mr. Williams was on probation, the Pennsylvania State Police and Bureau of Alcohol, Tobacco, Firearms and Explosives told him that he could continue to work for a federal firearms licensee, where he sold firearms (Def. Exhibit A, Williams Dep. 19) and approved him for purchases of firearms (Def. Exhibit A, Williams Dep. 77; Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 79). Additionally, Mr. Colosimo testified that he inquired of ATF and the City, as to whether Mr. Williams was prohibited and ATF and the City told him that Mr. Williams was fine in continuing in his job duties, including possessing firearms and ammunition, after performing a background check on Mr. Williams. (Exhibit N to Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

36. Denied as stated. Mr. Williams was only occasionally responsible for handling the paperwork. (Exhibit L to Plaintiff's Motion for Summary Judgment, Williams Dep. 85 – 87)

37. Admitted. By way of further response, Mr. Williams believed that he had been convicted of a misdemeanor of the second degree, as reflected on his court docket sheet (see, Def. Exhibit A, Williams Dep., Exhibit 5 (marked MCP-000006) reflecting under Final Disposition "M2" [7]), which would not have triggered a prohibition under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime that could not have been punished by more than two years in jail. See, 18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that he was prohibited from purchasing, possessing and utilizing firearms and ammunition as a result of his 2004 DUI conviction until November 5, 2015, when he was informed of such by the undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). █

---

[7] See Fn. 3, *supra*.

████████     After becoming aware that he was prohibited after the
undersigned's discussion with him on November 5, 2015, Mr.
Williams immediately divested himself of all firearms and
ammunition and refrained from acquiring any firearms or
ammunition.  (Plaintiff's Statement of Material Facts, ¶¶ 20 – 22; Def.
Exhibit A, Williams Dep. 16 – 17, 19). By way of further response,
while Mr. Williams was on probation, the Pennsylvania State Police
and Bureau of Alcohol, Tobacco, Firearms and Explosives told him
that he could continue to work for a federal firearms licensee, where
he sold firearms (Def. Exhibit A, Williams Dep. 19) and approved
him for purchases of firearms (Def. Exhibit A, Williams Dep. 77;
Exhibit L to Plaintiff's Motion for Summary Judgment, Williams
Dep. 79). Additionally, Mr. Colosimo testified that he inquired of
ATF and the City, as to whether Mr. Williams was prohibited and
ATF and the City told him that Mr. Williams was fine in continuing in
his job duties, including possessing firearms and ammunition, after
performing a background check on Mr. Williams. (Exhibit N to
Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

38.  Admitted. By way of further response, Mr. Williams believed that he
had been convicted of a misdemeanor of the second degree, as

reflected on his court docket sheet (see, Def. Exhibit A, Williams

Dep., Exhibit 5 (marked MCP-000006) reflecting under Final

Disposition "M2" [8]), which would not have triggered a prohibition

under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime

that could not have been punished by more than two years in jail. See,

18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that

he was prohibited from purchasing, possessing and utilizing firearms

and ammunition as a result of his 2004 DUI conviction until

November 5, 2015, when he was informed of such by the

undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). █

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

███████████████████████████████

███████████████████████████████████████

███████. After becoming aware that he was prohibited after the

undersigned's discussion with him on November 5, 2015, Mr.

---

[8] See Fn. 3, *supra*.

Williams immediately divested himself of all firearms and

ammunition and refrained from acquiring any firearms or

ammunition.  (Plaintiff's Statement of Material Facts, ¶¶ 20 – 22; Def.

