Joshua Prince, Esq.
Attorney Id No. 306521

Adam Kraut, Esq.
Attorney Id. No. 318482

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 313-0416, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
|     Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| **v.** | : | Honorable Robert F. Kelly |
| | : | |
| **JEFFERSON B. SESSIONS III,** *et al.* | : | |
| | : | |
|     Defendants | : | |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

## **TABLE OF CONTENTS**

**I. ARGUMENT** ................................................................................................... 1

    *a.  Incorporation* ................................................................................... 1

    *b.  Mr. Williams conviction is not a serious crime* .......................................... 1

    *c.  Objection to the Declaration of ATF Industry Operations Investigator ("IOI") Stephanie Brady* ................................................................... 3

    *d.  Psychologist Gordon's Report* ................................................................. 4

**II. CONCLUSION** ............................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016)(*en banc*) ......... 2, 5, 6

*D'Alessandro v. Bugler Tobacco Co.*, No. CIV A 05-5051 JBS,
   2007 WL 130798 (D.N.J. Jan. 12, 2007) ............................................................... 3

*Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 (M.D. Pa.
   Sept. 28, 2018) ........................................................................................................ 2

*Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318 (3d Cir. 1992) ...... 3

**Statutes**

18 Pa.C.S. § 106(b)(7) ............................................................................................... 3

18 U.S.C. § 921(g)(1) ................................................................................................ 2

**Rules**

Fed.R.Civ.P. 26(a)(1)(i) ............................................................................................. 4

Fed.R.Civ.P. 26(a)(2) ................................................................................................. 4

Plaintiff Edward A. Williams, by and through his counsel, hereby submits this Reply Brief in Support of His Motion for Summary Judgment.

I.      ARGUMENT

   a. Incorporation

For brevity, Plaintiff respectfully incorporates the arguments that he provided in his Brief in Support of his Second Motion for Summary Judgment [1] and Brief in Opposition to Defendants' Motion for Summary Judgment. [2] Plaintiff will merely respond to the new issues raised by Defendants that have not been previously addressed by Plaintiff in his prior briefs.

   b. Mr. Williams conviction is not a serious crime

Although Defendants contend that Plaintiff's Brief in Opposition "does not dispute that Pennsylvania's five-year maximum sentence bears in favor of the government" (Def. Reply Brief at 1), both Plaintiff's Brief in Support of His Motion for Summary Judgment and Plaintiff's Brief in Opposition to Defendants Motion for Summary Judge dispute this allegation and the Defendants' argument is directly undercut by the Third Circuit's decision in *Binderup v. AG of United*

---

[1] *See* Docs. 29-4 (redacted), 31 (unredacted).
[2] *See* Doc. 34

1

*States*, 836 F.3d 336 (3d Cir. 2016)(*en banc*), where the lead Plaintiff, Mr. Binderup, was challenging his prohibition under 18 U.S.C. § 921(g)(1) as a result of his conviction for corruption of a minor, which, as a misdemeanor of the first degree, was punishable by the identical possible five-year maximum sentence. 836 F.3d at 340. As this Court is undoubtedly aware, the Third Circuit found in favor of Mr. Binderup and did not find that that Pennsylvania's five-year maximum sentence bears in favor of the government.

Furthermore, although the Defendants attempt to contend that the sentences imposed upon Mr. Williams and Mr. Holloway [3] are distinct (Def. Reply Brief at 2-3), their 90-day sentences were identical, with the exception that Mr. Holloway served his on work release, while Mr. Williams served his on house arrest. Moreover, as discussed by Chief Judge Connor in *Holloway* and as discussed by Plaintiff in his briefs, a sentencing judge in Pennsylvania lacks discretion to impose a sentence less than 90 days and therefore, as declared by Judge Connor, the "sentence [of 90 days] is relatively minor." [4]

As Plaintiff previously addressed, *ad nauseam,* the issues with the Defendants' cross-jurisdictional analysis which they continue to ignore (Def. Reply Brief at 4-6) and appear to double-down on solely for the purpose of confusing this Court as to what actually triggers a prohibition pursuant to Section

---

[3] *Holloway v. Sessions*, 1:17-CV-81, 2018 WL 4699974 *1 (M.D. Pa. Sept. 28, 2018).
[4] *Id*. *4.

2

922(g)(1) and the appropriate cross-jurisdiction analysis, he will not further belabor the point.

It also must be pointed out that although the Defendants argue that Mr. Williams never contended that he was convicted of a misdemeanor of the second degree in relation to his 2004 DUI, they cite to Mr. Williams' deposition, where he explicitly stated that he believed he was convicted of a crime punishable by up to two years in jail (Def. Reply Brief at 7 and fn. 7), which is a misdemeanor of the second degree, pursuant to 18 Pa.C.S. § 106(b)(7). [5]

For all of these reasons, in addition to the arguments previously made by Mr. Williams, this Court should find that, pursuant to the *Binderup* decision, his conviction was not serious.

### c. Objection to the Declaration of ATF Industry Operations Investigator ("IOI") Stephanie Brady

Defendants attempt to submit a Declaration of Stephanie S. Brady (Def. Reply Brief at 10, fn. 10, and Declaration), [6] after failing to ever identify IOI Brady

---

[5] "A crime is a misdemeanor of the second degree if it is so designated in this title or *if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than two years*." 18 Pa.C.S. § 106(b)(7) (emphasis added).

