## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| **v.** | : | Honorable Robert F. Kelly |
| | : | |
| **WILLIAM BARR,** *et al.* | : | |
| Defendants | : | |

### OBJECTIONS TO DEFENDANTS' BILL OF COSTS

On April 1, 2019, the Court granted summary judgment for the Defendants. *See* Doc. 44. Defendants filed a bill of costs on April 15, 2019. *See* Doc. 45.

### I.    General Objections

Plaintiff respectfully submits that any consideration of Defendants' bill of costs should await the conclusion of any appeal in this case, or the exhaustion of the time for taking an appeal. At this juncture, it is uncertain whether the Plaintiff will file post-decision motions or elect to appeal and, if so, what the result will be. It is therefore not clear whether Defendants will be a "prevailing party" entitled to costs, or the extent to which Defendants will have achieved any success at the conclusion of this litigation. Interests of judicial economy weigh strongly in favor of waiting for any appeals before Defendants' bill of costs is considered by the Clerk or the Court.

Under the Federal Rules of Appellate Procedure, a timely notice of

appeal of the final judgment in this case must be filed by May 31, 2019. Fed. R. App. P. 4(a)(1)(B). Therefore, the bill of costs is premature and should be held in abeyance until May 31, 2019, or the conclusion of any appeal, whichever is later. If costs were to be assessed now, pending the possibility of post-decision motions or an appeal, and Plaintiff was to later substantively prevail on post-decision motions or an appeal to the Third Circuit, Plaintiff, as the prevailing party, would be entitled to recover such costs from Defendants and, indeed, would himself be eligible for an award of costs. Moreover, had the Defendants contacted Plaintiff's counsel – as Plaintiff's counsel have done, where their clients were the prevailing parties in substantially similar litigation [1] – to discuss any bill of costs, the Plaintiff would have agreed to a stay of any bill of cost needing to be filed until such time as a determination on any post-decision motions and appeal was made.

Denying Defendants' application without prejudice to later re-file after the time for any appeal has passed and/or any appeal has concluded, or holding the application in abeyance until after the time for any appeal has passed and/or any appeal has concluded, avoids this situation and represents the appropriate approach under the circumstances. *See generally*, *Hogan v. Raymond Corp.*,

---

[1] *See e.g.*, *Miller v. Sessions, et al.*, 2:17-cv-02627-ER (E.D. Pa 2019) (Docs. 36, 40); *Holloway v. Sessions, et al.*, 1:17-cv-00081-CCC (M.D. Pa 2018) (Docs. 86, 87); *Franklin v. Lynch, et al.*, 3:16-cv-00036-KRG (W.D. Pa 2017) (Docs. 54, 55); *Keyes, et al. v. Lynch, et al.*, 1:15-cv-00457-JEJ (M.D. Pa 2017) (Docs. 50, 51, 74, 77).

No. 10-846, 2014 WL 292170 (W.D. Pa. Jan. 27, 2014) (explaining that the Clerk of Court had deferred consideration of bill of costs until after the disposition of plaintiff's appeal); *Kocher v. Larksville Borough*, No. 11-2053, 2014 WL 888523, at *2 n.1 (M.D. Pa. Mar. 6, 2014) (explaining that litigant had timely filed bill of costs that was submitted six days after the Third Circuit had issued its mandate affirming the judgment of the district court).

More specifically, in *Binderup v. U.S. Attorney General*, 5:13-cv-06750-JKG (E.D. Pa 2014), the Government objected to Plaintiff's counsel in that matter engaging in the same action they took in this matter. *See*, Docs. 29, 30. The Clerks office, in the interest of judicial economy, waited until the right for an appeal had been exhausted or the time for an appeal had lapsed before considering taxation of costs. *See,* Doc. 37 (stating "Plaintiff filed his bill of costs on October 8, 2014. Defendants filed objections to the bill of costs on October 17, 2014, requesting that any consideration of the bill of costs should await the conclusion of any appeal in this case. In the interest of judicial economy, we have waited until the appeals have been exhausted and/or the time for appeals has lapsed before considering plaintiff's bill of costs and the bill of costs is now ripe for consideration.").

