**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2694
_____

EDWARD A. WILLIAMS,
Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES; DIRECTOR BUREAU OF
ALCOHOL TOBACCO FIREARMS & EXPLOSIVES; DIRECTOR OF THE
FEDERAL BUREAU OF INVESTIGATION; UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-17-cv-02641)
District Judge: Honorable Robert F. Kelly
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2021
_____

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*.

(Filed: May 12, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

A federal statute makes it unlawful for a felon – generally defined as a person convicted of a crime punishable by more than one year of imprisonment – to possess a firearm that was transported in interstate commerce.[1] Pennsylvania outlaws driving under the influence, and a person who commits that crime with the highest level of impairment – a blood alcohol content above 0.16% – may be punished by up to five years of imprisonment if he or she has a prior DUI conviction.[2] Thus, the federal felon-in-possession statute bars certain Pennsylvania DUI offenders from possessing a firearm.

In 2005, Edward A. Williams was convicted in Pennsylvania of a DUI at the highest level of impairment.[3] Because that was his second DUI conviction, it was punishable by up to five years in prison.[4] Ultimately, Williams was sentenced to ninety

---

[1] *See* 18 U.S.C. § 922(g)(1); *see also* 18 U.S.C. § 921(a)(20)(B) (excluding from the felony definition "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less").

[2] *See* 75 Pa. Cons. Stat. § 3802(c) (prohibiting operating or driving a vehicle with a blood alcohol concentration at 0.16% or higher); *id.* § 3803(b)(4) (grading a violation of § 3802(c) as a misdemeanor of the first degree for a person who has committed one prior offense); 18 Pa. Cons. Stat. § 1104 (setting the maximum term of imprisonment for first-degree misdemeanors at five years).

[3] *See Williams v. Barr*, 379 F. Supp. 3d 360, 365–66 (E.D. Pa. 2019); *see* 75 Pa. Cons. Stat. § 3802(c).

[4] *See* 75 Pa. Cons. Stat. § 3803(b)(4); 18 Pa. Cons. Stat. § 1104. In 2000, Williams was arrested and charged with a DUI with a blood alcohol content of 0.10%. *See Williams*, 379 F. Supp. 3d at 365. Although that charge was dismissed upon Williams's completion of an accelerated rehabilitation program, it still constituted a prior offense for purposes of computing sentences for later DUI offenses. *See id.* & n.3 (citing 75 Pa. Cons. Stat. § 3806(a)(1)).

2

days to two years in prison, fined $1,500, and subjected to several other requirements: mandatory attendance at alcohol safety driving school, license suspension for eighteen months, and imposition of an ignition interlock.[5] Based on that conviction, Williams fell within the federal firearms bar, so his application for a firearms license in 2014 was denied.

But Williams believed that applying the federal felon-in-possession statute to him by virtue of his DUI convictions violated the Second Amendment.[6] To vindicate that belief, Williams brought an as-applied challenge to the felon-in-possession statute in the District Court. In exercising federal-question jurisdiction,[7] the District Court entered summary judgment against him. Williams timely appealed that final order, bringing his challenge within this Court's appellate jurisdiction.[8]

The problem for Williams is that another person, Raymond Holloway, Jr., was previously in a very similar situation. In 2005, Holloway was convicted in Pennsylvania of a DUI at the highest level of impairment.[9] Holloway also had a prior DUI conviction

---

[5] *See id.*

[6] U.S. Const. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.").

[7] *See* 28 U.S.C. § 1331.

[8] *See* 28 U.S.C. § 1291.

[9] *See Holloway v. Att'y Gen.*, 948 F.3d 164, 168 (3d Cir. 2020); *see also* 75 Pa. Cons. Stat. § 3802(c).

3

and was therefore punishable by up to five years in prison.[10] He received a sentence of sixty-months' intermediate punishment, including ninety-days' imprisonment that allowed for work release.[11] He was also fined $1,500 and was ordered to complete mandatory drug and alcohol evaluation.[12] As a result, Holloway was subject to the same federal firearms bar, and his 2005 conviction prevented him from purchasing a firearm in 2016.[13]

Holloway also believed that the federal felon-in-possession statute violated the Second Amendment. He likewise brought an as-applied challenge to the constitutionality of the felon-in-possession statute in federal district court. After that court granted Holloway's motion for summary judgment, the Government appealed to this Court, which – in a precedential opinion – applied the two-step test from the *Marzzarella* decision[14] and held that the federal firearms bar was constitutional as applied to Holloway.[15] After that decision, Holloway filed a petition for *en banc* review, which was

---

[10] *See Holloway*, 948 F.3d at 168. Like Williams, Holloway had a prior DUI offense dismissed after completing an accelerated rehabilitation program. *See id.*

[11] *See id.*

[12] *See id*.

[13] *See id.*

[14] *United States v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010).

[15] *See Holloway*, 948 F.3d at 172–78.

4

denied.[16] Without enough votes for *en banc* review, Holloway turned to the Supreme Court, which denied his petition for a writ of certiorari.[17]

This Circuit adheres to binding precedent,[18] and because Williams brings the same legal challenge on remarkably similar facts as Holloway, his case must meet the same fate as Holloway's prior precedential case. Thus, in reviewing his challenge *de novo*,[19] we will affirm the District Court's entry of summary judgment against Williams.[20]

---

[16] *See* Am. Order, *Holloway v. Att'y Gen.*, No. 18-3595 (3d Cir. July 9, 2020).

[17] *See Holloway v. Garland*, 141 S. Ct. 2511 (2021) (Mem.) (denying petition for writ of certiorari).

[18] *Mateo v. Att'y Gen.*, 870 F.3d 228, 231 n.6 (3d Cir. 2017) (explaining that a prior panel's precedential opinion is "binding on subsequent panels" (citing 3d Cir. I.O.P. 9.1)).

[19] *See Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019).

[20] Williams also argues that the *Holloway* decision misconstrued the *en banc* decision in *Binderup v. Attorney General*, 836 F.3d 336 (3d Cir. 2016) (en banc), which did not have a majority opinion on all aspects of *Marzzarella* framework. Williams contends that the *Marks* rule, which applies to Supreme Court decisions that lack a majority opinion, *see Marks v. United States*, 430 U.S. 188 (1977), would yield a different construction of *Binderup*. But *Holloway*'s application of the *Marks* rule to *Binderup* also constitutes binding precedent. *See Holloway*, 948 F.3d at 170–71.

5