**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | **:** | |
| Plaintiff | **:** | Civil Action No.  17-CV-2641 |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MERRICK GARLAND**, *et al.* | **:** | Judge John Milton Younge |
| Defendants. | **:** | |

## UNOPPOSED MOTION TO STAY BRIEFING, OR IN THE ALTERNATIVE, FOR A TWO WEEK EXTENSION

As specified herein, the Plaintiff respectfully moves this Court for an order staying the briefing in this matter, pending an *en banc* decision from the Third Circuit in *Range v. Attorney General United States, et al.*, No. 21-2835. In support of this motion, the Plaintiff respectfully states:

1.  On October 11, 2022, this Court, based on the agreement of the Parties, entered a Scheduling Order (Doc. 58) specifying that motions for summary judgment are to be filed no later that December 6, 2022, responses are to be filed no later than January 13, 2023, and that replies are to be filed no later than February 1, 2023.

2.  The Parties timely filed their respective motions for summary judgment on December 6, 2022.

3. Neither Party has yet to file their respective responses as they are not due until this Friday, January 13, 2023.

4. On Friday, January 6, 2023, the Third Circuit issued an Order in *Range v. Attorney General United States, et al.*, No. 21-2835, granting a motion for reconsideration *en banc*.

5. This matter is substantially similar to *Range*, as both cases involve plaintiffs convicted of misdemeanors in the state of Pennsylvania who are challenging the same federal law—18 U.S.C. 922(g)(1)—that forever prohibits them from possessing firearms. At this time, since the Supreme Court recently invalidated the test most lower courts— including the Third Circuit and this Court—traditionally applied in Second Amendment challenges, there is no controlling precedent that has ruled on a Second Amendment challenge to Section 922(g)(1). Thus, the Parties do not yet know what test the Third Circuit will apply in *as-applied* challenges to 922(g)(1)—a test based on danger or virtue or disrespect for the law or perhaps another multifactor test. But *Range* is expected to resolve this confusion. Therefore, whatever approach the Third Circuit takes to resolve *Range* will likely have a direct impact on the outcome of this case.

6.  Moreover, the *Range* case is moving quickly. The Third Circuit granted rehearing *en banc* on January 6, 2023, and is already holding oral argument on February 15, 2023.

7.  A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). Here, it is in the best interest of the Court, the Parties, and Counsel to resolve this case in the most efficient manner possible. Plaintiff respectfully suggests that such requires staying the case until *Range* is decided.

8.  Defendants' Counsel, in not opposing this motion, has stated that they request that that their position be stated as follows: "In Defendants' view, the Court can decide the pending cross-motions for summary judgment in Defendants' favor under existing precedent. But Defendants also do not object to waiting for the Third Circuit to issue its en banc decision in *Range* before proceeding with briefing in this action, if the Court prefers."

9. While Plaintiff vehemently disagrees with Defendant's contention – especially in light of the fact that *Binderup v. AG of United States*, 836 F.3d 336, 347 (3rd Cir. 2016), is an *en banc* decision, which is binding and controlling over the panel decision in *Range* and that Plaintiffs' briefing in this matter is not yet complete – such is immaterial for purposes of this motion.

10. In the alternative, if the Court denies the request to stay this case, Plaintiff and Defendants jointly request a 14-day extension to file the Parties' respective summary judgment response briefs—which are currently due January 13, 2023—as well as a corresponding two week extension of time to file their respective reply briefs—which are currently due February 1, 2023. This is appropriate given the Third Circuit's recent grant of reconsideration in *Range* and the Parties' need to address such, if this Court does not stay this matter.

**WHEREFORE**, the Plaintiff respectfully requests that the Court stay this case until the Third Circuit enters an opinion in *Range v. Attorney General United States, et al.*, No. 21-2835, and in the alternative, if the Court denies Plaintiff's request for a stay, the Parties jointly request a 14-day extension of time to file the parties' summary judgment response briefs

Respectfully Submitted,


Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)
Attorney for Petitioner

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of Plaintiffs' Motion to Stay or, in the alternative, for a two-week extension was filed electronically through the Eastern District of Pennsylvania Electronic Filing System. Notice of these filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

Joshua Prince, Esq.