IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 17-2641** |
| | : | |
| **JEFF SESSIONS, ATTORNEY GENERAL OF THE UNITED STATES,** *et al.*, | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 11th day of January, 2023, upon consideration of Plaintiff Edward A. Williams' Motion to Stay (ECF No. 63), it is hereby **ORDERED** that Plaintiff's Motion (ECF No. 63) is **GRANTED**, and the above-captioned case is ordered **STAYED** pending the Third Circuit Court of Appeal's ruling in *Range v. Attorney General United States of America*, 53 F.4th 262, 266 (3d Cir. 2022), *reh'g en banc granted, opinion vacated sub nom. Range v. Attorney General United States of America*, No. 21-2835, 2023 WL 118469 (3d Cir. Jan. 6, 2023). [1] The Parties are ordered to file a status report every ninety (90) days hereafter and notice to the Court as to the *Range* ruling with a status report within twenty (20) days of its docketing.

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[1] As the U.S. Supreme Court instructs, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). The Third Circuit similarly notes, "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976).

Here, the Third Circuit's recent January 6, 2023 decision to vacate and rehear (*en banc*) *Range v. Attorney General United States of America,* 53 F.4th 262, 266 (3d Cir. 2022) compels this Court to exercise its discretion to stay the current proceedings in the above-captioned case. *See Range v. Att'y Gen. United States*, 53 F.4th 262, 266 (3d Cir. 2022), *reh'g en banc granted, opinion vacated sub nom. Range v. Att'y Gen. United States of Am.*, No. 21-2835, 2023 WL 118469 (3d Cir. Jan. 6, 2023). After all, *Range* and the above-captioned case both involve plaintiffs who were convicted of misdemeanors in the Commonwealth of Pennsylvania and who are challenging the applicability and constitutionality of 18 U.S.C. § 922(g)(1) in precluding their right to bear arms. Thus, the Third Circuit's ruling in *Range* will likely have a dispositive effect, or, at the very least, significant influence over this Court's final disposition in this case.

For the foregoing reasons, the above-captioned case is hereby stayed pending the Third Circuit's ruling in *Range*.