Joshua Prince, Esq.
Attorney Id No. 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No. 17-CV-2641 |
| | : | |
| v. | : | |
| | : | |
| **MERRICK GARLAND,** *et al.* | : | Judge John Milton Younge |
| Defendants. | : | |

### STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S FOURTH MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Edward A. Williams, by and through his counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby submit the following statement of undisputed material facts in support of his motion for summary judgment.

1. In 2000, Mr. Williams was visiting old roommates at Penn State University, where they imbibed some libations over the course of several hours. [1]

2. Rather than walking to the restaurant to get food with his friends, he went to retrieve his truck so they would not have to walk as far after their meal. [2]

---
[1] *See* Declaration of Mr. Williams at ¶ 2 and 3.

3. Mr. Williams was subsequently pulled over, arrested, and charged with Driving Under the Influence ("DUI"), driving with a blood alcohol content of more than .10%. [3]

4. Mr. Williams was entered into Pennsylvania's Accelerated Rehabilitative Disposition ("ARD") and sentenced to 12 months of probation, required to attend alcohol and driver's safety classes, surrender of his driver's license and payment of court costs. [4]

5. ARD does not result in a conviction, if successfully completed. [5]

6. Mr. Williams successfully completed the ARD program and had his driver's license returned. [6]

7. On September 7, 2004, Mr. Williams was pulled over by the Philadelphia Police Department and subsequently arrested and charged with General Impairment and DUI – Highest Rate. [7]

8. Mr. Williams was found guilty and was sentenced to passive house arrest until electronic monitoring was available for 90 days, ordered to pay costs, a

---

[2] *Id*. at ¶ 3.
[3] *Id*.
[4] *Id*. at ¶ 4.
[5] *Id*. at ¶ 5.
[6] *Id*. at ¶ 6.
[7] *Id*. at ¶ 7.

fine of $1,500.00, and complete any recommended drug and alcohol treatment. [8]

9. At no point, in relation to Mr. Williams's two instances of DUI, did any property damage or injury to another occur. [9]

10. Mr. Williams no longer consumes alcohol, except the occasional glass of wine with dinner or champagne to celebrate New Years Eve while at home. [10]

11. Mr. Williams has worked as a construction manager for the past thirty-one (31) years. [11]

12. Mr. Williams has managed projects, which include the Curran-Fromhold Correctional Facility, PA Convention Center, Septa Railworks project, the Commodore Barry Bridge, Interstate 95 and the NJ Transportation maintenance facilities. [12]

13. Mr. Williams's duties include the preparation and day to day monitoring of various construction projects mainly throughout NJ, PA and DE.  He also attends project meetings on a monthly basis and assists the contractors in cost control, project management, scheduling and claims/time impact

---

[8] *Id*. at ¶ 8.
[9] *Id*. at ¶ 9.
[10] *Id*. at ¶ 11.
[11] *Id*. at ¶ 12.
[12] *Id*. at ¶ 13.

analysis as needed. [13]

14. In or about late December 2014, being concerned for the safety of himself and his family and desiring to be able to protect himself and his family in their home, Mr. Williams attempted to obtain a Pennsylvania License to Carry Firearms and was denied. [14]

15. On March 31, 2015, he was informed, for the first time, that his 2005 DUI prohibited him from obtaining a License to Carry Firearms ("LTCF") when he challenged a determination by the Pennsylvania State Police's Instant Check System ("PICS") – which queries the FBI's National Instant Check System ("NICS") – that he was prohibited from obtaining a License to Carry Firearms. [15]

16. It was not until on or about November 5, 2015, after speaking with Attorney Joshua Prince, that he was informed he was prohibited from possessing firearms and ammunition. [16]

17. As a result of his 2005 DUI, Defendants contend that Mr. Williams lost his private capacity firearm rights by operation of 18 U.S.C.§ 922(g)(1), which prohibits an individual who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, from being able

---

[13] *Id.* at ¶ 14.
[14] *Id.* at ¶ 15.
[15] *Id.* at ¶ 16.
[16] *Id.* at ¶ 17.

to own, possess, use, or purchase a firearm or ammunition. [17]

18. Mr. Williams has only ever once been convicted of a crime punishable by imprisonment for a term exceeding one year. [18]

19. After learning of his putative prohibition, Mr. Williams has refrained from purchasing, possessing and utilizing firearms, in his private capacity, because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he attempt to purchase, possess or utilize a firearm. [19]

20. Mr. Williams has refrained from purchasing a firearm from a private party because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he attempt to purchase a firearm. [20]

21. After learning of his prohibition and as a result of the Defendants' interpretation of federal law, Mr. Williams is unwilling to state on the ATF 4473 Form that he has not, in fact, been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year. Moreover, should he answer, on an ATF 4473 Form, that he was convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, any

---

[17] *Id*. at ¶ 18.
[18] *Id*. at ¶ 19.
[19] *Id*. at ¶ 20.
[20] *Id*. at ¶ 21.

FFL who complies with the Defendants' directives would refuse to sell me a firearm. [21]

22. Attorney Prince has informed Mr. Williams that ATF Philadelphia Division Counsel Kevin White confirmed that, except for a pardon, there is currently no mechanism available in Pennsylvania or under federal law for Mr. Williams to obtain relief from his federal disability, as a result of his conviction of a crime punishable by imprisonment for a term exceeding one year. [22]

23. Accordingly, Mr. Williams is unwilling to purchase, possess or utilize a firearm, in his private capacity, because doing so would subject him to arrest, prosecution, fine and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1). [23]

24. Mr. Williams desires to purchase and possess a handgun and long gun to defend his family and himself within his home. [24]

25. Mr. Williams also asserts that he

    a. is over the age of 21;

    b. is not currently under indictment for a crime punishable by imprisonment for more than one year;

---

[21] *Id.* at ¶ 22.
[22] *Id.* at ¶ 23.
[23] *Id.* at ¶ 24.
[24] *Id.* at ¶ 25.

c. has never been convicted of a felony or misdemeanor crime of domestic violence;

d. has only been once convicted of a crime punishable by more than one year;

e. is not a fugitive from justice;

f. is not an unlawful user of or addicted to any controlled substance;

g. has never been adjudicated a mental defective;

h. has never been discharged from the Armed Forces under dishonorable conditions;

i. is a U.S. Citizen;

j. has never renounced his citizenship; and,

k. is not the subject of a restraining order relating to an intimate partner. [25]

Dated: September 21, 2023                                   Respectfully Submitted,

*[signature]*

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505

---

[25] *Id.* at ¶ 1.

888-313-0416
610-845-3903 (fax)

Attorney for Plaintiff