Joshua Prince, Esq.
Attorney Id No. 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| **v.** | : | |
| | : | |
| **MERRICK GARLAND, *et al.*** | : | Judge John Milton Younge |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS'
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1 of the Federal Rules of Civil Procedure,

Plaintiff Edward A. Williams, by and through his counsel, Joshua Prince, Esq. and

Prince Law Offices, P.C., hereby submit the following response to Defendants'

statement of material facts in support of their motion for summary judgment (Docs.

73, 74).

Plaintiff objects to the entirety of Defendants' Statement of Undisputed

Material Facts on the grounds of relevancy, given the U.S. Supreme Court's

holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2127

(2022),[1] where the Court explicitly held that to uphold any form of restriction on the right to keep and bear arms, the government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" and nothing within the Defendants' Statement of Undisputed Material Facts is relevant to the *Bruen* or *Range* analyses. Without waiving this objection, Plaintiff responds as follows:

1-6. Undisputed.

7. Objection. The "police department records," inclusive of Defendants' Exhibit D, are hearsay and have never been authenticated.[2] It is only undisputed that Mr. Williams admitted during his deposition to drinking "a beer and some wine." Def. Exhibit A, Williams Dep. 54:17-18.

8. Disputed as stated. Mr. Williams testified that his understanding of why the charges were dismissed was "lack of evidence." Def. Exhibit A, Williams Dep. 57: 24-58:1.

9-11. Undisputed.

---

[1] *See also*, the Third Circuit's en banc decision in *Range v. Attorney Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023).

[2] At the beginning of the deposition of Mr. Williams, the Parties agreed to the "regular stipulations, where objections … are preserved regardless of whether they're made on the record." *See*, Pltf. Exhibit D (Williams Dep. 6:22-7:1)

12-13. Objection. The "police department records," inclusive of Defendants' Exhibit C, are hearsay and have never been authenticated.[3]

14. Objection. The "police department records," inclusive of Defendants' Exhibit D, are hearsay and have never been authenticated.[4] It is also disputed as stated. Mr. Williams testified that over time timeframe of "that particular day," he had consumed 8-9 beers. Def. Exhibit A., Williams Dep. 64:2-5.

15-17. Undisputed.

18. Disputed as stated. Mr. Williams testified that only rarely does he have a drink and that he never drinks and drives. Def. Exhibit A., Williams Dep., 35:3-22.

19-28. Disputed as stated. While Mr. Williams did own firearms between 1993 and 2014-2015, he was unaware of any putative firearm disability (*see* Pltf. Exhibit D, Williams Dep. 91:15-94:23), and in fact, the Commonwealth of Pennsylvania's records, still as of today – October 23, 2023 – specifies that his 2004 DUI conviction was for a misdemeanor of the second degree and not a misdemeanor of the first degree.[5] *See* Pltf. Exhibit E.

---

[3] *See* Fn. 1, *supra*.

[4] At the beginning of the deposition of Mr. Williams, the Parties agreed to the "regular stipulations, where objections … are preserved regardless of whether they're made on the record." *See*, Plaintiff's Exhibit A, Williams Dep. 6:22-7:1.

[5] Consistent with 18 U.S.C. 922(g)(1), as defined by 18 U.S.C. 921(a)(20), as only a misdemeanor of the first degree in Pennsylvania can be punished by more than two years in jail, a misdemeanor of the second degree is not prohibiting under federal law.

29. Disputed. Mr. Colosimo testified that he could not remember what Mr. Williams told him and that it may have simply been that "he couldn't carry." Def. Exhibit B, Colosimo Dep. 43:20-24.

30. Undisputed.

31. Disputed. As set-forth in ¶¶ 19-28, *supra*, which Plaintiff incorporates herein by reference, Mr. Williams had no knowledge of any putative prohibition until 2014-2015, as the Commonwealth of Pennsylvania's records, still as of today – October 23, 2023 – specifies that the grading of his 2004 offense is that of a misdemeanor of the second degree, which is not federally prohibiting. *See* Pltf. Exhibit E.

