# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD A. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK B. GARLAND et al.,<br><br>Defendants.[1] | Civil Action No. 17-CV-2641 |

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S FOURTH MOTION FOR SUMMARY JUDGMENT

---

[1] Hon. Merrick B. Garland, Steven M. Dettelbach, and Christopher Wray are automatically substituted as Defendants in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. *See* ECF No. 55 at 1 n.1.

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................................1

ARGUMENT........................................................................................................................................2

CONCLUSION.....................................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Binderup v. Att'y Gen.*,
  836 F.3d 336 (3d Cir. 2016) ..................................................................................................4

*Fried v. Garland*,
  640 F. Supp. 3d 1252 (N.D. Fla. 2022) .................................................................................7

*Heller v. District of Columbia*,
  670 F.3d 1244 (D.C. Cir. 2011) ............................................................................................3

*In re Guerrera*,
  No. A-0220-21, 2023 WL 368437 (N.J. Super. Ct. App. Div. Jan. 24, 2023) ......................6

*McCloskey v. Flowers*,
  No. 4:18-CR-260-1, 2023 WL 5095701 (S.D. Ga. Aug. 9, 2023) .........................................7

*N.Y. State Rifle & Pistol Ass'n v. Bruen*,
  142 S. Ct. 2111 (2022) ...................................................................................................*passim*

*Range v. Att'y Gen.*,
  69 F.4th 96 (3d Cir. 2023), *petition for cert. docketed*, No. 23-374 (Oct. 10, 2023) .......... 1, 2, 4

*United States v. Alston*,
  No. 5:23-CR-00021-FL-RN01, 2023 WL 4758734 (E.D.N.C. July 18, 2023) ................. 5, 6

*United States v. Black*,
  No. CR 22-133-01, 2023 WL 122920 (W.D. La. Jan. 6, 2023) .............................................7

*United States v. Bulltail*,
  No. CR-22-86-BLG-SPW, 2023 WL 5458780 (D. Mont. Aug. 24, 2023) ...........................6

*United States v. Campbell*,
  No. 1:22-CR-159-LG-RPM-1, 2023 WL 5009202 (S.D. Miss. Aug. 4, 2023) .....................7

*United States v. Cunningham*,
  70 F.4th 502 (8th Cir. 2023),
  *reh'g and reh'g en banc denied*, No. 22-1080, 2023 WL 5606171 (Aug. 30, 2023) ...................6

*United States v. Daniels*,
  77 F.4th 337 (5th Cir. 2023), *petition for cert. docketed*, No. 23-376 (Oct. 10, 2023) ........... 4, 6

*United States v. Danielson*,
  No. 22-CR-00299-MJD-LIB, 2023 WL 5288049 (D. Minn. Aug. 17, 2023) ........................7

*United States v. Espinoza-Melgar*,
   No. 2:21-CR-204-DAK, 2023 WL 5279654 (D. Utah Aug. 16, 2023) ................................... 7

*United States v. Evenson*,
   No. CR-23-24-BLG-SPW, 2023 WL 3947828 (D. Mont. June 12, 2023) .......................... 7

*United States v. Forbis*,
   No. 23-CR-133-GKF, 2023 WL 5971142 (N.D. Okla. Aug. 17, 2023) ............................... 5

*United States v. Gil*,
   No. EP-22-CR-773-DB, 2023 WL 4356067 (W.D. Tex. July 5, 2023) ............................... 7

*United States v. Goins*,
   647 F. Supp. 3d 538 (E.D. Ky. 2022) ................................................................................ 5, 6

*United States v. Grubb*,
   No. 23-CR-1014-CJW-MAR, 2023 WL 5352000 (N.D. Iowa Aug. 21, 2023) ................... 7

*United States v. Jackson*,
   69 F.4th 495 (2023), *reh'g denied*, No. 22-2870, 2023 WL 5605618 (Aug. 30, 2023) ............................. 5

*United States v. Lewis*,
   No. CR-22-368-F, 2023 WL 187582 (W.D. Okla. Jan. 13, 2023) ....................................... 7

*United States v. Lewis*,
   No. CR 22-0222-WS, 2023 WL 4604563 (S.D. Ala. July 18, 2023) ................................... 7

*United States v. Okello*,
   No. 4:22-CR-40096-KES, 2023 WL 5515828 (D.S.D. Aug. 25, 2023) ............................... 6

