Joshua Prince, Esq.
Attorney Id No. 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(888) 313-0416, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No. 17-CV-2641 |
| | : | |
| **v.** | : | |
| | : | |
| **MERRICK GARLAND,** *et al.* | : | Judge John Milton Younge |
| Defendants | : | |

### PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS
### FOURTH MOTION FOR SUMMARY JUDGMENT

**TABLE OF CONTENTS**

**I. ARGUMENT** ............................................................................................................ 1

    a. *The Government functionally concedes that Mr. Williams should prevail in this matter* ................................................................................. 1

    b. *Even if, arguendo, this Court considers the issue before it an unprecedented societal concern, the Government fails to prove any relevantly similar law to Section 922(g)(1)'s application to Mr. Williams* ............................................................................................................ 3

**II. CONCLUSION** ........................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)............ 2, 3, 5

*Range v. Attorney Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023)................ 5

*United States v. Alston*, 5:23-CR-021-FL-1, 2023 WL 7003235
   (E.D.N.C. Oct. 24, 2023).................................................................................. 3, 4

*United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023) ............................................ 2


**Statutes**

18 U.S.C. § 922.................................................................................................ii, 3

Plaintiff Edward A. Williams, by and through his counsel, hereby submits this Reply Brief in Support of his Fourth Motion for Summary Judgment.

**I.     ARGUMENT**

    a. *The Government functionally concedes that Mr. Williams should prevail in this matter*

In the Government's Response in Opposition to Mr. Williams' Fourth Motion for Summary Judgment (Doc. 76, at 2), the Government concedes that Mr. Williams "is among 'the People' to whom the Second Amendment secure a right to keep and bear arms, and that his proposed course of conduct implicates the text of the Amendment." Thus, there is no dispute that "Williams is among 'the People' who retain Second Amendment rights." *Id*.

The Government also does not dispute that the use of alcohol, while utilizing a mode of conveyance, is a general societal problem that has persisted since the 18th century. In fact, the Government concedes that "alcohol misuse is not a new phenomenon" (Doc. 73, at 18) and does not dispute that the Founding generation was extremely familiar with alcohol intoxication, including drinking alcohol while travelling across half a continent, as Williams raised in his briefing. *See* Doc. 75, at 10-11. Yet, the Government does not provide even one example of a law prohibiting an individual, in perpetuity, from purchasing, possessing, and utilizing

1

firearms and ammunition as a result of driving a mode of conveyance while under the influence. In fact, as the Fifth Circuit declared

> Throughout American history, laws have regulated the combination of guns and intoxicating substances. But at no point in the 18th or 19th century did the government disarm individuals who used drugs or alcohol at one time from possessing guns at another. A few states banned carrying a weapon while *actively under the influence*, but those statutes did not emerge until well after the Civil War. Section 922(g)(3)—the first federal law of its kind—was not enacted until 1968, nearly two centuries after the Second Amendment was adopted.
>
> In short, our history and tradition may support some limits on *an intoxicated person's* right to carry a weapon, but it does not justify disarming a sober citizen based exclusively on his past [] usage.

*United States v. Daniels*, 77 F.4th 337, 340 (5th Cir. 2023)(emphasis added).

Accordingly, as utilizing a mode of conveyance under the influence has been a general societal issue that has persisted since the 18th century and the Government has failed to prove "a distinctly similar historical regulation addressing that problem," 18 U.S.C. § 922(g)(1), as applied to Mr. Williams, is unconstitutional. *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2131 (2022). [1]

---

[1] While the Government attempts to contend, in the absence of any precedent, that advancements in forms of transportation and firearm technology permit this Court to ignore the binding *Bruen* precedent (Doc. 76, at 3), the Court was explicit that where a general societal problem has existed since the 18th century, the Government bears the burden to establish a distinctly similar historical regulation addressing that problem, which it has failed to do in this matter. *Bruen,* 142 S. Ct. at 2131.

