Joshua Prince, Esq.
Attorney Id No. 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803, ext 81114 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD A. WILLIAMS** | : | |
| Plaintiff | : | Civil Action No.  17-CV-2641 |
| | : | |
| v. | : | |
| | : | |
| **MERRICK GARLAND,** *et al.* | : | Judge John Milton Younge |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' ADDITIONAL MATERIAL FACTS PRECLUDING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF [1]

Pursuant to Local Rule 56.1 of the Federal Rules of Civil Procedure,

Plaintiff Edward A. Williams, by and through his counsel, Joshua Prince, Esq. and

Prince Law Offices, P.C., hereby submit the following response to Defendants'

---

[1] *See*, Defendants' Response to Plaintiff's Statement of Undisputed Material Facts in Support of Plaintiff's Fourth Motion for Summary Judgment. As Defendants' additional material facts are identical to Defendants' Statement of Undisputed Material Facts in Support of Defendants' Second Renewed Motion for Summary Judgment, Plaintiff merely files this in an abundance of caution, as Plaintiff's responses are virtually identical to his previously filed Response to Defendants' Statement of Undisputed Material Facts.

statement of material facts in support of their motion for summary judgment (Docs. 73, 74).

Plaintiff objects to the entirety of Defendants' Statement of Undisputed Material Facts on the grounds of relevancy, given the U.S. Supreme Court's holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2127 (2022),[2] where the Court explicitly held that to uphold any form of restriction on the right to keep and bear arms, the government must "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms" and nothing within the Defendants' Statement of Undisputed Material Facts is relevant to the *Bruen* or *Range* analyses. Without waiving this objection, Plaintiff responds as follows:

1-6. Undisputed.

7. Objection. The "police department records," inclusive of Defendants' Exhibit D, are hearsay and have never been authenticated.[3] It is only undisputed that Mr. Williams admitted during his deposition to drinking "a beer and some wine." Def. Exhibit A, Williams Dep. 54:17-18.

---

[2] *See also*, the Third Circuit's *en banc* decision in *Range v. Attorney Gen. United States of Am.*, 69 F.4th 96 (3d Cir. 2023).
[3] At the beginning of the deposition of Mr. Williams, the Parties agreed to the "regular stipulations, where objections … are preserved regardless of whether they're made on the record." *See*, Pltf. Exhibit D (Williams Dep. 6:22-7:1)

8. Disputed as stated. Mr. Williams testified that his understanding of why the charges were dismissed was "lack of evidence." Def. Exhibit A, Williams Dep. 57: 24-58:1.

9-11. Undisputed.

12-13. Objection. The "police department records," inclusive of Defendants' Exhibit C, are hearsay and have never been authenticated.[4]

14. Objection. The "police department records," inclusive of Defendants' Exhibit D, are hearsay and have never been authenticated.[5] It is also disputed as stated. Mr. Williams testified that over time timeframe of "that particular day," he had consumed 8-9 beers. Def. Exhibit A., Williams Dep. 64:2-5.

15-17. Undisputed.

18. Disputed as stated. Mr. Williams testified that only rarely does he have a drink and that he never drinks and drives. Def. Exhibit A., Williams Dep., 35:3-22.

19-28. Disputed as stated. While Mr. Williams did own firearms between 1993 and 2014-2015, he was unaware of any putative firearm disability (*see* Pltf. Exhibit D, Williams Dep. 91:15-94:23), and in fact, the Commonwealth of Pennsylvania's records, still as of today – November 13, 2023 – specifies that

---

[4] *See* Fn. 1, *supra*.
[5] At the beginning of the deposition of Mr. Williams, the Parties agreed to the "regular stipulations, where objections … are preserved regardless of whether they're made on the record." *See*, Plaintiff's Exhibit A, Williams Dep. 6:22-7:1.

his 2004 DUI conviction was for a misdemeanor of the second degree and not a misdemeanor of the first degree.[6] *See* Pltf. Exhibit E.

29. Disputed. Mr. Colosimo testified that he could not remember what Mr. Williams told him and that it may have simply been that "he couldn't carry." Def. Exhibit B, Colosimo Dep. 43:20-24.

30. Undisputed.

31. Disputed. As set-forth in ¶¶ 19-28, *supra*, which Plaintiff incorporates herein by reference, Mr. Williams had no knowledge of any putative prohibition until 2014-2015, as the Commonwealth of Pennsylvania's records, still as of today – November 13, 2023 – specifies that the grading of his 2004 offense is that of a misdemeanor of the second degree, which is not federally prohibiting. *See* Pltf. Exhibit E.

32. Undisputed.

33. Disputed. As set-forth in ¶¶ 19-28, *supra*, which Plaintiff incorporates herein by reference, Mr. Williams had no knowledge of any putative prohibition until 2014-2015, as the Commonwealth of Pennsylvania's records, still as of today – November 13, 2023 – specifies that the grading of his 2004 offense is

---

[6] Consistent with 18 U.S.C. 922(g)(1), as defined by 18 U.S.C. 921(a)(20), as only a misdemeanor of the first degree in Pennsylvania can be punished by more than two years in jail, a misdemeanor of the second degree is not prohibiting under federal law.

that of a misdemeanor of the second degree, which is not federally prohibiting. *See* Pltf. Exhibit E.

34. Disputed as stated. Mr. Williams was asked whether "*sitting here today*, it's a false statement; right" (emphasis added) to which he responded "yes" based on his knowledge from 2014-2015 that Defendants contend that it was a prohibiting offense that should have been graded as a misdemeanor of the first degree, contrary to the Commonwealth of Pennsylvania's records, which reflect it was a misdemeanor of the second degree.

35. Disputed as stated. When he made the entry, he believed it to be truthful and both Defendants and the Pennsylvania State Police agreed, by approving his background check. Def. Exhibit A, Williams Dep. 79:4-80:2.

36-39. Undisputed.

40-41. Disputed. As set-forth in ¶¶ 19-28, *supra*, which Plaintiff incorporates herein by reference, Mr. Williams had no knowledge of any putative prohibition until 2014-2015, as the Commonwealth of Pennsylvania's records, still as of today – November 13, 2023 – specifies that the grading of his 2004 offense was that of a misdemeanor of the second degree, which is not federally prohibiting. *See* Pltf. Exhibit E.

Dated: November 13, 2023                              Respectfully Submitted,

*/s/ Joshua Prince*_____

Joshua Prince, Esq.
Attorney Id. No. 306521
Joshua@PrinceLaw.com
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)

Attorney for Plaintiff