Exhibit A, Williams Dep. 16 – 17, 19). By way of further response,

while Mr. Williams was on probation, the Pennsylvania State Police

and Bureau of Alcohol, Tobacco, Firearms and Explosives told him

that he could continue to work for a federal firearms licensee, where

he sold firearms (Def. Exhibit A, Williams Dep. 19) and approved

him for purchases of firearms (Def. Exhibit A, Williams Dep. 77;

Exhibit L to Plaintiff's Motion for Summary Judgment, Williams

Dep. 79). Additionally, Mr. Colosimo testified that he inquired of

ATF and the City, as to whether Mr. Williams was prohibited and

ATF and the City told him that Mr. Williams was fine in continuing in

his job duties, including possessing firearms and ammunition, after

performing a background check on Mr. Williams. (Exhibit N to

Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

39.  Admitted.

40.  Denied as stated. First and foremost, Mr. Williams believed that he

had been convicted of a misdemeanor of the second degree, as

reflected on his court docket sheet (see, Def. Exhibit A, Williams

Dep., Exhibit 5 (marked MCP-000006) reflecting under Final

Disposition "M2" [9]), which would not have triggered a prohibition

under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime

that could not have been punished by more than two years in jail. See,

18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that

he was prohibited from purchasing, possessing and utilizing firearms

and ammunition as a result of his 2004 DUI conviction until

November 5, 2015, when he was informed of such by the

undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). █

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

████████████    After becoming aware that he was prohibited after the

undersigned's discussion with him on November 5, 2015, Mr.

Williams immediately divested himself of all firearms and

---

[9] See Fn. 3, *supra*.

ammunition and refrained from acquiring any firearms or

ammunition.  (Plaintiff's Statement of Material Facts, ¶¶ 20 – 22; Def.

Exhibit A, Williams Dep. 16 – 17, 19). By way of further response,

while Mr. Williams was on probation, the Pennsylvania State Police

and Bureau of Alcohol, Tobacco, Firearms and Explosives told him

that he could continue to work for a federal firearms licensee, where

he sold firearms (Def. Exhibit A, Williams Dep. 19) and approved

him for purchases of firearms (Def. Exhibit A, Williams Dep. 77;

Exhibit L to Plaintiff's Motion for Summary Judgment, Williams

Dep. 79). Additionally, Mr. Colosimo testified that he inquired of

ATF and the City, as to whether Mr. Williams was prohibited and

ATF and the City told him that Mr. Williams was fine in continuing in

his job duties, including possessing firearms and ammunition, after

performing a background check on Mr. Williams. (Exhibit N to

Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

41.  Denied as stated. First and foremost, Mr. Williams believed that he

had been convicted of a misdemeanor of the second degree, as

reflected on his court docket sheet (see, Def. Exhibit A, Williams

Dep., Exhibit 5 (marked MCP-000006) reflecting under Final

Disposition "M2" [10]), which would not have triggered a prohibition under 18 U.S.C. § 922(g)(1), as it was a state law misdemeanor crime that could not have been punished by more than two years in jail. See, 18 Pa.C.S. § 106(b)(2). Moreover, Plaintiff was never informed that he was prohibited from purchasing, possessing and utilizing firearms and ammunition as a result of his 2004 DUI conviction until November 5, 2015, when he was informed of such by the undersigned. (Plaintiff's Statement of Material Facts, ¶¶ 10, 17). █

███████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

██████████████████████████████

█████████████████████████

████████████████████████████████████

████████  After becoming aware that he was prohibited after the undersigned's discussion with him on November 5, 2015, Mr. Williams immediately divested himself of all firearms and ammunition and refrained from acquiring any firearms or

---

[10] See Fn. 3, *supra*.

ammunition.  (Plaintiff's Statement of Material Facts, ¶¶ 20 – 22; Def.

Exhibit A, Williams Dep. 16 – 17, 19). By way of further response,

while Mr. Williams was on probation, the Pennsylvania State Police

and Bureau of Alcohol, Tobacco, Firearms and Explosives told him

that he could continue to work for a federal firearms licensee, where

he sold firearms (Def. Exhibit A, Williams Dep. 19) and approved

him for purchases of firearms (Def. Exhibit A, Williams Dep. 77;

Exhibit L to Plaintiff's Motion for Summary Judgment, Williams

Dep. 79). Additionally, Mr. Colosimo testified that he inquired of

ATF and the City, as to whether Mr. Williams was prohibited and

ATF and the City told him that Mr. Williams was fine in continuing in

his job duties, including possessing firearms and ammunition, after

performing a background check on Mr. Williams. (Exhibit N to

Plaintiff's Motion for Summary Judgment, Colosimo Dep. 30 – 32).

42. Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of the conference report as Exhibit E to Defendants'

Motion for Summary Judgment and that it speaks for itself. Plaintiff

denies that the Conference Report has any bearing on his Second

Amendment *as-applied* challenge and Defendants fail to advise this

Court that the Transportation Equity Act for the 21st Century, enacted

June 9, 1998, Pub. L. 105-178., lapsed on September 30, 2003, and at the time of its lapse, Plaintiff Williams had only been charged with one DUI for which he was admitted into the ARD program. (*See*, https://www.fhwa.dot.gov/reauthorization; Plaintiff's Exhibit A to his Motion for Summary Judgment). By way of further response, it is informative that the Conference Report only suggests civil penalties and does not suggest or imply that constitutional rights should be infringed in relation to two or more DUIs in a five-year period. (*See*, Exhibit E to Defendants' Motion for Summary Judgment). Moreover, in relation to those civil penalties, the Conference Report found it was a sufficient deterrent to strip an individual of the *privilege* of driving for a one-year period; whereby, the individual's *privilege* to drive would be restored after that one-year period. (*See*, Exhibit E to Defendants' Motion for Summary Judgment). Lastly, Defendants submitted this identical statement of material fact and conference report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

43. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the conference report as Exhibit F to Defendants'

Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that the statement by a single U.S. Representative has any bearing on his Second Amendment *as-applied* challenge, especially when her statement only addresses "convicted drunk drivers find[ing] their way back behind the wheel of a car" and Plaintiff is not challenging in this action any privilege to drive a vehicle. (*See*, Complaint (Doc-1); Exhibit F to Defendants' Motion for Summary Judgment). By way of further response, it is informative that the Representative Lowey's statement only suggests support of civil penalties and does not suggest or imply that constitutional rights should be infringed in relation to DUIs. (*See*, Exhibit F to Defendants' Motion for Summary Judgment). Moreover, in relation to those civil penalties, U.S. Representative Lowey found it was a sufficient deterrent to strip an individual of the *privilege* of driving for a one-year period; whereby, the individual's *privilege* to drive would be restored after that one-year period. (*Id*.) Lastly, Defendants submitted this identical statement of material fact and statement in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

44. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of Pennsylvania Representative Harper's statement as Exhibit G to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that the statement by a single PA Representative has any bearing on his Second Amendment *as-applied* challenge, especially when Representative Harper's statement does not suggest or imply that constitutional rights should be infringed in relation to DUIs. (*See*, Exhibit G to Defendants' Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2)). [11] Lastly, Defendants submitted this identical statement of material fact and

---

[11] It also bears noting that if an individual were convicted of three DUIs in a six-year period, the individual would not be under any state disability. In fact, an individual could have ten or more DUIs and still not be prohibited under state law, unless three of the DUIs occurred in a five-year period and if so, the individual would still be permitted to retain possession of the firearms he/she owned but would simply be prohibited from purchasing new firearms.

Furthermore, pursuant to 18 Pa.C.S. § 6105(e)(2), after a period of 10 years from the date of conviction for the third DUI in a five year period, "the court shall grant such relief" from the prohibition if the individual petitions the court. Hence, even after being convicted of three DUIs in a five year period, the Pennsylvania General Assembly has found that the individual should not be prohibited in perpetuity.

statement in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974

(M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge

Conner found unpersuasive. More importantly, conversely, Judge

Conner found persuasive the fact that the Pennsylvania General

Assembly did not strip an individual of his/her right to keep and bear

arms as a result of a second DUI and that "the limited circumstances

under which the Commonwealth prohibits DUI offenders from

transferring and purchasing new firearms [*i.e.* Sections 6105(c)(3),

(e)(2)] suggests that it views Holloway's offense less seriously than

defendants claim." Id. * 5.

45. Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of Pennsylvania Senator Madigan's statement as

Exhibit H to Defendants' Motion for Summary Judgment and that it

speaks for itself. Plaintiff denies that the statement by a single PA

Senator has any bearing on his Second Amendment *as-applied*

challenge, especially when Representative Madigan's statement does

not suggest or imply that constitutional rights should be infringed in

relation to DUIs. (*See*, Exhibit H to Defendants' Motion for Summary

Judgment). Moreover, the entire General Assembly of Pennsylvania

has only found it proper to *partially* strip one's right to Keep and Bear

Arms, where the individual is convicted of three DUIs in a five-year

period and then only in relation to the purchase/transfer of new

firearms; whereby, the courts are to grant relief from the disability

after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*).

Lastly, Defendants submitted this identical statement of material fact

and statement in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL

4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which

Chief Judge Conner found unpersuasive.

46. Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of Pennsylvania Senator Williams' statement as

Exhibit H to Defendants' Motion for Summary Judgment and that it

speaks for itself. Plaintiff denies that the statement by a single PA

Senator has any bearing on his Second Amendment *as-applied*

challenge, especially when Representative Williams' statement does

not suggest or imply that constitutional rights should be infringed in

relation to DUIs. (*See*, Exhibit H to Defendants' Motion for Summary

Judgment). Moreover, the entire General Assembly of Pennsylvania

has only found it proper to *partially* strip one's right to Keep and Bear

Arms, where the individual is convicted of three DUIs in a five-year

period and then only in relation to the purchase/transfer of new

firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and statement in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

47. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of Pennsylvania Senator Dent's statement as Exhibit H to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that the statement by a single PA Senator has any bearing on his Second Amendment *as-applied* challenge, especially when Representative Dent's statement does not suggest or imply that constitutional rights should be infringed in relation to DUIs. (*See*, Exhibit H to Defendants' Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*).

Lastly, Defendants submitted this identical statement of material fact and statement in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

48. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the Nat'l Highway Traffic Safety Admin. Report as Exhibit I to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge, especially when the report does not suggest or imply that constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-applied to him. (*See*, Exhibit I to Defendants' Motion for Summary Judgment). By way of further response, it has no bearing on Plaintiff as Plaintiff was not involved in an "alcohol-impaired-driving fatalit[y]" and his sole DUI conviction was in 2004, which was fourteen years ago. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs

in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

49. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of *Risk of Alcohol-Impaired Driving Recidivism Among First Offenders and Multiple Offenders* as Exhibit J to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge, especially when the article does not suggest or imply that constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-applied to him. (*See*, Exhibit J to Defendants' Motion for Summary Judgment). By way of further response, it has no bearing on Plaintiff as Plaintiff's sole DUI conviction was in 2004, which was fourteen years ago, and the article addresses those with

DUI convictions within the last six years. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

50. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the Nat'l Highway Traffic Safety Admin. Report as Exhibit K to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge, especially when the article does not suggest or imply that constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-applied to him. (*See*, Exhibit K to Defendants'

Motion for Summary Judgment). By way of further response, the portions cited by Defendants have limited bearing in relation to Plaintiff, as (1) he did not have "two or three" prior DUIs at the time of his sole 2004 DUI conviction, (2) he does not have a criminal record of "serious crimes [12] against persons as well as against property," (3) he is not alcohol dependent, and (4) he does not have "personality and psychosocial problems" and is a construction manager, who manages construction projects in Pennsylvania, New Jersey and Delaware. (*See*, Plaintiff's Statement of Material Facts ¶¶ 11-13; Exhibit J to Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner

---

[12] This report seems to undercut Defendants' contention that DUI is a serious offense in and of itself, as the report itself does not categorize DUIs as "serious crimes."

found unpersuasive.

51.   Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of the report as Exhibit I to Defendants' Motion for

Summary Judgment and that it speaks for itself. Plaintiff denies that it

has any bearing on his Second Amendment *as-applied* challenge,

especially when the report does not suggest or imply that

constitutional rights should be infringed in relation to DUIs and it

does not provide any correlation between Plaintiff, his specific

background and the challenged interplay of Section 922(g)(1), as-

applied to him. (*See*, Exhibit I to Defendants' Motion for Summary

Judgment). By way of further response, it has no bearing on Plaintiff

as Plaintiff was not involved in a "fatal motor vehicle crash" and his

sole DUI conviction was in 2004, which was fourteen years ago, and

the report addresses those with DUI convictions within the last five

years. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment).