[6] As Defendants contend, "[p]arties cannot belatedly submit evidence that should have been submitted in their initial filings. *D'Alessandro v. Bugler Tobacco Co.*, No. CIV A 05-5051 JBS, 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) ('A moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief.'

3

to Plaintiff or Counsel prior to submitting the Declaration to the Court and providing it to Counsel on November 27, 2018 at 5:12 PM in violation of Fed.R.Civ.P. 26(a)(1)(i) and after all discovery closed by Order of the Court; thereby, precluding Plaintiff from deposing IOI Brady.[7] Moreover, the Declaration includes hearsay, which is inadmissible. Furthermore, it is speculative in nature, as IOI Brady cannot know what occurred in her absence or what conversations occurred with other IOIs and declares that any such conversation should have included consultation with ATF counsel but does not declare that consultation with ATF counsel did not occur; thus, suggesting that ATF counsel was consulted regarding Mr. Williams' status and she does not wish to disclose that fact. Accordingly, this Court should strike the Declaration of IOI Brady in its entirety.

    d. *Psychologist Gordon's Report*

Although Plaintiff believes that pursuant to Fed.R.Civ.P. 26(a)(2), the expert report of Psychologist Gordon was sufficient absent swearing, Psychologist Gordon submitted a sworn declaration stating that everything in his report was true and correct.[8] The Government now contends, in the absence of any such

---

(quoting *Int'l Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n.11 (3d Cir. 1992))." Def. Reply Brief at 13.
[7] *See* Docs. 17, 25.
[8] *See*, Doc. 40.

supportive information and contrary to the Report, that Psychologist Gordon did not review the entire deposition transcript of Mr. Williams (Def. Reply Brief at 14), because he included snippets of the deposition transcript that he felt were the most important in relation to his ultimate conclusions. A review of Psychologist Gordon's Report states that he reviewed the "Compressed Transcript of the testimony of EDWARD A. WILLIAMS, 5/8/18" and then goes on to provide the Court with the excerpts from the deposition transcript, which were the most important in forming his conclusions. [9] This is no different than how he declares that he reviewed the Complaint and then included what he deemed to be the most important snippets of the Complaint in his Report. [10] In the event the Court has any concern over whether Psychologist Gordon reviewed the entire report, the undersigned, as an officer of the court, attests that Psychologist Gordon did review the entirety Mr. Williams' deposition and Plaintiff respectfully requests leave of court to submit a supplemental declaration by Psychologist Gordon that swears, subject to the penalty of perjury, that he reviewed the deposition of Mr. Williams in its entirety.

Furthermore, as Plaintiff addressed in his Brief in Support of His Motion for Summary Judgment, contrary to the Government's argument (Def. Reply Brief at 15 and fn. 13), it is appropriate for the Court to consider Psychologist Gordon's

---

[9] *See*, Doc. 29-5, Exhibit E, pgs. 2-7.
[10] *Id.*, pgs. 8-9.

report in relation to the second prong of *Binderup*. Otherwise, it would likewise be inappropriate for the Court to consider the Defendants' expert report in relation to the second prong. While Plaintiff agrees that it would be improper for the Court to consider *either* report in relation to the first prong, it is telling that the Governments' argument quotes the *Binderup* Court in relation to "the first prong." Def. Reply Brief, fn. 13. It is clear from the *Binderup* decision that either party may submit expert testimony or reports in relation to the second prong. 836 F.3d at 353-56. [11]

## II. CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Summary Judgment should be granted and the Defendants' Motion for Summary Judgment should be denied.

---

[11] *See also*, fn. 7 of Binderup, declaring:
> As discussed, evidence of how individuals have lived their lives since committing crimes is irrelevant under *Marzzarella*'s first step, as there is no historical support for rehabilitation being a consideration in determining whether someone has Second Amendment rights. However, at step two of the analysis the question is no longer whether the Challengers fall within the Second Amendment's protections. They do. Our task now is to decide whether the Government can disarm them despite these protections. Whereas our obligation at step one is to draw constitutional lines—separating those who have Second Amendment rights from those who do not—at step two we must ask whether the Government has made a strong enough case for disarming a person found after step one to be eligible to assert an as-applied challenge. *This turns in part on the likelihood that the Challengers will commit crimes in the future.* Thus, under the right circumstances the passage of time since a conviction can be a relevant consideration in assessing recidivism risks.

Dated: November 27, 2018

Respectfully Submitted,

_____
Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Adam Kraut, Esq.
Attorney Id. No. 318482
AKraut@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
888-313-0416
610-845-3903 (fax)

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Brief was filed electronically through the Eastern District of Pennsylvania Electronic Filing System. Notice of this filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

                                            Joshua Prince, Esq.
                                            Attorney Id. No. 306521
                                            Prince Law Offices, P.C.
                                            646 Lenape Rd
                                            Bechtelsville, PA 19505
                                            888-313-0416
                                            610-845-3903 (fax)

                                            Attorney for Plaintiff