## II.    Specific Objections to Certain Line Items

### a.  *Service and Deposition Fees relating to James Colosimo*

On a request for deposition costs, the proper inquiry is whether the deposition was "reasonably necessary" to the case at the time it was taken, not whether it was used in a motion or in court. *Smith v. Crown Equip. Corp.*, 2000 WL 62314, at *3 (E.D. Pa. Jan. 13, 2000). The answer to this inquiry is an unequivocal "no". The only question before the Court was strictly legal in nature and could be characterized as whether the Governments enforcement of 18 U.S.C. § 922(g)(1) against Mr. Williams as the result of a single conviction under 75 Pa.C.S. § 3802 violated his Second Amendment rights *as-applied*. Thus, nothing Mr. Colosimo could testify to would have any implication into that inquiry.

Moreover, the Defendants list two separate line items for personal service on Mr. Colosimo with neither an explanation as to why there were two separate instances charged at two separate rates nor a statement that Mr. Colosimo refused to accept service without having to have the documents personally served upon him other. In fact, all the Defendants baldly assert is that "[t]he services for fees charged are correct and were actually and necessarily performed."

As such, Plaintiff respectfully requests that Defendants be denied costs in relation to Mr. Colosimo's deposition and for personal service upon him.

   b.   *Service Fees for the Pennsylvania State Police*

As discussed *supra*, the Defendants only baldly assert that "[t]he services for fees charged are correct and were actually and necessarily performed," without stating that the Pennsylvania State Police refused to accept service without having to have the documents personally served upon it. In fact, it has been Plaintiff counsel's experience that even when Attorney Prince has sued the Pennsylvania State Police for violations of the law that they accept service, without requiring formal service. *See* Declaration in Support of Objections to Defendants' Bill of Costs at ¶ 5. Moreover, it has been Attorney Prince's experience that where the Pennsylvania State Police is only tangentially involved, such as challenges by a committee to a mental health commitment, that it accepts service, without requiring formal service. *Id.* Moreover, Attorney Prince is unaware of any situation where the Pennsylvania State Police has required formal service of any document. *Id*.

As such, Plaintiff respectfully requests that Defendants be denied costs associated with service upon the Pennsylvania State Police.

   c.   *Paper Copies of Exhibits Sent to Plaintiff's Counsel*

Defendants also seek to recover the costs of the 393 pages of exhibits which accompanied its motion for summary judgment. These 393 pages of exhibits were mailed to Plaintiff's counsel. As Attorney Prince states in his declaration "[a]t the

beginning of this litigation, [Attorney Prince] notified Defendants' counsel that Plaintiff's counsel would accept electronic copies of all documents and that Defendants did not need to send paper copies." *See* Declaration in Support of Objections to Defendants' Bill of Costs at ¶ 4. Thus, any costs in relation to the reproduction of those exhibits should not be taxed against the Plaintiff, as his counsel specifically advised Defendants' counsel that electronic copies of all documents would be accepted in lieu of paper copies.

As such, Plaintiff respectfully requests that Defendants be denied cost associated with sending paper copies to Plaintiff's counsel.

### d.  Cost Per Page Reproduction

Plaintiff acknowledges that a rate of $0.10-$0.15 per page has been a generally accepted cost per page for reproduction of exhibits. However, Plaintiff respectfully points out that the Third Circuit only taxes copying costs at $0.10 per page. *See* Third Circuit L.A.R. 39.3(c). If this Court determines that costs for reproduction are to be taxed against the Plaintiff, the Plaintiff respectfully requests that it is done so at the rate proscribed by the Third Circuit ($0.10 per page), rather than the $0.15 per page the Defendants have utilized.

## III.    Conclusion

For the foregoing reasons, Defendants' bill of costs should be denied without prejudice to refile after such time for an appeal has passed or an appeal has concluded.

Respectfully Submitted,

Adam Kraut, Esq.
Attorney Id. No. 318482
AKraut@PrinceLaw.com

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com

Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)

Attorneys for Petitioner

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing

Objections to Defendants' Bill of Costs and Declaration in Support of Objections

to Defendants' Bill of Costs were filed electronically through the Eastern District

of Pennsylvania Electronic Filing System. Notice of this filing will be sent by

operation of the court's Electronic Filing System to all registered users in this case.

Adam Kraut, Esq.
Attorney Id. No. 318482
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)

Attorney for Plaintiff