32. Undisputed.

33. Disputed. As set-forth in ¶¶ 19-28, *supra*, which Plaintiff incorporates herein by reference, Mr. Williams had no knowledge of any putative prohibition until 2014-2015, as the Commonwealth of Pennsylvania's records, still as of today – October 23, 2023 – specifies that the grading of his 2004 offense is that of a misdemeanor of the second degree, which is not federally prohibiting. *See* Pltf. Exhibit E.

34. Disputed as stated. Mr. Williams was asked whether "*sitting here today, it's a false statement; right*" (emphasis added) to which he responded "yes" based on his knowledge from 2014-2015 that Defendants contend that it was a

prohibiting offense that should have been graded as a misdemeanor of the first degree, contrary to the Commonwealth of Pennsylvania's records, which reflect it was a misdemeanor of the second degree.

35. Disputed as stated. When he made the entry, he believed it to be truthful and both Defendants and the Pennsylvania State Police agreed, by approving his background check. Def. Exhibit A, Williams Dep. 79:4-80:2.

36-39. Undisputed.

40-41. Disputed. As set-forth in ¶¶ 19-28, *supra*, which Plaintiff incorporates herein by reference, Mr. Williams had no knowledge of any putative prohibition until 2014-2015, as the Commonwealth of Pennsylvania's records, still as of today – October 23, 2023 – specifies that the grading of his 2004 offense was that of a misdemeanor of the second degree, which is not federally prohibiting. *See* Pltf. Exhibit E.


Dated: October 23, 2023                                    Respectfully Submitted,

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803

610-845-3903 (fax)

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | **:** | |
| Plaintiff | **:** | Civil Action No.  17-CV-2641 |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MERRICK GARLAND,** *et al.* | **:** | Judge John Milton Younge |
| Defendants | **:** | |

### Exhibit List to Plaintiff's Response to Defendants'
### Statement of Undisputed Material Facts

**Exhibit D**:  Excerpts from Plaintiff Williams' Deposition

**Exhibit E**:  2004 Docket Sheet

**Exhibit F:**  Excerpts from James J. Colosimo's Deposition

# Exhibit D
*(Excerpt from the Deposition of Edward A. Williams)*

IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
- - -

EDWARD A. WILLIAMS,          :
          Plaintiff,  :
                             :
      v.                     :
                             :
JEFF SESSIONS, et al.,   :
          Defendant. : NO. 17-2641

- - -


          Deposition testimony of

EDWARD A. WILLIAMS, taken at the Office of the

United States Attorney for the Eastern District

of Pennsylvania, Allentown Courthouse, 504 West

Hamilton Street, Allentown, Pennsylvania, on

Tuesday, May 8, 2018, commencing on or about

12:31 p.m., before Renee Fazio-Callahan,

Certified Court Reporter and Notary Public.

- - -



SUMMIT COURT REPORTING, INC.
Certified Court Reporters and Videographers
1500 Walnut Street, Suite 1610
Philadelphia, Pennsylvania 19102
424 Fleming Pike, Hammonton, New Jersey 08037
(215) 985-2400 * (609) 567-3315 * (800) 447-8648
www.summitreporting.com

**EDWARD A. WILLIAMS**

1   APPEARANCES

2   PRINCE LAW OFFICES, P.C.
    BY:   JOSHUA PRINCE, ESQUIRE
3   646 Lenape Road
    Bechtelsville, PA  19505
4   (610) 845-3803
    joshua@princelaw.com
5   Counsel for Plaintiff

6   U.S. DEPARTMENT OF JUSTICE
    United States Attorney
7   Eastern District of Pennsylvania
    BY:   ANTHONY D. SCICCHITANO, ESQUIRE
8   615 Chestnut Street
    Suite 1250
9   Philadelphia, PA  19106
    (215) 861-8200
10  anthony.scicchitano@usdoj.gov
    Counsel for Defendant

11                          -  -  -

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**EDWARD A. WILLIAMS**

1  difficult to get head nods and things like

2  that, so I just ask that you answer my

3  questions with a clear yes or no; okay?