*United States v. Overholser*,
   No. 3:22-CR-35 JD, 2023 WL 4145343 (N.D. Ind. June 23, 2023),
   *appeal filed*, No. 23-2468 (7th Cir. July 28, 2023) ............................................................... 7

*United States v. Posey*,
   No. 2:22-CR-83 JD, 2023 WL 1869095 (N.D. Ind. Feb. 9, 2023) ....................................... 7

*United States v. Pruden*,
   No. 23-CR-42-CJW-MAR, 2023 WL 6628606 (N.D. Iowa Oct. 11, 2023) ....................... 6

*United States v. Sanchez*,
   646 F. Supp. 3d 825 (W.D. Tex. 2022), *appeal filed*, No. 23-50293 (5th Cir. Apr. 27, 2023) ............... 7

*United States v. Seiwert*,
   No. 20 CR 443, 2022 WL 4534605 (N.D. Ill. Sept. 28, 2022) ............................................ 7

*United States v. Springer*,
   No. 23-CR-1013-CJW-MAR, 2023 WL 4981583 (N.D. Iowa Aug. 3, 2023) ..................... 7

*United States v. Stennerson*,
   No. CR 22-139-BLG-SPW, 2023 WL 2214351 (D. Mont. Feb. 24, 2023) ............................ 7

*United States v. Stevens*,
   559 U.S. 460 (2010) ........................................................................................................... 3

*United States v. Striplin*,
   No. 4:21-CR-00289-RK, 2023 WL 4850753 (W.D. Mo. July 28, 2023) .............................. 7

*United States v. Walker*,
   No. 8:22-CR-291, 2023 WL 3932224 (D. Neb. June 9, 2023) .............................................. 7

*United States v. Wuchter*,
   No. 23-CR-2024-CJW-MAR, 2023 WL 4999862 (N.D. Iowa Aug. 4, 2023) ...................... 7

*Vincent v. Garland*,
   80 F.4th 1197 (10th Cir. 2023) ............................................................................................ 5

*Williams v. Att'y Gen.*,
   No. 19-2694, 2022 WL 1499279 (3d Cir. May 12, 2022),
   *reh'g granted and opinion vacated*, No. 19-2694, 2022 WL 3544391 (3d Cir. Aug. 18, 2022) .................... 4

**STATUTES**

18 U.S.C. § 922(g)(1) ................................................................................................................. 1

18 U.S.C. § 922(g)(3) ................................................................................................................. 6

18 U.S.C. § 922(g)(4) ................................................................................................................. 8

**OTHER AUTHORITIES**

*Resource Document on Mental Health Issues Pertaining to Restoring Access to Firearms*,
   Am. Psych. Ass'n (approved Feb. 2020),
   https://perma.cc/4LC2-4W68 ............................................................................................. 8

**INTRODUCTION**

As explained in Defendants' opening brief, historical laws disarming the dangerous, in general, and preventing the deadly effects that can result from combining alcohol and firearms, in particular, establish that Section 922(g)(1) is consistent with the Second Amendment as applied to Williams. *See* Defs.' Opening Br. at 9-10, ECF No. 73. The Third Circuit's "narrow" decision in *Range* does not suggest otherwise, because Williams is not "like Range" in any relevant respect. *Id.* at 1-2 (quoting *Range v. Att'y Gen.*, 69 F.4th 96, 106 (3d Cir. 2023), *petition for cert. docketed*, No. 23-374 (Oct. 10, 2023)).

In his opening brief, Williams does not contest that drunk driving—and particularly continuing to drive drunk after a first criminal conviction—is a dangerous offense that demonstrates disregard for the safety of oneself and others. He also makes no effort whatsoever to argue that he is "like Range," who signed a food stamp application prepared by his wife that understated his actual income of between $9.00 and $9.50 per hour. *Range*, 69 F.4th at 106; *see* Defs.' Opening Br. at 9-10.

For these reasons, the Third Circuit's decision in *Range* does not entitle Williams to summary judgment on his claim that 18 U.S.C. § 922(g)(1) violates the Second Amendment as applied to him. Instead, as the Government has explained, a proper analysis of text, history, and precedent establishes that Williams may constitutionally be disarmed based on his felony-equivalent conviction for a recidivist DUI offense. *See generally* Defs.' Opening Br. Moreover, as explained further below, none of the arguments set forth in Williams's opening brief passes muster even on its own terms. In particular, Williams incorrectly suggests that the Government must identify a "historical twin" to Section 922(g)(1), as applied to him, *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2133 (2022); he flatly mischaracterizes the Third Circuit's pre-*Bruen* precedent; he relies on out-of-Circuit cases that largely address a different statutory prohibition and are outliers in any event; and he invokes a 2018 psychological evaluation that casts no doubt on the constitutional validity of Williams's disarmament, which is predicated on his criminal history and not on any history of mental illness.