> b. *Even if, arguendo, this Court considers the issue before it an unprecedented societal concern, the Government fails to prove any relevantly similar law to Section 922(g)(1)'s application to Mr. Williams*

While Mr. Williams believes the Court should analyze this matter under the "distinctly similar historical regulation" framework, discussed *supra*, in the event the Court disagrees, as Williams addressed in his Brief in Opposition to Defendants' Third Motion for Summary Judgment (Doc. 75, at 9–10, 12–16), if a modern law addresses "unprecedented societal concerns or dramatic technological changes," a court must reason by analogy to determine whether older regulations are "relevantly similar" to the modern law; whereby, two laws are "relevantly similar" if they share a common "why" and "how"; they must both address a comparable problem (the "why") and place a comparable burden on the rightsholder (the "how"). *Bruen*, 142 S. Ct. at 2132–33.

Despite the prevalence of alcohol and alcohol misuse/abuse at the time of Founding and thereafter, the Government has failed to identify *any* restrictions at or around the time of the Founding that approximate Section 922(g)(1)'s broad sweep and perpetual prohibition.[2] While the Government, in its desire to strip Mr.

---

[2] *See*, *United States v. Alston*, 5:23-CR-021-FL-1, 2023 WL 7003235, at *4 (E.D.N.C. Oct. 24, 2023)(declaring, that "[t]he government points to laws from colonial Virginia, New York, and Rhode Island that forbade shooting guns at drinking events, in taverns, or on certain holidays. [] None of these laws, however, forbade the possession or acquisition of firearms; they outlawed only the active use of such weapons at sensitive times. The government's reference to nineteenth
*(footnote continued…)*

3

Williams of his constitutionally protected rights in perpetuity, argues that several laws prohibiting individuals from discharging or purchasing firearms, *while intoxicated*, are somehow relevantly similar (Doc. 73, at 13–15), it takes no time to explain "why" and "how." As Williams addressed in his prior brief (Doc. 75, at 13–16), the Government failed provided *any* historical tradition for precluding an individual, in perpetuity, from purchasing, owning, possessing, and utilizing firearm as a result of a two-decade old alcohol-related offense. Or stated slightly differently, the "why" and "how" of the colonial and early American laws cited to by the Government lack any relevant similarity, as none prohibited the ownership of firearms and ammunition, the supermajority of the Government's cited laws merely prohibited the discharge or carrying of a firearm, while currently intoxicated, and the purpose of the laws was to prevent the overthrow of the Government, not to promote public safety. [3] Thus, Section 922(g)(1) sweeps FAR more broadly than the laws cited to by the Government, as it prohibits Mr. Williams from purchasing, owning, possessing, and utilizing a firearm and ammunition in every manner and in perpetuity.

---

century laws limiting the intoxicated from using firearms similarly falls short where those laws apply only to actually intoxicated persons, not persons likely so to become."
[3] *See*, *United States v. Alston*, 5:23-CR-021-FL-1, 2023 WL 7003235, at *5.

*          *          *          *

Accordingly, consistent with *Bruen* and *Range v. Attorney Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023), as the Government is unable to establish any historical tradition of firearm disarmament laws relative to being in or on any mode of conveyance while intoxicated or even more broadly for non-violent behavior, Williams, and those similarly situated, are being unconstitutionally denied their right to keep and bear arms and are entitled to declaratory and injunctive relief.

**II.     CONCLUSION**

For the foregoing reasons, the Mr. Williams' Fourth Motion for Summary Judgment should be granted.

Dated: November 13, 2023

Respectfully Submitted,

*/s/ Joshua Prince*

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com
Prince Law Offices, P.C.

646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)

Attorney for Plaintiff

6

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically through the Eastern District of Pennsylvania Electronic Filing System. Notice of these filing will be sent by operation of the Court's Electronic Filing System to all registered users in this case.

                                                Joshua Prince, Esq.