Moreover, the entire General Assembly of Pennsylvania has only

found it proper to *partially* strip one's right to Keep and Bear Arms,

where the individual is convicted of three DUIs in a five-year period

and then only in relation to the purchase/transfer of new firearms;

whereby, the courts are to grant relief from the disability after ten

years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly,

Defendants submitted this identical statement of material fact and

report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D.

Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner

found unpersuasive.

52.  Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of the report as Exhibit I to Defendants' Motion for

Summary Judgment and that it speaks for itself. Plaintiff denies that it

has any bearing on his Second Amendment *as-applied* challenge,

especially when the report does not suggest or imply that

constitutional rights should be infringed in relation to DUIs and it

does not provide any correlation between Plaintiff, his specific

background and the challenged interplay of Section 922(g)(1), as-

applied to him. (*See*, Exhibit I to Defendants' Motion for Summary

Judgment). By way of further response, it has no bearing on Plaintiff

as Plaintiff was not involved in a "fatal motor vehicle crash" and his

sole DUI conviction was in 2004, which was fourteen years ago, and

the report addresses those with DUI convictions within the last five

years. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment).

Moreover, the entire General Assembly of Pennsylvania has only

found it proper to *partially* strip one's right to Keep and Bear Arms,
where the individual is convicted of three DUIs in a five-year period
and then only in relation to the purchase/transfer of new firearms;
whereby, the courts are to grant relief from the disability after ten
years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly,
Defendants submitted this identical statement of material fact and
report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D.
Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner
found unpersuasive.

53. Admitted in part, denied in part. It is admitted that Defendants
submitted a copy of the report as Exhibit I to Defendants' Motion for
Summary Judgment and that it speaks for itself. Plaintiff denies that it
has any bearing on his Second Amendment *as-applied* challenge,
especially when the report does not suggest or imply that
constitutional rights should be infringed in relation to DUIs and it
does not provide any correlation between Plaintiff, his specific
background and the challenged interplay of Section 922(g)(1), as-
applied to him. (*See*, Exhibit I to Defendants' Motion for Summary
Judgment). By way of further response, it has no bearing on Plaintiff
as Plaintiff's sole DUI conviction was in 2004, which was fourteen

years ago, and the report addresses those with DUI convictions within the last five years. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-2), which Chief Judge Conner found unpersuasive.

54. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the article as Exhibit L to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge, especially when the report does not suggest or imply that constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-

applied to him. (*See*, Exhibit L to Defendants' Motion for Summary

Judgment). By way of further response, it has no bearing on Plaintiff

as Plaintiff was not involved in a "fatal crash" and his sole DUI

conviction was in 2004, which was fourteen years ago. (*See*, Exhibit

A to Plaintiff's Motion for Summary Judgment). Moreover, the entire

General Assembly of Pennsylvania has only found it proper to

*partially* strip one's right to Keep and Bear Arms, where the

individual is convicted of three DUIs in a five-year period and then

only in relation to the purchase/transfer of new firearms; whereby, the

courts are to grant relief from the disability after ten years. (*See*, 18

Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants

submitted this identical statement of material fact and report in

*Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa.

Sept. 28, 2018) (Docs. 61-1 and 61-3), which Chief Judge Conner

found unpersuasive.

55. Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of the article as Exhibit M to Defendants' Motion

for Summary Judgment and that it speaks for itself. Plaintiff denies

that it has any bearing on his Second Amendment *as-applied*

challenge, especially when the report does not suggest or imply that

constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-applied to him. (*See*, Exhibit M to Defendants' Motion for Summary Judgment). By way of further response, it has no bearing on Plaintiff as Plaintiff was not involved in a "fatal motor vehicle crash" and his sole DUI conviction was in 2004, which was fourteen years ago. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-3), which Chief Judge Conner found unpersuasive.

56. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the article as Exhibit M to Defendants' Motion

for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge, especially when the report does not suggest or imply that constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-applied to him. (*See*, Exhibit M to Defendants' Motion for Summary Judgment). By way of further response, it has no bearing on Plaintiff as Plaintiff was not involved in a "fatal single-vehicle motor vehicle crash" and his sole DUI conviction was in 2004, which was fourteen years ago. (*See*, Exhibit A to Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this identical statement of material fact and report in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-1 and 61-3), which Chief Judge

Conner found unpersuasive.

57. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the report as Exhibit N to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge, especially when the report does not suggest or imply that constitutional rights should be infringed in relation to DUIs and it does not provide any correlation between Plaintiff, his specific background and the challenged interplay of Section 922(g)(1), as-applied to him. (*See*, Exhibit N to Defendants' Motion for Summary Judgment). By way of further response, it has no bearing on Plaintiff as Plaintiff is not incarcerated and his sole DUI conviction was in 2004, which was fourteen years ago. (*See*, Exhibit A of Plaintiff's Motion for Summary Judgment). Moreover, the entire General Assembly of Pennsylvania has only found it proper to *partially* strip one's right to Keep and Bear Arms, where the individual is convicted of three DUIs in a five-year period and then only in relation to the purchase/transfer of new firearms; whereby, the courts are to grant relief from the disability after ten years. (*See*, 18 Pa.C.S §§ 6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this

identical statement of material fact and report in *Holloway v. Sessions*,

1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-

1 and 61-3), which Chief Judge Conner found unpersuasive.

58. Admitted in part, denied in part. It is admitted that Defendants

submitted a copy of the report as Exhibit N to Defendants' Motion for

Summary Judgment and that it speaks for itself. Plaintiff denies that it

has any bearing on his Second Amendment *as-applied* challenge,

especially when the report does not suggest or imply that

constitutional rights should be infringed in relation to DUIs and it

does not provide any correlation between Plaintiff, his specific

background and the challenged interplay of Section 922(g)(1), as-

applied to him. (*See*, Exhibit N to Defendants' Motion for Summary

Judgment). By way of further response, it has no bearing on Plaintiff

as Plaintiff is not on probation and his sole DUI conviction was in

2004, which was fourteen years ago. (*See* Exhibit A of Plaintiff's

Motion for Summary Judgment). Moreover, the entire General

Assembly of Pennsylvania has only found it proper to *partially* strip

one's right to Keep and Bear Arms, where the individual is convicted

of three DUIs in a five-year period and then only in relation to the

purchase/transfer of new firearms; whereby, the courts are to grant

relief from the disability after ten years. (*See*, 18 Pa.C.S §§

6105(c)(3), (e)(2); Fn. 11, *supra*). Lastly, Defendants submitted this

identical statement of material fact and report in *Holloway v. Sessions*,

1:17-CV-81, 2018 WL 4699974 (M.D. Pa. Sept. 28, 2018) (Docs. 61-

1 and 61-3), which Chief Judge Conner found unpersuasive.

59. Admitted in part and denied in part. It is admitted that Defendants

filed their own fifty-state survey of the laws. It is denied that it is

completely accurate. Plaintiff contends that his fifty-state survey is

more accurate and reflective of how the fifty states treat DUI offenses.

(*See*, Exhibit C to Plaintiff's Motion for Summary Judgment).

60. Denied as stated, as such implies that a possible sentence of one year

of imprisonment triggers a firearm prohibition under 18 U.S.C. §

922(g)(1), when 18 U.S.C. § 921(a)(20) specifically exempts state law

offenses of a misdemeanor nature that can be punished by two years

or less from the term "crime punishable by imprisonment for a term

exceeding one year." As such, Defendants' statement seems designed

to confuse the Court as to the true nature of an offense, which triggers

a prohibition under Section 922(g)(1). And this is not the first time

that the Defendants have been criticized for making misleading

statements in relation to the potential penalties of DUI convictions

across the U.S. In footnote 7 of *Holloway*, Judge Conner declared "[i]n support of their position, defendants assert that '[f]orty-six states punish DUIs as felonies on a first or subsequent conviction.' ... This statement is rather misleading. Not a single state punishes a first DUI offense as a felony, and only three states impose a maximum possible sentence greater than one year's imprisonment." 1:17-CV-81, 2018 WL 4699974, at *5.