4       A.    Yes.

5       Q.    Or any other detail that you may

6  provide.

7                One other thing I'll ask,

8  because of the court reporter's ability, is

9  that we don't talk over each other. I will try

10  to give you a full, complete and understandable

11  question. If you can wait until I'm finished

12  and then I'll hopefully give you a chance to

13  give a full and complete and understandable

14  answer; okay?

15       A.    Perfect.

16       Q.    If you need a break at any point,

17  you are welcome to let me know. The only thing

18  I ask is that you answer the question that's

19  outstanding and then we'll wrap it up and take

20  a quick break; okay?

21       A.    Yes.

22                MR. PRINCE: We're doing

23       regular stipulations where objections

24       don't need to be filed, they're

25       preserved regardless of whether they're

**EDWARD A. WILLIAMS**

1       made on the record.

2                       MR. SCICCHITANO: Except as

3       to form.

4                       MR. PRINCE: How did you want

5       to handle any questions you may have

6       that may come under the protective order

7       with regard to the --

8                       MR. SCICCHITANO: I mean I

9       think we can see what comes up and then

10      if we have to designate the deposition

11      itself as confidential, we can talk

12      about that and happy to do it later. I

13      don't think it's something we have to

14      take care of right now.

15                      MR. PRINCE: Perfect.

16  BY MR. SCICCHITANO:

17      Q.    Mr. Williams, do you have any

18  medical conditions that would prevent you from

19  understanding my questions or answering them

20  truthfully today?

21      A.    No.

22      Q.    Are you under any medication that

23  would prevent you from understanding my

24  questions or answering them truthfully today?

25      A.    No.

**EDWARD A. WILLIAMS**

1   your 2004 DUI conviction?

2          A.    No, I didn't notify them.

3          Q.    Was there a reason you didn't

4   notify them?

5          A.    I didn't know that I had to.

6          Q.    Did they ever ask you about it?

7          A.    No.

8                      MR. SCICCHITANO: All right.

9          Mr. Williams, I think I'm finished.  Let

10         me just look through my notes here.

11         No further questions.

12                         - - -

13   BY MR. PRINCE:

14         Q.    Two quick follow-ups.

15                      Mr. Williams, can you please

16   put in front of you Exhibit-5?  Can you tell me

17   if on that first page there is a printed date?

18         A.    January 2018.

19         Q.    I'm sorry. What is the date?

20         A.    January 16, 2018.

21         Q.    Do you have any reason to believe

22   that to be inaccurate?

23         A.    I have no idea.

24         Q.    Can you turn to the following page

25   which is labeled MCP-00006?

**EDWARD A. WILLIAMS**

1       A.      Yes.

2       Q.      You were previously asked about
3   what the information in the Disposition Section
4   reflected where you said you had pled guilty
5   and that the minimal sentence was 90 days and
6   the maximum two years; do you remember that?

7       A.      Yes.

8       Q.      Is there a separate section listing
9   Final Disposition on that page?

10      A.      No, I don't see anything.

11      Q.      What about right near that section
12  that you reviewed previously?

13      A.      There's something that says M2-75
14  and I guess numbers for whatever that
15  Disposition is.

16      Q.      Do you have any knowledge of what
17  M2 stands for?

18      A.      I thought it was ungraded
19  misdemeanor.

20      Q.      Would it surprise you to learn that
21  it means misdemeanor of the second degree which
22  is equivalent here in PA to an ungraded
23  misdemeanor?

24              MR. SCICCHITANO: Objection;
25  speculation. Go ahead.

**EDWARD A. WILLIAMS**

1    BY MR. PRINCE:

2          Q.     Would it surprise you?

3          A.     Yes.

4          Q.     Do you have any reason to believe

5    that that does not reflect a misdemeanor in the

6    second degree?

7                          MR. SCICCHITANO: Same

8             objection.

9                          THE WITNESS: No.

10   BY MR. PRINCE:

11         Q.     This page also has a printed date.

12   Can you tell us what that printed date is?

13                         MR. SCICCHITANO: Same

14            objection.