**ARGUMENT**

Williams devotes much of his opening brief to arguing that he is among "the People" to whom the Second Amendment secures a right to keep and bear arms, and that his proposed course of conduct implicates the text of the Amendment. *See* Pl.'s Opening Br. at 7-12, ECF No. 72-3. The Government acknowledges that these conclusions are compelled by the Third Circuit's decision in *Range*, although the Government preserves arguments to the contrary for further review. *See, e.g.*, Pet. for Writ of Cert. at 11-13, *Att'y Gen. v. Range*, No. 23-374 (U.S. Oct. 5, 2023). In any event, accepting that, under *Range*, Williams is among "the People" who retain Second Amendment rights, Section 922(g)(1) passes constitutional muster as applied to Williams because its application is consistent with the history and tradition that define the scope of the Amendment's protections.

Williams is wrong to suggest that the Government cannot carry its burden to establish the constitutionality of Section 922(g)(1) as applied to him without identifying a "historical tradition of firearm disarmament laws relative to being in or on any mode of conveyance—*e.g.*[,] horseback—while intoxicated." Pl.'s Opening Br. at 13. Such a historical law undoubtedly would constitute "a dead ringer" for Section 922(g)(1), as applied to Williams. *Bruen*, 142 S. Ct. at 2133. But the Supreme Court expressly held in *Bruen* that a dead-ringer relationship between a modern firearms regulation and a historical forerunner is not required to satisfy the Second Amendment. *Id.* Rather, "[a]nalogical reasoning requires only that the government identify a well-established and representative historical *analogue*, not a historical *twin*." *Id.* To illustrate, the Court explained that "courts can use analogies to those historical regulations of 'sensitive places,'" such as "legislative assemblies, polling places, and courthouses . . . to determine that modern regulations prohibiting the carry of firearms in *new* and analogous sensitive places are constitutionally permissible." *Id.* Likewise, the disarmament of new categories of dangerous persons is supported by the historical tradition of disarming categories of

people whose possession of firearms would be dangerous, among other groups. *See* Defs.' Opening Br. at 10-12.

More fundamentally, *Bruen* does not reduce the interpretation of the Second Amendment to a rote archival search for specific Founding-era laws that match the challenged statute. Instead, consistent with the usual methods of constitutional interpretation, it directs courts to use text, history, and tradition to discern the "constitutional principles" that delimit Congress's power to regulate firearms. *Bruen*, 142 S. Ct. at 2134 (quoting *Heller v. District of Columbia*, 670 F.3d 1244, 1275 (D.C. Cir. 2011) (Kavanaugh, J., dissenting)). Stated differently, consistent with constitutional analysis in the context of other enumerated rights, courts must ask whether a challenged statute fits within a "historic and traditional *category*" of firearms regulation. *Id.* at 2130 (emphasis added) (brackets omitted) (quoting *United States v. Stevens*, 559 U.S. 460, 468-471 (2010)).

By contrast, Williams's proposed standard would amount to a "regulatory straightjacket" that would prevent the Government from responding to "circumstances beyond those the Founders specifically anticipated," in direct contravention of the Supreme Court's decision in *Bruen*. 142 S. Ct. at 2132-33. As explained in Defendants' opening brief, the disarmament of recidivist DUI offenders responds to transformational advances in both transportation and firearms technology since the time of the Founding. *See* Defs.' Opening Br. at 18-19. The absence of any historical law in the record specifically disarming drunk horseback riders accordingly does not support Williams's as-applied challenge to Section 922(g)(1).

Relatedly, Williams is also mistaken to suggest that the statutory prohibition on his firearm possession is unconstitutional because it "accounts for a period of time less than 20% of the total period of time in which the right to keep and bear arms was codified in the Bill of Rights." Pl.'s Opening Br. at 17. Under *Bruen* and *Range*, a firearms regulation must be "*consistent with* this Nation's

historical tradition" of firearm regulation. *Range*, 69 F.4th at 100 (emphasis added) (quoting *Bruen*, 142 S. Ct. at 2135). But it need not itself date back to the Nation's Founding.