61.  Denied as stated, as such implies that a possible sentence of one year of imprisonment triggers a firearm prohibition under 18 U.S.C. § 922(g)(1), when 18 U.S.C. § 921(a)(20) specifically exempts state law offenses of a misdemeanor nature that can be punished by two years or less from the term "crime punishable by imprisonment for a term exceeding one year." As such, Defendants' statement seems designed to confuse the Court as to the true nature of an offense, which triggers a prohibition under Section 922(g)(1). And this is not the first time that the Defendants have been criticized for making misleading statements in relation to the potential penalties of DUI convictions across the U.S. In footnote 7 of *Holloway*, Judge Conner declared "[i]n support of their position, defendants assert that '[f]orty-six states punish DUIs as felonies on a first or subsequent conviction.' ... This

statement is rather misleading. Not a single state punishes a first DUI offense as a felony, and only three states impose a maximum possible sentence greater than one year's imprisonment." 1:17-CV-81, 2018 WL 4699974, at *5.

62. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the report as Exhibit S to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge for all the reasons specified in Plaintiff's Objections to Defendants' Expert Report of Daniel Webster, ScD. By way of further response, Defendants submitted a virtually identical report – except for the Plaintiff's name, differentiation between the use of footnotes and endnotes, and this version being signed – by Dr. Webster in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974, (M.D. Pa. Sept. 28, 2018) (Doc. 61-4), which Chief Judge Conner found unpersuasive. More importantly, Judge Connor, at * 7-8, declared:

> [The Defendants] relies heavily on an expert report to support the proposition that individuals like Holloway "are substantially more likely to intentionally use firearms to harm others, inflict self-harm, and cause inadvertent harm." (Doc. 61 at 25-27 (citing Doc. 61-4) ). The expert report states that individuals with alcohol dependency or abuse are more prone to violence and cites one study that suggests just over 50 percent of DUI offenders were alcohol dependent. (Doc. 61-4 at 4-5 & n.8). It

further notes that alcohol abuse is often comorbid with mental illness and is strongly linked with domestic violence, youth violence, violent crime, and road rage. (Id. at 6-7). But nothing in the record suggests that Holloway was ever diagnosed with or suffered from alcohol dependence, alcohol abuse, or mental illness. Moreover, the report acknowledges that "it is not possible to determine with certainty whether these associations are causal." (Id. at 6).

The report further opines that laws prohibiting "high risk" individuals from purchasing firearms reduce future violent and firearms-related offenses. (Id. at 13-14). In support of this proposition, the report cites two studies which collected data on individuals with at least one prior misdemeanor conviction for a crime of violence. (Id. at 13-14 & n.50) Both studies found that barring said individuals from purchasing firearms reduced the commission of future crimes involving firearms or violence, and intimate partner homicides, respectively. (Id.) Defendants can draw no reasonable conclusion from these studies about the risk posed by Holloway's potential possession of a firearm as his disqualifying misdemeanor was nonviolent.

One study identified by the report found 32.8 percent of handgun purchasers who had prior alcohol convictions were arrested for a subsequent crime involving violence or firearms. (Id. at 9 & n.34). The study's regression analysis revealed that individuals with just one prior alcohol-related conviction were four times as likely to be arrested for a firearm-related offense or a crime of violence. (Id. at 10). The data set utilized by the study consists of persons who purchased a handgun from a California retail firearms dealer in 1977. (Id. at 9). Without questioning the validity of the study's methodology, we find that this study alone does not adequately establish a substantial fit between Holloway's disarmament and the government's compelling interest in preventing armed mayhem.