15                         THE WITNESS: January 16,

16            2018.

17   BY MR. PRINCE:

18         Q.     So as of January 16, 2018, to the

19   best of your knowledge, this sheet reflects M2

20   as the disposition?

21                         MR. SCICCHITANO: Same

22            objection.

23                         THE WITNESS: Yes.

24                         MR. PRINCE: Nothing further.

25                              - - -

# Exhibit E
## (*2004 Docket Sheet*)

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0902161-2004**
# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Edward Williams

Page 1 of 5

## CASE INFORMATION

| | |
|---|---|
| Judge Assigned: Gehret, Thomas F. | Date Filed: 09/07/2004          Initiation Date: 09/07/2004 |
| OTN: N 293062-0          LOTN: | Originating Docket No: 0414072018 |
| Initial Issuing Authority: | Final Issuing Authority: Thomas F. Gehret |
| Arresting Agency: Philadelphia Pd | Arresting Officer: PRICE, ALBERT A. |
| Complaint/Citation No.: | Incident Number: 0414072018 |
| County: Philadelphia | Township: Philadelphia City |
| Case Local Number Type(s) | Case Local Number(s) |

| | |
|---|---|
| Police Incident Number | 0414072018 |
| Legacy Docket Number | M0409021611 |
| Legacy Microfilm Number | 06024851 |
| District Control Number | 0414072018 |

## STATUS INFORMATION

| Case Status: | Closed | Status Date | Processing Status | Arrest Date: | 09/07/2004 |
|---|---|---|---|---|---|
| | | 06/15/2006 | Completed | | |
| | | 09/07/2004 | Migrated Case (Active) | | |
| | | | | Complaint Date: | 09/07/2004 |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Trial | 09/30/2005 | 8:30 am | 603 | | Scheduled |
| Sentencing | 12/15/2005 | 9:30 am | 200 | | Scheduled |
| Sentencing | 04/20/2006 | 9:30 am | 200 | | Scheduled |
| Sentencing | 05/03/2006 | 9:30 am | 200 | | Scheduled |
| Sentencing | 06/15/2006 | 9:30 am | 200 | | Scheduled |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Date Of Birth: | 11/20/1967 | City/State/Zip: | PHILA, PA  19141 |

## CASE PARTICIPANTS

| Participant Type | Name |
|---|---|
| Defendant | Williams, Edward |

## BAIL INFORMATION

**Williams, Edward**                                                                                                    **Nebbia Status: None**

| Bail Action | Date | Bail Type | Originating Court | Percentage | Amount |
|---|---|---|---|---|---|
| Set | 09/07/2004 | ROR | Municipal Court | | $0.00 |

| Surety Type | Surety Name | Posting Status | Posting Date | Security Type | Security Amt |
|---|---|---|---|---|---|
| Self | Williams, Edward | Posted | 09/07/2004 | Bond Signature | $0.00 |

## CHARGES

CPCMS 9082                                                                                                    Printed: 10/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0902161-2004**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Edward Williams

Page 2 of 5

## CHARGES

| Seq. | Orig Seq. | Grade | Statute | Statute Description | Offense Dt. | OTN |
|------|-----------|-------|---------|---------------------|-------------|-----|
| 1 | 1 | M2 | 75 § 3731 §§ A5I* | Dr W/Bl Alc Lev .10% Or > W/In 3 Hrs | 09/07/2004 | N 293062-0 |

## DISPOSITION SENTENCING/PENALTIES

Disposition

| Case Event | Disposition Date | Final Disposition |
|---|---|---|
| Sequence/Description | Offense Disposition | Grade    Section |
| Sentencing Judge | Sentence Date | Credit For Time Served |
| Sentence/Diversion Program Type | Incarceration/Diversionary Period | Start Date |
| Sentence Conditions | | |

**Guilty**

| | | |
|---|---|---|
| Migrated Dispositional Event | 06/15/2006 | Final Disposition |
| 1 / Dr W/Bl Alc Lev .10% Or > W/In 3 Hrs | Guilty | M2    75 § 3731 §§ A5I* |
| Gehret, Thomas F. | 06/15/2006 | |
| Confinement | Min of 90.00 Days | |
| | Max of 2.00 Years | |