Williams also turns the law on its head in contending that "the Third Circuit," "in a pre-*Bruen*, limited analysis," held that "historical evidence suggests that the only individuals who were categorically barred from possessing firearms were those who committed violent offenses." Pl.'s Opening Br. at 17 & n.41 (citing *Binderup v. Att'y Gen.*, 836 F.3d 336, 348 (3d Cir. 2016)). To the contrary, in the Third Circuit opinion on which Williams purports to rely—which no longer controls, in any event, *see Range*, 69 F.4th at 101—the *en banc* court of appeals found support "dat[ing] back to our founding era" for "[t]he view that anyone who commits a serious crime," whether "violent *or nonviolent*," "loses the right to keep and bear arms." *Binderup*, 836 F. 348-49 (emphasis added). Were there any remaining doubt, the Third Circuit previously held that Williams's Second Amendment challenge was squarely foreclosed under the court's then-governing precedent. *See Williams v. Att'y Gen.*, No. 19-2694, 2022 WL 1499279, at *2 (3d Cir. May 12, 2022), *reh'g granted and opinion vacated*, No. 19-2694, 2022 WL 3544391 (3d Cir. Aug. 18, 2022). Williams's attempt to rely on that precedent here accordingly lacks merit.

Williams cites no other authority for the proposition that the Second Amendment permits only the disarmament of violent felons. As set forth in Defendants' opening brief, the Anglo-American tradition of firearms regulation supports the disarmament of those whose possession of firearms would be dangerous—among other groups that the Court need not address here—regardless of whether they had a personal history of violent conduct. *See* Defs.' Opening Br. at 10-12.

Williams next attempts to rely on three outlier, out-of-Circuit decisions that he suggests stand for the proposition that "the Government cannot establish that drug and alcohol conviction-related prohibitions are consistent with the Nation's tradition of firearm regulation." Pl.'s Opening Br. at 17 (capitalization altered); *see id.* at 17-19 (discussing *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023),

*petition for cert. docketed*, No. 23-376 (Oct. 10, 2023); *United States v. Alston*, No. 5:23-CR-00021-FL-RN01, 2023 WL 4758734 (E.D.N.C. July 18, 2023); and *United States v. Forbis*, No. 23-CR-133-GKF, 2023 WL 5971142 (N.D. Okla. Aug. 17, 2023)). But those cases cannot bear the weight that Williams places on them.

As an initial matter, only *Forbis* even addresses Section 922(g)(1). In that case, the court held that the Government had not satisfied its burden to establish the constitutionality of Section 922(g)(1) as applied to a recidivist DUI offender similar to Williams. *See Forbis*, 2023 WL 5971142, at *1. But the court did not adequately grapple with the historical evidence establishing that both the Second Amendment and its English precursor were enacted with the background understanding that legislatures could disarm dangerous groups, in general, and could enact regulations to prevent the particular dangers that arise when alcohol and firearms combine, in particular, among other permissible regulations. Moreover, *Forbis* is no longer good law. The Tenth Circuit recently held that *Bruen* did not abrogate its prior precedent "uph[olding] the constitutionality of the ban on felons' possession of firearms," without regard to "the type of felony involved." *Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023).[2]

In contrast to *Forbis*, other courts have correctly held that the disarmament of recidivist DUI offenders fits comfortably with the Anglo-American tradition of disarming criminals whose convictions demonstrate that their possession of firearms would be dangerous to public safety, among other groups. In *United States v. Goins*, 647 F. Supp. 3d 538 (E.D. Ky. 2022), for example, the court recognized that "the history and tradition relevant to the Second Amendment support Congress's power to disarm those that it deems dangerous." *Id.* at 554. It went on to hold that the plaintiff's four DUI convictions "evince[d] a willingness to disregard the harm that his actions could inflict upon

---

[2] The Tenth Circuit joined the Eighth Circuit in so holding. *See United States v. Jackson*, 69 F.4th 495, 501-506 (2023), *reh'g denied*, No. 22-2870, 2023 WL 5605618 (Aug. 30, 2023).