…

defendants' evidence fails to account for key characteristics of Holloway and similarly situated persons. They have presented

no evidence indicating that individuals like Holloway—after over a decade of virtuous, noncriminal behavior—"remain [so] potentially irresponsible" that they should be prohibited from owning a firearm

63. Admitted in part, denied in part. It is admitted that Defendants submitted a copy of the report as Exhibit S to Defendants' Motion for Summary Judgment and that it speaks for itself. Plaintiff denies that it has any bearing on his Second Amendment *as-applied* challenge for all the reasons specified in Plaintiff's Objections to Defendants' Expert Report of Daniel Webster, ScD. By way of further response, Defendants submitted a virtually identical report – except for the Plaintiff's name, differentiation between the use of footnotes and endnotes, and this version being signed – by Dr. Webster in *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974, (M.D. Pa. Sept. 28, 2018) (Doc. 61-4), which Chief Judge Conner found unpersuasive. More importantly, Judge Connor, at * 7-8, declared:

> [The Defendants] relies heavily on an expert report to support the proposition that individuals like Holloway "are substantially more likely to intentionally use firearms to harm others, inflict self-harm, and cause inadvertent harm." (Doc. 61 at 25-27 (citing Doc. 61-4) ). The expert report states that individuals with alcohol dependency or abuse are more prone to violence and cites one study that suggests just over 50 percent of DUI offenders were alcohol dependent. (Doc. 61-4 at 4-5 & n.8). It further notes that alcohol abuse is often comorbid with mental illness and is strongly linked with domestic violence, youth violence, violent crime, and road rage. (Id. at 6-7). But nothing

in the record suggests that Holloway was ever diagnosed with or suffered from alcohol dependence, alcohol abuse, or mental illness. Moreover, the report acknowledges that "it is not possible to determine with certainty whether these associations are causal." (Id. at 6).

The report further opines that laws prohibiting "high risk" individuals from purchasing firearms reduce future violent and firearms-related offenses. (Id. at 13-14). In support of this proposition, the report cites two studies which collected data on individuals with at least one prior misdemeanor conviction for a crime of violence. (Id. at 13-14 & n.50) Both studies found that barring said individuals from purchasing firearms reduced the commission of future crimes involving firearms or violence, and intimate partner homicides, respectively. (Id.) Defendants can draw no reasonable conclusion from these studies about the risk posed by Holloway's potential possession of a firearm as his disqualifying misdemeanor was nonviolent.

One study identified by the report found 32.8 percent of handgun purchasers who had prior alcohol convictions were arrested for a subsequent crime involving violence or firearms. (Id. at 9 & n.34). The study's regression analysis revealed that individuals with just one prior alcohol-related conviction were four times as likely to be arrested for a firearm-related offense or a crime of violence. (Id. at 10). The data set utilized by the study consists of persons who purchased a handgun from a California retail firearms dealer in 1977. (Id. at 9). Without questioning the validity of the study's methodology, we find that this study alone does not adequately establish a substantial fit between Holloway's disarmament and the government's compelling interest in preventing armed mayhem.

…

defendants' evidence fails to account for key characteristics of Holloway and similarly situated persons. They have presented no evidence indicating that individuals like Holloway—after over a decade of virtuous, noncriminal behavior—"remain [so] potentially irresponsible" that they should be prohibited from

owning a firearm

By way of further response, Dr. Webster's conclusion fails to contend that Mr. Williams is at any, let alone a high, risk of future violence or firearm-related offenses and any such contention is directly contradicted by the Expert Report of Robert Gordon, who actually evaluated Mr. Williams, and concluded that Mr. Williams "has a normal personality, without psychopathology and without addiction or violent tendencies. Accordingly, the research relief upon by Dr. Webster is not applicable to Mr. Williams." (*See*, Exhibit J to Plaintiff's Motion for Summary Judgment, pgs. 11-12).

64. Id.

65. Id.

66. Id.

67. Id.

Dated: November 13, 2018                         Respectfully Submitted,


Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Adam Kraut, Esq.
Attorney Id. No. 318482

AKraut@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)

Attorneys for Plaintiff