## COMMONWEALTH INFORMATION ⎪ ATTORNEY INFORMATION

| COMMONWEALTH INFORMATION | ATTORNEY INFORMATION |
|---|---|
| **Name:**  Philadelphia County District Attorney's Office | **Name:**  Fortunato N. Perri Jr. |
| Prosecutor | Private |
| **Supreme Court No:** | **Supreme Court No:**  052719 |
| **Phone Number(s):** | **Rep. Status:**  Active |
| 215-686-8000    (Phone) | **Phone Number(s):** |
| **Address:** | 215-981-0999    (Phone) |
| 3 South Penn Square | 215-981-0999    (Office) |
| Philadelphia, PA  19107 | **Address:** |
| | McMonagle Perri Et Al |
| | 1845 Walnut St Fl 19 |
| | Philadelphia, PA  19103 |
| | Representing: Williams, Edward |

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 09/07/2004 | | Unknown Filer |
| PARS Transfer | | | |
| 2 | 09/07/2004 | | Migrated, Filer |
| MUNICIPAL COURT CASE CREATED | | | |
| 1 | 10/20/2004 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |

CPCMS 9082

Printed: 10/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0902161-2004**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Edward Williams

Page 3 of 5

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 1 | 12/06/2004 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 01/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 03/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 2 | 03/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 05/04/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 2 | 07/14/2005 | | Migrated, Filer |
| MUNICIPAL COURT CONTINUANCE | | | |
| 1 | 09/30/2005 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 2 | 09/30/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 09/30/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 12/15/2005 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 2 | 12/15/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 12/15/2005 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 04/20/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |

Printed: 10/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0902161-2004**

# CRIMINAL DOCKET

**Court Case**

Commonwealth of Pennsylvania

v.

Edward Williams

Page 4 of 5

## ENTRIES

| Sequence Number | CP Filed Date | Document Date | Filed By |
|---|---|---|---|
| 2 | 04/20/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 04/20/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 05/03/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 2 | 05/03/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 3 | 05/03/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 1 | 06/15/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Disposition) Text | | | |
| 2 | 06/15/2006 | | Migrated, Filer |
| Migrated Sentence | | | |
| 3 | 06/15/2006 | | Migrated, Filer |
| Migrated Automatic Registry Entry (Calendar) Text | | | |
| 4 | 06/15/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 5 | 06/15/2006 | | Migrated, Filer |
| MUNICIPAL COURT TRIAL RESULT | | | |
| 6 | 06/15/2006 | | Migrated, Filer |
| PROBATION FACE SHEET ENTRY | | | |
| 1 | 08/31/2007 | | Municipal Court - Philadelphia County |
| DL-21CF to be Prepared | | | |
| 1 | 10/05/2009 | | Williams, Edward |
| Return Case From Collection Agency - Monies Successfully Collected | | | |

Printed: 10/23/2023

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports. Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police. Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# MUNICIPAL COURT OF PHILADELPHIA COUNTY

## DOCKET



**Docket Number: MC-51-CR-0902161-2004**
# CRIMINAL DOCKET
**Court Case**

Commonwealth of Pennsylvania

v.

Edward Williams

Page 5 of 5

## CASE FINANCIAL INFORMATION

Last Payment Date:  09/16/2009                                        Total of Last Payment:  -$250.00