the public." *Id.* As a result of these convictions, in relevant part, the court held that "[t]here [wa]s little reason to doubt that Congress could have deemed [the plaintiff] to represent a threat to public safety, consistent with the Second Amendment's history and tradition." *Id.* So too here. Williams's demonstrated disregard for public safety is incompatible with the safe possession and use of firearms. *See also United States v. Cunningham*, 70 F.4th 502, 504, 506 (8th Cir. 2023) (rejecting an as-applied challenge to Section 922(g)(1) brought by an individual convicted of a felony DUI), *reh'g and reh'g en banc denied*, No. 22-1080, 2023 WL 5606171 (Aug. 30, 2023); *United States v. Pruden*, No. 23-CR-42-CJW-MAR, 2023 WL 6628606, at *7 (N.D. Iowa Oct. 11, 2023) (rejecting an as-applied challenge to Section 922(g)(1) brought by an individual who repeatedly operated a motor vehicle when his license was revoked or suspended for a DUI); *cf. In re Guerrera*, No. A-0220-21, 2023 WL 368437, at *4 (N.J. Super. Ct. App. Div. Jan. 24, 2023) (per curiam) (holding that good cause supported the denial of a recidivist DUI offender's application for a permit to purchase a handgun).

The remaining cases on which Williams purports to rely address an entirely different statutory provision, 18 U.S.C. § 922(g)(3). *See Daniels*, 77 F.4th at 339 (holding that Section 922(g)(3) was unconstitutional as applied); *Alston*, 2023 WL 4758734, at *11-22 (E.D.N.C. July 18, 2023) (same). Section 922(g)(3) prohibits anyone "who is an unlawful user of or addicted to any controlled substance" from possessing firearms. It does not require a conviction for illegal use of a controlled substance, much less a conviction for illegally operating a motor vehicle while under the influence of a controlled substance. *Daniels* and *Alston* thus have little relevance, if any, to the question whether the disarmament of Williams, a convicted DUI recidivist, is consistent with the Second Amendment.

In any event, the weight of authority overwhelmingly supports the constitutionality of Section 922(g)(3).[3] And many of these decisions rely at least in part on some of the same considerations that

---

[3] *See, e.g., United States v. Okello*, No. 4:22-CR-40096-KES, 2023 WL 5515828 (D.S.D. Aug. 25, 2023); *United States v. Bulltail*, No. CR-22-86-BLG-SPW, 2023 WL 5458780 (D. Mont. Aug. 24, 2023); *United*

6

support the constitutionality of Section 922(g)(1) as applied to Williams. For example, in *Seiwert*, 2022 WL 4534605, the court recognized that "the government has historically retained the power to regulate possession of firearms by classes of citizens who, by virtue of their current or past criminal activity, are deemed dangerous." *Id.* at *2 (quotation marks omitted); *see also, e.g.*, *Gil*, 2023 WL 4356067, at *7 ("find[ing] that historical laws disarming dangerous groups are 'relevantly similar' to § 922(g)(3)" (quoting *Bruen*, 142 S.Ct. at 2130)). And in *Fried*, 640 F. Supp. 3d 1252, the court relied in part on several seventeenth-, eighteenth-, and nineteenth-century State statutes that either "restrict[ed] [individuals'] ability to carry a gun while intoxicated" or to "prohibited individuals from firing a gun while intoxicated" to conclude that the disarmament of medical marijuana users was consistent with the Second Amendment. *Id.* at 1262. For analogous reasons, Section 922(g)(1) is constitutional as applied to Williams. *See* Defs.' Opening Br. at 13-15.

Finally, Williams attempts to rely on a 2018 psychological evaluation to argue that Williams "can distinguish himself from" any "historical tradition of firearm regulation that would generally