**Williams, Edward**
  Surety

| | Assessment | Payments | Adjustments | Non Monetary Payments | Balance |
|---|---|---|---|---|---|
| **Costs/Fees** | | | | | |
| State Court Costs (Act 204 of 1976) | $9.26 | ($9.26) | $0.00 | $0.00 | $0.00 |
| Commonwealth Cost - HB627 (Act 167 of 1992) | $7.94 | ($7.94) | $0.00 | $0.00 | $0.00 |
| County Court Cost (Act 204 of 1976) | $25.80 | ($25.80) | $0.00 | $0.00 | $0.00 |
| Crime Victims Compensation (Act 96 of 1984) | $35.00 | ($35.00) | $0.00 | $0.00 | $0.00 |
| Victim Witness Service (Act 111 of 1998) | $25.00 | ($25.00) | $0.00 | $0.00 | $0.00 |
| Firearm Education and Training Fund | $5.00 | ($5.00) | $0.00 | $0.00 | $0.00 |
| Catastrophic Loss Fund (Act 24 of 1989) | $50.00 | ($100.00) | $50.00 | $0.00 | $0.00 |
| Judicial Computer Project | $8.50 | ($8.50) | $0.00 | $0.00 | $0.00 |
| ATJ | $1.50 | ($1.50) | $0.00 | $0.00 | $0.00 |
| CQS Fee Misdemeanor (Philadelphia) | $50.00 | ($50.00) | $0.00 | $0.00 | $0.00 |
| Collection Fee (Philadelphia) | $100.98 | ($100.98) | $0.00 | $0.00 | $0.00 |
| Costs/Fees Totals: | $318.98 | ($368.98) | $50.00 | $0.00 | $0.00 |
| **Fines** | | | | | |
| Title 75, DUI (Motor License Fund) | $750.00 | ($750.00) | $0.00 | $0.00 | $0.00 |
| Title 75, DUI (Motor License Fund) | $750.00 | ($750.00) | $0.00 | $0.00 | $0.00 |
| Fines Totals: | $1,500.00 | ($1,500.00) | $0.00 | $0.00 | $0.00 |
| Grand Totals: | $1,818.98 | ($1,868.98) | $50.00 | $0.00 | $0.00 |

** - Indicates assessment is subrogated

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assume any liability for inaccurate or delayed data, errors or omissions on these reports.  Docket Sheet information should not be used in place of a criminal history background check which can only be provided by the Pennsylvania State Police.  Moreover an employer who does not comply with the provisions of the Criminal History Record Information Act may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Exhibit F
*(Excerpt from the Deposition of James J. Colosimo)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

- - -

EDWARD A. WILLIAMS,       :   CIVIL ACTION
                          :
        Plaintiff,        :
                          :
    vs.                   :
                          :
JEFF SESSIONS, ET AL.,    :
                          :
        Defendants.       :   NO.  17-CV-2641

- - -

        Oral deposition of JAMES J. COLOSIMO, taken at Residence of James Colosimo, 1920 Panama Street, Philadelphia, Pennsylvania, on June, 5, 2018, beginning at approximately 1:56 p.m., before Elizabeth Kelly, Professional Reporter and Notary Public in and of the Commonwealth of Pennsylvania.

- - -

SUMMIT COURT REPORTING, INC.
Certified Court Reporters and Videographers
1500 Walnut Street, Suite 1610
Philadelphia, Pennsylvania  19102
424 Fleming Pike, Hammonton, New Jersey  08037
(215) 985-2400 * (800) 447-8648 * (609) 567-3315
www.summitreporting.com

JAMES J. COLOSIMO

```
 1   APPEARANCES:

 2

 3

     FIREARMS INDUSTRY CONSULTING GROUP
 4   DIVISION OF PRINCE LAW OFFICES, P.C.
     BY:  JOSHUA PRINCE, ESQUIRE
 5   BY:  ADAM KRAUT, ESQUIRE
     646 Lenape Road
 6   Bechtelsville, Pennsylvania 19505
     (610) 845-3803
 7   -- Counsel for Plaintiff

 8
     U.S. ATTORNEY'S OFFICE
 9   BY:  ANTHONY D. SCICCHITANO, ESQUIRE
     615 Chestnut Street
10   Suite 1250
     Philadelphia, Pennsylvania 19106
11   (215) 861-8380
     -- Counsel for Defendants
12

13   LAW OFFICE OF DANIEL DEL COLLO, JR.
     BY:  DANIEL DEL COLLO, JR., ESQUIRE
14   901 South 12th Street
     Philadelphia, Pennsylvania 19147
15   (215) 413-9000
     -- Counsel for Witness
16

17   ALSO PRESENT:

18   Dilon Harrris, Legal Intern

19

20

21

22

23

24

25
```