---

*States v. Grubb*, No. 23-CR-1014-CJW-MAR, 2023 WL 5352000 (N.D. Iowa Aug. 21, 2023); *United States v. Danielson*, No. 22-CR-00299-MJD-LIB, 2023 WL 5288049 (D. Minn. Aug. 17, 2023); *United States v. Espinoza-Melgar*, No. 2:21-CR-204-DAK, 2023 WL 5279654 (D. Utah Aug. 16, 2023); *McCloskey v. Flowers*, No. 4:18-CR-260-1, 2023 WL 5095701 (S.D. Ga. Aug. 9, 2023); *United States v. Campbell*, No. 1:22-CR-159-LG-RPM-1, 2023 WL 5009202 (S.D. Miss. Aug. 4, 2023); *United States v. Wuchter*, No. 23-CR-2024-CJW-MAR, 2023 WL 4999862 (N.D. Iowa Aug. 4, 2023); *United States v. Springer*, No. 23-CR-1013-CJW-MAR, 2023 WL 4981583 (N.D. Iowa Aug. 3, 2023); *United States v. Striplin*, No. 4:21-CR-00289-RK, 2023 WL 4850753 (W.D. Mo. July 28, 2023); *United States v. Lewis*, No. CR 22-0222-WS, 2023 WL 4604563 (S.D. Ala. July 18, 2023); *United States v. Gil*, No. EP-22-CR-773-DB, 2023 WL 4356067 (W.D. Tex. July 5, 2023); *United States v. Overholser*, No. 3:22-CR-35 JD, 2023 WL 4145343 (N.D. Ind. June 23, 2023), *appeal filed*, No. 23-2468 (7th Cir. July 28, 2023); *United States v. Evenson*, No. CR-23-24-BLG-SPW, 2023 WL 3947828 (D. Mont. June 12, 2023); *United States v. Walker*, No. 8:22-CR-291, 2023 WL 3932224 (D. Neb. June 9, 2023); *United States v. Stennerson*, No. CR 22-139-BLG-SPW, 2023 WL 2214351 (D. Mont. Feb. 24, 2023); *United States v. Posey*, No. 2:22-CR-83 JD, 2023 WL 1869095 (N.D. Ind. Feb. 9, 2023); *United States v. Lewis*, No. CR-22-368-F, 2023 WL 187582 (W.D. Okla. Jan. 13, 2023); *United States v. Black*, No. CR 22-133-01, 2023 WL 122920 (W.D. La. Jan. 6, 2023); *United States v. Sanchez*, 646 F. Supp. 3d 825 (W.D. Tex. 2022), *appeal filed*, No. 23-50293 (5th Cir. Apr. 27, 2023); *Fried v. Garland*, 640 F. Supp. 3d 1252 (N.D. Fla. 2022); *United States v. Seiwert*, No. 20 CR 443, 2022 WL 4534605 (N.D. Ill. Sept. 28, 2022).

preclude Mr. Williams' [sic] challenge." Pl.'s Opening Br. at 19 (citing Gordon Rpt., ECF No. 72-2, Ex. C). Williams's reliance on Dr. Gordon's evaluation is misplaced. Williams was disarmed because of his history of repeated criminal conduct, not because of any mental illness. *Cf.* 18 U.S.C. § 922(g)(4) (prohibiting anyone "who has been adjudicated as a mental defective or who has been committed to a mental institution" from possessing firearms). Thus, Dr. Gordon's assessment that Williams appeared to have a "[n]ormal [p]ersonality" as of August 7, 2018, Gordon Rpt. at 1, 11, does not undermine the basis for Williams's disarmament. As the American Psychiatric Association's Council on Psychiatry and Law explains, a mental health professional who performs an evaluation of an individual's fitness to possess a firearm "should make clear that any opinion, if given, would be limited only to the impact of an individual's *mental illness* on violence and/or suicide risk." *Resource Document on Mental Health Issues Pertaining to Restoring Access to Firearms*, Am. Psych. Ass'n (approved Feb. 2020) at 3, https://perma.cc/4LC2-4W68 ("APA Res. Doc.") (emphasis added). Moreover, contrary to Dr. Gordon's blanket assertion that "Mr. Williams may possess a firearm without risk to himself or any other person," Gordon Rpt. at 12, "no psychiatrist [or psychologist] can certify that an individual is safe to possess a firearm under all circumstances for an unlimited time frame," APA Res. Doc. at 3. Dr. Gordon's report accordingly cannot overcome Congress's determination that Williams's possession of firearms would be dangerous as a result of Williams's multiple DUI convictions, which demonstrate a willingness to operate potentially lethal machinery while severely intoxicated.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for summary judgment, grant Defendants' motion for summary judgment, and enter final judgment in favor of Defendants.

Dated: October 23, 2023              Respectfully submitted,

                                                                               BRIAN M. BOYNTON
                                                                               Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

*/s/ Taisa M. Goodnature*
TAISA M. GOODNATURE
New York Bar No. 5859137
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 514-3786
Fax: (202) 616-8470
Email: Taisa.M.Goodnature@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion for Summary Judgment was filed through the CM/ECF system, which will provide electronic notice to the following counsel:

Adam J. Kraut (akraut@civilrightsdefensefirm.com)
Joshua Prince (Joshua@PrinceLaw.com)

/s/ Taisa M. Goodnature
TAISA M. GOODNATURE