**JAMES J. COLOSIMO**

1          Q     Okay.  Did Mr. Williams ever communicate
2    to you any criminal history that he had?
3          A     No.
4          Q     Did he ever inform you about a DUI
5    conviction that he had on his record?
6          A     Yes.
7          Q     When did he tell you that?
8          A     I don't recall.
9          Q     Was it recently, or was it while he was
10   employed for the company?
11         A     I don't recall.
12         Q     Do you recall what it is that he told you
13   about the DUI conviction?
14         A     Had a DUI.
15         Q     Whenever he told you about the DUI
16   conviction, did he tell you anything about whether
17   he could remain employed and possess firearms?
18         A     It was checked out by ATF and by the City,
19   and they said it was okay.  They were -- right
20   across the street from the City, and ATF was in
21   there every two weeks.  And they knew about it.
22         Q     Let's talk about that a little bit.
23               What do you recall about ATF learning
24   about Mr. Williams's DUI conviction?
25         A     Nothing, except it was all right.  They

JAMES J. COLOSIMO

1    didn't say fire him.  They didn't say he couldn't

2    work there.

3        Q    To your recollection, how do recall ATF

4    becoming aware of his DUI conviction?

5        A    ATF was in my place every week.  They were

6    aware of everything.

7        Q    But how did they become aware of the

8    particular DUI conviction?  Did Mr. Williams tell

9    them about it, or did it come back on a background

10   check?  Do you recall?

11       A    I don't know.

12       Q    Well, then how do you know that ATF knew

13   about it?

14       A    Because I inquired on it.

15       Q    Okay.  You inquired with ATF?

16       A    Yes.

17       Q    And who did ask?  One of the ATF agents?

18       A    Oh, I don't remember.

19       Q    I'm not asking for individual names.

20       A    Oh, I mean, you know, you're going back

21   years now.

22       Q    Unfortunately, yes, sorry.  I guess, what

23   I'm understanding then is you inquired with an ATF

24   employee, whoever they were, whatever their name

25   was, about the nature of Mr. Williams's conviction

**JAMES J. COLOSIMO**

1     and his eligibility for employment at the company;

2     is that right?

3          A     Yes.

4          Q     Okay.  But you don't recall specifically

5     when that was?

6          A     No.

7          Q     And you don't recall who at ATF you talked

8     to; right?

9          A     Whoever the agent was at that time.

10          Q     Okay.  Did the agent indicate to you that

11     they had conducted a background check on

12     Mr. Williams?

13          A     He was allowed to work.

14          Q     No, that's not my question.

15          A     What is your question?

16          Q     My question is whether the ATF agent

17     indicated to you that they conducted a background

18     check on Mr. Williams?

19          A     Yes.

20          Q     And what did they say to you about the

21     background check?

22          A     I don't remember.

23                    (Discussion was held off the record.)

24     BY MR. SCICCHITANO:

25          Q     Do you recall whether ATF gave you any

JAMES J. COLOSIMO

1    paperwork indicating the completion of a background

2    check on Mr. Williams or his eligibility to be

3    employed at Colosimo's Incorporated?  Is that a no?

4         A    I don't know.

5         Q    You don't recall?

6         A    Ask me the question again.

7         Q    Do you recall receiving any paperwork from

8    ATF indicating that ATF had conducted a background

9    check on Mr. Williams or that he was eligible for

10   employment at Colosimo's Incorporated?

11        A    They said he was eligible.

12        Q    I understand, sir.

13        A    Paperwork, I don't remember.

14        Q    Okay.  That's my question, okay.

15             Did you yourself conduct any

16   background checks on Mr. Williams?

17        A    On all my employees I did when they came

18   to work.

19        Q    Okay.  Did -- how frequently did you

20   conduct background checks on them?

21        A    When they came to work.

22        Q    When they started working?

23        A    When they started work.

24        Q    Okay, okay.  And I personally don't even

25   know --